# EXHIBIT 3

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 1129 |
| Tuttle *et al.* | Art Unit: 2194 |
| Appl. No.: 11/396,251 | Examiner: DAO, TUAN C. |
| Filed: March 30, 2006 | Atty. Docket: 2222.775000E |
| For: **Asynchronous Messaging Using a Node Specialization Architecture in the Dynamic Routing Network** | |

## Amendment and Reply Under 37 C.F.R. § 1.111

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA  22313-1450

Sir:

In reply to the Non-Final Office Action dated January 19, 2010, Applicants submit the following Amendment and Remarks.

It is not believed that extensions of time or fees for net addition of claims are required beyond those that may otherwise be provided for in documents accompanying this paper.  However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any fees required therefor (including fees for net addition of claims) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -
Reply to Office Action of January 19, 2010

Tuttle *et al.*
Appl. No. 11/396,251

## *Amendments to the Claims*

This listing of claims will replace all prior versions, and listings, of claims in the application.

1-25.    (canceled)

26.    (Currently Amended)  A method ~~for providing dynamic content over a network, the method~~ comprising:

receiving, using a processing device, an update message ~~from an input source, the update message~~ identifying a live object and containing data for updating a property of the live object;

~~identifying, using the processing device, a category of the update message;~~

identifying, using the processing device, a mapping of [[the]] a category of the update message to a node type; and

routing, using the processing device, the update message to a node having the ~~mapped~~ node type, [[; and]]

causing the node, through the update message, to determine ~~determining, using the processing device,~~ a client that has registered for updates of the live object and ~~routing~~ causing the node to route the data from the node to the client, and

~~wherein~~ causing the client ~~is adapted~~ to process ~~the update~~ the data and to update the property of the live object.

27.    (Cancelled)

28.    (Currently Amended)   The method of claim 26, ~~wherein~~ further comprising causing the node ~~determining a client comprises extracting~~ to extract an object ID from the update message and ~~determining~~ to establish a connection to the client to determine the client that has registered for updates of the live object.

29.    (Currently Amended)    The method of claim 28, ~~wherein determining a connection comprises determining~~ further comprising causing the node to determine at

least one client proxy with which the client communicates, [[and]] ~~routing~~ to route the data to the client proxy, and ~~then routing~~ to route the data from the client proxy to the client to determine the connection.

30.    (Currently Amended)   The method of claim 29, ~~wherein~~ further comprising causing the node to maintain client registration information concerning the client connection. ~~is maintained at the node.~~

31.    (Currently Amended)   The method of claim 29, further comprising causing the node to maintain ~~wherein~~ client registration information concerning the client connection ~~is maintained~~ at the client proxy.

32.    (Currently Amended)  The method of claim 28, wherein:
        the routing the update message comprises routing the update message to a proxy node comprising a second node ~~that is adapted to receive~~ receiving messages of more than one message category, [[;]] and
        further comprising causing the node ~~determining a connection comprises determining~~ to determine at least one corresponding node having a corresponding node type ~~that is~~ mapped to the message category, with which the registered client communicates, and ~~routing~~ to route the data to the corresponding node to determine the connection.

33.    (Currently Amended)   A routing network ~~for enabling dynamic updating of a property of a live object at a client coupled to the network, the routing network~~ comprising:
        a gateway device ~~that receives~~ configured to:
                receive, ~~using a processing device,~~ an update message ~~from an input source, the update message~~ identifying a live object and containing data for updating a property of the live object, ~~wherein the gateway identifies a category of the update message, identifies~~

- 4 -                                                    Tuttle *et al.*
Reply to Office Action of January 19, 2010              Appl. No. 11/396,251

identify a mapping of [[the]] a category of the update message to a node type, and ~~routes~~

route the update message; and ~~in accordance with the identified mapping; and~~

~~routing means for determining~~ a node device configured to:

receive the update message from the gateway device, wherein the node device is configured to be mapped to the node type,

determine~~, using the processing device,~~ a client that has registered for updates of the live object, and ~~routing~~

route the data from [[a]] the node device ~~that has received the routed update message~~ to the ~~registered~~ client, wherein the ~~registered~~ client is adapted to process the data and to update the property of the live object.

34.    (Currently Amended)   The routing network of claim 33, wherein the ~~routing means~~ node device is configured to extract ~~extracts~~ an object ID from the update message and to determine ~~determines~~ a connection to the ~~registered~~ client ~~for routing~~ to route the data to the ~~registered~~ client.

35.    (Currently Amended)   The routing network of claim 34, wherein the ~~routing means~~ node device is configured to determine ~~determines~~ a connection by determining at least one client proxy with which the registered client communicates[[,]] and ~~then routing~~ to route the data to the client proxy.

36.    (Currently Amended)   The routing network of claim 35, wherein client registration information concerning the client connection is configured to be maintained at the node device.

37.    (Currently Amended)   The routing network of claim 35, wherein client registration information concerning the client connection is configured to be maintained at the client proxy.

Atty. Dkt. No. 2222.775000E

- 5 -

Reply to Office Action of January 19, 2010

Tuttle *et al.*
Appl. No. 11/396,251

38.    (Currently Amended)  The routing network of claim 33, wherein:

the gateway device is configured to ~~routs~~ route the update message by routing the update message to a proxy node comprising a second node ~~that is~~ adapted to receive messages of more than one message category, [[;]] and

~~the routing means~~ the node device is configured to determine ~~determines~~ at least one corresponding node that has a corresponding node type mapped to the message category and with which the registered client communicates[[,]] and ~~then routing~~ to route the data to the corresponding node.


