IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>Defendant. | Civil Action No. 4:24-cv-00980<br><br>**JURY TRIAL** |

**REPLY IN SUPPORT OF MOTION TO SEVER AND STAY
CLAIMS AGAINST VIASAT'S IN-FLIGHT CONNECTIVITY
<u>SYSTEMS BY DEFENDANT AMERICAN AIRLINES, INC.</u>**

**INTRODUCTION**

American Airlines' motion showed that a stay of claims against Viasat products will simplify this action by resolving major issues.  I.V. does not respond to the bulk of these points, devoting most of its brief to the "mere reseller" prong regarding one element of one patent.  But I.V. agrees that Viasat's suit will resolve infringement of Viasat's accused products, "the same or similar issues" as before this Court.  The Court should grant the motion to sever and stay.

**ARGUMENT**

**I.     I.V. Overlooks the Paramount Considerations of Judicial Economy and Efficiency**

In its motion, American Airlines ("AA") explained that a stay will save judicial resources and promote efficiency by simplifying this action and by avoiding I.V.'s multiple cases against the same products.  Mot. at 8-10.  I.V. *avoids any mention* of Southwest Airlines ("SWA"), or that SWA has moved to stay the same claims as here, or that SWA has agreed to be bound just as AA has.  *I.V. v. Southwest Airlines Co.*, No. 24-277, Docket No. 18 (W.D. Tex. Feb. 19, 2025).

The parties agree that this action and the declaratory action concern the same question of "whether [Viasat's] in-flight connectivity systems directly or indirectly infringe any claims of the '326 Patent and '469 Patent," and that the issues between the cases "substantially overlap." *Viasat, Inc. v. I.V.*, No. 25-56, Docket No. 14 at 1, 6 (D. Del. Feb. 20, 2025).  The parties further agree that these actions involve "the same or similar issues pending at the same time."  Opp. at 2. The parties thus agree that the Delaware actions will resolve the major issue of any infringement by the accused Viasat products, making a stay appropriate here.  *Lighthouse Consulting Grp., LLC v. Truist Bank*, No. 19-340, 2020 WL 6781977, at *1 (E.D. Tex. Apr. 7, 2020) ("guiding principles in the customer suit exception cases are efficiency and judicial economy") (quoting *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011)).

## II. American Airlines is a "Mere Reseller"

I.V.'s allegations against Viasat systems "rely almost exclusively on the underlying functionalities provided" by Viasat, making AA a "mere reseller." Mot. at 7; Docket Nos. 1-12, 1-13. AA does not provide *any* of the hardware, software, or connectivity services required to operate the accused in-flight WiFi systems. Riffe Decl. ¶ 6. They are designed, supplied, and managed by Viasat for its systems, and the other two manufacturers for theirs. *Id.* ¶¶ 5-7.

I.V. largely ignores the '326 patent, conceding that it claims infringement by Viasat systems within the Viasat Select Router. Docket No. 1 ¶¶ 85-99; Docket No. 1-12. I.V. argues that, since "parts" of the Viasat Select Router come from elsewhere, some "third-party discovery and witnesses may be required" in Delaware. Opp. at 2; *see also id.* at 7-8. But I.V. cites no law stating that a manufacturer's provisioning of parts within a product bears on the customer-suit analysis. Whether *any* third-party discovery "may be required" is not the standard. *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 17-495, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018).

