**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,  )<br>)<br>) | |
| *Plaintiffs*, ) | **C.A. No. 4:24-cv-00980-ALM** |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. ) | |
| ) | |
| *Defendant*. ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Intellectual Ventures I LLC and Intellectual Ventures II LLC, ("IV" or "Plaintiff") and Defendant American Airlines, Inc. ("American Airlines") provide the following statements pursuant to this Court's Order Governing Proceedings in this case (ECF 18), Federal Rule of Civil Procedure 26(f), and Local Patent Rule ("P.R.") 2-1(a).

The parties held a telephonic Rule 26(f) conference on March 24, 2025. IV was represented by Allen Gardner, John Downing, Charles Naggar and Jeceaca An. American was represented by Kyle Ryman and Casey Shomaker.

Pursuant to the Court's Instructions, the parties jointly provide the following summary of the conference:

**(1)  Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B, including:**

The parties have agreed on the deadlines set forth in the proposed Scheduling Order attached as Exhibit A.

      **a.**      **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;**

The parties propose that, consistent with Local Patent Rule 4-5(e) and Local Rule CV-7(a) the Plaintiff and Defendant each have a thirty (30) page limit for opening and responsive *Markman* briefs, and Plaintiff shall have a ten (10) page limit for its reply.

      **b.**      **The scheduling of a Claim Construction Pre-Hearing Conference to be held after the Joint Claim Construction and Pre-Hearing Statement provided for in P.R. 4-3 has been filed.**

The parties do not believe a Claim Construction Pre-Hearing Conference is necessary in this case.

**(2)**    **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

At this time, the parties have not been able to agree on whether mediation may be appropriate. The parties will continue to discuss whether mediation is appropriate and, if so, the appropriate timing for any mediation.

**(3)**    **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

The parties agree to comply with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas and the Court's Standing Orders with respect to interrogatories and requests for admissions.

**Fact Depositions:** The parties agree that 70 hours[1] of non-expert oral deposition testimony may be taken by each side.

---

[1] The parties agree that time will only accrue against the 70-hour total when a party is actively taking a deposition. Hours spent attending a deposition and not taking will not count against an individual party's 70-hour total. The parties further agree that the 70-hour limit shall not apply to depositions of third-parties.

**Expert Depositions:** The parties agree that expert depositions shall be limited to 7 hours per expert report.

**(4)     The identity of persons expected to be deposed.**

Plaintiff anticipates taking the depositions of Defendant and witnesses identified by Defendant, including expert witnesses, and potentially relevant third-party witnesses as the need arises. Depositions are expected to include 30(b)(1) witnesses as well as 30(b)(6) witnesses on topics such as corporate structure, relevant documents, notice, infringement, validity, and damages.

Defendant anticipates taking the depositions of Plaintiff and witnesses identified by Plaintiff, including expert witnesses, and potentially relevant third-party witnesses as the need arises. Depositions are expected to include 30(b)(1) witnesses as well as 30(b)(6) witnesses on topics such as ownership, conception, and reduction to practice of the Asserted Patents, relevant documents, comparable licenses, non-infringement, invalidity, and damages.

**(5)     Any issues relating to the disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (See Section E - Mandatory Disclosures)**

The parties do not anticipate E-Discovery in this case. In the event that the parties find E-Discovery necessary, the parties agree to submit an Order Governing E-Discovery in Patent Cases. The order will govern, among other things, the form of disclosure of electronically stored information.

**(6)     Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

The parties agree to preserve all discoverable information and do not believe a separate Preservation Order is necessary in this case.

**(7)     Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c).**

Attached as Exhibit A is an agreed proposed Scheduling Order modifying certain deadlines set forth in the Court's Order Governing Proceedings (ECF 17).

**(8)     Estimated trial time.**

The parties currently anticipate that the trial of this action will require approximately 7-10 days of trial time given the number of patents asserted across different patent families. As the case proceeds, this estimate of trial time may change depending on the number of patents, claims and defenses requiring trial.

**(9)     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Allen Gardner will represent Plaintiff at the Management Conference. John Campbell and Casey Shomaker will represent Defendant at the Management Conference.

**(10)    Any other matters counsel deem appropriate for inclusion in the joint conference report.**

<u>Motion to Dismiss and Motion to Sever and Stay</u>

Defendant filed a Motion to Dismiss (ECF 15) related to all Asserted Patents and a Motion to Sever and Stay (ECF 20) in this action. Defendant's Motion to Sever and Stay relates to two of the six asserted patents-in-suit, the '469 and '326 patents. The Motion was based on a declaratory judgment action by ViaSat pending in the District of Delaware. Plaintiff filed motions to dismiss the Delaware declaratory judgment action based on the first-to-file rule.

<u>Narrowing Claims and Prior Art</u>

The parties agree to discuss narrowing of claims and prior art.

4

Privilege Logs

The parties agree that privilege logs need not include communications and documents created after the filing of this lawsuit.

Information Required by Local Patent Rule 2-1(a)

The parties provide the following information regarding additional topics required by Local Patent Rule 2-1(a):

> **a.     Whether the Court will hear live testimony at the Claim Construction Hearing (P.R. 2-1(a)(2)).**

The Parties do not currently plan to present live testimony at the claim construction hearing.

> **b.     The order of presentation at the Claim Construction Hearing (P.R. 2-1(a)(4)).**

The parties agree that the claim construction hearing should be structured with a presentation of arguments for each disputed claim term in succession. The parties presently contemplate that, for each disputed claim term, the party seeking a construction will present its arguments regarding that term first, followed by rebuttal arguments by the party opposing that construction, followed by reply arguments by the party seeking the construction. The parties will meet and confer at least one week before the claim construction hearing to discuss narrowing the terms/issues to be presented and the specific order for presenting same.

> **c.     Whether the Court should authorize the filing under seal of any documents containing confidential information.**

The parties agree that the Court should authorize the filing under seal of documents containing Confidential Information under a Protective Order to be entered that will govern this case.

Dated: April 4, 2025    RESPECTFULLY SUBMITTED,

By: /s/ *Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Allen F. Gardner (TX Bar No. 24043679)
Allen@allengardnerlaw.com
ALLEN GARDNER LAW, PLLC
609 S. Fannin
Tyler, TX 75701
Phone: (903) 944-7537
Fax: (903) 944-7856

*Attorneys for Plaintiff*
*INTELLECTUAL VENTURES I LLC and*
*INTELLECTUAL VENTURES II LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.1, I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on April 4, 2025.