# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>Defendant. | Civil Action No. 4:24-cv-00980<br><br><br>**JURY TRIAL** |

## DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO ENFORCE THE LOCAL RULES AND STRIKE PLAINTIFFS' MOTION FOR LEAVE


## TABLE OF CONTENTS

    **Page**

I. INTRODUCTION AND SUMMARY ...................................................................................1

II. FACTUAL BACKGROUND..............................................................................................1

III. LEGAL STANDARD........................................................................................................3

IV. ARGUMENT....................................................................................................................4

    A.     IV violated the substantive requirement of Local Rule 7(h) and deprived the parties of an opportunity to confer in good faith. ...................................................................................................4

    B.     IV violated the procedural requirement of Local Rule 7(i) and failed to offer any excuse for not complying with the meet and confer requirement. ......................................................................6

V. CONCLUSION..................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Barkan Wireless Access Techs., L.P. v. Cellco P'ship*,
    No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017) (Ex. 3) ..............................5

*Entropic Communic'ns, LLC v. Charter Communic'ns, Inc.*,
    No. 2:22-CV-00125-JRG, 2023 WL 5612443 (E.D. Tex. Aug. 29, 2023)........................5, 6, 7

*Ironshore Europe DAC v. Schiff Hardin, LLP*,
    No. 2:17-CV-00431-JRG, 2018 WL 4183245 (E.D. Tex. Jan. 30, 2018) ................................4

*Morrison v. Walker*,
    No. 1:13-CV-327, 2014 WL 11512240 (E.D. Tex. Dec. 2, 2014) ..........................................6

*Quantum World Corp. v. Atmel Corp.*,
    No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008) (Ex. 4)..........................................6

*SynQor Inc. v. Vicor Corp.*,
    No. 2:14-CV-00287-RWS-JBB, Dkt. 565 (E.D. Tex. Sep. 13, 2022) (Ex. 2)..........................5

**OTHER AUTHORITIES**

L.R. CV-5(a)(3)(D) ................................................................................................................3

L.R. CV-7(h) ................................................................................................................. passim

L.R. CV-7(i) ................................................................................................................... 4, 7

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Email Exchange Between IV and American Before IV's Motion |
| 2 | *SynQor Inc. v. Vicor Corp.*, No. 2:14-CV-00287-RWS-JBB, Dkt. 565 at 15 (E.D. Tex. Sep. 13, 2022) |
| 3 | *Barkan Wireless Access Techs., L.P. v. Cellco P'ship,* No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017) |
| 4 | *Quantum World Corp. v. Atmel Corp.,* No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008) |

I.      **INTRODUCTION AND SUMMARY**

Defendant American Airlines, Inc. ("American") respectfully moves the Court to Enforce the Eastern District of Texas's Local Rules and Strike Plaintiffs' Opposed Motion for Leave to File Amended Complaint (Dkt. No. 48, the "Motion"). The Court's Local Rules require "at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." E.D. Tex. L.R. CV-7(h). Plaintiffs Intellectual Ventures I, LLC and Intellectual Ventures II, LLC (collectively, "IV") violated Rule 7(h) by failing to meet and confer with American and misrepresenting to the Court American's position on their Motion.

This stark violation of the Local Rules is not a mere procedural error. After almost eight months of litigation, IV's haphazard attempt to dramatically increase the number of patents in this case—from six to twelve—throws the case into disarray and leaves American and the Court to pick up the pieces. Under the Local Rules, IV owed this Court and American a meaningful meet and confer before filing its Motion. Instead, IV ignored the meet and confer requirement and, for that reason alone, the appropriate remedy is for the Court to strike IV's Motion for Leave and order IV to properly meet and confer prior to (if necessary) refiling their motion.

