# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>    **Defendant.** | **Civil Action No. 4:24-cv-00980**<br><br><br>**JURY TRIAL** |

## DEFENDANT AMERICAN AIRLINES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OPPOSED MOTION TO FILE UNDER SEAL PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ............................................................................................................1 | |
| II. | LEGAL STANDARD......................................................................................................1 | |
| III. | ARGUMENT ...................................................................................................................2 | |
| | A. | American Has a Right to Know the Allegations Against It....................................2 |
| | B. | IV Has No Good Faith Basis to Request Sealing ...................................................3 |
| | C. | IV Failed to Meet and Confer as Required ............................................................3 |
| IV. | CONCLUSION................................................................................................................5 | |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Apple Inc. v. Samsungs Elecs. Co.*,
 727 F.3d 1214 (Fed. Cir. 2013)...................................................................................................1

*Barkan Wireless Access Techs., L.P. v. Cellco P'ship*,
 No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017) ...........................................4

*Binh Hoa Le v. Exeter Fin. Corp.*,
 990 F.3d 410 (5th Cir. 2021) .....................................................................................................1

*Brook v. Holzerland*,
 No. 1:23-cv-00379-MAC-ZJH, 2024 U.S. Dist. LEXIS 178208 (E.D. Tex. 2024) ..................2

*DePuy Synthes Prods. v. Veterinary Orthopedic Implants, Inc.*,
 990 F.3d 1364 (Fed. Cir. 2021)..................................................................................................1

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
 2023 WL 5612443 (E.D. Tex. Aug. 30, 2023) ......................................................................3, 4

*Intellectual Ventures I LLC, et al. v. American Airlines, Inc.*,
 4-25-cv-00576 (E.D. Tex. May 30, 2025) .................................................................................3

*June Med. Servs., L.L.C. v. Phillips*,
 22 F.4th 512 (5th Cir. 2022) .............................................................................................1, 2, 3

*Quantum World Corp. v. Atmel Corp.*,
 No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008).........................................................4

*Sealed Appellant v. Sealed Appellee*,
 No. 22-50707, 2024 U.S. App. LEXIS 5553 (5th Cir. 2024) ....................................................2

*SynQor Inc. v. Vicor Corp.*,
 No. 2:14-CV-00287-RWS-JBB, Dkt. 565 (E.D. Tex. Sep. 13, 2022).......................................4

## TABLE OF EXHIBITS

| Exhibit No. | Description |
| --- | --- |
| A | Email Exchange Between IV and American Before IV's Motion |
| B | Motion to Seal Notice of Electronic Filing |

## I.  INTRODUCTION

Defendant American Airlines, Inc. ("American") responds in opposition to Intellectual Ventures I LLC and Intellectual Ventures II LLC's (collectively, "Plaintiffs" or "IV") Opposed Motion to File Under Seal Plaintiffs' Motion for Leave to File Amended Complaint. Dkt. No. 47 (hereinafter, "Motion to Seal"). IV filed its Motion to Seal just after midnight on Friday of Memorial Day weekend.[1] E.D. Tex. L.R. CV-5(a)(3)(D). Even though IV did not confer with American, IV filed an opposed Motion for Leave to File Amended Complaint (Dkt. No. 48 (hereinafter, "Motion for Leave")) and an opposed Motion to Seal. Dkt. No. 47; *see also* Ex. A at 1.

## II.  LEGAL STANDARD

Courts generally recognize a strong presumption in favor of public access to judicial records and proceedings. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *see also id.* at 417 ("Judicial records belong to the American people; they are public, not private, documents."); *Apple Inc. v. Samsungs Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013). While this presumption can be overridden when confidentiality concerns are at stake, courts must balance public interest in judicial transparency and a desire to protect confidential information in cases involving sealed filings. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). "Consistent with these principles, a complaint … must generally be disclosed to the public unless there are compelling countervailing circumstances[.]" *DePuy Synthes Prods. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1370 (Fed. Cir. 2021); *see also id.* (citing *FTC v. AbbVie*

---

[1] IV's Motion was filed after midnight on Saturday, May 24 so the Motion's effective filing date is Tuesday, May 27.

*Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (holding that "access to the complaint is almost always necessary if the public is to understand a court's decision")).

### III.     ARGUMENT

#### A.     American Has a Right to Know the Allegations Against It

The Fifth Circuit has consistently recognized the strong presumption in favor of public access to judicial records, holding that court documents should not be sealed absent compelling reasons. *See supra* § II (Legal Standard). Even when such reasons are presented, courts are required to carefully balance the interests favoring confidentiality against the public's right of access to judicial proceedings. *Brook v. Holzerland*, No. 1:23-cv-00379-MAC-ZJH, 2024 U.S. Dist. LEXIS 178208, at *2 (E.D. Tex. 2024). This balancing test is rigorous, and the presumption of openness is only overcome in rare circumstances where specific, articulated interests justify nondisclosure. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 U.S. App. LEXIS 5553, at *5 (5th Cir. 2024) ("Sealing documents should be the exception, not the rule."). Here, IV's asserted interest in confidentiality does not outweigh American's right to access the proceedings, nor does it overcome the public's strong interest in transparent judicial records.

