# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | **C.A. No. 4:24-cv-00980-ALM** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| *Defendant*. | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

I.    BACKGROUND ......................................................................................................... 1

II.   ARGUMENT ............................................................................................................... 3

    A.    American Knows The Allegations Against It, Therefore Its First Argument
        Fails................................................................................................................ 3

    B.    IV Has A Good Faith Basis For Its Narrow Request To Seal ............................. 4

    C.    IV Attempted To Meet And Confer, But American Refused ............................... 5

III.  CONCLUSION............................................................................................................. 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brook v. Holzerland*,
   2024 U.S. Dist. LEXIS 178208 (E.D. Tex. Aug. 14, 2024) ......................................................4

*June Med. Servs., L.L.C. v. Phillips*,
   22 F.4th 512, (5th Cir. 2022) ...........................................................................................4

**Other Authorities**

Local Rule CV-7(h) ...................................................................................................................5

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "IV") submit this Reply in Support of Plaintiffs' Motion to File Under Seal Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 47 or "Motion to Seal").

## I.     BACKGROUND[1]

Defendant American Airlines, Inc.'s ("American") meritless Opposition (Dkt. 52) is a procedural gambit that has no substantive support.  American knows the nature of the allegations against it.  American's counsel has been served with the unredacted Amended Complaint, as well as with infringement contentions for the patents asserted in the original Complaint and the proposed Amended Complaint.[2]  The Amended Complaint itself requires no redactions – only two footnotes within each claim chart exhibit to the complaint contain confidential information. American is aware that each claim chart attached to the Amended Complaint, as well as each of the infringement contentions served the same day (including the contentions for patents newly asserted in the Amended Complaint), contains two footnotes discussing license terms subject to contractual confidentiality requirements – a fact explicitly raised in the Motion to Seal.  (Dkt. 47.) These footnotes address terms that cannot be revealed without prior permission from the other parties to the agreements.   The infringement contentions have been designated "Highly Confidential – Outside Attorneys' Eyes Only" because of those footnotes, so American's counsel is also aware that it will not be able to reveal that very limited confidential information to its client.

American mistakenly argues "IV's Motion to Seal is unfounded because the exhibits to its Motion for Leave have already been filed publicly in a new complaint, effectively negating any

---

[1] Submitted herewith is the June 17, 2025 Declaration of Jonathan K. Waldrop, with exhibits ("Ex. __.").

[2] IV's infringement contentions were due on Friday, May 23, 2025.  IV sought to file its Amended Complaint no later than that date so that it could serve infringement contentions for all of the patents it was accusing at the same time without causing a delay to the existing case schedule.

claim that confidentiality is necessary." (Dkt. 52 at 3.)  The exhibits to which American refers[3] did not contain confidential information that is the subject of IV's Motion to Seal – a fact easily ascertained by comparing the different versions of the claim chart exhibits in the proposed Amended Complaint and the exhibits to the 576 Action.  There is no inconsistency in IV's position and no question of IV's good faith efforts to protect confidential information of IV's licensees.

As will be addressed more fulsomely in IV's upcoming response to American's Motion to Strike the Motion for Leave (Dkt. 50), American's argument that IV failed to properly meet and confer is groundless.[4]  IV repeatedly attempted to meet and confer with American during the week leading up to the filing of the underlying Motion for Leave to File Amended Complaint (Dkt. 48; the "Motion for Leave"), but American refused to do so, instead demanding to see the proposed Amended Complaints before it would discuss the issues with IV.  Considering the still pending declaratory judgment ("DJ") action filed by American's component supplier Viasat in Delaware, IV explained that "we are not in a position to provide a draft of the amended complaint absent an enforceable agreement that American and its affiliates will not seek a declaratory judgment." (Dkt. 50-2, p. 5 of 7.)  Viasat was able to file that DJ action – multiplying litigation on these patents to an additional court and greatly reducing judicial efficiency – because IV did not include language in its initial complaint explicitly stating it was not accusing products covered by certain confidential license agreements.  IV wanted to avoid American (or its suppliers) creating yet further judicial inefficiency by taking every effort to lessen the risk of such DJ actions.  IV

---

[3] On May 30, 2025, out of concern that American or its suppliers would file a DJ action in another jurisdiction if the Motion for Leave was denied, IV filed a new action in this Court against American asserting the six patents IV seeks to add in the Amended Complaint.  (Ex. A [Compl. Civil Action No. 25-cv-576]; the "576 Action".) As explained in footnote 1 of that complaint, should the Court grant IV's request to file an Amended Complaint, IV would dismiss that action.  Alternatively, IV will respectfully move to consolidate the two American cases.  *Id.*
[4] IV's opposition to American's Motion to Strike is due on July 7, 2025.  (Dkt. 53 at 1.)

repeatedly told American that it intended to file the Motion for Leave by Friday, May 23, 2025 – the deadline for IV to serve its infringement contentions. *Id*. American maintained its position that it wanted to see the Amended Complaint before it would provide a position on whether it would oppose IV's motion, and American would not provide its availability to meet and confer with IV despite multiple e-mail and telephonic requests that it do so.[5] *Id*. It was in the context of American's refusal to meet and confer on the underlying Motion for Leave that IV e-mailed American's counsel to let them know that IV needed to file the Motion for Leave under seal because there was "confidential licensing information referenced in the Amended Complaint. . . . We assume that American is also opposed to this Motion to Seal and will indicate as such." (Dkt. 52-2.) American did not respond to this e-mail. IV intended to discuss its confidentiality concerns during the meet-and-confer discussions it anticipated having with American because the Motion to Seal was part and parcel of the Motion for Leave.

