IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC, | |
| Plaintiff, | Civil Action No. 4:24-cv-00980 |
| vs. | |
| AMERICAN AIRLINES, INC., | JURY TRIAL |
| Defendant. | |

## DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

    A. Procedural History .....................................................................................1

    B. Proposed Amended Complaint ..................................................................1

        1. IV's Failure to Comply with Rule 7 ..............................................1

        2. IV's Proposed Amendments ...........................................................3

III. LEGAL STANDARD............................................................................................3

IV. ARGUMENT .........................................................................................................4

V. CONCLUSION....................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                                     **Page(s)**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001).....................................................................................9

*Barkan Wireless Access Techs., L.P. v. Cellco P'ship*,
    No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017) .........................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................11

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F4th 1342 (Fed. Cir. 2021) .................................................................................11

*DietGoal Innovations LLC v. Arby's Restaurant Group, Inc.*,
    2:11-cv-00418-CMC, Dkt. 445 (E.D. Tex. May 24, 2012) ..................................................4, 9

*Entropic Communic'ns, LLC v. Charter Communic'ns, Inc.*,
    No. 2:22-CV-00125-JRG, 2023 WL 5612443 (E.D. Tex. Aug. 29, 2023)...............................6

*Foman v. Davis*,
    371 U.S. 178 (1962)...............................................................................................4

*Intellectual Ventures I LLC v. American Airlines, Inc.*,
    4:25-cv-00576-ALM, Dkt. 1 (E.D. Tex. May 30, 2052) .......................................................9

*JVC Kenwood Corp. v. Nero, Inc.*,
    797 F.3d 1039 (Fed. Cir. 2015)...............................................................................11

*Koninklijke KPN NV v. Samsung Electronics America, Inc.*,
    2:14-cv-01165-JRG, Dkt. 58 (E.D. Tex. Jul. 28, 2015)........................................................4

*Kontrick v. Ryan*,
    540 U.S. 443 (2004)...............................................................................................4

*Morrison v. Walker*,
    No. 1:13-CV-327, 2014 WL 11512240 (E.D. Tex. Dec. 2, 2014) .........................................6

*Nagravision SA v. Comcast Corp.*,
    2:16-cv-01362-JRG, Dkt. 123 (E.D. Tex. Sept. 20, 2017) ..................................................12

*Price v. Pinnacle Brands, Inc.*,
    138 F.3d 602 (5th Cir. 1998) ..................................................................................4

*Quantum World Corp. v. Atmel Corp.*,
    No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008).....................................................6

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
    775 F.2d 1107 (Fed. Cir. 1985) (en banc) ................................................................9

*SynQor Inc. v. Vicor Corp.*,
    No. 2:14-CV-00287-RWS-JBB, Dkt. 565 (E.D. Tex. Sep. 13, 2022) ......................6

*Technology Licensing Corp. v. Videotek, Inc.*,
    545 F.3d 1316 (Fed. Cir. 2008) ................................................................................9

*Uniloc USA, Inc. v. Distinctive Developments Ltd.*,
    6:12-cv-00462-RWS, 2016 WL 11485612 (E.D. Tex. Dec. 13, 2016) .................12

*Union Planters Nat'l Leasing, Inc. v. Woods*,
    687 F.2d 117 (5th Cir. 1982) ....................................................................................4

## STATUTES

35 U.S.C. § 282 ...............................................................................................................9

35 C.F.R. § 1.53 ..............................................................................................................9

## OTHER AUTHORITIES

FED. R. CIV. P. 15(a)(2) ...................................................................................................4

L.R. CV-7 .............................................................................................................. passim

