# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

KONINKLIJKE KPN N.V.,                §
                                     §
    v.                               §          Case No. 2:14-CV-1165-JRG
                                     §
SAMSUNG ELECTRONICS AMERICA,         §
INC., et al.,                        §

**ORDER**

Before the Court is a Motion for Leave to Amend the Complaint filed by Koninklijke KPN N.V. ("KPN"). The Defendant, Samsung Electronics America, et al. ("Samsung") opposes the Motion. For the reasons set forth below, the Motion (Dkt. No. 46) is **DENIED**.

## I.    Background

KPN seeks leave to amend its complaint with a new patent. The following facts are undisputed. On December 30, 2014, KPN filed its original complaint, alleging infringement of two patents—U.S. Patents No. 5,930,250 and 6,212,662. Dkt. No. 1. On March 20, 2015, the Court held a scheduling conference and set a *Markman* Hearing for October 28, 2015, and Jury Selection for May 2, 2016. Ten days later, on March 30, 2015, KPN amended its complaint under Fed. R. Civ. P. 15(a) to assert an additional patent, U.S. Patent No. 8,886,772. (Dkt. No. 22). On April 15, 2015, KPN served its infringement contentions. On April 30, 2015, Samsung answered KPN's Amended Complaint. Dkt. No. 35. On June 5, 2015, KPN filed a second action in this District against Samsung, alleging infringement of another patent—U.S. Patent No. 9,014,667 (the '667 patent). Case No. 2:15-cv-00948, Dkt. No. 1. On June 10, 2015, KPN filed the present motion to amend to add the '667 patent to the present case.

It is undisputed that KPN could not have included the '667 Patent in its First Amended Complaint (filed March 30, 2015) because the '667 Patent did not issue until April 21, 2015.

## II.    Legal Standard

According to Federal Rule of Civil Procedure 15(a)(2), after a defendant serves its response to a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." *Id.* However, such leave "is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.), *cert denied*, 454 U.S. 1098 (1981) (internal citations omitted). To determine whether justice supports granting leave to amend a complaint, a district court considers a variety of factors "such as undue delay, bad faith, undue prejudice to the opposing party by allowing the amendment, and futility of the amendment." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (referring to *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 (3d ed. 1990)).

## III.    Analysis

Generally, the Court seeks to consolidate cases concerning related or tangential patents in order to further judicial efficiency and prevent the duplicative use of the parties' and Court's resources. However, in this particular case, KPN is asserting new claims, from a new and allegedly unrelated patent, covering different aspects of similar accused products, albeit against the same entity. Samsung opposes the motion because it believes that it will be unduly prejudiced should the Court allow KPN to litigate the '667 patent on an admittedly shortened timetable.

While the Court feels that there may be some judicial efficiency gained by allowing KPN to amend its complaint, the Court believes that any such gain is outweighed by the potential for unfair prejudice in this particular case. At this juncture, the *Markman* hearing is approximately three months away. While, in general, the Court may not find undue prejudice in adding a patent at this stage, the fact that the new patent covers infrastructure as well as devices expands the scope of the litigation beyond what was originally contemplated in this case. This fact, alone, is not enough to rise to the level of undue prejudice, but in combination with the fact that the '667 patent was not asserted until six months after the original lawsuit was filed (and nearly two months after it issued) leads the Court to believe that these two cases should remain separate at this particular point in the litigation. Nothing in this Order precludes either party from seeking consolidation with a later filed case should KPN elect to assert these claims in a new action.

## IV.    Conclusion

For the reasons set forth, KPN's Motion for Leave to Amend (Dkt. No. 46) is **DENIED**.

**So ORDERED and SIGNED this 28th day of July, 2015.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE