# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS, LLC § | | |
| Plaintiff § | | |
| § | | |
| V. § | No. 2:11CV418 | |
| § | | |
| ARBY'S RESTAURANT GROUP, INC., § | | |
| ET AL. § | | |
| Defendants § | | |

## ORDER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motion is before the Court: Plaintiff's Motion for Leave to File Third Amended Complaint for Patent Infringement (Docket Entry # 434). The Court, having reviewed the relevant briefing, is of the opinion the motion should be **DENIED**.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), DietGoal Innovations LLC ("Plaintiff") seeks leave to file its Third Amended Complaint for Patent Infringement, joining fifteen additional defendants to the above-referenced cause of action. Defendant Rodale, Inc. ("Rodale") opposes Plaintiff's motion, asserting Plaintiff is seeking, for a third time, to join improperly additional defendants in violation of the Leahy-Smith America Invents Act ("AIA"), Public Law 112-29, 125 Stat. 284-341 (Sept. 16, 2011), codified in relevant part at 35 U.S.C. § 299. As Rodale argues in its pending Motion to Sever and Transfer (Docket Entry # 230), Rodale contends the AIA clearly and unambiguously prohibits joinder where, as here, the only commonality in the claims against the various defendants is the mere fact that the defendants are accused of infringing the same patent.

Plaintiff filed its original complaint on September 15, 2011. Three days later President Obama signed the AIA into law. Plaintiff filed its first amended complaint on October 7, 2011 and

its second amended complaint on December 29, 2011. Currently, this case involves approximately 35 defendants, all of which have not yet filed answers or responsive pleadings. Thus, the Court is not in a position to schedule the scheduling conference, much less enter a scheduling and discovery order to govern this case.

Federal Rule of Civil Procedure 15(a) provides that, after an answer has been filed, "a party may amend the party's pleading only by leave of court" and that "leave to amend shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave to amend may be denied if there are good reasons to deny leave, reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the other party. *Forman v. Davis*, 371 U.S. 178, 182 (1962). "[W]here an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

Without addressing Rodale's argument that the AIA prohibits joinder in this instance, the Court finds the interests of justice and judicial economy would not be served by allowing Plaintiff leave to amend for a third time. If the Court were to allow Plaintiff to add fifteen additional defendants at this time, the case could easily be one year old before the case is ready for a scheduling conference. This would be unduly prejudicial to those defendants who are already in the case, many of which have pending motions which are ripe for consideration. The Court is prepared to notice the scheduling conference as soon as Plaintiff certifies that the case is ready. The Court is further prepared to take up the ripe motions at that time. Adding fifteen additional defendants will only serve to delay further what is already an unwieldy case to manage given there are 35 defendants.

2

Plaintiff is free to file a separate cause of action or actions against the entities it seeks to join. For these reasons, it is

**ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint for Patent Infringement (Docket Entry # 434) is **DENIED**.

**SIGNED** this 24th day of May, 2012.

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE