# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NAGRAVISION SA,<br>    *Plaintiff*,<br>v.<br><br>COMCAST CORPORATION, et al.,<br>    *Defendants*. | § § § § § § § § § § | Civil Action No. 2:16-cv-1362-JRG |

### ORDER DENYING COMCAST'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Before the Court is Defendant Comcast's Motion for Leave to File an Amended Answer and Counterclaims to the Plaintiff's First Amended Complaint (Dkt. No. 102). Having fully considered the Motion, the Court is of the Opinion that the Motion should be and hereby is **DENIED**.

I. DISCUSSION

Under the Second Amended Docket Control Order ("DCO"), which is currently operative on the Parties, the Parties were granted leave by the Court to amend their pleadings through and until August 16, 2017. (Dkt. No. 90 at 2.) However, the deadline for Parties to join additional parties was set for four months prior, requiring joinder of additional parties by April 3, 2017. (*Id*.) Further, the DCO provides that, while Parties are provided leave by the Court to amend their pleadings, generally, until the deadline, the Parties *are not* provided leave to amend their pleadings to assert additional patents without permission of the Court. (*Id*.)

This constraint on the Parties' ability to amend their pleadings serves a real purpose. While Comcast, throughout its briefing, argues that Fed. R. Civ. P. 15(a)(2)'s command that "[t]he

court should freely give leave [to amend] when justice so requires," Comcast fails to note that the Court, being well aware of its obligations under the rules, initially provides for a period of time which far exceeds the prescribed 21 day amendment period provided by the Rules "as a matter of course." Indeed, under the DCO in this case, the Court granted leave to amend pleadings for an eight month period from the initial filing of the original complaint for the Parties to amend and reamend their pleadings as they saw fit.

This Court, however, is commanded by the Rules to "construe[], administer[], and employ[] [the Rules to] secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given the facts surrounding the current state of this case and the demands of fairness and justice, permitting Comcast to introduce two new parties and two new patents into the case at this late date would require the Court to impermissibly delay the proceedings, frustrating the Court's efforts to insure the just, speedy, and inexpensive resolution of this case.

The Court notes the following factors which it has considered:

a. The Motion comes four (4) months after the deadline to add additional parties;

b. The Motion comes nine (9) months before trial;

c. Claim construction begins on September 20, 2017, with a *Markman* hearing scheduled for November 1, 2017;

d. The new counterclaims would add two new parties;

e. The new counterclaims would add two patents from a different family of patents unrelated to those already at issue;

f. The addition of two new patents would require additional discovery on the new

inventors, require examination of the new file histories, require a new prior art search, require a new invalidity analysis, and require examination of Comcast's new infringement theories.

Additionally, Comcast does not deny that a denial of this motion will not unduly prejudice them. (Repl., Dkt. No. 111 at 4 ("Comcast could bring its counterclaims in a separate lawsuit . . .")) While Comcast states that it could not have alleged its counterclaims earlier because "it needed to investigate the legal bases for its argument and untangle the web of Kudelski's corporate structure," (*Id*.), Comcast has not pointed the Court to any information relating to Comcast's initial awareness of the prospective alleged infringement or the steps it undertook in its investigation or that investigation's timeline. In short, Comcast has not supplied sufficient support or justification for an amendment of the scope and impact this would entail, especially at this advanced stage of the litigation.

II.   CONCLUSION

For the foregoing reasons, Defendant Comcast's Motion for Leave to File an Amended Answer and Counterclaims to the Plaintiff's First Amended Complaint (Dkt. No. 102) is hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of September, 2017.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

-3-