# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC,**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>　　　　Defendant. | **Civil Action No. 4:24-cv-00980-ALM**<br><br>**JURY TRIAL** |

**DEFENDANT AMERICAN AIRLINES, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' OPPOSED MOTION TO FILE UNDER SEAL PLAINTIFFS' <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................................1

II. ARGUMENT.................................................................................................................................2

    A.    IV's Failure to Confer Cannot be Excused by a Single Email .................................2

    B.    IV's Own Position Confirms that the Footnotes are not Confidential....................3

        1.    IV's footnotes lack confidential or proprietary information.......................3

        2.    IV's accusations require more than speculation. ........................................4

III. CONCLUSION..............................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Binh Hoa Le v. Exeter Fin. Corp.*,
   990 F.3d 410 (5th Cir. 2021) ..................................................................................................4

*June Med. Servs., L.L.C. v. Phillips*,
   22 F.4th 512 (5th Cir. 2022) ................................................................................................3, 4

*Providence Title Co. v. Truly Title, Inc.*,
   732 F. Supp. 3d 656 (E.D. Tex. May 2, 2024)..........................................................................3

*Uniloc 2017 LLC v. Apple, Inc.*,
   964 F.3d 1351 (Fed. Cir. 2020)................................................................................................4

I.  **INTRODUCTION**

IV's Reply (Dkt. 54) confirms rather than cures the multiple defects in their Motion to Seal.

*First*, IV's Reply attempts to justify its meet-and-confer "efforts" by referencing a series of emails and phone calls, but the record shows that as to the Motion to Seal (Dkt. 47)—IV's failure to meet and confer as to its Motion to Amend is addressed in a different motion—IV sent a single late-night email stating, "We assume that American is also opposed." Reply at 3; Dkt. 52-2. IV then filed its Motion to Seal. Dkt. 52-3. Allowing a single, unilateral email declaration to replace the "sincere effort" required by the Local Rule CV-7(h) would strip the rule of any impact and allow precisely the type of procedural gamesmanship it is designed to prevent. Allowing a single email to satisfy the meet and confer requirement would nullify Local Rule CV-7(h).

*Second*, IV now claims its sealing request is narrowly tailored to only a handful of footnotes in the claim chart exhibits, arguing that (1) these footnotes contain confidential license terms and (2) American is already aware of the allegations against it. Reply at 1, 3–4. But IV makes no showing that the footnotes actually contain confidential information. Further, IV's Reply shows it needed to include these footnotes because it can only file a complaint for unlicensed use as infringing. Despite this admission, IV's accusations do not provide any factual basis—let alone the "inquiry reasonable under the circumstances"—for believing American uses any unlicensed product. *Id.* at 1. IV's assertion that American has been served with a public version of the Amended Complaint and infringement contentions does not justify hiding part of the proposed Amended Complaint from American without any showing of the required need for confidentiality or a basis for the complaint.

The Court should reject IV's effort to hide the entire filing from American and the public.

1

## II.     ARGUMENT

### A.     IV's Failure to Confer Cannot be Excused by a Single Email

Local Rule 7(h) requires a genuine, two-way conference. E.D. Tex. L.R. CV-7(h). The Rule mandates a "sincere effort in which the participants present the merits of their respective positions." *Id.* IV's Reply attempts to shift blame for its procedural violations and claims that it made multiple attempts to meet and confer, but the record shows that IV sent a single email at 9:43p.m., on the Friday of Memorial Day weekend stating, "We assume that American is also opposed" to its Motion to Seal. Dkt. 52-2 at 2. IV filed its sealing motion hours later. Dkt. 52-3. Under IV's approach, a movant could satisfy the Rule merely by sending a single email and then filing, thereby nullifying the Rule's purpose.

Even as to the Motion to Amend, IV's own chronology confirms non-compliance. IV's email record, as described in its Reply, shows repeated refusals to supply the very document it sought leave to file. Dkt. 52-2. American asked for the proposed amended complaint so the parties could discuss the impact of adding patents at this stage of the case, but IV refused to provide it. *Id.* American repeatedly requested a copy of the proposed amendment to facilitate the substantive discussion required by the Local Rules. *Id.* IV's decision to proceed without a meet and confer is precisely the scenario the Rule was designed to prevent.

Again, accepting IV's position would render Local Rule CV-7(h) meaningless. As to the Motion to Seal, if IV's perfunctory email was deemed adequate, every movant could bypass the Rule by sending a similar email and file immediately thereafter. *Id.*; *see also* Dkt. 52-3. As to the Motion to Amend, if IV's refusal to provide the basic information necessary to have the substantive discussion required under Local Rule CV-7(h) was deemed permissible, every movant could bypass the Rule by simply refusing to provide any information. Such a reading would eliminate

the safeguard against unnecessary, burdensome motion practice and undermine the efficiency of this Court's docket.

