**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>   *Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>   *Defendant*. | )<br>)<br>)<br>) **C.A. No. 4:24-cv-00980-ALM**<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT AMERICAN AIRLINES, INC.'S
MOTION TO ENFORCE THE LOCAL RULES AND
<u>STRIKE PLAINTIFFS' MOTION FOR LEAVE</u>**

## **TABLE OF CONTENTS**

|        |        |                                                                                                                          | Page |
|--------|--------|--------------------------------------------------------------------------------------------------------------------------|------|
| I.     | BACKGROUND | | 1 |
| II.    | LEGAL STANDARD | | 3 |
| III.   | ARGUMENT | | 4 |
|        | A.     | It Was American, Not IV That Deprived The Parties Of An Opportunity To Meet and Confer In Good Faith | 4 |
|        | B.     | IV Complied With The Procedural Requirements of Local Rule 7(h) | 7 |
| IV.    | CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Rectorseal, LLC v. Fireblok IP Holdings, LLC*,
    2022 U.S. Dist. LEXIS 159567 (E.D. Tex. May 12, 2022) ..........................................5, 6, 7, 8

**Other Authorities**

L.R. CV-7(h)................................................................................................................1, 3, 5, 7

L.R. AT-3................................................................................................................................4

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "IV") submit this Opposition to Defendant American Airlines, Inc.'s Motion to Enforce the Local Rules and Strike Plaintiffs' Motion for Leave (Dkt. 50 or "Motion to Strike").

## I.   BACKGROUND

Defendant American Airlines, Inc.'s ("American") Motion to Strike plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 48; "Motion for Leave") is a meritless procedural filing intended only to unnecessarily expand the litigation and attempt to delay the case's schedule.  In fact, American has taken every opportunity to expand the litigation by filing both this Motion to Strike and a similarly meritless opposition to IV's Motion to Seal the Motion for Leave[1] (including filing an unauthorized sur-reply (Dkt. 57)) based on IV's purported failure to fulfill its meet-and-confer obligations under Local Rule CV-7(h) – all while ignoring the facts that (1) it was American that refused in bad faith to meet and confer regarding whether it would oppose the Motion for Leave, and (2) American has revealed – to the surprise of no one – that it does, in fact, oppose the Motion for Leave when it filed its opposition to that motion (Dkt. 56).

Contrary to American's assertion (Dkt. 50 at 1, 6-8), IV did not misrepresent to the Court American's position on the Motion for Leave.  IV's Certificate of Compliance relayed (1) IV's communications indicating it intended to move to amend its complaint by Friday, May 23, 2025, to add additional patents; (2) IV's repeated attempts to meet and confer, including informing American of the date by which it intended to file its motion; (3) American's refusal to meet and confer unless IV provided it with a draft of the Amended Complaint, including a redlined version; (4) IV's statement that it was "not in a position to provide a draft of the amended complaint absent

---

[1] IV incorporates herein the facts and arguments of Plaintiffs' Motion to File Under Seal Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 47 or "Motion to Seal") and its Reply brief supporting the Motion to Seal (Dkt. 54).

an enforceable agreement that American and its affiliates will not seek a declaratory judgment;" (5) American's continued attempts to delay beyond IV's stated deadline for filing the Motion for Leave (a date which American was well aware was the deadline for filing infringement contentions); (6) IV's repeated statement that if American refused to meet and confer, then IV would assume American was opposed (all while informing American that IV was "readily available to meet and confer" – which is what happened); and (7) IV's statement that "[s]hould the parties reach an agreement or non-opposition, counsel for Plaintiffs will promptly advise the Court." (Dkt. 48, Certificate of Compliance & Ex. B.)

