IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | C.A. No. 4:24-cv-00980-ALM |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR OPPOSED MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................... 2

        A.      IV Attempted To Meet And Confer, But American Refused To Do So ............................ 2

        B.      IV's Motion for Leave Should be Freely Granted Under F.R.C.P. 15 .............................. 3

III.   CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Johnson v. Epps,*
 479 F. App'x 583 (5th Cir. 2012) ................................................................................. 3, 3, 5

*Rectorseal, LLC v. Fireblok IP Holdings, LLC,*
 2022 U.S. Dist. LEXIS 159567 (E.D. Tex. May 12, 2022) ............................................. 3, 3

*Smith v. EMC Corp.,*
 393 F.3d 590 (5th Cir. 2004) ........................................................................................ 3, 3

**Other Authorities**

F.R.C.P. 15 ......................................................................................................................... 3, 4, 5

L.R. CV-7(h) ............................................................................................................................. 3

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "IV") submit this Reply in Support of their Opposed Motion for Leave to File a First Amended Complaint (Dkt. 48; the "Motion for Leave").

## I.    INTRODUCTION

In its Motion for Leave IV seeks to assert six additional patents that involve accused products and technologies that overlap with those already at issue in this case. For example, asserted U.S. Patent No. 8,332,844 ("'844 Patent") is a continuation-in-part of U.S. Patent No. 7,721,282 ("'282 Patent"), and U.S. Patent No. 8,352,584 ("'584 Patent") is a continuation of U.S. Patent No. 7,822,841 ("'841 Patent"). There is also significant overlap in the accused technologies: (i) Spark technology is accused for U.S. Patent Nos. 7,257,582 and 7,712,080; (ii) Kubernetes is accused for U.S. Patent No. 7,949,785, the '841 Patent, and the '584 Patent; (iii) Docker is accused for the '844 Patent and the '282 Patent; and (iv) IEEE 802.11 technology is accused for U.S. Patent Nos. 8,027,326 and 10,103,845. There was no undue delay as IV filed its Motion for Leave more than 45 days before the July 8, 2025 deadline for such motions.

Despite refusing to commit to whether it actually opposed the Motion for Leave until filing its opposition, American Airlines, Inc. ("American") devotes the bulk of its opposition brief (Dkt. 56) to rehashing, for the third time, its meritless argument that IV failed to meet and confer before filing the Motion for Leave. (Dkt. 56 at 1-8.) In reality, it was American that refused – in bad faith – to participate in those discussions.[1] American's remaining arguments are that it would be unduly prejudiced by the addition of the newly asserted patents, that the patents are not closely related, that IV could have included the patents in its original complaint, that the amendments would

---

[1] IV incorporates by reference herein the facts and arguments of Plaintiffs' Motion to File Under Seal Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 47 or "Motion to Seal"); its Reply supporting the Motion to Seal (Dkt. 54); and its Opposition to Defendant American Airlines, Inc.'s Motion to Enforce the Local Rules and Strike Plaintiffs' Motion for Leave (Dkt. 59.)

undermine judicial economy, and that the amendments for four "database" patents[2] would be futile due to insufficient pleading. (Dkt. 56 at 8-12.) All of American's arguments fail.

