# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC,**<br><br>        Plaintiff,<br><br>    vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>        Defendant. | **Civil Action No. 4:24-cv-00980**<br><br>**JURY TRIAL** |

### DEFENDANT AMERICAN AIRLINES, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | IV Does Not Dispute its Motion Violates L.R. 7 | 1 |
| | B. | IV New Claims Should Remain in a Separate Action | 2 |
| | C. | Should the Court Grant IV's Motion, American's Proposed Schedule Should be Adopted | 3 |
| III. | CONCLUSION | | 3 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*RectorSeal, LLC v. FireBlok IP Holdings, LLC*,
    No. 4:19-CV-504-SDJ, 2022 WL 3904673 (E.D. Tex. May 12, 2022)......................................1

## I. INTRODUCTION

IV does not dispute that its Motion (Dkt. 48) fails to satisfy the requirements of L.R. 7. Nor does IV dispute that the 60+ claims it seeks to add to this litigation present unique infringement and validity issues. Instead, IV argues that because *some* of its new infringement allegations are directed to third-party software products accused in this case, American can fairly litigate a case that would assert ***four times*** as many claims (from 21 asserted claims to 84 asserted claims) as the current case but on the current timeline. IV's claims are both illogical and incorrect.

## II. ARGUMENT

### A. IV Does Not Dispute its Motion Violates L.R. 7

IV does not dispute it failed to meet and confer (or even sign its Certificate of Conference) before filing its Motion, but instead claims—for the first time in its Reply—that American acted in bad faith. *See* Reply at 2-3. IV's argument comes as a surprise considering IV did not "set forth in the certificate of conference [any] facts believed to constitute bad faith," as required by L.R. 7(i). Regardless, and as set forth in American's Response (Dkt. 56), IV is incorrect and *RectorSeal* does not demand a contrary conclusion. Rather, in *RectorSeal*, Judge Jordan determined that FireBlok's refusal to meet and confer unless and until RectorSeal (1) provided a redlined copy of the draft complaint, (2) agreed to meet and confer on FireBlok's own discovery issues, and (3) withdrew its motion for leave, "***taken together***…demonstrate[d] bad faith." *RectorSeal, LLC v. FireBlok IP Holdings, LLC*, No. 4:19-CV-504-SDJ, 2022 WL 3904673, at *3 (E.D. Tex. May 12, 2022) (emphasis added). Here, American made no such demands, and IV's untimely accusations of bad faith are completely unfounded. On the contrary, it was IV who made demands by conditioning its provision of the amended complaint on American's agreement not to seek declaratory judgment relief. *See* Dkt. 56-2. While American did so agree, IV filed its motion without a meet and confer anyway. American simply sought a draft of the amended complaint to

1

understand the substance of the amendment and enable the parties to have the "substantive" meet and confer required by the Local Rules.

B.  IV New Claims Should Remain in a Separate Action

First, IV's claim that "the newly asserted patents cover the same technologies" is patently false and overlooks IV's attempt to expand this case to a completely new technology and new accused product—LTE wireless connectivity and equipment—via its assertion of U.S. Patent No. 11,032,000 ("the '000 Patent"). *See* Reply at 5; Dkt. 56 at 3, 10. IV's Reply is silent on this point.

Second, IV does not dispute that the claims are different. Different claims require a new prior art search, new invalidity analysis, new non-infringement analysis, new claim construction analysis, and other new considerations required of any newly asserted patent claim.

Third, this case is too far along to add in 60+ new claims on top of the 21 claims IV presently asserts. Even IV cannot deny that this proposed expansion of the current case by 300% would require a restart. The parties have already made P.R. 3 disclosures, served and responded to dozens of interrogatories, sought discovery from third-party inventors, and exchanged proposed claim constructions. If the Court grants IV's Motion, it would likewise have to enter a new schedule resetting each of its deadlines for months down the road as forcing American to investigate and develop invalidity and non-infringement contentions for over 60 new claims on an extremely condensed schedule is unreasonable, unfair, and highly prejudicial. Instead, judicial economy would be better served and prejudice to American would be minimized by allowing this case to continue on schedule while IV's new allegations proceed in the separately filed action.

Fourth, IV does not dispute that denial of the Motion will in no way prejudice IV, and that IV can effectively litigate the six new patents in a separate action. Indeed, while IV acted with extreme urgency to get its Motion on file (so much so that it was willing to violate L.R. 7 to do so), IV has since taken the opposite approach by requesting extensions to the briefing schedule

(Dkt. 51) and ignoring correspondence regarding a modified schedule. Dkt. 56-1. IV's dilatory actions only confirm that it does not seek amendment to swiftly resolve its claims, but rather to unreasonably expand the scope of this litigation and force American to litigate a case with multiple new theories, technologies, and issues on a prejudicial timeline.

Finally, the fact that IV is seeking to quadruple the size of its original case by asserting 63 additional claims at this time speaks to the merits of the current case. American has already filed IPRs on each of the current patents and filed a motion to dismiss showing that IV provides no basis for its allegations that American is liable for infringement of these patents. American's technology suppliers have shown that certain patents are already licensed. IV's attempts to quadruple the size of this case shows IV is not confident in its current case. Accordingly, the proper path forward is to not dramatically expand the size of this case, but to drop this case and re-evaluate the basis for a new complaint.

### C. Should the Court Grant IV's Motion, American's Proposed Schedule Should be Adopted

American provided a proposed schedule based on an assumed date of June 23, 2025 for the amended complaint to be entered. Dkt. 56-3. IV does not dispute that the proposed schedule at Dkt. 56-3 is appropriate if the Court allows such a significant expansion of the current case. Due to IV's delays in the briefing schedule, if the Court allows the amended complaint, the proposed schedule at Dkt. 56-3 (uncontested by IV) should be modified based on the actual date the amended complaint is allowed.

### III. CONCLUSION

For the forgoing reasons, and those set forth in American's Opposition (Dkt. 56), the Court should deny IV's belated and prejudicial request to substantially expand the scope of this case.

| | |
|---|---|
| Dated: July 15, 2025 | **MCKOOL SMITH, P.C.**<br><br>*/s/ John B. Campbell*<br>John B. Campbell<br>Texas State Bar No. 24036314<br>jcampbell@McKoolSmith.com<br>Kenneth M. Scott<br>Texas State Bar No. 24137497<br>kscott@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744<br><br>Casey L. Shomaker<br>Texas State Bar No. 24110359<br>cshomaker@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1200<br>Dallas, TX 75201<br>Telephone: (214) 978-4218<br>Telecopier: (214) 978-4044<br><br>Emily Tannenbaum<br>New York State Bar No. 5928130<br>**MCKOOL SMITH, P.C.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 402-9400<br>Telecopier: (212) 402-9444<br><br>Alan P. Block<br>California State Bar No. 143783<br>ablock@mckoolsmith.com<br>**McKool Smith, P.C.**<br>300 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071<br>Telephone: (213) 694-1054<br>Telecopier: (213) 694-1234<br><br>ATTORNEYS FOR AMERICAN<br>AMERICAN AIRLINES, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 15, 2025.

*/s/ John B. Campbell*
John B. Campbell
