IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Civil Action No. 4:24-cv-00980 <br><br><br> JURY TRIAL |

## DEFENDANT AMERICAN AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE THE LOCAL RULES AND STRIKE PLAINTIFFS' MOTION FOR LEAVE

## TABLE OF CONTENTS

I.       INTRODUCTION ...........................................................................................................1

II.      ARGUMENT ..................................................................................................................1

         A.      IV misrepresented American's position to the Court. ............................................1

         B.      American did not act in bad faith by not meeting IV's
                 arbitrary deadline. ..................................................................................................2

         C.      IV cannot justify its actions by referring to its arbitrarily
                 chosen deadline. .....................................................................................................3

         D.      IV's reliance on *Rectorseal* is misplaced. .............................................................4

III.     CONCLUSION ...............................................................................................................5

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Rectorseal, LLC v. Fireblok IP Holdings, LLC*,
  2022 WL 3904673 (E.D. Tex. May 12, 2022)......................................................................4, 5

**OTHER AUTHORITIES**

L.R. CV-5(a)(3)(D).............................................................................................................................4

L.R. 7(i)........................................................................................................................................1, 2

L.R. 7(h)...............................................................................................................................1, 2, 3, 5

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| 1 | Email Exchange Between IV and American Before IV's Motion |
| 2 | *SynQor Inc. v. Vicor Corp.*, No. 2:14-CV-00287-RWS-JBB, Dkt. 565 at 15 (E.D. Tex. Sep. 13, 2022) |
| 3 | *Barkan Wireless Access Techs., L.P. v. Cellco P'ship,* No. 2:16-CV-00293-JRG-RSP, Dkt. 43 (E.D. Tex. Feb. 27, 2017) |
| 4 | *Quantum World Corp. v. Atmel Corp.,* No. 2:07-CV-24-CE, Dkt. 175 (E.D. Tex. Nov. 26, 2008) |

## I.    INTRODUCTION

The question before the Court is whether a movant may satisfy the demands of Local Rule 7(h) when it refuses to provide the information necessary to properly meet and confer under the Local Rule and arbitrarily imposes a two-day deadline to meet and confer without that information. The answer to that question should be **no**, and the proper remedy is for the Court to strike the motion and compel the movant to follow this Court's Local Rules before refiling. Any other outcome would encourage litigants to ignore the Local Rules and force the non-movant into a quick and non-substantive meet and confer without the information necessary to attempt to resolve issues without court intervention. E.D. Tex. L.R. 7(h).

IV claims that American's goal in filing this motion is "to unnecessarily expand the litigation and attempt to delay the case's schedule." Opp. at 1. Not true. American would like IV to comply with the Local Rules and provide the information necessary to have a substantive meet and confer in advance of filing this or any future motion. It should be noted that, in addition to failing to substantively meet and confer, IV also failed to allege any bad faith by American until after American's motion to strike highlighted that requirement in Local Rule 7(i). IV's refusal to acknowledge these blatant violations and its consistent ignorance of the local rules suggests that it does not regret its approach in filing its motion for leave. The Court should not condone such behavior, as that would encourage similar behavior in the future—the Court should instead enforce the Local Rules and strike IV's motion.

## II.    ARGUMENT

### A.    IV misrepresented American's position to the Court.

Because IV filed its motion without first meeting and conferring, the record is devoid of any evidence to support IV's misrepresentation that American opposed its motion. Indeed, IV

1

admits it did not know if American was opposed. Opp. at 2. IV also provided an inaccurate sequence of events leading up to the motion's filing. Dkt. 48 at 7. Contrary to IV's version of events, it was impossible for American to provide a position on IV's motion because IV refused to provide a copy of its proposed amended complaint—or any details about its proposed amendments—in advance of filing. Ex. 1 at 2. Such information was necessary for the parties to "present the merits of their respective positions" in a meet and confer. E.D. Tex. L.R. 7(h).

Relatedly, IV now acknowledges for the first time that American, at IV's request, promised not to file a DJ action in advance of any motion to amend IV's complaint. Opp. at 2. This directly contradicts IV's earlier representation that it "did not receive the requested agreement and, accordingly, proceeded to file the motion, understanding that the motion is currently opposed." Dkt. 48 at 7. IV supported this earlier representation by providing only an incomplete email thread that excluded American's agreement not to pursue a DJ. *Compare* Dkt. 48-28 *with* Ex. 1. The complete record shows that American attempted to work with IV and was open to discuss the scope and implications of IV's request. Ex. 1.

The fact that American ultimately did oppose IV's motion is of no weight here. American could only form an opinion on IV's motion if IV shared a draft of the amended complaint, which IV refused to do before filing. Ex. 1 at 2. IV owed it to the Court and American to have a substantive meet and confer pursuant to Local Rule 7(h) *before* filing its motion as opposed. IV's disregard for the rules deprived the Court and American of that substantive meet and confer.

**B.    American did not act in bad faith by not meeting IV's arbitrary deadline.**

Having failed—in violation of Local Rule 7(i)—to make the necessary allegation of bad faith in its Certificate of Conference, IV now accuses American of bad faith and "tactical gamesmanship" because it "refused to answer telephone calls and refused to agree to talk with IV unless its demands to see a draft complaint were met." Opp. at 4. American's counsel's

unavailability before a holiday weekend was not a refusal to answer telephone calls. But it is beyond dispute that IV rendered a meaningful meet and confer (one required by the Local Rules) impossible by refusing to provide necessary information about its proposed amendments.

