# **Exhibit K**

03-07-07 2165

OIPE IAP84
MAR 06 2007
PATENT & TRADEMARK OFFICE

22469

Certificate of Express or First-Class Mailing

I hereby certify that I have deposited this correspondence with the US Postal Service as first-class or, if a mailing-label number is given below, as express mail addressed to Comm. of Patents, Box 1450, Alexandria, VA 22313-1450 on the below-given date.

MAR - 6 2007
Date

EV800232338
Express-mail label number

Signature

IN THE U.S. PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Inventor | Michael ROTHSCHILD | |
| Patent App. | 10/375,893 | |
| Filed | 27 February 2003 | Conf. No. 6365 |
| For | LOAD BALANCING WITH SHARED DATA | |
| Art Unit | 2165 | Examiner Wu, Y |

Hon. Commissioner of Patents
Box 1450
Alexandria, VA 22313-1450

FIRST AMENDMENT

In response to the Office Action mailed 08 December 2006, please amend the above-identified application as follows:

## CLAIM AMENDMENTS

1. (currently amended) A method of effecting on a preexisting input file a computer-executable process comprised of a plurality of subtasks, the method comprising the steps of:

(a) automatically determining file allocation and logically subdividing records of said input file into a plurality of partitions;

(b) distributing descriptions of all of said partitions to each of a plurality of subtask processors ~~and activating~~

(c) simultaneously executing at least a respective one of the subtasks of the computer-executable process in each of at least some of said processors on a respective one of the partitions with [[,]] each subtask reading and processing [[said]] the respective partition [[s]] so as to process the respective partition and produce respective subtask output and;

(d) thereafter repeating step (c) in at least some of the subtask processors each with another unprocessed partition on a first-come/first-served basis; and

[[(c)]] (e) generating at least one output combining all of the subtask outputs and reflecting the processing of all of said subtasks.

2. (currently amended) The method defined in claim 1 wherein the automatic determination of file allocation and logical subdivision of records of said input file into said plurality of

partitions in step (a) and the distribution of the description of all of said partitions in step (b) is carried out with at least one further processor in addition to the subtask processors ~~formulation~~.

3. (currently amended) The method defined in claim 1 ~~wherein each of said subtasks produces a subtask output, said method,~~ further comprising the step of merging said subtask outputs ~~to produce the output of step (c)~~ in step (e).

4. (currently amended) The method defined in claim 1 wherein the output in step [[(c)]] (e) is a succession of outputs from said subtasks in a one-to-one correspondence with said records of said input file.

5. (currently amended) The method defined in claim 1 wherein the output in step [[(c)]] (e) is an accumulation of output records from said subtasks in an arbitrary order.

6. (original) The method defined in claim 1 wherein said input file resides on a storage area network and is derived therefrom.

7. (currently amended) The method defined in claim 1 wherein said input file resides on a network-attached storage and is derived therefrom.

8. (original) The method defined in claim 1 wherein said computer-executable process is a sort process.

9. (original) The method defined in claim 1 wherein said computer-executable process is a statistical analysis process.

10. (currently amended) The method defined in claim 1 wherein said computer-executable process is a report-creating process.

11. (original) The method defined in claim 1 wherein said computer-executable process includes a database query.

12. (currently amended) The method defined in claim [[1]] 2 wherein said one processor is part of a mainframe computer and ~~said plurality of~~ the other processors are processors of at least one other computer.

13. (original) The method defined in claim 1 wherein said plurality of processors are all parts of a single multiprocessor.

14. (currently amended) The method defined in claim 1 wherein the automatic determination of file allocation and logical subdivision of records of said input file into said plurality of

partitions in step (a) and the distribution of <u>the descriptions of all of</u> said partitions in step (b) is carried out with at least one processor, and said one processor and said plurality of processors are all parts of a single multiprocessor <u>not including said one processor</u>.

**Remarks:**

This amendment is submitted in an earnest effort to advance this case to issue without delay.

The claims have been amended to clarify their language and defined the invention with somewhat greater particularity over the art.

The primary difference between the instant invention and the processes disclosed in US 5,603,028 of Kitsuregawa and 5,357,632 of Pian is that these systems rely on a special control process that uses load information to distribute the load between processors that share the load. With the instant invention as defined in the claims there is no such special process. The prior art's load information is not created with the process of the instant invention. Instead, the load sharing is done as a byproduct of the fact that the load-sharing process take parts of the load on a first-come/first-served basis.

A comparison would be to a road intersection where, according to the prior art, there is a traffic light that determines who can go when. The instant invention is more like such an intersection with a four-way stop so that the individual drivers determine who can go and when.

This is a major improvement since in addition to eliminating the control process it also eliminates the need to

collect and maintain load information, which it is very difficult to do and almost impossible to define so as to anticipate all possible processors that might execute the subtasks.

The amended claims, refer to a distribution of a description of the work to be done. The sharing process can use such a description to distribute the load without a special load process.

For these reasons the instant invention is clearly allowable over the cited art. Notice to that effect is earnestly solicited.

If only minor problems that could be corrected by means of a telephone conference stand in the way of allowance of this case, the examiner is invited to call the undersigned to make the necessary corrections.

Respectfully submitted,
K.F. Ross P.C.

by: Andrew Wilford, 26,597
Attorney for Applicant

02 March 2007
5676 Riverdale Avenue Box 900
Bronx, NY 10471-0900
Cust. No.: 535
Tel: 718 884-6600
Fax: 718 601-1099

Enclosure: None.