DN POIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC,**<br><br>      **Plaintiff,**<br><br>   vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>      **Defendant.** | **Civil Action No. 4:24-cv-00980**<br><br>**JURY TRIAL** |

**DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO STRIKE UNTIMELY EXPERT DECLARATIONS**

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | ARGUMENT | 1 |
| IV. | CONCLUSION | 4 |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Uniloc 2017 LLC v. Samsung Electronics America, Inc.*,
    Case No. 2-18-cv-00508, Dkt. 59 (E.D. Tex. Jan. 5, 2020)...............................................1, 2, 3

*Uniloc USA, Inc. v. Samsung Electronics America, Inc.*,
    Case No. 2-17-cv-00651, Dkt. 70 (E.D. Tex. Oct. 11, 2018) ......................................................1

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Email Exchange Between IV and American Regarding P.R. 4-3 Disclosures |
| B | *Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, Case No. 2-17-cv-00651, Dkt. 70 (E.D. Tex. Oct. 11, 2018) |
| C | *Uniloc 2017 LLC v. Samsung Electronics America, Inc.*, Case No. 2-18-cv-00508, Dkt. 59 (E.D. Tex. Jan. 5, 2020) |
| D | American's P.R. 4-2 Disclosures (served July 14, 2025) |
| E | IV's P.R. 4-2 Disclosures (served July 14, 2025) |

I. **INTRODUCTION**

American Airlines moves to strike the untimely expert declarations served simultaneously with and in support of Intellectual Ventures' opening claim construction brief. *See* Dkt. 77-13, 77-14.

II. **FACTUAL BACKGROUND**

Per the Court's Scheduling Order and the Court's Local Patent Rules, IV was required to "simultaneously serve" any expert declaration "on which it intends to rely to support its proposed claim construction or indefiniteness position *or to oppose any other party's proposed claim construction or indefiniteness position*" by the August 4, 2025, P.R. 4-3 deadline. *See* Dkt. 44 at 2; *see also* P.R. 4-3. On the day of the deadline, American proposed "the parties exchange expert declarations at 5 PM CT." Ex. A at 5. IV did not respond, so American followed up at 6:38 PM, 8:17 PM, 9:11 PM, and 10:02 PM. *Id*. at 3-5. IV finally responded at 10:06 PM that it would "not [be] exchanging an expert declaration." *Id*. at 2. American served its expert's declaration moments later. Ex. A at 2.

III. **ARGUMENT**

As both Judges Gilstrap and Payne have held, expert declarations served after the P.R. 4-3 deadline are procedurally defective in this district and should be excluded. In *Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, Judge Gilstrap struck expert testimony that was not disclosed by the P.R. 4-3 deadline because such testimony was untimely. Case No. 2-17-cv-00651, Dkt. 70 (E.D. Tex. Oct. 11, 2018) (attached as Ex. B). In *Uniloc 2017 LLC v. Samsung Electronics America, Inc.*, Judge Payne followed suit, clarifying that P.R. 4-3 does not allow for "rebuttal" disclosures, and struck "rebuttal" expert testimony disclosed "on the last day of claim construction discovery, well after the local rules required extrinsic evidence for claim construction to be filed." Case No. 2-18-cv-00508, Dkt. 59 (E.D. Tex. Jan. 5, 2020) (hereinafter, "*Uniloc 2017*") (attached

1

as Ex. C). Judge Payne provided a detailed analysis of P.R. 4-3 and confirmed the rule does not offer an "invitation for later rebuttal reports" but instead requires experts to provide disclosures that "oppose any other party's proposed claim construction or indefiniteness position" by the P.R. 4-3 deadline. Ex. C at 3.

The facts here mirror those in *Uniloc 2017*. In its P.R. 4-2 disclosures, American timely disclosed that it would rely on the "testimony of Dr. Michael Goodrich regarding the proper construction of" or "indefiniteness of" each term. Ex. D; Ex. C at 2. IV, on the other hand, stated it would rely on the declaration of an unnamed expert[1] "in rebuttal in support of IV's positions regarding prior construction." Ex. E; Ex. C at 2.

On the P.R. 4-3 deadline, American timely served the Declaration of Dr. Michael Goodrich. Ex. A at 2; Ex. C at 2. Conversely, IV "did not produce any expert declaration or extrinsic evidence with its P.R. 4-3 disclosure," but instead merely identified Drs. de Lara and Camp as potential experts. Dkt. 67-1; Ex. C at 2. IV deposed Dr. Goodrich during the Court's claim construction discovery period. IV then waited weeks until after claim construction discovery was closed to provide its expert declarations as attachments to its opening claim construction brief. *See* Dkt. 77-13, 77-14. IV did not move for leave to file these out-of-time expert declarations.

