# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG, S.A., UNILOC 2017 LLC, | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 2:17-CV-00651-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO. LTD., | | |
| Defendants. | | |

## ORDER STRIKING EXPERT OPINION

Before the Court is Defendants' Motion to Strike the Expert Declaration of William C. Easttom II ("Easttom Declaration") (Dkt. No. 65) ("the Motion"). Upon receipt of the Motion and the accompanying Motion to Expedite Briefing (Dkt. No. 66), the Court ordered Plaintiffs to respond by 8 a.m. on October 10, 2018. Having failed to so respond, the Court finds that Local Rule 7(d) applies. Accordingly, the Court finds that Plaintiffs "do[] not controvert the facts set out by [Defendants] and ha[ve] no evidence to offer in opposition to the motion." L.R. 7(d).

Further, the Court finds that Plaintiff failed to meet the requirements of Patent Rule 4-3. Under P.R. 4-3:

> [t]he parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:
>
> . . .
>
> (b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law,

1

dictionary definitions, citations to learned treatises and prior art, *and testimony of percipient and expert witnesses*;

(emphasis added.) The Court has clarified that "a party who intends to rely on a sworn expert declaration must 'clearly indicate' in the joint claim construction statement that it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby." *Innovative Display Techs. LLC v. Acer Inc.*, 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 94211, at *4–5 (E.D. Tex. July 11, 2014).

It is clear to the Court that Plaintiffs made no such disclosures in either the Joint Claim Construction and Prehearing Statement nor the accompanying exhibits detailing Plaintiffs' proposed constructions and evidence. (*See* Dkt. Nos. 45, 45-2.) Accordingly, the Court finds that Plaintiffs failed to timely disclose Mr. Easttom's testimony under P.R. 4-3. The Court **GRANTS-IN-PART** the Motion and **STRIKES** Mr. Easttom's Declaration and any reference to such in Plaintiffs' Reply Claim Construction Brief.

The Court notes that Defendants seek their "costs and fees for this Motion in light of Uniloc's failure to provide any basis for its untimely disclosure of extrinsic evidence." (Dkt. No. 65 at 2 n.1). The inclusion of such a request as a single sentence in a footnote and devoid of any analysis indicates to the Court that such a request is not well taken. Accordingly, the Court **DENIES-IN-PART** the Motion as to such request.

**So Ordered this**
**Oct 11, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

2