# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC. and SAMSUNG ELECTRONICS § <br> CO. LTD., § <br> § <br> *Defendants*. § | Case No. 2:18-cv-00508-JRG |

## ORDER

Before the Court is Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.'s Motion to Strike the Untimely Rebuttal Declaration of Dr. William C. Easttom II Concerning Claim Construction of U.S. Patent No. 6,836,654. (**Dkt. No. 41**.) In the motion, Samsung seeks to strike Dr. Easttom's claim construction declaration, filed by Plaintiff Uniloc 2017 LLC, as procedurally defective under the Eastern District of Texas' local rules since it was filed as a rebuttal declaration on the last day of claim construction discovery, well after the local rules required extrinsic evidence for claim construction to be filed. For the reasons set forth herein, the Court **GRANTS** the Samsung's motion to strike. Yet, the Court **DENIES** Samsung's request that Uniloc pay Samsung's fees associated with the filing of this Motion to Strike.

**I.   Background**

The Docket Control Order (Dkt. No. 20) sets the following dates, among others:

| | |
|---|---|
| May 9, 2019 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| September 3, 2019 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| September 24, 2019 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| October 22, 2019 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |

On September 3, 2019, Samsung timely served its Disclosure of Preliminary Claim Constructions and Extrinsic Evidence pursuant to P.R. 4-2, disclosing the expert it intended to rely on, Dr. Medvidovic, to support its proposed constructions as well as extrinsic evidence to support its proposed construction. (Dkt. No. 41-4.) Conversely, Uniloc stated that it had "not identified extrinsic evidence that it intend[ed] to rely upon for claim construction. (Dkt. No. 41-5.)

At some point after, Samsung provided Uniloc Dr. Medvidovic's declaration.[1] Then on September 24, 2019, Uniloc served the Joint Claim Construction Statement, pursuant to P.R. 4-3, disclosing that it intended to rely on rebuttal evidence, but did not provide extrinsic evidence or its own expert report. Instead, for each term, Uniloc only provided the name of its expert, Dr. Easttom and the following statement:

> Uniloc has not had the benefit of being presented with Samsung's proposed expert testimony and therefore, reserves the right to provide rebuttal evidence, including Rebuttal expert testimony of Dr. William C. Easttom II, that the function and structure identified by Samsung's expert are incorrect.

(Dkt. No. 34-2.)

On October 22, 2019—the last day of claim construction discovery in this case—Uniloc served Dr. Easttom's export report, claiming it was only a rebuttal to Samsung's claim construction expert report. Samsung objected to the report, which is the motion currently before the Court.

**II.    Analysis**

Samsung asks this Court to strike Dr. Easttom's report as it was not identified in Uniloc's P.R. 4-2 disclosure. Further, Uniloc did not produce any expert declaration or extrinsic evidence with its P.R. 4-3 disclosure besides identifying Dr. Easttom as its expert. Finally, the Local Patent Rules were recently amended to require the simultaneous disclosure of expert opinions with the

---

[1] While the declaration was likely provided on September 24, 2019, simultaneous to the Joint Claim Construction Statement filing, as required under Local Patent Rule 4-3(b), the exact date is not before this Court.

Joint Claim Construction Statement. Uniloc counters that the local rules allow "rebuttal disclosures" to be disclosed later. However, this is not the case for several reasons.

Local Patent Rule 4-3(b) provides:

Each party shall also simultaneously serve a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position.

Rule 4-3(b) requires that the disclosure of expert testimony be consistent with similar rules under Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii) or 26(a)(2)(C). The mere reference to those rules is not an invitation for later rebuttal reports. The Local Rule states that the expert shall provide a disclosure to "oppose any other party's proposed claim construction or indefiniteness position." L.R. 4-3(b). When the rules are appropriately followed, the other party's position is known based on disclosures pursuant to Rule 4-2. Rule 4-3(b) states nothing about rebutting the disclosure of the other parties' expert, as opposed to Fed. R. Civ. P. 26. Furthermore, the rule clearly states that "[e]ach party shall also *simultaneously* serve a disclosure of expert testimony. . . ." *Id*. (emphasis added). Thus, even reading Rule 4-3(b) in isolation, it clearly does not provide for rebuttal disclosures. However, reading the rule in context makes this distinction even clearer.

