# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC,**<br><br>　　　　**Plaintiff,**<br><br>　　vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>　　　　**Defendant.** | **Civil Action No.  4:24-cv-00980**<br><br><br>**JURY TRIAL** |

## DEFENDANT AMERICAN AIRLINES, INC.'S RULE 4-2 DISCLOSURES

Pursuant to the Court's Scheduling Order (Dkt. 44), Defendant hereby provides the following Preliminary Claim Constructions and Extrinsic Evidence for the set of terms identified by the Parties for the asserted claims of United States Patent No. 8,332,844 ("the '844 Patent"), United States Patent No. 8,407,722 ("the '722 Patent"), United States Patent No. 7,949,785 ("the '785 Patent"), United States Patent No. 8,027,326 ("the '326 Patent"), United States Patent No. 7,324,469 ("the '469 Patent"), and United States Patent No. 7,257,582 ("the '582 Patent").

Defendant's proposed constructions are based on information that is currently available to date. Defendant reserves the right to modify their proposed constructions should additional information become available through discovery, after they have reviewed Plaintiff's proposed constructions, and in light of arguments made by Plaintiff as this case proceeds. Defendant's disclosure of extrinsic evidence is preliminary and based on Defendant's analysis and investigation to date.

1

Defendant will make itself available to meet and confer for the purposes of attempting to limit the terms/constructions in dispute by narrowing and resolving differences and to facilitate the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

### I. U.S. Patent No. 8,332,844

| Claim Term/Phrase | Proposed Construction | Extrinsic Evidence |
|---|---|---|
| root image (claims 7 and 11) | a read-only base set of data blocks, operating beneath the file system, that provide the common portion of the application environment | The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |

### II. U.S. Patent No. 8,407,722

| Claim Term/Phrase | Proposed Construction | Extrinsic Evidence |
|---|---|---|
| input source (claim 14) | information provider and/or dynamic content provider | The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |
| identify a category of the update message based on the input source (claim 14) | identify a category of the update message based on the information provider or dynamic content provider but not on the category/topic of the message content | The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |
| node type (claim 14) | Indefinite | The testimony of Dr. Michael Goodrich regarding the indefiniteness of this term. |
| property of the live object (claim 14) | Indefinite | The testimony of Dr. Michael Goodrich regarding the indefiniteness of this term. |

### III. U.S. Patent No. 7,949,785

| Claim Term/Phrase | Proposed Construction | Extrinsic Evidence |
|---|---|---|
| network address (claims 30 and 37) | Internet protocol or IP address | *Network Address*, Computer-dictionary-online.org, https://www.computer-dictionary-online.org/definitions-n/network-address.html ("1. The network portion of an IP address. …") (last visited July 14, 2025). |

| | | |
|---|---|---|
| | | Applicant Arguments/Remarks Made in an Amendment in response to Ex Parte Reexamination Non-Final Action, dated Jan. 8, 2025, at pg. 12-13.<br><br>The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |
| network route director<br><br>(claim 30) | a publicly addressable device configured to route encapsulated packets to and from entities located in a private network portion of a virtual network | Applicant Arguments/Remarks Made in an Amendment in response to Ex Parte Reexamination Non-Final Action, dated Jan. 8, 2025, at pg. 19.<br><br>The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |

### IV.    U.S. Patent No. 7,324,469

| Claim Term/Phrase | Proposed Construction | Extrinsic Evidence |
|---|---|---|
| a remote location a experiencing a relatively high volume of transient traffic<br><br>(claim 24) | a fixed remote location experiencing a relatively high volume of transient traffic | *Location*, Merriam-Webster, https://www.merriam-webster.com/dictionary/location (last visited July 14, 2025).<br><br>The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |
| a relatively high volume of transient traffic<br><br>(claim 24) | Indefinite as to "relatively high" and "transient" | The testimony of Dr. Michael Goodrich regarding the indefiniteness of these terms. |

### V.    U.S. Patent No. 7,257,582

| Claim Term/Phrase | Proposed Construction | Extrinsic Evidence |
|---|---|---|
| partition<br><br>(claim 1) | well-defined part of the input file | The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |
| descriptions of all of said partitions<br><br>(claim 1) | statements giving a characteristic(s) of all of the well-defined parts of the input file for use in | *description*, Merriam-Webster, https://www.merriam-webster.com/dictionary/description ("b : a statement or account giving the |

3

| Claim Term/Phrase | Proposed Construction | Extrinsic Evidence |
|---|---|---|
| | distributing the load without a special load process, wherein such statements are distinct from the input file itself | characteristics of someone or something") (last visited July 14, 2025). <br><br> The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |
| c) simultaneously executing at least a respective one of the subtasks of the computer-executable process in each of at least some of said processors on a respective one of the partitions with each subtask reading and processing the respective partition so as to process the respective partition and produce respective subtask output <br><br> (claim 1) | Indefinite | The testimony of Dr. Michael Goodrich regarding the indefiniteness of this term. |
| on a first-come/first-served basis <br><br> (claim 1) | selecting the earliest unprocessed partition for execution without the use of a control process that uses load information for such selection | The testimony of Dr. Michael Goodrich regarding the proper construction of this term. |

| | |
|---|---|
| Dated: July 14, 2025 | /s/ *John B. Campbell* <br> John B. Campbell <br> Texas State Bar No. 24036314 <br> jcampbell@McKoolSmith.com <br> Kenneth M. Scott <br> Texas State Bar No. 24137497 <br> kscott@McKoolSmith.com <br> **MCKOOL SMITH, P.C.** <br> 303 Colorado Street Suite 2100 <br> Austin, TX 78701 <br> Telephone: (512) 692-8700 <br> Telecopier: (512) 692-8744 <br><br> Emily Tannenbaum <br> New York State Bar No. 5928130 <br> etannenbaum@mckoolsmith.com <br> **MCKOOL SMITH, P.C.** <br> 1301 Avenue of the Americas, 32nd Floor <br> New York, NY 10019 <br> Telephone: (212) 402-9400 <br> Telecopier: (212) 402-9444 <br><br> Casey L. Shomaker <br> Texas State Bar No. 24110359 <br> cshomaker@mckoolsmith.com <br> **McKool Smith, P.C.** <br> 300 Crescent Court, Suite 1500 <br> Dallas, TX 75201 <br> Telephone: (214) 978-4000 <br> Facsimile: (214) 978-4044 <br><br> Alan P. Block <br> California State Bar No. 143783 <br> ablock@mckoolsmith.com <br> **MCKOOL SMITH, P.C.** <br> 300 South Grand Avenue, Suite 2900 <br> Los Angeles, CA 90071 <br> Telephone: (213) 694-1054 <br> Telecopier: (213) 694-1234 <br><br> ATTORNEYS FOR DEFENDANT <br> AMERICAN AIRLINES, INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on July 14, 2025.

*/s/ John B. Campbell*
John B. Campbell