# McKool Smith

John B. Campbell
Direct Dial: (512) 692-8730
jcampbell@McKoolSmith.com

303 Colorado Street
Suite 2100
Austin, TX 78701

September 3, 2025

**BY CM/ECF**
The Honorable Amos L. Mazzant, III
United States District Court
Eastern District of Delaware
Sherman Division
Paul Brown United States Courthouse
101 East Pecan Street
Sherman, TX 75090

    RE:  *Intellectual Ventures v. American Airlines, Inc.*, Civil Action No. 4:24-cv-980

Dear Judge Mazzant,

  Pursuant to the Court's August 29, 2025 oral order, and in view of the Court's recent order granting IV leave to file an amended complaint (Dkt. 71) to add 61 new claims across 6 new patents, I write on behalf of American Airlines ("American") to request entry of the scheduling order attached as Ex. A.

  <u>Factual Background</u>. Intellectual Ventures ("IV") filed the present case on November 2, 2024, asserting infringement of 21 claims across 6 patents. The Court issued the operative scheduling order (Dkt. 44) on April 22, 2025, setting the following relevant deadlines:

| | |
|---|---|
| November 2, 2024 | Complaint filed |
| May 19, 2025 | Infringement contentions due[1] |
| June 16, 2025 | Invalidity contentions due |
| June 30, 2025 | Claim construction process begins with P.R. 4-1 |
| October 14, 2025 | Claim construction hearing |

  On May 27, 2025—about the same time it served its infringement contentions —IV sought leave to add assertions for alleged infringement of 61 claims across 6 patents to this case, bringing the total number of claims to 82 across 12 patents. *See* Dkt. 48. American opposed quadrupling the size of the case at this stage. The Court granted IV's motion on August 19, 2025. Dkt. 71. By the time IV's motion for leave to amend was granted, the relevant deadlines listed above (except for the claim construction hearing) had already passed.

---

[1] IV later requested to extend this deadline by one week to May 26, 2025. American did not oppose this requested extension. Dkt. 49.

**McKool Smith**
A Professional Corporation • Attorneys
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Washington

September 3, 2025
Page 2

      <u>Need for an Amended Schedule</u>. There should be no dispute that an amended schedule is necessary so American has sufficient time to prepare and serve invalidity contentions. *See, e.g., SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech. Ltd.*, No. 20-CV-19-JDP, 2020 WL 6081737, at *5 (W.D. Wis. Oct. 15, 2020) ("It should go without saying that DZEM may have a reasonable time to amend its invalidity contentions in response to SSI's new infringement claim."). There should be no dispute that an amended schedule is necessary so the parties can prepare, exchange, and discuss proposed claim constructions for the 60+ new claims added to the case after the deadlines for the originally-filed, 6 patent case, had already passed. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008). Indeed, IV requested that American propose a schedule for litigation of the new claims. *See* Dkt. 56-3. While IV never responded to American's proposed schedule, it also never disputed the need for a new schedule, nor the reasonableness of the schedule American proposed in its briefing in opposition to the motion for leave. *See* Dkts. 56, 60.

      However, IV sent to American a schedule that would prohibit American from serving invalidity contentions or P.R. 4 claim construction disclosures for the 60+ new claims. *See* Ex. B (IV's proposed schedule sent to American). IV may realize the unreasonableness of its position and provide a different schedule to the Court as part of this simultaneous briefing.

      If not, IV seeks to deprive American of basic due process in a patent litigation, including the ability to raise invalidity challenges to, and claim construction for, the 60+ new claims, and asks the Court to ignore its obligation to construe claim terms. *E.g., O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008).

      IV apparently contends that American should have prepared invalidity contentions and identified terms for construction for the 60+ new claims by the original P.R. 3-3 and P.R. 4-1 deadlines, *even though those claims were not in the case at the time of those deadlines*. Setting aside the fact that those deadlines could not and did not apply to claims not in the case at the time, even IV was expecting that the Court may deny its motion for leave to quadruple the size of the case, as it also filed a new complaint on the new patents that it intended to pursue if the Court denied its motion to amend the complaint in this case. *Intellectual Ventures I LLC v. American Airlines, Inc.*, 4:25-cv-00576-ALM, Dkt. 1 (E.D. Tex. May 30, 2025).

      Notably, IV refused to identify the 6 new patents (much less the 61 new claims) until it filed its motion for leave to amend the complaint and served infringement contentions. *See* Dkt. 56-2. Thus, American had no notice of these claims. Apparently, IV's position is that while American had almost eight months to analyze the original 21 claims and develop its invalidity and claim construction positions, American should have analyzed the 61 new claims and developed its invalidity and claim construction positions in less than three weeks. Setting aside the fact that these new claims were not part of the case so none of the deadlines applied to those claims, IV's proposal wildly underestimates the time, effort, and expense required to prepare invalidity contentions and analyze claim construction across 61 claims. IV's position, to state it mildly, is nonsensical and highly prejudicial.[2]

---

[2] The future gamesmanship if IV's proposal is allowed is easy to predict: patent monetization entities such as IV will assert a limited number of claims to start the lawsuit. Then, around the

September 3, 2025
Page 3

    American's Proposed Schedule. American's proposed schedule is both fair and reasonable as it precisely tracks the current schedule issued by the Court. For example, the Court provided almost eight months to prepare invalidity contentions for the 21 original claims. American's proposed schedule seeks the same amount of time for the 60+ new claims. *Compare* Dkt. 44 at 1 *with* Ex. A. The remainder of American's proposal precisely tracks the deadlines set forth in the Eastern District of Texas Patent Rules and the current scheduling order submitted jointly by the parties. *See* Dkt. 43. That is, American's proposal provides the same time between events as the current schedule with the date of the amended complaint substituted for the original complaint. This schedule follows the deadlines between events under the schedule the Court ordered (and the parties agreed to) prior to adding 60+ claims to the case. Given the case quadrupled in size recently, the same time between events is the minimal amount of time necessary to reset the case to accommodate a 12-patent, 80+ claim litigation.

    To the extent IV argues that American was not diligent in seeking a new schedule, IV would be incorrect. As discussed above, American sent IV a proposed schedule just days after IV sought leave to amend. *See* Ex. A. When IV failed to respond, American requested entry of a new schedule in its opposition briefing to IV's motion for leave. *See* Dkt. 56, 60. IV did not oppose American's request or raise any issues with the proposed schedule in its briefing.

    American therefore respectfully requests the Court enter the schedule proposed in Ex. A.

    If the Court has any questions or concerns, American is available for an in-person or telephone scheduling conference at the Court's convenience.

                      Sincerely,

                        John B. Campbell
                        Principal

Attachments

---

time infringement contentions are due, the patent monetization entity will announce it is moving for leave to add many more claims with no change to the schedule. The defendant is then expected to scramble to meet impossible deadlines set at the outset of the case based on the original complaint, even though the new claims are not even part of the case yet.