# KASOWITZ LLP

101 CALIFORNIA STREET, SUITE 3950

SAN FRANCISCO, CALIFORNIA 94111

(415) 421-6140

FAX: (415) 358-4408

JONATHAN K. WALDROP
DIRECT DIAL: (650) 453-5425
DIRECT FAX: (650) 362-2445
JWALDROP@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEW YORK
NEWARK
WASHINGTON DC

September 3, 2025

**VIA CM/ECF**

The Honorable Amos L. Mazzant, III
United States District Court
U.S. District Court Texas Eastern Division
Paul Brown United States Courthouse
101 East Pecan Street
Sherman, TX 75090

      Re:    *Intellectual Ventures I LLC and Intellectual Ventures II LLC v. American Airlines, Inc.,* Civil Action No. 4:24-cv-00980-ALM (E.D. Tex.)

Dear Judge Mazzant:

      American's request for an extended 9-month extension to the current schedule is neither necessary nor consistent with the Court's rules and practices. The claim construction schedule should remain in place. IV has already fully complied with its obligations by serving infringement contentions and proposed constructions on *all currently asserted patents* on May 23, 2025, leaving American with plenty of time to assess IV's positions and disclose American's claim construction positions. The only thing missing is American's own disclosure of its claim construction positions—an obligation it has sought to avoid by pointing to its motions to strike (Dkt. 50) ("Motion"), which the Court denied. Nothing in the Local Rules, nor in this Court's precedent, excuses a party from meeting its obligations on that basis.

      Claim construction was not and should not have been contingent on the outcome of American's motion. The intrinsic record is fixed, and IV has already disclosed its infringement contentions and claim constructions for all patents. The process can and should move forward without disruption. To the extent American believes that supplemental briefing is warranted that can be addressed at the appropriate time. What cannot be justified is American's attempt to freeze the entire schedule simply because it chose to gamble on withholding its claim construction positions while pressing a motion.

      The Eastern District's Local Rules are explicit: "No Excuses" – "Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss to remand, or to change venue." CV-26. American's disclosures of its claim

KASOWITZ LLP

The Honorable Amos L. Mazzant, III
September 3, 2025
Page **2** of **2**

constructions were due after IV's disclosure of infringement contentions which encompassed all patents. *See e.g.* P.R. 4-1. The Court has repeatedly emphasized that those obligations are intended to keep cases moving efficiently regardless of collateral disputes. American's reliance on its Motion as a basis to avoid disclosure is exactly the type of gamesmanship the Local Rules were designed to prevent. Having failed to comply, American should not be rewarded with the very delay the rules prohibit.

IV has done its part: it served detailed infringement contentions and claim construction positions for *all asserted patents* four months ago. American has had the benefit of IV's positions for months, while withholding its own. IV should not now suffer prejudice from American's delay strategy. A wholesale extension that pushes out claim construction and all subsequent deadlines unfairly penalizes IV for American's tactical choices.

To address American's concerns, IV proposes a compromise extension of four weeks. Under this proposal fact discovery would close June 10, 2026. *See* Ex. A. This modest adjustment provides American additional time while avoiding the far greater prejudice that would result from a sweeping delay of the case. It ensures that both sides are positioned to present their arguments fairly, but without disrupting the overall progress of the case.

                                                Sincerely,

                                                Jonathan K. Waldrop

Attachment