# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>           *Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>           *Defendant*. | )<br>)<br>)<br>) **C.A. No. 4:24-cv-00980-ALM**<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

### PLAINTIFFS' OPPOSED MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC, ("IV" or "Plaintiffs") respectfully file this Opposed Motion for Leave to File a First Amended Complaint against Defendant American Airlines, Inc. ("American Airlines") to add six counts of patent infringement pursuant to Federal Rules of Civil Procedure 15(a) and 15(d), and in accordance with the Court's April 22, 2025 Scheduling Order (Dkt. 44).

## I. INTRODUCTION

IV seeks to assert six additional patents against American Airlines, which includes United States Patent No. 7,712,080 ("the '080 Patent"), United States Patent No. 7,721,282 ("the '282 Patent"), United States Patent No. 7,822,841 ("the '841 Patent"), United States Patent No. 8,352,584 ("the '584 Patent"), United States Patent No. 11,032,000 ("the '000 Patent"), and United States Patent No. 10,103,845 ("the '845 Patent") (collectively, the "New Patents-in-Suit"). The New Patents-in-Suit involve accused products and technologies that overlap with those already at issue in this case.

IV's Motion for Leave should be granted for at least the following reasons: (1) there is no undue prejudice against American Airlines because IV has not yet served its preliminary infringement contentions since they are not due until May 23, 2025 (Dkt. 44), and IV is prepared to serve preliminary infringement contentions for the New Patents-in-Suit by this deadline; (2) the additional claims of patent infringement overlap with those already in this case; (3) there is a good-faith basis that American Airlines infringes the New Patents-in-Suit; (4) there is no undue delay, as the deadline for motions for leave is July 8, 2025 (Dkt. 44); and (5) judicial economy would be served by including the New Patents-in-Suit in this case, rather than a separate action.

## II. PROCEDURAL HISTORY

IV filed the original Complaint against American Airlines on November 2, 2024 (Dkt. 1), asserting patent infringement of six patents: United States Patent No. 8,332,844 ("the '844 Patent"),

United States Patent No. 8,407,722 ("the '722 Patent"), United States Patent No. 7,949,785 ("the '785 Patent"), United States Patent No. 8,027,326 ("the '326 Patent"), United States Patent No. 7,324,469 ("the '469 Patent"), and United States Patent No. 7,257,582 (collectively, the "Original Patents-in-Suit").

Following the Rule 16 Management Conference held on April 8, 2025, fact discovery opened on April 9, 2025, and initial disclosures were exchanged on April 18, 2025. (Dkt. 44).

Under the Scheduling Order, IV is set to serve its preliminary infringement contentions on May 23, 2025 (Dkt. 44). American Airlines is set to serve its preliminary invalidity contentions on June 20, 2025. *Id.* Claim construction briefing begins on August 11, 2025, with *Markman* scheduled for October 14, 2025. *Id.* Fact discovery closes on March 13, 2026 and the pre-trial conference is scheduled for October 19, 2026. *Id.*

IV is prepared to serve its preliminary infringement contentions for both the Original and New Patents-in-Suit on May 23, 2025.

### III.    ARGUMENT

#### A.    Intellectual Ventures' Motion for Leave Should be Freely Granted Under Federal Rules of Civil Procedure 15

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Further, Federal Rule of Civil Procedure 15(d) permits supplementing a pleading to set out events arising after the former pleading. *See Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Johnson v. Epps*, 479 F. App'x 583, 588 (5th Cir. 2012) (citation omitted). Whether a plaintiff seeks to amend a complaint

3

by adding new allegations, new claims, new parties, or all three, the liberal standard of Federal Rule of Civil Procedure 15 applies.

Leave should only be denied where there is a showing of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Dynamic CRM Recruiting Sols., L.L.C. v. UMA Educ., Inc.*, 31 F.4th 914, 924 (5th Cir. 2022) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."). Absent these factors, courts must grant leave to amend. *Id*. Given the presumption in favor of amendments, the party opposing amendment originally bears the burden of demonstrating that one of these flaws exists. *See Estate of Potter v. Bexar Cnty. Hosp. Dist.*, 195 F. App'x 205, 209 (5th Cir. 2006). None of these factors are present here, and American Airlines cannot carry this burden.

### B. IV's Motion is Timely and Made in Good Faith

IV brings this Motion for Leave well in advance of the July 8, 2025 deadline set by the Court to amend pleadings (Dkt. 44). IV has undertaken further investigation and developed a good-faith belief that American Airlines infringes the New Patents-in-Suit. The record is devoid of any evidence that Courts demand before finding bad faith or dilatory motive. *Cf. Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-41 (5th Cir. 1993) (affirming dismissal on bad faith due to extensive evidence that plaintiff knew of all relevant facts prior to original complaint and sought to amend many months later merely to avoid summary judgment). No such allegation can be made here.

Under the current scheduling order, the deadline to amend pleading is July 8, 2025 (Dkt. 44). Therefore, there is no doubt that IV's Motion for Leave is timely – filed ***over 45 days before*** the July 8, 2025 deadline. *Id*.

Furthermore, judicial economy favors resolving related claims in a single proceeding, rather than burdening the Court and parties with duplicative litigation involving overlapping technologies and accused functionalities. Separately litigating such closely related cases would significantly increase the burden on the parties and the Court. Thus, any burden from the addition of the new counts of infringement will not be unwarranted, as the corresponding burden of a separate action would be far greater for all involved.

### C. American Airlines Will Not Suffer Prejudice

Granting IV's motion will not prejudice American Airlines. IV is prepared to serve its preliminary infringement contentions for ***both*** the Original Patents-in-Suit and New Patents-in-Suit by the current May 23, 2025 deadline. Further, discovery is still in its early stages, and fact discovery does not close until March 13, 2026. (Dkt. 44).

American Airlines will be able to fully develop its case relating to the New Patents-in-Suit in parallel with the Original Patents-in-Suit. The New Patents-in-Suit will not unduly expand the scope of discovery, as they relate to similar technology and there is significant overlap between the accused functionalities of the Original Patents-in-Suit and New Patents-in-Suit. Under these circumstances, no cognizable prejudice to American Airlines will result from granting IV's Motion for Leave. American Airlines cannot show that it will be prejudiced. Therefore, IV's Motion for Leave should be granted.

### IV. CONCLUSION

For the foregoing reasons, IV respectfully requests that the Court grant IV's Motion for Leave to File its First Amended Complaint and rule that the Amended Complaint attached as Exhibit A, be filed.

Dated: September 10, 2025                    RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    Jonathan Hicks (CA Bar No. 274634)
    (Admitted in this District)
    jhicks@kasowitz.com
    **KASOWITZ LLP**
    101 California Street, Suite 3950
    San Francisco, CA 94111
    Telephone: (415) 421-6140
    Facsimile: (415) 358-4408

    Jeceaca An (NY Bar No. 5849898)
    (Admitted in this District)
    jan@kasowitz.com
    **KASOWITZ LLP**
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1800
    Facsimile: (212) 506-1700

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiff**
**INTELLECTUAL VENTURES I LLC**
**INTELLECTUAL VENTURES II LLC**

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for Plaintiffs attempted to meet and confer with counsel for Defendant on Wednesday, May 21, 2025. In a follow-up email sent the same day, Plaintiffs' counsel informed Defendant's counsel that "IV intends to move for leave to add additional patents in the case against American by this Friday."

On Thursday, May 22, 2025, Defendant's counsel requested a draft of the proposed amended complaint, along with a redline version, for American's consideration. Later that day, Plaintiffs' counsel attempted to reach Defendant's counsel by telephone and followed up with an email. In that communication, Plaintiffs' counsel stated that Intellectual Ventures was "not in a position to provide a draft of the amended complaint absent an enforceable agreement that American and its affiliates will not seek a declaratory judgment."

On Friday, May 23, 2025, Defendant's counsel responded, stating that he would "discuss IV's request with our client and let you know if American agrees." Plaintiffs' counsel did not receive the requested agreement and, accordingly, proceeded to file the motion, understanding that the motion is currently opposed.

Should the parties reach an agreement or non-opposition, counsel for Plaintiffs will promptly advise the Court. *See* Exhibit B (Email Correspondences).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served or delivered electronically to all counsel of record on this 10th day of September, 2025, via the Court's CM/ECF system.

/s/ *Jonathan K. Waldrop*
Jonathan K. Waldrop
