# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>        *Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>        *Defendant*. | **C.A. No. 4:24-cv-00980-ALM**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE THE ALLEGEDLY UNTIMELY EXPERT DECLARATIONS BY AMERICAN AIRLINES, INC.

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV" or "Plaintiffs") respectfully submit this Opposition to Motion to Strike the Allegedly Untimely Expert Declarations by American Airlines, Inc., ("American" or "Defendant"), as identified below. American Airlines, motion to strike IV's expert declarations should be denied.  The Local Patent Rules do not preclude a party from submitting an expert declaration in rebuttal, especially when the P.R. 4-2(b) disclosures for the party advocating for a claim construction position fail to provide the required "substance of that witness' proposed testimony" for any terms.  In this case, American's 4-2(b) disclosure stated only that the expert will testify regarding "the proper construction of this term" or "regarding the indefiniteness of this term."  The Patent Local Rules, do not contemplate, nor do they permit, the situation presented here, where one party elects to serve a 34-page P.L.R. 4-3(c) declaration, but withholds any substance of the anticipated 4-2(b) testimony and opinions in their 4-2 disclosures, other than the statement that expert testimony will be provided regarding the proper construction or indefiniteness for twelve terms that American seeks to advance.

Patent Local Rule 4-3(b) presupposes that each party will have access to the same level of detail at the same time, so that each can prepare and serve a declaration that meaningfully addresses the issues in dispute.  Allowing a party to submit a barebones 4-2(b) extrinsic evidence disclosure without any factual or analytical underpinnings, defeats the purpose of simultaneous exchange. It deprives the opposing party of a fair opportunity to provide a responsive expert declaration and turns what should be a balanced process into a one-sided ambush.  Worse, in this case, American has sought to strike a rebuttal declaration from IV served well before American Airlines' deadline to file a responsive claim construction brief and American declined to depose IV's expert a week

before its brief was due. Such practice is inconsistent with both the letter and spirit of the rules, which are designed to ensure fairness and efficiency in expert proceedings.

Accordingly, the Court should make clear that a party cannot serve an opaque declaration that prevents the other party from preparing a simultaneous submission and then move to strike a rebuttal declaration. Moreover, there is no prejudice at all to American. IV provided a rebuttal declaration with its opening brief, allowing American ample time to understand IV's positions and take IV's expert deposition prior to the submission of its own brief. Alternatively, if the Court accepts American's interpretation of the rules, IV requests that the Court also strike American's expert declaration of Michael T. Goodrich for the failure to provide a sufficient P.R. 4-2(b) description.

## I.   FACTUAL BACKGROUND

The Court's Local Patent Rules require each party to simultaneously serve a disclosure of expert testimony for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position. P.R. 4-3(b). However, prior to any disclosure of expert testimony, each party was also required to identify extrinsic evidence, "including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions or indefiniteness positions." P.R. 4-2(b). Where an expert is identified, the party is required to identify the witness and provide a description of the substance of that witness' proposed testimony. *Id.*

From the beginning, IV confirmed that it would not rely on extrinsic expert testimony, except in rebuttal. Ex. 1 (IV's P.R. 4-2); Ex. 2 (J. Downing 8/4 email to C. Shomaker, 10:06 PM). With this understanding, American served the Declaration of Michael T. Goodrich. Ex. 3 (C. Shomaker 8/4 email to J. Downing, 10:31 PM). IV again confirmed that IV's declaration "will

2

only rebut the opinions of Mr. Goodrich." Ex. 4 (J. Downing 8/6 email to C. Shomaker, 12:34 PM).

IV deposed Mr. Goodrich on the substance of his declaration on August 8, 2025, and exactly as it said it would, IV filed its Opening Claim Construction Brief with the Rebuttal Declaration of Joseph D. Camp, dated August 26, 2025 (Dkt. 77-13, Exhibit L) and the Rebuttal Declaration of Eyal de Lara, dated August 26, 2025 (Dkt. 77-14, Exhibit M). Dkt. 77.  American declined deposition dates for Dr. Eyal de Lara and Dr. Joseph Camp on September 3 and 4, which would have allowed American to depose IV's expert before submitting its opening brief on September 9. Ex. 5 (J. Hicks 8/28 email to American); Ex. 6 (C. Shomaker 9/2 email to J. Hicks).

## II.  ARGUMENT

American's motion rests on an overly rigid reading of P.R. 4-3 that is inconsistent with both the text of the rule and the fairness principles underlying claim construction practice. The local rules do not bar a party from reserving its right to submit a rebuttal expert declaration or provide its position after details regarding an expert opinion are disclosed for the first time.

### A.  P.R. 4-2(b) and 4-3(b) Do Not Preclude Rebuttal Declarations

First, nothing in P.R. 4-3 prohibits a party from reserving the right to submit rebuttal testimony. The parties are not required to disclose expert testimony to support a particular claim construction position.  The rule requires that expert declarations supporting or opposing claim construction positions be "simultaneously served," but only in response to an adequate P.R. 4-2(b) disclosure that reasonably provides the substance of the witnesses proposed testimony.  *See* P.R. 4-2(b). In this case, because American provided no actual substance, just a blanket indication that its expert would provide testimony regarding the proper construction of terms or the indefiniteness of the terms, IV had no ability understand or anticipate the substance of American's positions and had no ability to provide a simultaneous declaration.  As a result, IV explicitly reserved its rights

3

to provide a declaration, and promptly provided the declarations, once it obtained American's 34-page declaration. IV thereafter timely provided its rebuttal positions with its opening report and provided deposition dates to American in advance of American's deadline to submit its opposition brief. The rules cannot be read to foreclose rebuttal testimony where, as here, an opposing party discloses that it will rely on an expert but provides no substantive summary of that testimony.

For the same reasons, American's narrow reading of P.R. 4-3 concedes its own noncompliance. American disclosed only that it "would rely on testimony of Dr. Goodrich," without providing any substantive summary of his opinions. That notice was insufficient for IV to prepare a meaningful response. If the Court were to adopt American's strict view—that all expert testimony must be fully disclosed by the P.R. 4-3 date—then American has effectively conceded that its own disclosure was defective, and its declaration must be stricken as well.

### B. Plaintiffs' Rebuttal Was Timely, Transparent, and Non-Prejudicial

Further, IV served their rebuttal declarations well before the Court's Markman hearing, giving American ample time to prepare. American was given a full opportunity to test IV's experts, but chose not to do so. This stands in stark contrast to the cases American cites, where the moving party had no chance to test those opinions.

American cites to two Uniloc cases that do not apply here. *See Uniloc 2017 LLC v. Samsung Electronics America, Inc.*, Case No. 2-18-cv-00508, Dkt. 59 (E.D. Tex. Jan. 5, 2020) (Dkt. 78-4); *Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, Case No. 2-17-cv-00651, Dkt. 70 (E.D. Tex. Oct. 11, 2018) (Dkt. 78-3). The *Uniloc* decisions involved parties who failed to disclose expert testimony effectively preventing any cross-examination. Here, IV's rebuttal declarations could not be provided simultaneously because American failed to provide any substance of the testimony to be rebutted. Moreover, IV's expert declarations were provided in

advance of American's briefing deadlines with more than sufficient time for depositions to take place. Far from prejudicing American, IV's approach promotes an informed and balanced claim construction record. Moreover, the delay was based on American's own failure to comply with 4-2(b) by hiding the substance of its expert's opinion.

American's motion attempts to convert the local patent rules into a trap. But, the rules are designed to facilitate—not frustrate—the exchange of expert views relevant to claim construction. Because IV's rebuttal declarations were properly disclosed, caused no prejudice, and merely responded to the positions American itself advanced, American's motion should be denied. Alternatively, if the Court accepts American's interpretation of the rules, then American's own expert declaration must be stricken as untimely disclosed under P.R. 4-3.

### III. CONCLUSION

For the foregoing reasons, American's Motion to Strike the Allegedly Untimely Expert Declarations should be denied. Alternatively, if the Court accepts American's interpretation of the rules, IV requests that the Court strike American's expert declaration.

Dated: September 10, 2025                Respectfully submitted,

By: */s/ Jonathan K. Waldrop*
   Jonathan K. Waldrop (CA Bar No. 297903)
   (Admitted in this District)
   jwaldrop@kasowitz.com
   Darcy L. Jones (CA Bar No. 309474)
   (Admitted in this District)
   djones@kasowitz.com
   Marcus A. Barber (CA Bar No. 307361)
   (Admitted in this District)
   mbarber@kasowitz.com
   John W. Downing (CA Bar No. 252850)
   (Admitted in this District)
   jdowning@kasowitz.com
   Heather S. Kim (CA Bar No. 277686)
   (Admitted in this District)
   hkim@kasowitz.com

ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan Hicks (CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Jeceaca An (NY Bar No. 5849898)
(Admitted in this District)
jan@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 10th day of September 2025, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