39.    (Currently Amended)  A ~~computer~~ method ~~for providing dynamic content over a network, the method~~ comprising:

providing, using a processing device, a data representation to a client device coupled to [[the]] a network, wherein the data representation includes at least one live object ~~that is~~ recognized by the client device, and ~~wherein~~ causing the client device ~~responds~~ to respond to the live object of the data representation by determining an object ID of the live object and to register for updates of the live object with a routing network, such that registering the client device with the ~~routing~~ network provides client connection information to the routing network; [[and]]

sending, using the processing device, an update message to the ~~routing~~ network, wherein the update message identifies the live object and contains update data that updates a property of the live object, such that a gateway device at the ~~routing~~ network ~~has sufficient information~~ is configured to identify the client device as a registered device and to send a routed message containing the update data from the gateway device to a node;

causing the node to send the routed message to the client device; ~~, such that~~ and

causing the client device ~~processes~~ to process the routed message upon receipt to update the property of the live object at the client device.


40.    (Currently Amended)  The method of claim 39, wherein providing the data representation to the client device includes providing a [[the]] live object ~~of the data representation~~ that causes the client device to register with a client proxy of the network.

Reply to Office Action of January 19, 2010                              Tuttle *et al.*
                                                                        Appl. No. 11/396,251

41.    (Currently Amended)   The method of claim 39, wherein <u>providing the data representation to the client device includes providing a</u> [[the]] live object <s>of the data representation</s> <u>that</u> causes the client device to register with a node of the network.

42.    (Currently Amended)   The method of claim 39, wherein <u>providing the data representation to the client device including providing</u> <s>the received data representation includes</s> an activation module that is executed by the client device and <s>is adapted to register</s> <u>that registers</u> the live object with the <s>routing</s> network.

43.    (Currently Amended)   The method of claim 42, wherein <u>providing</u> the activation module <u>includes providing an activation module that is configured to determine</u> <s>determines</s> a node type that handles registration and <u>that</u> causes the client device to register with a node <s>of the determined registration</s> <u>corresponding to the</u> node type.

44.    (Currently Amended)   The method of claim 42, wherein <u>providing</u> the activation module <s>determines</s> <u>includes providing an activation module that is configured to determine</u> a message category of the data representation and <u>that</u> causes the client device to register with a node having a node type corresponding to the message category.

45.    (Currently Amended)    An apparatus <s>for providing dynamic content over a network, the apparatus</s> comprising:

a content provider <u>device configured to provide</u> <s>that provides, using a processing device,</s> a data representation to a client device coupled to the network, wherein the data representation includes at least one live object that is recognized by the client device, and <u>that causes</u> <s>wherein</s> the client <u>device to determine</u> <s>responds to the live object of the data representation by determining</s> an object ID of the live object to register for updates of the live object with <s>a routing</s> <u>the</u> network, such that registering the client <u>device</u> with the <s>routing</s> network provides client connection information to the <s>routing</s> network; <u>and</u>

an information provider <u>device</u> <s>that sends, using the processing device,</s> <u>configured to send</u> an update message to the <s>routing</s> network, wherein the update

- 7 -                                                                Tuttle *et al.*
Reply to Office Action of January 19, 2010                          Appl. No. 11/396,251

message identifies the live object and contains update data ~~that updates~~ for updating a property of the live object, such that a gateway device at the routing network ~~has sufficient information~~ is configured to identify the client device as a registered device and to send a routed message from the gateway device to a node,

wherein the node is configured to send the routed message containing the update data to the client device, ~~such that~~ and

wherein the client device is configured to process ~~processes~~ the routed message upon receipt to update the property of the live object at the client device.

46.    (Currently Amended)  The apparatus of claim 45, wherein the live object of the data representation is configured to cause ~~causes~~ the client device to register with a client proxy of the network.

47.    (Currently Amended)  The apparatus of claim 45, wherein the live object of the data representation is configured to cause ~~causes~~ the client device to register with a node of the network.

48.    (Currently Amended)   The apparatus of claim 45, wherein the received data representation includes an activation module that is configured to be executed by the client device and [[is]] adapted to register the live object with the routing network.

49.    (Currently Amended)  The apparatus of claim 48, wherein the activation module is configured to determine ~~determines~~ a node type ~~that handles~~ for handling registration and to cause ~~causes~~ the client device to register with a node of the ~~determined registration~~ node type.

50.    (Previously Presented)  The apparatus of claim 48, wherein the activation module determines a message category of the data representation and causes the client device to register with a node having a node type corresponding to the message category.

Atty. Dkt. No. 2222.775000E

- 8 -

Reply to Office Action of January 19, 2010

Tuttle *et al.*
Appl. No. 11/396,251

51.    (Currently Amended)    [[A]] An article of manufacture including a ~~tangible~~ computer-readable medium having ~~stored thereon computer executable~~ instructions ~~for providing dynamic content over a network~~ stored thereon, an execution of which by a computing device causes the computing device to perform operations ~~that, if executed by a computing device, cause the computing device to perform a method~~ comprising:

providing, using a processing device,  a data representation to a client device coupled to [[the]] a network, wherein the data representation includes at least one live object that is recognized by the client device, and ~~wherein~~ that causes the client device ~~responds~~ to respond to the live object ~~of the data representation~~ by determining an object ID of the live object to register for updates of the live object with ~~a routing~~ the network, such that registering the client device with the ~~routing~~ network provides client connection information to the ~~routing~~ network; and

sending, using the processing device,  an update message to the ~~routing~~ network, wherein the update message identifies the live object and contains update data ~~that updates~~ for updating a property of the live object, such that a gateway device at the ~~routing~~ network ~~has sufficient information~~ is configured to identify the client device as a registered device and to send a routed message containing the update data from the gateway device to a node, wherein the node sends the routed message to the client device, and ~~such that~~ wherein the client device ~~processes~~ is configured to process the routed message upon receipt to update the property of the live object at the client device.

52.    (Currently Amended)  The ~~computer-readable medium~~ article of manufacture of claim 51, wherein the live object of the data representation causes the client device to register with a client proxy of the network.

53.    (Currently Amended)  The ~~computer-readable medium~~ article of manufacture of claim 51, wherein the live object of the data representation causes the client device to register with a node of the network.

54.    (Currently Amended)  The ~~computer-readable medium~~ article of manufacture of claim 51, wherein the received data representation includes an activation module ~~that is~~

executed by the client device and [[is]] adapted to register the live object with the ~~routing~~ network.

55.    (Currently Amended)  The ~~computer-readable medium~~ <u>article of manufacture</u> of claim 54, wherein the activation module determines a node type that handles registration and causes the client device to register with a node of the ~~determined registration~~ node type.

56.    (Currently Amended)  The ~~computer-readable medium~~ <u>article of manufacture</u> of claim 54, wherein the activation module determines a message category of the data representation and causes the client device to register with a node having a node type corresponding to the message category.

57.    (Currently Amended)  A device ~~for providing dynamic content over a network, the device~~ comprising:

logic configured to provide~~, using a processing device,~~ a data representation to a client device coupled to the network, wherein the data representation includes at least one live object ~~that is~~ recognized by the client device, and wherein the client <u>device</u> ~~responds~~ <u>is configured to respond</u> to the live object of the data representation by determining an object ID of the live object to register for updates of the live object with a ~~routing~~ network, such that registering the client <u>device</u> with the ~~routing~~ network provides client connection information to the ~~routing~~ network; and

logic configured to provide, using [[the]] <u>a</u> processing device,  an update message to the ~~routing~~ network, wherein the update message identifies the live object and contains update data ~~that updates~~ <u>for updating</u> a property of the live object<u>,</u> such that <u>a</u> <u>gateway device at</u> the ~~routing~~ network ~~has sufficient information~~ <u>is configured</u> to identify the client device as a registered device and <u>to</u> send a routed message <u>from the gateway</u> <u>device to a node, wherein the node is configured to send the routed message</u> containing the update data to the client device, ~~such that~~ <u>and wherein</u> the client device ~~processes~~ <u>is</u> <u>configured to process</u> the routed message upon receipt to update the property of the live object at the client device.

- 10 -

Reply to Office Action of January 19, 2010

Tuttle *et al.*
Appl. No. 11/396,251

58.    (Previously Presented)   The device of claim 57, wherein the live object of the data representation causes the client device to register with a client proxy of the network.

59.    (Previously Presented)   The device of claim 57, wherein the live object of the data representation causes the client device to register with a node of the network.

60.    (Currently Amended)   The device of claim 57, wherein the ~~received~~ data representation includes an activation module that is executed by the client device and that is adapted to register the live object with the ~~routing~~ network.

61.    (Currently Amended)   The device of claim 60, wherein the activation module determines a node type ~~that handles~~ for handling registration and causes the client device to register with a node of the ~~determined registration~~ node type.

62.    (Previously Presented)   The device of claim 60, wherein the activation module determines a message category of the data representation and causes the client device to register with a node having a node type corresponding to the message category.

63.    (Currently Amended)  A method comprising:

providing~~, using a processing device,~~ a live object to a client device;

sending~~, using the processing device,~~ an update message to a ~~routing~~ network~~, the update message~~ identifying the live object and containing update data to update the live object at the client device; and

in response to determining that [[if]] the client device is registered to receive update data for the ~~identified~~ live object, sending a routed message containing the update data ~~, using the processing device,~~ from a gateway device at the ~~routing~~ network to a node, wherein the node sends the routed message to the client device. ~~a routed message containing the update data to the client device.~~

- 11 -

Reply to Office Action of January 19, 2010                                  Tuttle *et al.*
                                                                          Appl. No. 11/396,251

64.    (Currently Amended)    An apparatus ~~that provides dynamic content, the apparatus~~ comprising:

  a content provider arranged to provide a live object to a client device; and

  an information provider arranged to provide an update message to a ~~routing~~ network~~, the update message~~ identifying the live object and containing update data ~~to update~~ for updating the live object,

  wherein the ~~routing~~ network ~~is arranged to send~~ is configured to send a routed message containing the update data from a gateway device at the network to a node, and wherein the node is configured to send the routed message to the client device if the client device is registered to receive the update data for the ~~identified~~ live object.

65.    (Currently Amended)    A tangible computer-readable ~~storage~~ medium having ~~stored thereon computer-executable~~ instructions ~~for providing dynamic content over a network~~ stored thereon, ~~that if executed by a computing device, cause the computing device to perform a method~~ the instructions comprising:

  instructions to provide ~~providing~~, using a processing device, a live object to a client device;

  instructions to send ~~sending~~, using the processing device, an update message to a ~~routing~~ network~~, the update message~~ identifying the live object and containing update data ~~to update~~ for updating the live object; and

  ~~if the client device is registered to receive update data for the identified live object, sending~~ instructions to cause, using the processing device and in response to determining that the client device is registered to receive update data for the live object, ~~from the routing network~~ a routed message to be sent from a gateway device at the network to a node, wherein the node is configured to send the routed message containing the update data to the client device.

66.    (Currently Amended)    A device ~~for providing dynamic content, the device~~ comprising:

  logic configured to provide a live object to a client device;

- 12 -

Tuttle *et al.*
Appl. No. 11/396,251

logic configured to provide an update message to a ~~routing~~ network~~, the update message~~ identifying the live object and containing update data ~~to update~~ <u>for updating</u> the live object <u>at the client device</u>; and

logic configured to send a routed message containing the update data <u>from a gateway device at the network to a node, wherein the node is configured to send the routed message</u> to the client device <u>in response to determining that</u> [[if]] the client device is registered to receive <u>the</u> update data for the ~~identified~~ live object.


67.     (New)  The routing network of claim 33, wherein the node type is configured to identify the node that receives the update message from the gateway device.

## *Remarks*

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims 26 and 28-67 are pending in the application, with claims 26, 33, 39, 45, 51, 57, and 63-66 being the independent claims. Claim 27 is sought to be cancelled, and claims 1-25 were previously cancelled, without prejudice to or disclaimer of the subject matter therein. Claims 26, 28, 29-49, 51-57, 60, 61, and 63-66 are sought to be amended. New claim 67 is sought to be added. Applicants reserve the right to prosecute similar or broader claims, with respect to any cancelled and amended claims, in the future. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following remarks, Applicants respectfully request that the Examiner reconsider all outstanding rejections and that they be withdrawn.

### *Statement of Substance of Examiner Interview*

Applicants respectfully thank the Examiner for extending the courtesy of a telephone interview on March 5, 2010, with Applicants' representatives Jason Eisenberg and William Ladd. In the interview, Applicants' representatives discussed why the claims distinguished over the applied references. No final agreement was reached.

### *Rejection under 35 U.S.C. § 101*

At page 2 of the Office Action, the Examiner rejected claims 57-62, 64, and 66 under 35 U.S.C. § 101 as allegedly being directed to non-statutory subject matter. Applicants respectfully traverse this rejection.

Without acquiescing to the propriety of the rejection, claims 57, 64, and 66 have been clarified and recite statutory subject matter. For example, claims 57, 64, and 66 recite, *inter alia*, a "client device," and claim 57 recites, *inter alia*, a "processing device."

Accordingly, Applicants respectfully request that the Examiner reconsider and withdraw the 35 U.S.C. § 101 rejection of claims 57, 64, and 66 and pass these claims to allowance. Additionally, claims 58-62 depend from claim 57, so the revisions and comments directed to claim 57 apply equally to claims 58-62.

- 14 -

Reply to Office Action of January 19, 2010

Tuttle *et al.*
Appl. No. 11/396,251

***Rejection under 35 U.S.C. § 102***

At page 4 of the Office Action, the Examiner rejected claims 26-28, 33-34, 39, 42-45, 48-51, 54-57, and 60-66 under 35 U.S.C. § 102(e) as being allegedly anticipated by U.S. Patent Number 6,324,587 to Trenbeath *et al.* ("Trenbeath"). Applicants respectfully traverse this rejection.

**Claim 26**

The applied references do not support a 35 U.S.C. § 102(e) rejection of claim 26. For example, claim 26 recites, *inter alia*, "identifying, using the processing device, a ***mapping of a category of the update message to a node type***; and ***routing, using the processing device, the update message to a node having the node type***" (emphasis added).

At page 5 of the Office Action the Examiner states, to which Applicants do not acquiesce, that Trenbeath teaches "identifying, using the processing device, a mapping of the category to a node type" because "blocks 402, 406, and 410 [of FIG. 14 are] associated with blocks 404, 408, and 412 respectively." Applicants respectfully disagree.

In Trenbeath, "FIG. 14 . . . illustrate[s] the high-level steps taken by a subscription client in processing messages received from a publication client and high level events . . . [i]f an update message is detected at step 406, the subscription client will process the update message at step 408." (Trenbeath, col. 25, lines 16-36 and FIG. 14.)

However, Trenbeath does not disclose at least that the "subscription message" in Trenbeath is ***routed to*** the "high-level steps" in Trenbeath, as recited in claim 26. Rather, in Trenbeath, "an update message is sent to each subscription client." (Trenbeath, col. 25, lines 6 and 7.)

Also, the "client" in Trenbeath ("publication client" or "subscription client") does not disclose the "node type," as recited by claim 26, because, for example, Trenbeath does not teach at least a ***mapping of a category of the update message to*** a type of "client."

Thus, Trenbeath does not disclose at least "identifying, using the processing device, a mapping of a category of the update message to a node type; and routing, using

the processing device, the update message to a node having the node type," as recited by claim 26 (emphasis added). Rather, Trenbeath merely describes "message[s] detected" and "high-level steps" taken. (Trenbeath, col. 25, lines 16-36 and FIG. 14.)

Thus, for at least this reason, Trenbeath does not support a 35 U.S.C. § 102(e) rejection of claim 26.

### Claims 33, 39, 45, 51, 57, and 63-66

Without acquiescing to the propriety of the rejection, claims 33, 39, 45, 51, 57, and 63-66 have been clarified to state features not disclosed by the applied references. For example, claim 33 recites, *inter alia*, "a ***gateway device*** configured to . . . route the update message . . . a ***node device*** configured to . . . *receive* the update message *from the gateway device* . . . and route the data *from the node device to the* ***client***," claims 39, 45, 51, and 57 recite, *inter alia*, "send a routed message containing the update data *from the* ***gateway device*** *to a* ***node*** . . . *the node* . . . *send[s] the routed message* . . . *to the* ***client device***," claim 65 recites, *inter alia*, "instructions to cause . . . *a routed message to be sent from a gateway device at the network to a node, wherein the node is configured to send the routed message containing the update data to the client device*," and claims 63, 64, and 66 recite, *inter alia*, "send[ing] a routed message . . . *from a* ***gateway device*** *at the network to a* ***node***, *wherein the node* . . . *send[s] the routed message to the* ***client device***" (emphasis added).

In Trenbeath, "the publication client would be software running on a personal computer operated by the grandparents and each family would operate subscription client software on computers in their home . . . [a] subscription client would submit, through email, the modified family information file to the publication client which would replace the previous copy of the file . . . [n]ext, the publication client would distribute the modified family information file to each of the subscription clients, again over email." (Trenbeath, col. 3, lines 13-25.)

Trenbeath states that ". . . the subscription client creates a subscription folder and sends a request message to the publication client in order to receive all the data objects for the subscription folder . . . [t]hese data objects are sent using update messages that contain the data objects as attachments . . . [a]t this point, the subscription folder is

current with the publication folder and will receive update messages as the state of the folder changes." (Trenbeath, col. 3, lines 39-46.)

Thus, Trenbeath does not disclose at least "a ***gateway device*** configured to . . . route the update message . . . a ***node device*** configured to . . . ***receive*** the update message ***from the gateway device*** . . . and route the data ***from the node device to the client***," as recited by claim 33, at least "send a routed message containing the update data ***from the gateway device to a node*** . . . ***the node*** . . . ***send[s] the routed message*** . . . ***to the client device***," as recited by claims 39, 45, 51, and 57, "instructions to cause . . . ***a routed message to be sent from a gateway device at the network to a node, wherein the node is configured to send the routed message containing the update data to the client device***," as recited by claim 65, or at least "send[ing] a routed message . . . ***from a gateway device at the network to a node, wherein the node*** . . . ***send[s] the routed message to the client device***," as recited by claims 63, 64, and 66. Rather, in Trenbeath, "the subscription client . . . receive[s] all the data objects" from "the publication client." (Trenbeath, col. 3, lines 39-46.)

Accordingly, Applicants respectfully request that the Examiner reconsider and withdraw the 35 U.S.C. § 102(e) rejection of claims 26, 33, 39, 45, 51, 57, and 63-66 and pass these claims to allowance. Additionally, at least based on their respective dependencies to claims 26, 33, 39, 45, 51, and 57, Applicants respectfully request allowance of claims 28, 34, 42-44, 48-50, 54-56, 60-62, as well as for their additional distinguishing features.

Without acquiescing to the propriety of the rejection, Applicants have cancelled claim 27, rendering the 35 U.S.C. § 102(e) rejection of claim 27 moot.

### *Rejections under 35 U.S.C. § 103*

#### Claims 29-32 and 35-38

At page 14 of the Office Action, the Examiner rejected claims 29-32 and 35-38 under 35 U.S.C. § 103(a) as being allegedly unpatentable over Trenbeath in view of U.S. Patent Number 7,209,959 to Campbell *et al*. ("Campbell"). Applicants respectfully traverse this rejection.

- 17 -

Reply to Office Action of January 19, 2010

Tuttle *et al.*
Appl. No. 11/396,251

Claims 29-32 and 35-38 depend from claims 26 and 33, respectively.  At page 15 of the Office Action the Examiner states that Campbell teaches "determining a connection comprises determining at least one client proxy with which the client communicates and routing the data to the client proxy, and then routing the data from the client proxy to the client."  However, the Examiner does not use Campbell to teach at least the above noted distinguishing features of claims 26 and 33.  Therefore, the applied references cannot be used to establish a prima facie case of obviousness for claims 26 and 33.

Accordingly, at least based on their respective dependencies to claims 26 and 33, Applicants respectfully request allowance of claims 29-32 and 35-38, as well as for their additional distinguishing features.

### Claims 40, 41, 46, 47, 52, 53, 58, and 59

At page 17 of the Office Action, the Examiner rejected claims 40-41, 46-47, 52-53, and 58-59 under 35 U.S.C. § 103(a) as being allegedly unpatentable over Trenbeath in view of U.S. Patent Number 6,314,459 to Freeman ("Freeman").  Applicants respectfully traverse this rejection.

Claims 40, 41, 46, 47, 52, 53, 58, and 59 depend from claims 39, 45, 51, and 57, respectively.  At page 18 of the Office Action the Examiner states, to which Applicants do not acquiesce, that Freeman teaches "wherein the live object of the data representation causes the client device to register with a client proxy of the network."  However, the Examiner does not use Freeman to teach, nor does Freeman teach, at least the above noted distinguishing features of claims 39, 45, 51, and 57.  Thus, Freeman cannot be used to cure the deficiencies of Trenbeath.  Therefore, the applied references cannot be used to establish a prima facie case of obviousness for claims 39, 45, 51, and 57.

Accordingly, at least based on their respective dependencies to claims 39, 45, 51, and 57, Applicants respectfully request allowance of claims 40, 41, 46, 47, 52, 53, 58, and 59, as well as for their additional distinguishing features.

Atty. Dkt. No. 2222.775000E

- 18 -

Reply to Office Action of January 19, 2010

Tuttle *et al.*
Appl. No. 11/396,251

*New Claim 67*

New claim 67 depends from claim 33 and includes all features therein. Thus, at least based on its dependency to claim 33, Applicants respectfully request allowance of new claim 67, as well as for its additional distinguishing features.

## Conclusion

All of the stated grounds of rejection have been properly traversed, accommodated, or rendered moot. Applicants therefore respectfully request that the Examiner reconsider all presently outstanding rejections and that they be withdrawn. Applicants believe that a full and complete reply has been made to the outstanding Office Action. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Glenn J. Perry
Attorney for Applicants
Registration No. 28,458

Date: *19 April 2010*

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1073863_1.DOC

Atty. Dkt. No. 2222.775000E

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 1129 |
| Tuttle *et al.* | Art Unit: 2194 |
| Appl. No.: 11/396,251 | Examiner: DAO, TUAN C. |
| Filed: March 30, 2006 | Atty. Docket: 2222.775000E |
| For: **Asynchronous Messaging Using a Node Specialization Architecture in the Dynamic Routing Network** | |

## Fourth Supplemental Information Disclosure Statement

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Sir:

Listed on accompanying IDS Forms are documents that may be considered material to the patentability of this application as defined in 37 C.F.R. §1.56, and in compliance with the duty of disclosure requirements of 37 C.F.R. §§ 1.97 and 1.98.

Applicants have listed publication dates on the attached IDS Forms based on information presently available to the undersigned. However, the listed publication dates should not be construed as an admission that the information was actually published on the date indicated.

Applicants reserve the right to establish the patentability of the claimed invention over any of the information provided herewith, and/or to prove that this information may not be prior art, and/or to prove that this information may not be enabling for the teachings purportedly offered.

Tuttle *et al.*
Appl. No. 11/396,251

This statement should not be construed as a representation that a search has been made, or that information more material to the examination of the present patent application does not exist. The Examiner is specifically requested not to rely solely on the material submitted herewith.

Applicants have checked the appropriate boxes below.

☐ 1.    Statement under 37 C.F.R. 1.704(d). Each item of information contained in this Information Disclosure Statement was first cited in a communication from a foreign patent office in a counterpart application and this communication was not received by any individual designated in 37 C.F.R. § 1.56(c) more than thirty days prior to the filing of this information disclosure statement.

☐ 2.    Filing under 37 C.F.R. § 1.97(b). This Information Disclosure Statement is being filed within three months of the date of filing of a national application other than a continued prosecution application (CPA), OR within three months of the date of entry of the national stage as set forth in 37 C.F.R. § 1.491 in an international application, OR before the mailing date of a first Office Action on the merits OR before the mailing of a first Office Action after the filing of a request for continued examination under 37 C.F.R. § 1.114. No statement or fee is required.

☒ 3.    Filing under 37 C.F.R. § 1.97(c). This Information Disclosure Statement is being filed more than three months after the U.S. filing date AND after the mailing date of the first Office Action on the merits, but before the mailing date of a Final Rejection, or Notice of Allowance, or an action that otherwise closes prosecution in the application.

Atty. Dkt. No. 2222.775000E

☐ a.  Statement under 37 C.F.R. § 1.97(e)(1). I hereby state that each item of information contained in this Information Disclosure Statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement. 37 C.F.R. § 1.97(e)(1).

☐ b.  Statement under 37 C.F.R. § 1.97(e)(2). I hereby state that no item of information in this Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application and, to my knowledge after making reasonable inquiry, was known to any individual designated in 37 C.F.R. § 1.56(c) more than three months prior to the filing of this Information Disclosure Statement. 37 C.F.R. § 1.97(e)(2).

☒ c.  The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p).

☐ 4.  Filing under 37 C.F.R. § 1.97(d) This Information Disclosure Statement is being filed more than three months after the U.S. filing date and after the mailing date of a Final Rejection or Notice of Allowance, but on or before payment of the Issue Fee. The required fee is provided through online credit card payment authorization in the amount of $180.00 in payment of the fee under 37 C.F.R. § 1.17(p); in addition:

☐ a.   Statement under 37 C.F.R. § 1.97(e)(1). I hereby state that each item of information contained in this Information Disclosure Statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement. 37 C.F.R. § 1.97(e)(1).

☐ b.   Statement under 37 C.F.R. § 1.97(e)(2). I hereby state that no item of information in this Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application and, to my knowledge after making reasonable inquiry, was known to any individual designated in 37 C.F.R. § 1.56(c) more than three months prior to the filing of this Information Disclosure Statement. 37 C.F.R. § 1.97(e)(2).

☐ 5.   The document(s) was/were cited in a search report by a foreign patent office in a counterpart foreign application. Submission of an English language version of the search report that indicates the degree of relevance found by the foreign office is provided in satisfaction of the requirement for a concise explanation of relevance. 1138 OG 37, 38 and MPEP 609.04(a)(III).

☐ 6.   A concise explanation of the relevance of the non-English language document(s) appears below in accordance with 37 C.F.R. § 1.98(a)(3).

- 5 -

Tuttle *et al.*
Appl. No. 11/396,251

☒ 7.  Copies of documents NPL1-NPL3 are submitted.  However, in accordance with 37 C.F.R. § 1.98(a)(2), no copies of U.S. patents and patent application publications cited on the attached IDS Forms are submitted.

☐ 8.  Copies of the documents were cited by or submitted to the Office in an IDS that complies with 37 C.F.R. § 1.98(a)-(c) in Application No._____, filed _____, which is relied upon for an earlier filing date under 35 U.S.C. § 120.  Thus, copies of these documents are not attached.  37 C.F.R. § 1.98(d).

☒ 9.  It is expected that the examiner will review the prosecution and cited art in the parent application nos. 10/105,018 filed March 21, 2002 (now U.S. Pat. No. 7,051,070) and 10/017,182 filed December 14, 2001 (now U.S. Pat. No. 7,043,525) in accordance with MPEP 2001.06(b), and indicate in the next communication from the office that the art cited in the earlier prosecution history has been reviewed in connection with the present application.

☒ 10.  In accordance with the Federal Circuit decision in *Dayco Prods., Inc. v. Total Containment, Inc.* 329 F.3d 1358 (Fed. Cir. 2003), Applicants submit herewith Office Actions from the co-pending U.S. Patent Application No. 11/205,233, filed August 15, 2005 as document NPL1; U.S. Patent Application No. 11/515,233, filed August 31, 2006 as document NPL2; and U.S. Patent Application No. 11/205,263, filed August 15, 2005 as document NPL3. The identification of these Office Actions is not to be construed as a waiver of secrecy as to those applications now or upon issuance of the present application

- 6 -

Tuttle *et al.*
Appl. No. 11/396,251

as a patent. The Examiner is respectfully requested to consider the cited applications and the art cited therein during examination.

It is respectfully requested that the Examiner initial and return a copy of the enclosed IDS Forms, and indicate in the official file wrapper of this patent application that the documents have been considered.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Glenn J. Perry
Attorney for Applicants
Registration No. 28,458

Date: 19 April 2010

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1073336_1.DOC

Atty. Dkt. No. 2222.775000E

| Substitute for form 1449/PTO | **633** | *Complete if Known* | |
|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 11/396,251 |
| | | Filing Date | March 30, 2006 |
| | | First Named Inventor | Timothy Tuttle |
| | | Art Unit | 2194 |
| | | Examiner Name | DAO, TUAN C. |
| Sheet | 1 | of | 2 | Attorney Docket Number | 2222.775000E |

**U.S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (If Known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 5,699,523 | 12-16-1997 | Li et al. | |
| | US2 | 5,754,939 | 05-19-1998 | Herz et al. | |
| | US3 | 5,933,429 | 08-03-2009 | Bubenik et al. | |
| | US4 | 6,138,158 | 10-24-2000 | Boyle et al. | |
| | US5 | 6,449,638 B1 | 09-10-2002 | Wecker et al. | |
| | US6 | 6,460,036 B1 | 10-01-2002 | Herz | |
| | US7 | 6,606,596 B1 | 08-12-2003 | Zirngibl et al. | |
| | US8 | 6,918,084 B1 | 07-12-2005 | Slaughter et al. | |
| | US9 | 7,139,844 B2 | 11-21-2006 | Smith et al. | |
| | US10 | 7,263,547 B2 | 08-28-2007 | Kloba et al. | |
| | US11 | 7,426,721 B1 | 09-16-2008 | Saulpaugh et al. | |
| | US12 | 7,516,177 B2 | 04-07-2009 | Knapp et al. | |
| | US13 | 7,565,359 B2 | 07-21-2009 | Nazem et al. | |
| | US14 | 2001/0047426 A1 | 11-29-2001 | Hunter | |
| | US15 | 2002/0010757 A1 | 01-24-2002 | Granik et al. | |
| | US16 | 2002/0013852 A1 | 01-31-2002 | Janik | |
| | US17 | 2002/0024536 A1 | 02-28-2002 | Kahan et al. | |
| | US18 | 2002/0056004 A1 | 05-09-2002 | Smith et al. | |
| | US19 | 2002/0073165 A1 | 06-13-2002 | McNulty et al. | |
| | US20 | 2002/0078251 A1 | 06-20-2002 | Lewis | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

1073334_1.DOC

| Substitute for form 1449/PTO | 634 | *Complete if Known* | |
|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 11/396,251 |
| | | Filing Date | March 30, 2006 |
| | | First Named Inventor | Timothy Tuttle |
| | | Art Unit | 2194 |
| | | Examiner Name | DAO, TUAN C. |
| Sheet | 2 of 2 | Attorney Docket Number | 2222.775000E |

**U.S. PATENT DOCUMENTS**

| Examiner Initials[*] | Cite No.[1] | Document Number<br>Number-Kind Code[2] (If Known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US21 | 2004/0148606 A1 | 07-29-2004 | Hosoe | |
| | US22 | 2005/0027815 A1 | 02-03-2005 | Christodoulou et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials[*] | Cite No.[1] | Foreign Patent Document<br>Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

1073334_1.DOC

Equivalent of Form PTO/SB/08b (7-09)

| Substitute for form 1449/PTO | | | | | *Complete if Known* | |
|---|---|---|---|---|---|---|
| **FOURTH SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | | Application Number | 11/396,251 |
| | | | | | Filing Date | March 30, 2006 |
| | | | | | First Named Inventor | Timothy Tuttle |
| | | | | | Art Unit | 2194 |
| | | | | | Examiner Name | DAO, TUAN C. |
| Sheet | 1 | of | 1 | | Attorney Docket Number | 2222.775000E |

| | | **NON PATENT LITERATURE DOCUMENTS** | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | NPL1 | Non-Final Office Action dated January 7, 2010, U.S. Appl. No. 11/205,233, Rumelhart et al., filed August 15, 2005 | |
| | NPL2 | Non-Final Office Action dated February 22, 2010, U.S. Appl. No. 11/515,233, Rumelhart et al., filed August 31, 2006. | |
| | NPL3 | Final Office Action dated March 23, 2010, U.S. Appl. No. 11/205,263, Rumelhart et al., filed August 15, 2005 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*
1073335_1.DOC

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11396251 |
| **Filing Date:** | 30-Mar-2006 |
| **Title of Invention:** | Asynchronous messaging using a node specialization architecture in the dynamic routing network |
| **First Named Inventor/Applicant Name:** | Timothy Tuttle |
| **Filer:** | William Pierce Ladd/Leonard Adgerson |
| **Attorney Docket Number:** | 2222.775000E |

Filed as Large Entity

### Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7439594 |
| **Application Number:** | 11396251 |
| **International Application Number:** | |
| **Confirmation Number:** | 1129 |
| **Title of Invention:** | Asynchronous messaging using a node specialization architecture in the dynamic routing network |
| **First Named Inventor/Applicant Name:** | Timothy  Tuttle |
| **Customer Number:** | 26111 |
| **Filer:** | William Pierce Ladd/Leonard Adgerson |
| **Filer Authorized By:** | William Pierce Ladd |
| **Attorney Docket Number:** | 2222.775000E |
| **Receipt Date:** | 19-APR-2010 |
| **Filing Date:** | 30-MAR-2006 |
| **Time Stamp:** | 14:54:26 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 1332 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | 2222775000Eamendmentandids.pdf | | 2030619 | yes | 29 |
| | | | 85e3f68cfb08cebf089b794f5d94048e7c1a0ea3 | | |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Miscellaneous Incoming Letter | 1 | 2 |
| Amendment/Req. Reconsideration-After Non-Final Reject | 3 | 3 |
| Claims | 4 | 14 |
| Applicant Arguments/Remarks Made in an Amendment | 15 | 20 |
| Transmittal Letter | 21 | 26 |
| Information Disclosure Statement (IDS) Filed (SB/08) | 27 | 29 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | NPL Documents | 2222775000E_NPL1.pdf | 224695<br><br>f1c589ba0f7e936c53f9efb3ef6312553d5e4378 | no | 16 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | NPL Documents | 2222775000E_NPL2.pdf | 250640<br><br>6cc8ab023f8a6bdee4f362cc13e995ac28fa7f5a | no | 17 |
| Warnings: | | | | | |
| Information: | | | | | |
| 4 | NPL Documents | 2222775000E_NPL3.pdf | 269035<br><br>713f462f0e1fda1542abdbc825775a83a1a51663 | no | 24 |
| Warnings: | | | | | |
| Information: | | | | | |
| 5 | Fee Worksheet (PTO-875) | fee-info.pdf | 30148<br><br>4febcb80fe950a6bdb2440cfdbf217eb5c9f85d8 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 2805137 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**Sterne Kessler Goldstein Fox**
ATTORNEYS AT LAW

Robert Greene Sterne
Jorge A. Goldstein
David K.S. Cornwell
Robert W. Esmond
Tracy-Gene G. Durkin
Michele A. Cimbala
Michael B. Ray
Robert E. Sokohl
Eric K. Steffe
Michael Q. Lee
John M. Covert
Robert C. Millonig
Donald J. Featherstone
Timothy J. Shea, Jr.
Michael V. Messinger
Judith U. Kim
Mark Fox Evens
Jeffrey T. Helvey
Eldora L. Ellison
Donald R. Banowit
Peter A. Jackman
Brian J. Del Buono

Elizabeth J. Haanes
Michael D. Specht
Kevin W. McCabe
Glenn J. Perry
Theodore A. Wood
Gaby L. Longsworth
Grant E. Reed
Tracy L. Muller
Jon E. Wright
Helene C. Carlson
Cynthia M. Bouchez
Lori A. Gordon
Shannon A. Carroll
Anbar F. Khal
Michelle K. Holoubek
Marsha A. Rose
Scott A. Schaller
Lei Zhou
James J. Puhl
John T. Haran
Mark W. Rygiel
Michael R. Malek

Carla J. Eun Kim
Doyle A. Siever*
Paul A. Calvo
C. Matthew Rozier
Randall P. Baldwin
Lori M. Brandos
Deborah A. Sterling
Jeremy M. Klass
Stephanie L. Ehbar
Jeffrey K. Mills
Scott M. Winchhouse
Peter A. Socarras
Jeremiah E. Friebel
Christian A. Camarce
Richard D. Coller
Patrick P. Hansen
Ross C. Hicks
Keisha Hylton-Rodic
Bronwen Niranjana-Combs
Alyssa K. Sandritowitz
Heinz P. Weerasooriya
Chenghua Luo

Salvaoor M. Bezos
Bruce B. Vance
Justin T. Sher
Byron L. Pickard
Christopher B. Ferenc
Jeffrey R. Rougere*
Christine Formas Norris*

Registered Patent Agents:
Karen R. Markowicz
Danielle L. Letting
Steven C. Oppenheimer
Aaron S. Lukas
Jonathan Tuminaro
Gaurav Asthana
Yasser Mourtada
Cynthia L. DeRanzo
Omar F. Amin
R. Wilson Powers III
Erin C. Wong

Joseph E. Mutschelknaus
Kavon Nasabzadeh
Aaron S. Ward
Romit Majumdar

Of Counsel
Edward J. Kessler
Christopher P. Wrist
David C. Isaacson
Jason D. Eisenberg
Kenley H. Hoover

*Admitted only in Maryland
*Admitted only in Virginia
•Practice Limited to
   Federal Agencies

April 19, 2010

*WRITER'S DIRECT NUMBER:*
(202) 772-8703
*INTERNET ADDRESS:*
GJFERRY@SKGF.COM

Commissioner for Patents                                    *Art Unit 2194*
PO Box 1450
Alexandria, VA  22313-1450                        *Attn: Mail Stop Amendment*

Sir:

Re:    U.S. Utility Patent Application
       Application No. 11/396,251; Filing or 371(c) Date:  March 30, 2006
       For:   **Asynchronous Messaging Using a Node Specialization Architecture in
              the Dynamic Routing Network**
       Inventors:  TUTTLE *et al.*
       Our Ref:  2222.775000E

        Transmitted herewith for appropriate action are the following documents:

   1.  Amendment and Reply Under 37 C.F.R. §1.111;

   2.  Online Credit Card Payment Authorization in the amount of $180.00 to cover:

       $180.00 in payment of the fee under 37 C.F.R. § 1.17(p);

   3.  Fourth Supplemental Information Disclosure Statement;

   4.  Form PTO/SB/08A two (2) sheets listing twenty-two (22) documents (US1-US22);

   5.  Form PTO/SB/08B one (1) sheet listing three (3) documents (NPL1-NPL3); and

   6.  Copy of cited documents (NPL1-NPL3).

       The above-listed documents are filed electronically through EFS-Web.

       In the event that extensions of time are necessary to prevent abandonment of this patent
application, then such extensions of time are hereby petitioned.

Commissioner for Patents
April 19, 2010
Page 2

     Fee payment is provided through online credit card payment. The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

                        Respectfully submitted,

                        STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                        Glenn J. Perry
                        Attorney for Applicants
                        Registration No. 28,458

GJP/WPL/kma

1103913_1.DOC

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 11/396,251 | Filing Date 03/30/2006 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☐ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | 04/19/2010 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * 41 | Minus ** 41 | = 0 | X $ = | | X $52= | 0 |
| | Independent (37 CFR 1.16(h)) | * 9 | Minus *** 9 | = 0 | X $ = | | X $220= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | (Column 2) | (Column 3) | | | | |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/DORIS M. KING/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*