I.V. focuses on element 24(d) of the '469 patent, which it alleges is met when AA "enables access to onboard WiFi" on user devices. Docket No. 1-13 at 23. Despite I.V.'s claim that AA's motions to dismiss and stay "do not address this claim element or identify the hardware and software that American contends are related to the asserted claims," Opp. at 4-5, AA has specified that it does not provide the hardware, software, or services required to operate their respective in-flight WiFi systems. Riffe Decl. ¶ 6. I.V. claims that the "web portal" is designed by AA because the login screen is "designed specifically for American." Opp. at 5.[1] Even if that were so, it would not matter, because I.V. does not claim the login screen itself

---

[1] I.V. argues that Viasat "does not allege that it provides . . . the 'web ready device'" of claim 24. Opp. at 4. But I.V.'s contentions claim *end user devices* meet this element, alleging infringement when they are enabled to authenticate a subscription account. Docket No. 1-13.

infringes, but instead alleges infringement by *enabling* authentication, thus accusing Viasat. Docket No. 1-13 at 23. I.V. cannot allege that AA infringes differently because its login screen might say "AA" or include AA's Flight Symbol logo, especially when I.V.'s complaint accuses SWA using identical allegations. *I.V. v. Southwest Airlines*, Docket No. 1-12.

I.V. also argues that AA is not a "mere reseller" because "American incorporates" the accused products "into its aircraft." Opp. at 4. But that does not matter where, as here, "a customer-defendant is accused of merely using, operating, or promoting an accused product that had been developed and supplied by a third-party." *SITO Mobile R&D IP, LLC v. SFA Holdings Inc.*, No. 23-688, 2024 WL 3843804, at *3 (W.D. Tex. Apr. 19, 2024). In *In re Google Inc.*, the Federal Circuit held that Android device makers were "mere resellers" of Android, although they had the "ability to modify and customize the Android platform to its own particular purposes," because plaintiff did not allege any modification relevant to infringement. 588 F. App'x 988, 990 (Fed. Cir. 2014); *see also, e.g.*, *CyWee*, 2018 WL 4002776, at *6. I.V.'s cases hold only that a customer is not a "mere reseller" where it provides some act or component *required* to infringe.[2] But here I.V. does *not* claim a component provided by AA is required to infringe,

---

[2] *Liberty Access Techs. Licensing LLC v. Wyndham Hotels & Resorts, Inc.*, No. 24-125, 2024 WL 4729750, at *2 (E.D. Tex. Nov. 8, 2024) (customer product required "to satisfy certain elements"); *Fleet Connect Sols., LLC v. Precision Drilling Corp.*, No. 21-987, 2022 WL 2373711, at *2 (W.D. Tex. June 30, 2022) ("the large majority" are "method claims, the steps of which are performed by [defendant]."); *Corydoras Techs., LLC v. Best Buy Co.*, No. 19-304, 2020 WL 1275782, at *1 (E.D. Tex. Mar. 17, 2020) (manufacturer's suit would "not conclusively resolve any counts of infringement against Best Buy, in this case, for method claims"); *Parallel Networks Licensing, LLC v. Superior Turnkey Sols. Grp., Inc.*, No. 19-516, 2020 WL 2098203, at *3 (E.D. Tex. May 1, 2020) (defendant accused of "direct infringement as a user of—or as one who has provided and caused to be used—the method patents-in-suit."); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 15-1202, 2016 WL 1659924, at *3-4 (E.D. Tex. Apr. 26, 2016) (same); *Mirror Worlds Techs., LLC v. Dell Inc.*, No. 13-941, 2014 WL 11268268, at *2 (E.D. Tex. Sept. 29, 2014). *Rembrandt Wireless Technologies, LP v. Apple Inc.*, did not turn on mere incorporation of chipsets, but the fact that only some accused products used them. No. 19-25, 2019 WL 6344471, at *3 (E.D. Tex. Nov. 27, 2019) ("presence of the Apple-manufactured chipsets proves fatal to the customer-suit analysis.").

instead claiming direct infringement by Viasat. Docket Nos. 1-12, 1-13; *Viasat v. I.V.*, Docket No. 14 at 6 ("In this action and the Texas Litigations, the issues that ViaSat seeks to resolve here (*i.e.*, *whether its in-flight connectivity systems directly or indirectly infringe* any claims of the '326 Patent and '469 Patent) will be resolved.") (emphasis added). AA is a "mere reseller."

### III. AA's Agreement to Be Bound Will Resolve Infringement of Viasat Products

I.V. argues that "an infringement determination in the Delaware actions will not necessarily resolve the direct infringement claims against American." Opp. at 6 n.5. But AA agrees to be bound by the Delaware action regarding infringement of any Viasat products, so those rulings *will* resolve whether any Viasat products infringe. I.V. admits in Delaware that "the issues ViaSat purportedly seeks to resolve through its declaratory judgment action substantially overlap with issues that will be presented and decided" here. *Viasat v. I.V.*, Docket No. 14 at 1. This favors stay. *Google*, 588 F. App'x at 990 ("Respondents themselves have asserted that the proceedings involve substantially the same controversy.").

### IV. I.V. Identifies No Other Sources of the Accused Viasat Products

I.V. argues that Viasat is not the "only source of the infringing product" because "the infringing products come from several parties." Opp. at 7. In this action, I.V. accuses products from Viasat, Intelsat, and Panasonic; in the Western District, I.V. accuses *the same Viasat products it accuses here*. Viasat is the sole source of the Viasat products that I.V. accuses in two separate actions. None of I.V.'s authorities hold that the presence of *other* manufacturers of *other* accused products forecloses a stay against Viasat products accused in multiple courts.[3]

---

[3] *Liberty* found that the claimed customer was not a customer. 2024 WL 4729750, at *3. *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, included both "other software vendors" and "companies that are not customers of Tegic," which is not true here. 458 F.3d 1335, 1343 (Fed. Cir. 2006).

## V.   I.V. Overlooks The Traditional Stay Factors

I.V. devotes little time to the traditional factors, ignoring entirely the third and fourth.  On the first and second factors, I.V. argues that a stay would prejudice I.V. because it would take longer to recover against AA, specifically, and "risk spoliation of infringement evidence."  Opp. at 9.  I.V. cites no basis for spoliation risk during a stay where other claims against AA will proceed.  *Id.*  I.V. cannot identify any prejudice that would outweigh simplification of this action.  *CyWee*, 2018 WL 4002776, at *3 ("the interest in timely enforcement is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.") (quotation omitted); *Truist Bank*, 2020 WL 6781977, at *2.

## VI.   There Are No Additional Facts Necessary to Resolve this Motion

I.V. requests discovery, arguing that it "requires further information," but fails to dispute any of the facts underlying its infringement contentions, which form the basis of this Motion, instead speculating that *other* components that it has not accused may become relevant later.  Opp. at 1 n.2.  On March 6, 2025, the Western District of Texas, which faces an identical motion as to identical Viasat products as accused here, ordered the following:  a two-hour deposition of the declarant, five interrogatories, and five requests for production.  In this action, however, I.V. has not made a specific request for discovery or even identified what discovery it would seek.

## **CONCLUSION**

For the foregoing reasons and those in its motion, AA respectfully requests that the Court sever and stay Intellectual Ventures' claims regarding Viasat's in-flight connectivity systems until final resolution of *Viasat, Inc. v. Intellectual Ventures*, No. 25-56, in the District of Delaware.

– 6 –

| | |
|---|---|
| Date:   March 10, 2025 | Respectfully submitted,<br><br>**MCKOOL SMITH, P.C.**<br><br>*/s/ John B. Campbell*<br>John B. Campbell<br>Texas State Bar No. 24036314<br>jcampbell@McKoolSmith.com<br>Kyle N. Ryman<br>Texas State Bar No. 24125394<br>kryman@McKoolSmith.com<br>Kenneth M. Scott<br>Texas State Bar No. 24137497<br>kscott@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744<br><br>Emily Tannenbaum<br>New York State Bar No. 5928130<br>etannenbaum@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 402-9400<br>Telecopier: (212) 402-9444<br><br>ATTORNEYS FOR DEFENDANT<br>AMERICAN AIRLINES, INC. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2025, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

/s/ John B. Campbell
John B. Campbell

– 7 –