II.     **FACTUAL BACKGROUND**

On Friday afternoon November 1, 2024, IV sent American a letter alleging that American needed a license to certain patents. Dkt. 1-8. On Saturday (the next day), November 2, 2024, IV filed suit against American in this Court for allegedly infringing six unrelated patents. Dkt. 1 at ¶ 1. Since then, the parties completed briefing on American's motion to dismiss and motion to sever and stay the claims, began IPR proceedings for all six of the asserted patents, negotiated a scheduling order, and conducted fact discovery. American will serve its invalidity contentions in a few weeks and begin claim construction on the original six patents thereafter. Dkt. 44 at 1.

A timeline of the hours leading up to the Motion demonstrates IV's disregard for the Local Rules.

1. On Wednesday May 21, 2025 at 7:36 AM, IV asked American for a call to discuss their upcoming motion for leave to file an amended complaint. Ex. 1 at 5-6 (May 21 email from Allen Gardner). IV's email did not include the proposed amended complaint, nor did it state what in the complaint IV wished to amend. *Id.*

2. Later that afternoon at 3:31PM, IV indicated that it intended to "add additional patents" and—before even engaging in any dialog to discuss the proposed amendment and how the parties might deal with the impact—notified American that it would be filing the motion "this Friday." *Id.* at 5 (May 21 email from IV counsel).

3. At 5:25 AM the next day (early Thursday morning), American responded and requested a draft of the amended complaint for American's consideration. Ex. 1 at 4 (May 22 email from American's counsel). Of course, no party could, in good faith, form a view on a motion to amend a complaint without understanding how the amendment would impact the scope of the case. A draft of the amended complaint would provide the information necessary to evaluate the impact.

4. IV responded that evening at 5:31 PM, refusing to provide a draft amended complaint for consideration "absent an enforceable agreement that American and its affiliates will not seek a declaratory judgment."

5. At 6:54 AM the next day (early Friday morning), American agreed to consider IV's demand. Ex. 1 at 3 (May 23 email from American counsel). American again requested basic details regarding the "additional patents" so counsel could discuss the proposed amendments with its client and have a "sincere effort in which the participants present the merits of their respective positions" in compliance with Rule 7(h). *Id.*

6. After business hours that evening at 6:45 PM, IV stated "[i]f we do not hear from you, we will assume that American opposes the Motion for Leave and will indicate as such in our forthcoming motion." *Id.* at 2 (May 23 email from IV counsel).

7. American responded within an hour at 7:44 PM, agreeing to IV's demand not to use a draft amended complaint as a basis for a declaratory judgment action. American again reminded IV of its obligations under the Local Rules. *Id.* at 1-2 (second May 23 email from American counsel).

8. Four hours later at 11:57 PM, IV responded that despite American's agreement to IV's demand (i.e, the terms IV required to provide American the basic information needed to advise its client and then meet and confer in good faith), IV would be filing the Motion as opposed. *Id.* at 1 (second May 23 email from IV counsel). IV thus refused to provide any details of its Amended Complaint before filing, even after American's counsel agreed to IV's demand not to use the identification of the additional patents as a basis to file a declaratory judgment action.

9. IV thereafter filed its motion after midnight on Friday of Memorial Day weekend. Dkt. 48. Even though IV never conferred with American and failed to provide American's counsel with the opportunity to discuss IV's request with its client to form a position on IV's request, IV (mis)represented to the Court that American was opposed to the Motion. *Id.* at 1; E.D. Tex. L.R. CV-5(a)(3)(D).[1]

### III. LEGAL STANDARD

Local Rule 7(h)'s "meet and confer" requirement contains both a substantive and a procedural component.

---

[1] Because IV filed its Motion after midnight, the effective filing date is Tuesday, May 27.

The substantive component "requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." E.D. Tex. L.R. CV-7(h). The substantive component further requires that the participants "give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." E.D. Tex. L.R. CV-7(h).

The procedural requirement of Local Rule 7 requires a Certificate of Conference to be attached to the party's opposed motion. *Id.* In the event of "an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts believed to constitute bad faith." E.D. Tex. L.R. CV-7(i).

## IV.    ARGUMENT

### A.    IV violated the substantive requirement of Local Rule 7(h) and deprived the parties of an opportunity to confer in good faith.

Local Rule 7(h) instructs litigants "to meet and confer in good faith *before* filing motions in an attempt to 'resolve their differing views before coming to the court." *Ironshore Europe DAC v. Schiff Hardin, LLP,* No. 2:17-CV-00431-JRG, 2018 WL 4183245, at *1 (E.D. Tex. Jan. 30, 2018) (quoting E.D. Tex. L.R. 7(h)) (emphasis in original). It requires "at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." E.D. Tex. L.R. 7(h). The participants must "give each other the opportunity to express his or her views concerning the disputes…. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." E.D. Tex. L.R. CV-7(h).

4

"[A] request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." *Id*. Critically, "correspondence, e-mails, and facsimile transmissions ***do not constitute compliance ... and are not evidence of good faith***." *Entropic Communic'ns, LLC v. Charter Communic'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 5612443, at *1 (E.D. Tex. Aug. 29, 2023) (quoting Rule 7(h)) (emphasis added).

In stark violation of Local Rule 7(h), IV confronted American with a potential motion but refused to provide the most basic information needed for American's counsel to consider IV's request, discuss the request with its client, and engage in a good faith meet and confer. No party could form, much less "give each other the opportunity to express his or her views concerning" a proposed amended complaint without understanding the scope of the amendment. E.D. Tex. L.R. CV-7(h). Local Rule 7(h) requires the participants to "compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." E.D. Tex. L.R. CV-7(h). IV made sure that such a discussion could not, and did not, happen. IV knew that information would be needed to meet and confer in good faith and then refused to provide it even after American agreed to IV's terms.

IV failed to meet and confer "on the entirety of its motion in good faith, which requires 'honesty in one's purpose to discuss meaningfully the dispute.'" *SynQor Inc. v. Vicor Corp.*, No. 2:14-CV-00287-RWS-JBB, Dkt. 565 at 15 (E.D. Tex. Sep. 13, 2022) (Ex. 2); *accord Barkan Wireless Access Techs., L.P. v. Cellco P'ship,* No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017) (Ex. 3); *Entropic,* 2023 WL 5612443, at *2–3; *Quantum World Corp. v. Atmel Corp.,* No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008) (Ex. 4). Failing to meet and confer

as required by this Court's rules is "reason alone" to strike or deny without prejudice its Motion until the requisite conference is held. *Id*.

Rule 7(h)'s meet and confer requirement is not a "perfunctory obligation." *Morrison v. Walker*, No. 1:13-CV-327, 2014 WL 11512240, at *2 (E.D. Tex. Dec. 2, 2014). It is "meant to be taken seriously," *Entropic,* 2023 WL 5612443, at *3, and an "unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action." E.D. Tex. L. R. 7(h); *see also* Dkt. 17 (Order Governing Proceedings) at 6 ("Failure to comply with relevant provisions of the Local Rules . . . or any order of this court may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both."). IV's failure to follow the Local Rule imposes a burden on both American and this Court. Pursuant to Rule 7(h), American's counsel should have had the opportunity to discuss the motion with its client and work toward a resolution.

American does not bring this motion lightly. But American's counsel repeatedly reminded IV's California-based counsel of this Court's Local Rules. Ex. 1 at 1-3 (May 23 emails from American counsel). So ignorance cannot be an excuse. The Court (and American) should not be forced to consider possible issues and solutions to the mess that IV's proposed amendments pose to the case through the briefing process. The Court should strike IV's Motion for its violation of Rule 7(h).

      **B.**    **IV violated the procedural requirement of Local Rule 7(i) and failed to offer any excuse for not complying with the meet and confer requirement.**

A party seeking to file a motion is "required to include a Certificate of Conference on its Motion," and "must ensure that the meet and confer requirements of Local Rule CV-7(h) are satisfied." *Entropic*, 2023 WL 5612443 at *2. "In situations involving an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts believed to constitute bad faith." E.D. Tex. L.R. CV-7(i). "A party may file an opposed motion without the

required conference only when the non-movant has acted in bad faith by failing to meet and confer." E.D. Tex. L. R. CV-7(h).

The "Certificate" attached to IV's Motion acknowledges IV failed to meet and confer pursuant to the Local Rules yet does not (and as the timeline above shows, could not) allege that American acted in bad faith. Mot. at 7. American responded to IV's emails within hours (both well-before and well-after working hours) with reasonable requests for the most basic information needed to consider IV's proposed motion. Throughout the parties' email correspondence, American maintained that it (both counsel and client) needed to view a draft of IV's amended complaint so it could meaningfully consider IV's motion. At IV's demand, American even agreed "not to use providing the proposed amended complaint as a basis for the declaratory judgment action" in an effort to have a good faith meet and confer as required by the Local Rules. Ex. 1 at 1-2 (May 23 email from American counsel). Rather than provide the information necessary for the parties to meet and confer in good faith, IV moved forward with its Motion for Leave. *Id*. at 1.

Setting aside the Certificate's inaccuracy, it also misrepresents IV's failure to meet and confer. The Certificate fails to note that American agreed to IV's demand (a demand American had to agree before IV allegedly would provide the basic information needed to meet and confer) *before* IV filed its motion. Ex. 1 at 1-2 (May 23 email from American counsel). IV attached an exhibit of the parties' email correspondence that *omits* this correspondence. *Compare* Mot., Ex. B *with* Ex. 1 (complete email chain between parties leading up to IV's filing). Similarly, IV's "Certificate of Service" misrepresents that its motion was filed on May 23 when it was in fact filed on May 24 (and effectively filed on May 27). Mot. at 8. And IV fails to explain why it could not have provided a draft complaint (or any meaningful details about its proposed amendments so that American could consider it in good faith) or waited to file its Motion until after the parties met and

7

conferred, as required by Rule 7(h). Worse still, IV's counsel did not even sign the Certificate of Conference, which is itself yet another violation of the Local rules. Mot. at 7; E.D. Tex. L.R. 7(i) ("Opposed motions shall include a statement in the certificate of conference, signed by the movant's attorney, that the personal conference or conferences required by this rule have been conducted or were attempted, the date and manner of such conference(s) or attempts, the names of the participants in the conference(s), an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve."). Given the above deficiencies, it's unsurprising that no attorney wished to take responsibility for certifying IV's compliance with the Court's Meet and Confer Requirement.

## V.     CONCLUSION

American does not bring this motion lightly given that the Court could impose "disciplinary action." E.D. Tex. L. R. 7(h). But IV left American no choice. American repeatedly told IV, within a span of two days, that the Local Rules required a good faith meet and confer. IV ignored those Rules. Rule 7(h) exists in part to lighten the Court's burden of resolving disputes between parties or, at the least, present the Court with specific points of disagreement. For the sake of the rest of the litigation, American finds it has no other choice than to seek relief by requesting that the Court enforce Rule 7(h) and strike IV's Motion to ensure compliance with the Local Rules going forward.

Dated: June 6, 2025

**MCKOOL SMITH, P.C.**

<u>/s/ John B. Campbell</u>
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Emily Tannenbaum
New York State Bar No. 5928130
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444


ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 6, 2025.

*/s/ John B. Campbell*
John B. Campbell

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies pursuant to Local Rule CV-7(h) that the parties met and conferred on May 26 to discuss the foregoing motion. Casey Shomaker and Kenneth Scott attended on behalf of American, and at least Allen Gardner, Jonathan Waldrop, John Downing, and ThucMinh Nguyen attended on behalf of IV. During the call Mr. Waldrop stated he needed to confer with IV before providing a position. Counsel for American followed up via email on May 29, May 30, and June 2. On June 2, Mr. Downing confirmed IV would oppose American's motion. Thus, the Parties' discussions resulted in an impasse because the parties could not agree on the relief in this motion, leaving an open issue for the court.

*/s/ Kenneth M. Scott*
Kenneth M. Scott