IV advances two purported reasons to justify filing its Motion for Seal, but neither withstands scrutiny. First, IV contends that "[t]here is not currently a Protective Order entered in this matter[.]" Dkt. No. 47 at 1. However, this argument is misplaced, as the Fifth Circuit has made clear that "[d]ifferent legal standards govern protective orders and sealing orders." *June Med. Servs.*, 22 F.4th at 521 (citing *Le*, 990 F.3d at 419) ("Sealing judicial records and blocking public access require a 'stricter balancing test.'"). The absence of a protective order does not establish good cause for sealing judicial records. Second, IV argues that the "Exhibit[s] to the Motion [for Leave] cite[] to and quote[] language from licensing agreements that are confidential and attorney's eyes only." Dkt. No. 47 at 1. While the protection of genuinely confidential business

2

information may, in some instances, warrant limited sealing, IV could have filed (and later did file) its Motion for Leave without including this confidential information, which appears only in the footnotes of the claim charts and not in the amended complaint itself. *See* Dkt. Nos. 48_1, 48_22, 48_23, 48_24, 48_26, 48_27; *see also infra* § III(B). IV's unnecessary inclusion of confidential information does not justify sealing the amended complaint, as this approach deprives American of clear notice of the claims it must address and thereby causes undue prejudice. Such deprivation undermines both American's due process rights and the integrity of the judicial process.

### B. IV Has No Good Faith Basis to Request Sealing

IV's Motion to Seal is unfounded because the exhibits to its Motion for Leave have already been filed publicly in a new complaint, effectively negating any claim that confidentiality is necessary. *See Intellectual Ventures I LLC, et al. v. American Airlines, Inc.*, 4-25-cv-00576 (E.D. Tex. May 30, 2025). Given that sealing judicial records is "heavily disfavor[ed]" and that IV has already placed the amended complaint and its exhibits on the public docket in a new complaint, any argument for sealing is rendered moot. *June Med. Servs.*, 22 F.4th at 520. This inconsistent conduct not only undermines IV's position but also raises serious questions about its good faith in seeking to seal the record, further supporting denial of the Motion to Seal.

### C. IV Failed to Meet and Confer as Required

A party seeking to file a motion must include a Certificate of Conference with its motion and ensure compliance with the meet-and-confer requirements set forth in Eastern District of Texas's Local Rule CV-7(h). *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 5612443, at *2 (E.D. Tex. Aug. 30, 2023). In circumstances where there has been an unreasonable failure to meet and confer, the movant is required to detail in the certificate of conference the facts believed to constitute bad faith. E.D. Tex. L.R. CV-7(i). An opposed motion may only be filed

3

without the required conference if the non-movant has acted in bad faith by refusing to meet and confer. E.D. Tex. L.R. CV-7(h). IV's failure to meet and confer with American before filing its Motion to Seal violates EDTX's local requirements.[2]

The Certificate of Conference attached to IV's Motion to Seal indicates that IV attempted to meet and confer with American, but the Certificate of Conference misrepresents the facts. Rather, the Certificate of Conference alleges an "understanding." Dkt. No. 47 at 3. There was no understanding. Rather, on Friday, May 23, at 9:43 PM, IV's counsel sent its first and only email regarding a motion to seal, stating that "[t]here [is] confidential licensing information referenced in the Amended Complaint. Therefore, we will be filing a motion to seal." Ex. A at 1. (May 23 email from IV counsel). IV did not request (or offer an opportunity) for a meet and confer. Instead, IV filed its Motion to Seal thereafter at 12:17 AM. Ex. B. According to the local rules, "[f]or opposed motions, correspondence, e-mails, and facsimile transmission do not constitute compliance with the substantive component and are not evidence of good faith." E.D. Tex. L.R. CV-7(h). IV has failed to meet the requirements of the local rules.

An exception to the local rules exists that allows "[a] party [] [to] file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer." E.D. Tex. L.R. CV-7(h). A non-movant's failure to respond to a late-night Friday of Memorial Day weekend email, followed by the filing of a motion hours later, is not an act of bad faith by American. Clearly, IV is the party that has acted in bad faith. IV's failure to meet and confer as required by this Court's rules is "reason alone" to strike or deny without prejudice its Motion until the requisite conference is held. *SynQor Inc. v. Vicor Corp.*, No. 2:14-CV-00287-

---

[2] IV also failed to comply with the meet and confer requirement of Local Rule 7 in filing its Motion for Leave to Amend the Complaint. American's Motion to Enforce the Local Rule and Strike IV's Motion for Leave details IV's disregard for the Local Rule. *See* Dkt. No. 50.

RWS-JBB, Dkt. 565 at 15 (E.D. Tex. Sep. 13, 2022); *accord Barkan Wireless Access Techs., L.P. v. Cellco P'ship,* No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017); *Entropic,* 2023 WL 5612443, at *2–3; *Quantum World Corp. v. Atmel Corp.,* No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008).

## IV.    CONCLUSION

IV's Motion to Seal is procedurally and substantively deficient. American has a right to know the allegations against it, and IV failed to provide a good faith basis for sealing the amended complaint, particularly given that it was subsequently filed publicly. Additionally, IV's failure to meet and confer with American before filing the Motion to Seal violates procedural rules. For these reasons, American respectfully requests that the Court deny IV's Motion to Seal.

|  |  |
|---|---|
| Dated: June 10, 2025 | **MCKOOL SMITH, P.C.**<br><br>*/s/ John B. Campbell*<br>John B. Campbell<br>Texas State Bar No. 24036314<br>jcampbell@McKoolSmith.com<br>Kenneth M. Scott<br>Texas State Bar No. 24137497<br>kscott@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744<br><br>Emily Tannenbaum<br>New York State Bar No. 5928130<br>**MCKOOL SMITH, P.C.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 402-9400<br>Telecopier: (212) 402-9444<br><br><br>ATTORNEYS FOR AMERICAN<br>AMERICAN AIRLINES, INC. |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 10, 2025.

*/s/ John B. Campbell*
John B. Campbell