## II.    ARGUMENT

### A.    American Knows The Allegations Against It, Therefore Its First Argument Fails

As noted in the Motion to Seal, "IV's Exhibit to the Motion [for Leave to File Amended Complaint] cites to and quotes language from licensing agreements that are confidential and attorney's eyes only." (Dkt. 47 at 1.) IV served American with the Amended Complaint – which contains no confidential information in the main document and can be filed publicly – as well with unredacted versions of the exhibits to the Amended Complaint, twelve of which are claim charts containing confidential information regarding license agreements within two footnotes in each

---

[5] As noted in an e-mail from IV's counsel to American's counsel shortly before filing the Motion for Leave to Amend: "IV first requested a meet and confer on Wednesday, May 21, and has followed up multiple times each day by both phone and email. Throughout this time, we made clear that we intended to proceed with filing by Friday, May 23 a Motion for Leave to File an Amended Complaint – also the deadline for infringement contentions. (Dkt. 50-2, p. 2 of 7.)

chart.   IV asks that only those footnotes be sealed.

American cites *Brook v. Holzerland*, 2024 U.S. Dist. LEXIS 178208, *2 (E.D. Tex. Aug. 14, 2024) for the general proposition that "courts are required to carefully balance the interests favoring confidentiality against the public's right of access to judicial proceedings (Dkt. 52 at 2), but that case makes it clear that "the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. (*quoting June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).)  IV's sealing request is narrowly tailored and sealing is warranted.  The license agreements discussed and quoted are subject to stringent confidentiality provisions; they require permission from the other parties to those agreements before IV is permitted to disclose information subject to confidentiality protections.  (Dkt. 47 at 1.)  IV already served American with unredacted copies of those footnotes under the Order Governing Proceedings (Dkt. 17), so American's primary argument that it has a right to know the allegations against it is specious.  Moreover, as discussed *supra* at 2-3, IV timed its filing of the Motion for Leave to coincide with its deadline to serve infringement contentions – contentions which also contain the confidential information and which have been designated "Highly Confidential – Outside Attorneys' Eyes Only."  Thus, American fully is aware of the allegations against it and it is aware that the information IV seeks to seal is restricted to Outside Attorneys' Eyes Only – its arguments are disingenuous at best and are without merit.

**B.      IV Has A Good Faith Basis For Its Narrow Request To Seal**

After first claiming the Motion to Seal should be denied because it has a right to know the allegations against it, American nonsensically argues that IV already filed the information publicly, admitting it already knows the allegations.  (Dkt. 52 at 3.)  As described above, to minimize the risk of American (or its suppliers) filing a DJ action should the Court deny the Motion

4

for Leave, IV filed the 576 Action without any confidential information.  Contrary to American's assertion, no confidential information was publicly filed and IV's conduct was not inconsistent.

### C.     IV Attempted To Meet And Confer, But American Refused

IV informed American that it intended to file its Motion for Leave by May 23, 2025 – the date its infringement contentions were due.  (Dkt. 52-2 at 5, 8-10.)  IV repeatedly asked American to meet and confer regarding the Motion for Leave and anticipated discussing the ancillary confidentiality issues during those discussions.  Despite multiple e-mails and phone calls each day leading up to IV's filings, American conditioned its response on whether it would oppose the motion upon IV providing a draft of the Amended Complaint and refused to provide its availability to meet and confer.  (Dkts. 47-1, 52-2.)  Due to IV's concern that American was using its request to view the draft Amended Complaint to file a preemptive DJ action, IV would not provide the draft without American's assurances it would not use this information for a DJ action – assurances American refused to give until it knew was too late.

American's refusals rendered further attempts futile; it was reasonable for IV to proceed with the filing given its repeatedly stated intention to file before the infringement contention deadline.  Local Rule CV-7(h) provides that "[a] party may file an opposed motion without the required conference [] when the non-movant has acted in bad faith by failing to meet and confer." (E.D. Tex., CV-7(h).)  Such was the case here.

### III.     CONCLUSION

For the foregoing reasons, IV's Motion to Seal should be granted.

Dated: June 17, 2025                    RESPECTFULLY SUBMITTED,


By:  /s/ Jonathan K. Waldrop
      Jonathan K. Waldrop (CA Bar No. 297903)
      (Admitted in this District)
      jwaldrop@kasowitz.com
      Darcy L. Jones (CA Bar No. 309474)
      (Admitted in this District)
      djones@kasowitz.com
      Marcus A. Barber (CA Bar No. 307361)
      (Admitted in this District)
      mbarber@kasowitz.com
      John W. Downing (CA Bar No. 252850)
      (Admitted in this District)
      jdowning@kasowitz.com
      Heather S. Kim (CA Bar No. 277686)
      (Admitted in this District)
      hkim@kasowitz.com
      ThucMinh Nguyen (CA Bar No. 304382)
      (Admitted in this District)
      tnguyen@kasowitz.com
      **KASOWITZ BENSON TORRES LLP**
      333 Twin Dolphin Drive, Suite 200
      Redwood Shores, California 94065
      Telephone: (650) 453-5170
      Facsimile: (650) 453-5171


      Allen F. Gardner (TX Bar No. 24043679)
      allen@allengardnerlaw.com
      ALLEN GARDNER LAW, PLLC
      609 S. Fannin
      Tyler, Texas 75701
      Telephone: (903) 944-7537
      Facsimile: (903) 944-7856


      **Attorneys for Plaintiffs**
      **INTELLECTUAL VENTURES I LLC and**
      **INTELLECTUAL VENTURES II LLC**

6

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on June 17, 2025, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)