**TABLE OF EXHIBTS**

| Exhibit | Description |
|---|---|
| A | Email Exchange Between IV and American Before IV's Motion |
| B | American's Proposed Schedule |
| C | *Koninklijke KPN NV v. Samsung Electronics America, Inc.*, 2:14-cv-01165-JRG, Dkt. 58 (E.D. Tex. Jul. 28, 2015) |
| D | *DietGoal Innovations LLC v. Arby's Restaurant Group, Inc.*, 2:11-cv-00418-CMC, Dkt. 445 (E.D. Tex. May 24, 2012) |
| E | *SynQor Inc. v. Vicor Corp.*, No. 2:14-CV-00287-RWS-JBB, Dkt. 565 at 15 (E.D. Tex. Sep. 13, 2022) |
| F | *Barkan Wireless Access Techs., L.P. v. Cellco P'ship,* No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017) |
| G | *Quantum World Corp. v. Atmel Corp.,* No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008) |
| H | *Nagravision SA v. Comcast Corp.*, 2:16-cv-01362-JRG, Dkt. 123 (E.D. Tex. Sept. 20, 2017) |

## I.  INTRODUCTION

IV's request to add **six patents and over 60 asserted claims** to this litigation after service of invalidity contentions and on the eve of claim construction deadlines is unreasonable, highly prejudicial, and should be denied. The Motion, filed in violation of Rule 7(h)'s meet and confer requirement, misstates the law, ignores the realities of litigation, and falsely claims that IV's amendments "overlap with those already at issue in this case." Instead, the Motion throws the case into disarray and leaves American and the Court to pick up the pieces.

## II.  FACTUAL BACKGROUND

### A.  Procedural History

IV filed the present action on November 2, 2024 alleging American's infringement of six unrelated patents related to database software and in-flight Wi-Fi services designed and developed by third-parties. *See, generally,* Dkt. 1. Since then, the parties have completed briefing on American's motion to dismiss and motion to sever and stay the claims, negotiated a case schedule, exchanged initial disclosures, served interrogatories and responses, served deposition notices, and produced responsive documents. In addition, American filed petitions for *inter partes* review on all six patents and served subpoenas on third-party inventors, former assignees, and custodians of prior art. Pursuant to the Scheduling Order, IV served infringement contentions on May 23 and American served invalidity contentions on June 20. Dkt. 44, 49. Claim construction discovery begins next week, and a *Markman* hearing is scheduled for October 14, 2025. Dkt. 44.

### B.  Proposed Amended Complaint

#### 1.  IV's Failure to Comply with Rule 7

On Wednesday May 21, 2025, IV provided notice that it intended to seek leave to file an amended complaint. Ex. A at 5-6 (May 21 email from IV counsel). IV's email included no details of its proposed amendments. *Id.* Later that day, IV stated that it intended to "add additional patents

in the case against American by this Friday [May 23]," but failed to provide the count or identity of these patents. *Id.* at 5 (May 21 email from IV counsel).

The parties continued to exchange emails over the following two days, and American requested a draft of the amended complaint for American's consideration early on the morning of May 22. Ex. A at 4 (May 22 email from American counsel). IV responded twelve hours later, stating that it would not provide a draft for consideration "absent an enforceable agreement that American and its affiliates will not seek a declaratory judgment." *Id.* at 3-4 (May 22 email from IV counsel).

American agreed to consider IV's proposed agreement. Ex. A at 3 (May 23 email from American counsel). American again requested basic details regarding the "additional patents" so counsel could discuss the proposed amendments with their client and have a "sincere effort in which the participants present the merits of their respective positions" in compliance with Rule 7(h). *Id.* IV ignored American's request and, over twelve hours later, again stated that it would file that day. *Id.* at 2 (May 23 email from IV counsel). American responded within an hour, again reminding IV of its obligations under the Local Rules and agreeing to IV's demand not to use any draft as a basis for a declaratory judgment action. *Id.* at 1-2 (second May 23 email from American counsel). IV then waited four hours before responding shortly before midnight that it would proceed in filing the Motion as opposed. *Id.* at 1 (second May 23 email from IV counsel). IV thus refused to provide any details of its Amended Complaint before filing, even after American's counsel agreed to IV's demand—as a prerequisite to IV's providing a draft—not to use the identification of the additional patents as a basis to file a declaratory judgment action.

IV filed its motion just after midnight on Friday of Memorial Day weekend, misrepresenting American's position in its unsigned Certificate of Conference. Dkt. 48.

While IV's failure to comply with Rule 7 separately justifies striking its Motion (*see* Dkt. 50 (American's Motion to Enforce the Local Rules and Strike Plaintiffs' Motion for Leave)), it has also prejudiced American (and the Court) by depriving the parties and the Court of the opportunity to discuss the impact to the scope of the case and how to best handle that impact. For example, the parties (with the knowledge of the scope of the amendments) could have discussed a revised case schedule, adding some potentially overlapping patents to the case while asserting others in a separate complaint, or a number of other options.

### 2. IV's Proposed Amendments

The parties first discussed IV's proposed amendments during their May 27, 2025 conference regarding American's Motion to Strike. *See* Dkt. 50. During the call, American noted that IV failed to consider how the proposed amendments would impact the case schedule, including the upcoming claim construction deadlines. At IV's request, American proposed a new schedule to help minimize the prejudice. Ex. B. IV never responded. *Id.*

IV's proposed amendments **quadruple** the size of this litigation (from 21 asserted claims to over 80) and significantly expand its scope. Five of the new patents are unrelated to any patent currently asserted. One of the new patents is related only as a continuation-in-part and claims new subject matter. Some of IV's new allegations relate to completely new technology (e.g., LTE) or different aspects of currently accused functionality. Finally, as American detailed in its pending Motion to Dismiss and Opposition to IV's Motion for Leave, IV has no basis for accusing American of non-licensed use for many of the original patents or the patents IV seeks to add to the case. Dkt. 15, 42.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1) a party may amend a pleading once as a matter of course no more than 21 days after service of the original pleading, responsive pleading

or motion under Rules 12(b), 12(e), or 12(f). After that, a party may amend a pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Leave to amend should generally be granted where "amendment would have done no more than state an alternative theory for recovery." *Kontrick v. Ryan*, 540 U.S. 443, 459 (2004) (quoting Fed. R. Civ. P. 15(a)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, "[t]he decision whether justice requires amendment is committed to the discretion of the district judge" and leave may be denied because of, for example, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)); *see also Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998).

"Perhaps the most important factor…and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading." Ex. C (*Koninklijke KPN NV v. Samsung Electronics America, Inc.*, 2:14-cv-01165-JRG, Dkt. 58 (E.D. Tex. Jul. 28, 2015) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006))). "[W]here an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." Ex. D (*DietGoal Innovations LLC v. Arby's Restaurant Group, Inc.*, 2:11-cv-00418-CMC, Dkt. 445 (E.D. Tex. May 24, 2012) (*citing Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000))).

## IV.    ARGUMENT

The Court should deny IV's belated, prejudicial request to significantly expand the scope of this case for multiple, independent reasons.

4

*First*, IV's blatant disregard of Local Rule 7 supports denial. Local Rule 7(h)'s "meet and confer" requirement contains both a substantive and a procedural component. The substantive component "requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant" and requires that the participants "give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." E.D. Tex. L.R. CV-7(h). The procedural requirement of Rule 7(i) requires a Certificate of Conference to be attached to the party's opposed motion. *Id.* In the event of "an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts believed to constitute bad faith." E.D. Tex. L.R. CV-7(i). IV's Motion complies with neither requirement.

Instead, IV confronted American with a potential motion but refused to provide the most basic information needed for American's counsel to consider IV's request, discuss the request with its client, and engage in a good faith meet and confer. No party could form, much less "give each other the opportunity to express his or her views concerning" a proposed amended complaint without understanding the scope of the amendment. E.D. Tex. L.R. CV-7(h). Rule 7(h) requires the participants to "compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." E.D. Tex. L.R. CV-7(h). IV made sure that such a discussion could not, and did

5

not, happen. IV knew that information would be needed to meet and confer in good faith and then refused to provide it even after American agreed to IV's terms.

IV failed to meet and confer "on the entirety of its motion in good faith, which requires 'honesty in one's purpose to discuss meaningfully the dispute.'" Ex. E (*SynQor Inc. v. Vicor Corp.*, No. 2:14-CV-00287-RWS-JBB, Dkt. 565 at 15 (E.D. Tex. Sep. 13, 2022)); *accord* Ex. F (*Barkan Wireless Access Techs., L.P. v. Cellco P'ship,* No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017)); *Entropic Communic'ns, LLC v. Charter Communic'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 5612443, at *2-3 (E.D. Tex. Aug. 29, 2023); Ex. G (*Quantum World Corp. v. Atmel Corp.,* No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008)). Failing to meet and confer as required by this Court's rules is "reason alone" to deny IV's Motion until the requisite conference is held. *Id.*

Rule 7(h)'s meet and confer requirement is not a "perfunctory obligation." *Morrison v. Walker*, No. 1:13-CV-327, 2014 WL 11512240, at *2 (E.D. Tex. Dec. 2, 2014). It is "meant to be taken seriously," *Entropic*, 2023 WL 5612443, at *3, and an "unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action." E.D. Tex. L. R. 7(h); *see also* Dkt. 17 (Order Governing Proceedings) at 6 ("Failure to comply with relevant provisions of the Local Rules . . . or any order of this court may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both."). IV's failure to follow the Local Rule imposes a burden on both American and this Court. Pursuant to Rule 7(h), American's counsel should have had the opportunity to discuss the Motion with its client and work toward a resolution. Had IV complied with Rule 7, the parties may have been able to resolve this issue without Court intervention rather than burden the Court (and American) with additional briefing.

IV's failure to include a Certificate of Conference in compliance with Rule 7 further supports denial. The "Certificate" attached to IV's Motion acknowledges IV failed to meet and confer pursuant to the Local Rules yet does not (and as the timeline above shows, could not) allege that American acted in bad faith. Mot. at 7; E.D. Tex. L.R. CV-7(h)-(i). American responded to IV's emails within hours (both well-before and well-after working hours) with reasonable requests for the most basic information needed to consider IV's proposed motion. Throughout the parties' email correspondence, American maintained that it (both counsel and client) needed to view a draft of IV's amended complaint so it could meaningfully consider IV's motion. At IV's demand, American even agreed "not to use providing the proposed amended complaint as a basis for the declaratory judgment action" in an effort to have a good faith meet and confer as required by the Local Rules. Ex. A at 1-2 (May 23 email from American counsel). Rather than provide the information necessary for the parties to meet and confer in good faith, IV moved forward with its Motion for Leave. *Id*. at 1.

Setting aside the Certificate's inaccuracy, it also misrepresents IV's failure to meet and confer. The Certificate fails to note that American agreed to IV's demand (a demand American had to agree before IV allegedly would provide the basic information needed to meet and confer) ***before*** IV filed its motion. Ex. A at 1-2 (May 23 email from American counsel). IV attached an exhibit of the parties' email correspondence that ***omits*** this correspondence. *Compare* Mot., Ex. B *with* Ex. A (complete email chain between parties leading up to IV's filing). Similarly, IV's "Certificate of Service" misrepresents that its motion was filed on May 23 when it was in fact filed on May 24 (and effectively filed on May 27). Mot. at 8. And IV fails to explain why it could not have provided a draft complaint (or any meaningful details about its proposed amendments so that American could consider it in good faith) or waited to file its Motion until after the parties met and

conferred, as required by Rule 7(h). Worse still, IV's counsel did not even sign the Certificate of Conference, which is itself yet another violation of the Local rules. Mot. at 7; E.D. Tex. L.R. 7(i) ("Opposed motions shall include a statement in the certificate of conference, signed by the movant's attorney, that the personal conference or conferences required by this rule have been conducted or were attempted, the date and manner of such conference(s) or attempts, the names of the participants in the conference(s), an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve."). Given the above deficiencies, it's unsurprising that no attorney wished to take responsibility for certifying IV's compliance with the Court's Meet and Confer Requirement. The Court should deny IV's Motion for its violation of Local Rule 7.

*Second*, IV's claim that American will face no prejudice because IV served infringement contentions for the new patents on May 23 defies reason. One can only guess how long IV has been working on its allegations, which are all based on public information available prior to the filing of the original complaint. In contrast, the deadline to serve invalidity contentions has passed and American has only days to meet the current claim construction deadlines. *See* Dkt. 44, 49. Either IV—as a non-practicing entity that has never made a single product and thus rarely faces allegations of infringement—is ignorant of the time and effort that these deadlines require or seeks a strategic advantage by depriving American of sufficient time to develop its contentions and theories. Either way, IV's failure to acknowledge the asymmetry of this situation and prejudice its amendments will impose, not to mention its refusal to propose or consider any schedule modification before filing its Motion, cannot be excused and support denial.

IV's Motion further fails to acknowledge that the parties negotiated a schedule and discovery limits for a case involving six patents and a particular set of accused products. In a case

involving double the number of asserted patents and quadruple the asserted claims, different agreements may have been (or still need to be) reached. Given IV's lack of transparency and failure to confer, the future of this case remains in flux and is uncertain.

What is for certain, however, is that denial of the Motion will in no way prejudice IV. Indeed, perhaps in recognition of the absurdity of its request, IV has already filed a new action asserting the six new patents.[1] *See Intellectual Ventures I LLC v. American Airlines, Inc.*, 4:25-cv-00576-ALM, Dkt. 1 (E.D. Tex. May 30, 2052). There is simply no reason IV, who is only seeking monetary damages, cannot litigate its new claims separately. Setting the new patents on a separate track will minimize the prejudice to American and allow it to clear its name without further delay.

*Second*, IV is incorrect that its original and new allegations are "closely related." Mot. at 5. Five of the new patents are unrelated to any original patent and the sixth is only a continuation-*in-part*.[2] Black letter law requires determination of both infringement and validity on a claim-by-claim basis. *See* 35 U.S.C. § 282; *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (en banc). Thus, each of the more than 60 new asserted claims brings with it unique discovery to take (including discovery into inventors and prior assignees), prior art to locate

---

[1] IV has suggested it intends to move to consolidate the -576 case with this case but, as of the time of filing, has yet to propose a schedule for that consolidated action that accounts for the number of asserted patents and claims.

[2] A continuation-in-part application may disclose and claim subject matter not disclosed in the prior application. *See* 35 C.F.R. § 1.53; *see also Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1321 n.2, (Fed. Cir. 2008) ("The difference between a continuation application and a continuation-in-part application is that a continuation contains the same disclosure found in an earlier application, whereas a continuation-in-part contains a portion or all of the disclosure of an earlier application together **with added matter not present in the earlier application**.") (emphasis added).

9

and evaluate, claim constructions to consider, and non-infringement allegations to develop. Ex. D (*DietGoal*, 2:11-cv-00418-CMC, Dkt. 445 at 2).

IV's new allegations also substantially differ from its original. For example, IV for the first time includes allegations related to American's purported use of LTE functionality. *See* Dkt. 48-25. Even IV's allegations directed to the same accused functionality (i.e., Kubernetes, Docker, Spark, and Wi-Fi) relate to different aspects of these systems, requiring additional discovery and investigation. In sum, IV's amendments do not involve "overlapping technologies and accused functionality" but instead introduce multiple new theories, technologies, and issues into this case that are better litigated on their own.

*Third*, IV's Motion fails to acknowledge that these patents could have been included in the original complaint. While IV claims its new allegations arose from its "further investigation" (Mot. at 4), IV does not explain what this "further investigation" is or allege that it conducted this "investigation" after filing its original complaint or acknowledge that this "investigation" involved only public information that was accessible prior to the filing of the original complaint. *E.g.*, Dkt. 48-24 at n.1. In sum, absent from the record is any indication that IV was prohibited from raising these allegations in a timely manner.

*Fourth*, IV's amendments will undermine the goals of judicial economy by delaying these proceedings and frustrating the Court's efforts to insure the just, speedy, and inexpensive resolution of this case. This Court has issued a Scheduling Order that allows the parties to fairly resolve this case on a reasonable timeline. That timeline cannot stand if IV's amendments are allowed. At a minimum, this Court must extend the schedule to allow American time to prepare invalidity contentions and develop claim construction positions for the 61 new asserted claims. But doing so would also extend the time to resolution and American's opportunity to clear its

name. Judicial economy would be better served by keeping this case on track and requiring IV to assert its new allegations in a separate case.

*Finally*, leave should be denied because IV's amendments for at least the database patents[3] are futile. As American explained in its motion to dismiss (Dkt. 15, 42), IV has no basis for accusing American of non-licensed use for many of the original patents or the patents IV seeks to add to the case. Indeed, IV admits that American's use of public clouds is authorized and not within the scope of this case. *E.g.,* Dkt. 48-24 at n.1. Thus, the only activity IV could possibly accuse is American's use of *non*-public clouds. But IV failed to plead a single fact that hints at American's use of any non-public clouds. Rather, IV points to a single sentence from a single announcement ("American has announced cloud migration of legacy technology and efforts to modernize its mainframes and servers") that neither confirms nor suggests American's use of non-public clouds. Dkt. 31 at 2. American's cloud migration and modernization efforts may very well relate to its authorized use of public clouds, rather than the non-public clouds referenced in the proposed complaint. Because the proposed complaint is completely devoid of any facts that—even accepted as true—demonstrate American's use of non-public clouds, IV's proposed amendments fail to satisfy the pleading standards and are therefore futile. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F4th 1342, 1352 (Fed. Cir. 2021); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also JVC Kenwood Corp. v. Nero, Inc.*, 797 F.3d 1039, 1043–45 (Fed. Cir. 2015) ("*without specific allegations* and evidence *showing use of unlicensed optical discs*, Nero has established a complete defense to all of JVC's allegations of infringement under the Patents.") (emphasis added).

*       *       *

---

[3] The '841, '584, '282, and '080 patents.

Courts in this District often reject attempts to introduce new patents into litigation via amended complaints. For example, in *KPN v. Samsung*, Judge Gilstrap declined KPN's attempt to assert new claims from a new patent six months after filing suit. Ex. C (2:14-cv-01165-JRG, Dkt. 58). The Court concluded the new patent should be litigated in a separate action because its addition would "expand[] the scope of the litigation beyond what was originally contemplated in this case." *Id*. at 3. As another example, in *Uniloc v. Distinctive Developments*, Judge Schroeder denied Uniloc's request to amend its complaint add new infringement allegations regarding a previously asserted patent, finding Uniloc failed to explain why it could not have included its proposed amendments in its original complaint. *Uniloc USA, Inc. v. Distinctive Developments Ltd.*, 6:12-cv-00462-RWS, 2016 WL 11485612, at *2 (E.D. Tex. Dec. 13, 2016). The Court further recognized that Uniloc's proposed amendments relied on the same publicly available information that formed the basis of its original allegations. *Id*. at *2. As yet another example, in *Nagravision v. Comcast*, Judge Gilstrap denied counterclaimant Comcast's request to introduce two new patents just weeks before start of claim construction discovery, finding that "permitting Comcast to introduce …two new patents into the case at this late date would require the Court to impermissibly delay the proceedings, frustrating the Court's efforts to insure the just, speedy, and inexpensive resolution of this case." Ex. H (*Nagravision SA v. Comcast Corp.*, 2:16-cv-01362-JRG, Dkt. 123 (E.D. Tex. Sept. 20, 2017)). The Court noted the addition would "require additional discovery on the new inventors, require examination of the new file histories, require a new prior art search, require a new invalidity analysis, and require examination of Comcast's new infringement theories." *Id*. at 3.

## V.    CONCLUSION

For the forgoing reasons, the Court should deny IV's delayed and prejudicial request to substantially expand the scope of this case. In the alternative, if this Court determines that IV's

amendment should be allowed, American respectfully requests the Court suspend all current deadlines and enter the schedule attached as Ex. B, which extends all pending deadlines by 34 weeks (the approximate amount of time between the filing of the original complaint and expected filing date of the amended complaint).

Dated: June 24, 2025

**MCKOOL SMITH, P.C.**

*/s/ John B. Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4218
Telecopier: (214) 978-4044

Emily Tannenbaum
New York State Bar No. 5928130
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**McKool Smith, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on June 24, 2025.

<u>*/s/ John B. Campbell*</u>
John B. Campbell