### B. IV's Own Position Confirms that the Footnotes are not Confidential

#### 1. IV's footnotes lack confidential or proprietary information.

IV's own public filings foreclose its contention that the material it now seeks to seal is confidential. In IV's publicly filed Reply, IV expressly referenced the existence of certain license agreements between IV and third parties. *E.g.,* Reply at 3–4 ("*claim charts containing confidential information regarding license agreements* within two footnotes in each chart.") (emphasis added). The default Protective Order defines confidential information as "confidential or proprietary information or trade secrets of the party or a third party." Dkt. No. 17; *See also* E.D. Tex. L.R. CV-5(a)(7)(E). By choosing to reveal the fact of those agreements—and by doing so without restriction—IV conceded that the existence of its licenses is not confidential. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) ("Publicly available information cannot be sealed.").

Since IV placed the existence of its licenses in the public domain, the only remaining question is whether the material that appears in the footnotes—material that merely identifies the licensees—qualifies as "confidential information." E.D. Tex. L.R. CV-5(a)(7)(E); Dkt. No. 17. As the movant, IV bears the burden of establishing that confidential material exists. *Providence Title Co. v. Truly Title, Inc.*, 732 F. Supp.3d 656, 673 (E.D. Tex. May 2, 2024) (holding that the Plaintiff "has identified no countervailing interests, other than its conclusory statements that the information is confidential or sensitive"). But the footnotes contain no monetary terms or any other terms that could be considered confidential. The footnotes simply list the fact of certain licenses—facts that IV itself has already disclosed without restriction. For example, in IV's First Set of Interrogatories, IV disclosed nearly identical information to what is included in the allegedly "confidential"

3

footnotes, again conceding that information is also not confidential. *See June Med. Servs.* 22 F.4th at 520.

In sum, IV failed to demonstrate, with particularity and competent evidence, that the footnotes contain information qualifying for protection under Local Rule CV-5(a)(7)(E) and the default protective order. E.D. Tex. L.R. CV-5(a)(7)(E); Dkt. No. 17. IV makes no showing that the footnotes contain "confidential or proprietary information or trade secrets of the party or a third party." Dkt. No. 17. Because the presumption of public access to judicial records remains paramount in the absence of such a showing, IV's Motion to Seal (Dkt. 47) must be denied in its entirety. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1360 (Fed. Cir. 2020) ("As the district court correctly concluded, Uniloc should have submitted a narrowly tailored seal request right from the outset rather than over-classifying and then trying to get away with whatever [it could] on a motion to reconsider.") (citations omitted).

### 2. IV's accusations require more than speculation.

In its Reply, IV admits its accusations cannot encompass licensed products so it needed to carve out licensed products from the complaints. Reply at 2. IV emphasizes that its sealing request is limited to two footnotes per claim chart exhibit, which it claims contain confidential license terms. *See supra* § II(B)(1); *see* also Reply at 1, 3; *Uniloc 2017 LLC*, 964 F.3d at 1360 ("As the district court correctly concluded, Uniloc should have submitted a narrowly tailored seal request right from the outset rather than over-classifying and then trying to get away with whatever [it could] on a motion to reconsider.") (citations omitted). IV admits that these footnotes are necessary to clarify that products are exempt from suit under existing licenses, and that only unlicensed products are at issue. Reply at 2. IV's desire to assure the Court that only unlicensed products are

4

at issue concedes an essential prerequisite: IV must have reason to believe such unlicensed products exist.

But IV supplies no facts suggesting American's use of unlicensed equipment, as IV still has not identified a single American system, component, or practice that falls outside IV's licenses. IV's Reply references the service of public claim charts and infringement contentions, but these rely on publicly available descriptions of, for example, in-flight connectivity systems provided by American's third-party provider—systems that, according to IV's own filings in other matters, are licensed. *Id.* at 3. Nothing in IV's pleadings, claim charts, or Reply identifies any feature of those systems that lies beyond the license's scope or any alternative unlicensed technology American allegedly employs. A complaint requires more than speculation. IV's inability to articulate any factual predicate that American uses unlicensed products demonstrates that IV's original Complaint—and its proposed Amended Complaint—lack any foundation.

### III.    CONCLUSION

IV's Reply underscores two independent grounds for denying its Motion to Seal and striking its Motion for Leave. First, IV's single, unilateral email cannot satisfy Local Rule CV-7(h); to hold otherwise would deprive the Rule of any practical effect. IV's refusal to provide the proposed amendment and its insistence on extraneous conditions prevented any sort of conference that could comply with Local Rule CV-7(h) on its Motion to Amend. Second, IV's Motion to Seal fails to establish that the footnotes contain confidential information.

For these reasons, and for those set forth in American's Response (Dkt. 52), the Court should deny IV's Motion to Seal (Dkt. 47).

Dated: June 24, 2025

**MCKOOL SMITH, P.C.**

*/s/ John B. Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Emily Tannenbaum
New York State Bar No. 5928130
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@McKoolSmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**McKool Smith, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 24, 2025.

*/s/ John B. Campbell*
John B. Campbell