American has cited no legal requirement that IV must share its draft amended complaint before the parties could meet and confer, but it continues to act aggrieved when it was American's own unwillingness to pick up the telephone that derailed the meet-and-confer process. Having already had American's supplier file a declaratory judgment ("DJ") action against IV in another jurisdiction,[2] IV was wary of American or its suppliers doing the same if it shared the draft complaint without assurances that no DJ action would be filed based on sharing the complaint or the new patents to be asserted. Accordingly, IV requested such assurances. (Dkt. 48, Ex. B.) American did finally send an e-mail to IV on Friday night of the Memorial Day weekend, as IV was finalizing its filing of the Motion for Leave and service of its infringement contentions, indicating American would agree not to file a DJ action in exchange for receiving a copy of the draft amended complaint. (Dkt. 50-2.) IV thanked American for its belated e-mail, but stated:

> However, your email comes too late and does not confirm that American is no longer opposing our Motion for Leave. IV first requested a meet and confer on Wednesday, May 21, and **has followed up multiple times each day by both phone and email**. Throughout this time, we made clear that we intended to proceed

---

[2] *Viasat, Inc. v. Intellectual Ventures I LLC, et al.*, 1:25-cv-00056-CFC, pending in the United States District Court for the District of Delaware.

2

> **with filing by Friday, May 23, a Motion for Leave to File an Amended Complaint – also the deadline for infringement contentions**.
>
> American's delayed response, coming just minutes before filing, does not alter that course. Your email does not indicate American is not opposing our Motion for Leave. Accordingly, IV will proceed with filing the Opposed Motion as indicated.
>
> We remain available to meet and confer after the holiday. Should American wish to withdraw its opposition following review of the filed motion, we would be happy to notify the Court accordingly.

(Dkt. 50-2) (emphasis added.)

IV served infringement contentions for the newly asserted patents within the Amended Complaint on May 23, 2025, as well as for the patents asserted in the original Complaint, so that the case schedule would be minimally impacted by IV's amendment. IV would have discussed its intentions more fully with American if American's counsel would have been willing to pick up the telephone, but American refused to do so despite repeated requests and repeated statements by IV that it wanted to meet and confer. Instead, American – knowing that May 23, 2025, was the deadline for infringement contentions – held the meet-and-confer process hostage by repeatedly demanding to see the amended complaint before it would even talk to IV; it is clear that American was stringing IV along in an attempt to prevent IV from filing its Motion for Leave by the infringement contention deadline.

## II.  LEGAL STANDARD

Local Rule CV-7(h) provides in pertinent part: "Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. **Such materials, however, may be used to show bad faith of the author**." E.D. Tex. L.R. Civil R.

3

7(h).  The Rule further provides: "An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action.  ***A party may file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer***."  *Id*. (emphasis added.)

### III.    ARGUMENT

#### A.    It Was American, Not IV That Deprived The Parties Of An Opportunity To Meet and Confer In Good Faith

American's Motion to Strike is another attempt to delay IV's right to enforce its patent rights – just like American's bad-faith refusal to meet and confer.  As discussed above, American refused to talk with IV regarding its proposed Motion for Leave unless IV met its demands to see a draft of the proposed Amended Complaint.  American cites to no legal support for a right to see such a draft because it has no such right.  Moreover, considering the still pending DJ action filed by American's component supplier Viasat in Delaware, IV explained that "we are not in a position to provide a draft of the amended complaint absent an enforceable agreement that American and its affiliates will not seek a declaratory judgment."  (Dkt. 50-2, p. 5 of 7.)  IV wanted to avoid American (or its suppliers) creating yet further judicial inefficiency by taking every effort to lessen the risk of such DJ actions.  IV repeatedly told American that it intended to file the Motion for Leave by Friday, May 23, 2025 – the deadline for IV to serve its infringement contentions.  *Id*.  In what appears to be a case of tactical gamesmanship, American refused to answer telephone calls and refused to agree to talk with IV unless its demands to see a draft complaint were met.  (Dkt. 48, Ex. B; Dkt. 50-2.)  American further refused to state whether it would oppose such a motion unless its preconditions were met despite knowing (1) May 23, 2025, was the deadline for serving infringement contentions, and (2) IV wanted to file its Motion for Leave by May 23, 2025 – clearly

4

so it could serve infringement contentions on the new patents to avoid unnecessary delays in the schedule. *Id.*

Local Rule CV-7(h) provides that "[a] party may file an opposed motion without the required conference [] when the non-movant has acted in bad faith by failing to meet and confer." (E.D. Tex., CV-7(h).) And while American is correct that "correspondence, e-mails, and facsimile transmissions do not constitute compliance" with the meet-and-confer requirement (Dkt. 50 at 5), "[s]uch materials [] may be used to show bad faith of the author." E.D. Tex. L.R. Civil R. 7(h). The communications between the parties demonstrate that American refused to participate in any meet-and-confer telephonic discussions unless IV would provide it with a draft of the proposed Amended Complaint – a requirement for which American does not – and cannot – cite legal support. Thus, it was American itself that was operating in bad faith by refusing to meet and confer with IV.

Moreover, this Court has held that "a personal conference is only required for opposed motions, and as American admits, it refused to tell IV whether or not it opposed the Motion for Leave. *Rectorseal, LLC v. Fireblok IP Holdings, LLC*, 2022 U.S. Dist. LEXIS 159567, *6-7 (E.D. Tex. May 12, 2022) (*see also* Dkt. 50, Dkt. 48, Ex. B & Dkt. 50-2.) In the *Rectorseal* case the plaintiff filed a motion for leave to file an amended complaint just prior to the court's deadline for filing amended pleadings, but did so without a certificate of conference. *Id.* at *1-2. The court noted that the filing was deficient and mandated that a correction should be made within one business day. *Id.* at *2. Plaintiff's counsel e-mailed defendant's counsel asking whether the defendant was opposed or unopposed to its request for leave to amend its complaint. *Id.* Defendant's counsel responded that such an e-mail was not a proper meet and confer and that prior to any meet and confer on the motion, the defendant needed to see a redline reflecting proposed

5

changes to the amended complaint and otherwise tried to delay the filing and impose conditions. *Id*. at *3.  When plaintiff's counsel responded that plaintiff would file its motion as an opposed motion, defendant's counsel stated that would be a misrepresentation, but refused to declare whether it opposed the motion or not.  *Id*.  After plaintiff filed a certificate of conference describing the parties' interactions – including stating it was "unable to obtain whether or not the Motion is opposed or unopposed" – the defendant filed a motion to strike similar to the instant motion.  *Id*. at *3-4.  The *Rectorseal* Court held that the motion to strike was meritless, stating:

> First, the Local Rules state that a personal conference is only required for 'opposed motions.' As [defendant] has repeatedly stated, including in its motion to strike, it has not 'decided whether to oppose any of [plaintiff's] motions.' Moreover, **even for opposed motions, a personal conference is not required 'when the non-movant has acted in bad faith by failing to meet and confer**.' L.R. CV-7(h). The Court concludes that such exception is applicable here.

*Id*. at *6-7 (internal citations omitted).  The court noted the plaintiff's repeated attempts to meet and confer and it stated that the defendant's preconditions, including making "its availability to confer contingent upon [] receiving a redline of the amended complaint," were not appropriate. *Id*. at *7.

The facts in the instant case are almost exactly analogous – other than IV having attempted to meet and confer for a longer period than the parties in *Rectorseal*.  IV repeatedly tried to meet and confer while American refused to do so, stringing IV along with demands to first see the draft amended complaint (including a redline) despite knowing that (1) IV was wary of doing so without assurances that American or its suppliers would not take the information to file a preemptive DJ action, and (2) IV intended to file its Motion for Leave by May 23, 2025 – the deadline for filing its infringement contentions. (*Supra* at 2-3.)  American withheld its agreement that it would not pursue a DJ action until IV was already in the process of finalizing and filing its Motion for Leave on the Friday night of a holiday weekend (along with finalizing and serving infringement

6

contentions for both old and new patents), allowing no time for IV to provide a draft of the amended complaint to American, have American consult with its client, and then for the parties to conduct a meet and confer call. Before filing, IV noted that "American's delayed response, coming just minutes before filing, . . . does not indicate that American is not opposing our Motion for Leave. Accordingly, IV will proceed with filing the Opposed Motion as indicated. We remain available to meet and confer after the holiday. Should American wish to withdraw its opposition following review of the filed motion, we would be happy to notify the Court accordingly." (Dkt. 50-2.)

American cites to no case law or other legal basis supporting a requirement that a plaintiff must provide a draft of a proposed amended complaint before it files it – much less support that providing such a draft is a requirement to even pick up the phone to talk about the proposed amendments. American complains it did not have the opportunity to evaluate the substance of the proposed amendment, but it has no one to blame but itself as IV repeatedly asked for a meet-and-confer call, but American refused to participate. At no time did IV act in bad faith; it consistently sought to meet and confer with American, but American consistently stonewalled IV and would not provide IV with the courtesy of simply picking up the phone. Just as in *Rectorseal*, it was the defendant, not plaintiff, that acted in bad faith. Therefore, IV's actions in filing were permissible under Local Rule CV-7(h).

### B.  IV Complied With The Procedural Requirements of Local Rule 7(h)

American argues that IV's Certificate of Compliance was procedurally deficient, but as shown above, that is simply false. IV described the course of its repeated attempts to meet and confer, including describing and attaching the communications between the parties, American's demand for a draft of the amended complaint (including a redlined version), IV's concerns regarding a potential DJ action, and IV's intention to file the Motion for Leave as opposed because

7

it had not received a statement from American regarding whether it opposed. (Dkt. 48 [Certificate of Compliance] & Ex. B.)  The Certificate of Compliance recognized American's failure to confirm its position, stating "[s]hould the parties reach an agreement or non-opposition, counsel for Plaintiffs will promptly advise the Court." (Dkt. 48 [Certificate of Compliance].)

American claims the Certificate of Compliance "fails to note that American agreed to IV's demand (a demand American had to agree before IV allegedly would provide the basic information needed to meet and confer) before IV filed its motion." (Dkt. 50 at 7.)  American fails to note that it sent this agreement as IV was in the process of finalizing and filing its Motion for Leave, as well as a motion to file the Motion for Leave under seal (Dkt. 47), and serving infringement contentions for not only the patents asserted in the original Complaint, but also the new patents being asserted in the proposed Amended Complaint; the Certificate of Compliance had already been prepared before American's belated agreement.  Moreover, American must have known that its belated agreement on the Friday night of a holiday weekend would not allow IV time to file within the timeframe for filing it had consistently maintained.

In *Rectorseal* the Court recognized that the plaintiff appropriately inferred that its motion for leave was opposed based on the defendant's preconditions and refusal to meet and confer in good faith, denying the defendant's motion to strike in its entirety.  *Rectorseal*, 2022 U.S. Dist. LEXIS 159567, *8-10.  Similarly here, IV's Certificate of Compliance was submitted in good faith and accurately reflects the course of correspondence between the parties – including IV's repeated, unsuccessful attempts to get American to participate in a meet-and-confer call.

### IV. CONCLUSION

For the foregoing reasons, American's Motion to Strike should be denied in its entirety.

8

Dated: July 7, 2025                                RESPECTFULLY SUBMITTED,


                                      By: */s/ Jonathan K. Waldrop*
                                           Jonathan K. Waldrop (CA Bar No. 297903)
                                           (Admitted in this District)
                                           jwaldrop@kasowitz.com
                                           Darcy L. Jones (CA Bar No. 309474)
                                           (Admitted in this District)
                                           djones@kasowitz.com
                                           Marcus A. Barber (CA Bar No. 307361)
                                           (Admitted in this District)
                                           mbarber@kasowitz.com
                                           John W. Downing (CA Bar No. 252850)
                                           (Admitted in this District)
                                           jdowning@kasowitz.com
                                           Heather S. Kim (CA Bar No. 277686)
                                           (Admitted in this District)
                                           hkim@kasowitz.com
                                           ThucMinh Nguyen (CA Bar No. 304382)
                                           (Admitted in this District)
                                           tnguyen@kasowitz.com
                                           **KASOWITZ LLP**
                                           333 Twin Dolphin Drive, Suite 200
                                           Redwood Shores, California 94065
                                           Telephone: (650) 453-5170
                                           Facsimile: (650) 453-5171

                                           Allen F. Gardner (TX Bar No. 24043679)
                                           allen@allengardnerlaw.com
                                           ALLEN GARDNER LAW, PLLC
                                           609 S. Fannin
                                           Tyler, Texas 75701
                                           Telephone: (903) 944-7537
                                           Facsimile: (903) 944-7856

                                           **Attorneys for Plaintiffs**
                                           **INTELLECTUAL VENTURES I LLC and**
                                           **INTELLECTUAL VENTURES II LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on July 7, 2025, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