## II.    ARGUMENT

### A.    IV Attempted To Meet And Confer, But American Refused To Do So

As discussed more fully in IV's Opposition to American's Motion to Strike, IV made every effort to meet and confer with American prior to filing the Motion for Leave and its Certificate of Compliance fully reflected those attempts. (Dkt. 59.) IV informed American that it intended to move to amend its complaint by Friday, May 23, 2025 (the deadline for IV's infringement contentions) to assert additional patents. (*Id*. at 1-3; Dkt. 48, Certificate of Compliance & Ex. B; Dkt. 50-2.) Despite repeated efforts to meet and confer, American refused to do so unless IV provided it with a draft of the Amended Complaint, including redlines. *Id*. Because American's supplier, Viasat, has already filed one declaratory judgment ("DJ") action in another jurisdiction – greatly expanding the scope and breadth of litigation on the asserted patents, IV was wary of providing such a draft. IV explained it would not do so "absent an enforceable agreement that American and its affiliates will not seek a declaratory judgment." *Id*. Each day IV repeatedly tried to meet and confer, but American steadfastly refused to answer phone calls and continually demanded a draft of the Amended Complaint. *Id*. At the eleventh hour, as IV was finalizing and filing the Motion for Leave and finalizing and serving infringement contentions for the asserted patents – including those in the proposed Amended Complaint, American finally agreed not to file a DJ action, but it never stated whether it would oppose the Motion for Leave before the time IV said it needed to file. *Id*. IV informed American it would treat the motion as opposed, but was willing to meet and confer and inform the Court if American decided not to oppose. *Id*.

---

[2] American's description of four of the newly asserted patents as "database" patents is inaccurate; they actually address cloud technologies that enable data analysis (hereinafter, "cloud patents").

Unsurprisingly, American did not do so and filed its opposition to this motion. (Dkt. 56.)

This Court addressed analogous circumstances in *Rectorseal, LLC v. Fireblok IP Holdings, LLC*, 2022 U.S. Dist. LEXIS 159567, *6-7 (E.D. Tex. May 12, 2022), where the plaintiff filed a motion for leave to file an amended complaint initially without a certificate of compliance, and then with a certificate showing attempts to meet and confer where the defendant made "its availability to confer contingent upon [] receiving a redline of the amended complaint," among other preconditions. *Id*. at *7. The *Rectorseal* Court noted that Local Rule CV-7(h)'s "conference is not required 'when the non-movant has acted in bad faith by failing to meet and confer.'" *Id.* (*quoting* L.R. CV-7(h).) The *Rectorseal* Court held the exception was applicable because the defendant obstructed the meet-and-confer process. *Id*. That court further held that while the defendant refused to commit to whether or not it opposed the motion, it was appropriate for the plaintiff to infer the motion was opposed based on the defendant's conduct. *Id*. at *8-10. The Court should grant IV's motion because, like in *Rectorseal*, it was American that held the meet-and-confer process hostage and refused to confer telephonically with IV to discuss the proposed motion without being provided with a redlined draft of the amended complaint – a requirement for which American has shown no legal support is necessary to confer on a proposed motion for leave.

**B.    IV's Motion for Leave Should be Freely Granted Under F.R.C.P. 15**

The Fifth Circuit has held that "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Johnson v. Epps*, 479 F. App'x 583, 588 (5th Cir. 2012) (citation omitted). Leave to amend should only be denied where there is a showing of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). American failed to carry its burden of showing any *Smith* factors.

American does not (and indeed cannot) argue undue delay because IV filed the Motion for Leave well before the scheduled deadline for doing so. Nor does American argue IV's motion is in bad faith or there are repeated failures to cure deficiencies. (Dkt. 56.) American primarily argues that the amendment would cause undue prejudice, but its arguments are meritless.

First, there is no undue prejudice to American. IV sought to meet and confer with American to discuss its Motion for Leave before the May 23, 2025 deadline for filing its infringement contentions precisely because IV intended to serve its contentions for both the original patents and the newly asserted patents by that deadline. Indeed, IV did serve infringement contentions for all of those patents at that time. American argues "[o]ne can only guess how long IV has been working on its allegations," but that is not relevant to a determination of undue prejudice nor to the Rule 15's mandate that amendments be liberally granted. (Dkt. 56 at 8.) American complains IV "refus[ed] to propose or consider any schedule modification before filing its Motion," but, as discussed above, it was American that refused to pick up the phone and talk to IV when IV repeatedly asked to meet and confer. American argues the deadline to serve invalidity contentions has passed, but IV served all infringement contentions by the scheduled deadline precisely so American would have the opportunity to maintain the schedule; it was American that chose to create delay by failing to address the new patents.

Second, American also claims IV filed a new action in this Court regarding the newly asserted patents – "perhaps in recognition of the absurdity of its request" – but fails to note that IV specifically stated the reason for that filing on the first page of the new action's Complaint: "Out of an abundance of caution, and in light of the potential risk of a declaratory judgment, Plaintiffs IV are filing this complaint . . . . Should the Court grant IV's request to file an Amended Complaint, IV would dismiss this current action. Alternatively, Plaintiffs will respectfully move to consolidate

. . . ." (Dkt. 54-2 at 1, fn. 1.) It certainly was <u>not</u> because IV felt asserting the new patents would cause undue prejudice or delay. Moreover, addressing these new patents in this case would promote judicial economy and reduce efficiency contrary to American's arguments. Third, contrary to American's straw man arguments, the old and new patents almost completely relate to the same accused products and address the same technologies, such that it would be more efficient to litigate them in one case. It is irrelevant that infringement and invalidity have to be shown on a claim-by-claim basis.  (Dkt. 56 at 9-10.) Nor is it dispositive whether or not the patents could have been included in the original complaint – the purpose of Rule 15 is to allow liberal amendment and that point is irrelevant to a determination of undue prejudice. *Johnson*, 479 F. App'x at 588.

American's reliance on *KPN v. Samsung* (Dkt. 56 at 11 & Ex. C [2:14-cv-01165-JRG], Dkt. 58]) is misplaced.  The *KPN* Court held that "[g]enerally, the Court seeks to consolidate cases concerning related or tangential patents in order to further judicial efficiency and prevent the duplicative use of the parties' and Court's resources." *Id*. at 2. The *KPN* Court denied the motion for leave because the proposed new patent was allegedly unrelated and covered infrastructure as well as devices, thus expanding the scope of litigation beyond what was originally contemplated. *Id*. at 3. That is not the case here because the newly asserted patents cover the same technologies.

American's final futility argument relates to four new cloud patents and tracks the same arguments it made against the originally-asserted cloud patents in its partial motion to dismiss. (Dkt. 56 at 11 (citing Dkts. 15, 42).) IV has already rebutted those arguments in its opposition to that motion, showing that IV sufficiently pled plausible unauthorized use of IV's cloud patents. (Dkt. 31.) IV incorporates herein its arguments in the motion to dismiss briefing. *Id*.

## III.    CONCLUSION

For the foregoing reasons, IV respectfully asks the Court to grant its Motion for Leave.

Dated: July 8, 2025                        RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
        Jonathan K. Waldrop (CA Bar No. 297903)
        (Admitted in this District)
        jwaldrop@kasowitz.com
        Darcy L. Jones (CA Bar No. 309474)
        (Admitted in this District)
        djones@kasowitz.com
        Marcus A. Barber (CA Bar No. 307361)
        (Admitted in this District)
        mbarber@kasowitz.com
        John W. Downing (CA Bar No. 252850)
        (Admitted in this District)
        jdowning@kasowitz.com
        Heather S. Kim (CA Bar No. 277686)
        (Admitted in this District)
        hkim@kasowitz.com
        ThucMinh Nguyen (CA Bar No. 304382)
        (Admitted in this District)
        tnguyen@kasowitz.com
        **KASOWITZ LLP**
        101 California Street, Suite 3950
        San Francisco, California 94111
        Telephone: (415) 421-6140
        Facsimile: (415) 358-4408

        Allen F. Gardner (TX Bar No. 24043679)
        Allen@allengardnerlaw.com
        **ALLEN GARDNER LAW, PLLC**
        609 S. Fannin
        Tyler, TX 75701
        Phone: (903) 944-7537
        Fax: (903) 944-7856

        *Attorneys for Plaintiff*
        **INTELLECTUAL VENTURES I LLC**
        **INTELLECTUAL VENTURES II LLC**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1, I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on July 8, 2025.

/s/ *Jonathan K. Waldrop*
Jonathan K. Waldrop