IV is incorrect that American "does not – and cannot – cite legal support" for its argument and that "[t]hus, it was American itself that was operating in bad faith by refusing to meet and confer with IV." Opp. at 5. Local Rule 7(h) requires "a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." The merits of IV's request for leave are intrinsically intertwined with the scope and impact of the amendments it seeks to make. This is precisely why American asked multiple times for information about IV's amendments and told IV it needed that information to meet and confer. Ex. 1 at 2, 4. IV's claim that American's reliance on the Local Rules somehow qualifies as "bad faith" is preposterous and only confirms how little respect IV has for the Local Rules.

IV's claim that American was "stringing IV along with demands" to see the amended complaint is similarly nonsensical. On the evening of Thursday, May 22, IV made the provision of a draft complaint contingent on American's assurance it would not file a DJ action. Ex. 1 at 5. American provided that assurance the next day, *before* IV's arbitrary deadline to meet and confer expired. Ex. 1 at 2-3. American could hardly have acted faster under the circumstances.

### C.    IV cannot justify its actions by referring to its arbitrarily chosen deadline.

IV never really explains why it insisted on filing its motion for leave by May 23 (the deadline for serving infringement contentions on patents in the case). IV claims it sought to file by May 23 "so it could serve infringement contentions on the new patents to avoid unnecessary delays in the schedule." *Id.* at 4-5. But this purported rationale does not explain what these "unnecessary delays" might have been, why IV waited until two days before that deadline to approach American, why IV believed that deadline applied to six patents that weren't even in the case, or how the

3

remaining schedule would be impacted by IV quadrupling the number of asserted claims with its proposed amendment. The schedule IV clings to was developed with respect to a six-patent, 21-claim case filed on November 4, 2024—not the twelve-patent, 80-plus-claim behemoth filed in late May 2025. Simply put, IV had no reason to insist on filing its motion for leave by May 23.

IV even missed its own "deadline" when it filed its motion to amend without a meet and confer after midnight, leaving it with an effective filing date of Tuesday, May 27. E.D. Tex. L.R. CV-5(a)(3)(D). IV offers no explanation for why it proceeded in filing without a meet and confer even after its arbitrary deadline passed. Moreover, IV's failure to meet its own deadline thoroughly undermines its claim that there was "no time for IV to provide a draft" in response to American's promise not to file a DJ action. Opp. at 10. American's promise came hours before IV filed its opposed motion and days before its effective filing date, not "just minutes before filing," as IV claims. *Compare* Opp. at 10 *with* Dkt. 48.

> **D.    IV's reliance on *Rectorseal* is misplaced.**

IV cites one case in its opposition, *Rectorseal, LLC v. Fireblok IP Holdings, LLC*. 2022 WL 3904673, (E.D. Tex. May 12, 2022). IV is wrong to rely on this case for three reasons. *First, Rectorseal* found the non-movant acted in bad faith during the meet and confer process:

> [The defendant] made its availability to confer contingent upon: (1) receiving a redline of the amended complaint, despite receiving the amended complaint itself; (2) having a meet and confer on unrelated discovery disputes; and (3) [the plaintiff] withdrawing its motion. None of these "conditions" imposed by [the defendant] for a meet and confer was appropriate. And, taken together, they demonstrate bad faith.

*Id.* at *3. American imposed none of these conditions. But IV misleadingly quotes this passage, cutting off the above quote to obscure the key fact that, despite the *Rectorseal* movant providing "the amended complaint itself" (as American asked for), the non-movant nevertheless demanded a redline of the complaint. *Compare id. with* Opp. at 6. That is, the one condition necessary for a proper meet and confer—the ability to review the draft complaint so that the parties could have a

4

substantive meet and confer as required by the Local Rules—was a condition that even the *Rectorseal* movant fulfilled, a fact that IV obscures. *Id.*

*Second,* the deadline faced by the *Rectorseal* plaintiff was not arbitrarily selected by the movant, as IV's was. Instead, the movant filed its motion for leave without a certificate of conference on the last day to amend pleadings, then faced a *court-ordered deadline* to make a correction. *Rectorseal*, 2022 WL 3904673 at *1. Knowing the plaintiff faced a deadline, the *Rectorseal* defendant imposed the conditions described above and told the plaintiff that it could not meet until two days after the deadline passed. *Id.* In contrast, American was always willing to have a <u>substantive</u> meet and confer with IV—American just needed the information necessary to have a substantive meet and confer to comply with the Local Rules.

*Third,* the *Rectorseal* defendant stated that meeting and conferring on the motion for leave "seem[ed] pointless" and "refused to discuss the merits" of the proposed amended complaint. *Rectorseal,* 2022 WL 3904673 at *2. Here, it was IV who refused to discuss the merits of the motion (or even provide the information necessary to consider the merits) and forged ahead with filing its motion even after American agreed to its conditions. Ex. 1 at 2. In light of the above, IV's claim that the "facts in the instant case are almost exactly analogous" is facially incorrect.

## III.    CONCLUSION

IV should not be permitted to skirt the requirements of Local Rule 7(h) by refusing to provide the information necessary to have a substantive meet and confer and arbitrarily imposing a two-day deadline for the meet and confer. IV's actions do not bode well for its future compliance with the Local Rules. Allowing this behavior to suffice as compliance with Local Rule 7(h) would render the Rule's meet and confer obligation toothless. American respectfully asks this Court to strike IV's motion and avert further abuses of this District's Local Rules.

Dated: July 18, 2025

MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.

*/s/ John B. Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Emily Tannenbaum
New York State Bar No. 5928130
etannenbaum@mckoolsmith.com
**McKool Smith, P.C.**
1301 Avenue of the Americas, 32ⁿᵈ Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**McKool Smith, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 18, 2025.

<u>*/s/ John B. Campbell*</u>
John B. Campbell