IV's failure to comply with P.R. 4-3 is inexcusable and prejudicial. Because the claim construction discovery period has expired, American cannot depose IV's experts, much less rely on its cross-examination in preparing its claim construction rebuttal brief. *See* Ex. C at 4 (noting

---

[1] IV further violated L.R. 4-2 by failing to provide the "identity" of its claim construction experts. P.R. 4-2 (the parties "shall each also provide a preliminary identification of … testimony of percipient and expert witnesses they contend support their respective claim constructions or indefiniteness positions…. With respect to any such witness, percipient or expert, the parties shall also provide *the identity* and a brief description of the substance of that witness' proposed testimony.") (emphasis added).

that Uniloc's failure to comply with P.R. 4-3 "effectively prevented Samsung from deposing Uniloc's expert on this issue"). In contrast, IV had both the opportunity to depose Dr. Goodrich and support its claim construction arguments with the deposition transcript. *See* Ex. A at 1. Additionally, IV's experts had the benefit of Dr. Goodrich's written and deposition testimony when preparing their own declarations. *See, e.g.,* Dkt. 77-13, ¶4 ("I have been asked to review and respond to the declaration of Michael T. Goodrich, Ph.D."); Dkt. 77-14, ¶4 ("I have been asked to provide rebuttal opinions… in response to the declaration of Michael T. Goodrich, Ph.D."). Dr. Goodrich did not even know who IV's experts would be, let alone what they would say when offering his own opinions. Thus, American has been and will continue to be harmed by IV's violation and no changes to the schedule or modification of the local rules can put the parties back on the same footing. The only equitable option here is to follow prior precedent and strike IV's expert declarations.

Finally, as Judge Payne did in *Uniloc 2017*, this Court should reject any attempt by IV to justify its flagrant disregard of P.R. 4-3 by (a) arguing that its P.R. 4-2 disclosures put American on "notice" that IV would serve out-of-time "rebuttal" declarations, or (b) claiming its experts were unable to prepare declarations because they did not know what opinions Dr. Goodrich would offer. Ex. C at 2-3. P.R. 4-3 does not allow litigants to circumvent its requirements by wordsmithing prior disclosures and "clearly does not provide for rebuttal disclosures," but instead requires that *all* expert testimony—even that offered solely in opposition—be disclosed by the P.R. 4-3 deadline. Ex. C at 3.

Furthermore, IV's experts knew the positions IV was offering (no constructions) and the constructions American was offering. P.R. 4-3 is not structured to provide "rebuttal" testimony in response to another expert's opinions. Rather, P.R. 4-3 requires "simultaneously" serving any

expert's declaration "on which [a party] intends to rely *to support its proposed claim construction or indefiniteness position* or *to oppose any other party's proposed claim construction or indefiniteness position*." Those positions were known to IV with the P.R. 4-2 disclosures. Moreover, IV did not raise any issue with the P.R. 4-2 disclosures at the time and should not be heard to justify their failure to follow the local patent rules well after the fact.[2]

## IV. CONCLUSION

For the forgoing reasons, American Airlines respectfully requests this Court strike the untimely declarations of Drs. de Lara and Camp (Dkt. 77-13, 77-14).

---

[2] This is at least the fifth time IV has not followed the Court's orders and / or local rules: 1) IV did not hold the Rule 26(f) conference by the date ordered by the Court; 2) IV did not meet and confer prior to filing several motions (*see, e.g.,* Dkt. Nos. 50, 52); 3) IV did not timely serve the expert declarations addressed in this motion; 4) IV failed to publicly file its motion for leave as ordered by the Court (Dkt. 73); and 5) IV filed a different Amended Complaint than authorized by the Court (*compare* Dkt. 48-1 *with* Dkt. 76).

| | |
|---|---|
| Dated: August 27, 2025 | **MCKOOL SMITH, P.C.**<br><br>*/s/ John B. Campbell*<br>John B. Campbell<br>Texas State Bar No. 24036314<br>jcampbell@McKoolSmith.com<br>Kenneth M. Scott<br>Texas State Bar No. 24137497<br>kscott@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744<br><br>Emily Tannenbaum<br>New York State Bar No. 5928130<br>**MCKOOL SMITH, P.C.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 402-9400<br>Telecopier: (212) 402-9444<br><br>Casey L. Shomaker<br>Texas State Bar No. 24110359<br>cshomaker@mckoolsmith.com<br>**McKool Smith, P.C.**<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Facsimile: (214) 978-4044<br><br>Alan P. Block<br>California State Bar No. 143783<br>ablock@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071<br>Telephone: (213) 694-1054<br>Telecopier: (213) 694-1234<br><br>ATTORNEYS FOR AMERICAN<br>AMERICAN AIRLINES, INC. |

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I hereby certify that counsel for the parties have complied with the meet and confer requirement set forth in Local Rule CV-7(h).

*/s/ John B. Campbell*
John B. Campbell

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 27, 2025.

*/s/ John B. Campbell*
John B. Campbell