Last year in an earlier *Uniloc v. Samsung* case, Judge Gilstrap found that the disclosures of this same expert were untimely in a similar factual scenario. 2:17-cv-00651-JRG, Dkt. No. 70 at 2 (E.D. Tex. Oct. 11, 2018) ("a party who intends to rely on a sworn expert declaration must 'clearly indicate' in the joint claim construction statement that it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby. *Innovative Display Techs. LLC v. Acer Inc.*, 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 94211, at *4–5 (E.D. Tex. July 11, 2014). It is clear to the Court that Plaintiffs made no such

disclosures in either the Joint Claim Construction and Prehearing Statement nor the accompanying exhibits detailing Plaintiffs' proposed constructions and evidence. (*See* Dkt. Nos. 45, 45-2.)")".

That Order was entered on October 11, 2018. A General Order amending Rule 4-3(b) was signed on October 25, 2018, stating that that rule was amended to "[t]o clarify the disclosure requirements and *reduce motions to strike later-used witness declarations*." General Order 18-10 (emphasis added). Nothing indicates that the Court intended, through the amendment, to allow additional rebuttal disclosures after the filing of the Rule 4-3 Joint Claim Construction and Prehearing Statement. Quite the opposite, considering the two-week time frame between Chief Judge Gilstrap's ruling on Uniloc's first filing and the Rule 4-3(b) amendment, it is reasonable to believe that the General Order was intended to address such untimely declarations.

The patent rules set forth specific guidelines for disclosing expert positions and support. If Uniloc's interpretation were to be used, parties would be prevented from preparing meaningful claim construction briefs and resolving disputes as intended by the rules. As Samsung argues, Uniloc served its "rebuttal disclosure" on the last day of claim construction discovery (which was 30 days after Samsung's expert disclosure was served). This effectively prevented Samsung from deposing Uniloc's expert on this issue. *See* P.R. 4-4 (requiring that all discovery relating to claim construction be completed not later than 30 days after service and filing of the 4-3 chart). Even if Samsung moved for leave to depose Uniloc's expert on this issue, Samsung still would not be able to provide its best arguments in its claim construction brief.

Furthermore, Judge Gilstrap recently addressed a similar issue last month in a previous *Uniloc v. Samsung* case, where he denied Uniloc's Motion for Leave to file an untimely claim construction declaration. 2:18-cv-00506-JRG, Dkt. No. 48 (E.D. Tex. Nov. 22, 2019).

Finally, Uniloc argues that it may satisfy this rule for its retained expert by providing a disclosure that satisfies Rule 26(a)(2)(C). Uniloc appears to argue that because Rule 4-3 states that disclosures shall be made consistent with either Rule 26(a)(2)(B(i)-(ii) or 26(a)(2)(C), Uniloc may provide disclosures under either rule. Uniloc's position makes little sense—if disclosing parties could pick which rule to use, they would choose the less demanding rule. The cited portion of Rule 26 deals with experts who will testify at trial. The Patent Rules address the specific situation of experts involved in claim construction hearings, and clearly control here.

Relatedly, Samsung also moves this Court to find "Uniloc's repeat tactics in this litigation exceptional" and to require Uniloc to pay Samsung the fees it incurred with the filing of this motion. (Dkt. No. 41 at 2). Samsung cites Rule 37 for this proposition. (*Id*. at 11.) Rule 37 deals with discovery generally, not claim construction specifically. For many of the same reasons that Uniloc fails to persuade this Court that the applicable local rules concerning claim construction should mirror Rule 26, Samsung's arguments similarly fail. The Court thus finds that Samsung's citations for this part of the motion are inapplicable. Accordingly, Uniloc will not be required to pay Samsung's fees associated with the filing of this motion.

### III.  Conclusion

After consideration, the Court **GRANTS** Samsung's Motion to Strike but **DENIES** Samsung's request that Uniloc pay Samsung's fees associated with the filing of this Motion to Strike.

**SIGNED this 5th day of January, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE