# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**AMERICAN AIRLINES, INC.,**<br><br>　　　　Defendant. | Civil Action No. 4:24-cv-00980<br><br><br>**JURY TRIAL** |

## DEFENDANT AMERICAN AIRLINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE UNTIMELY EXPERT DECLARATIONS

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. The Patent Rules Expressly Preclude Rebuttal Declarations ....................................1

    B. American's P.R. 4-2 Disclosures are Sufficient, Yet Irrelevant ................................2

    C. IV's Violation Continues to Prejudice American ......................................................3

    D. IV's Request to Strike Violates the Local Rules .......................................................4

III. CONCLUSION ......................................................................................................................4

i

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Evicam Int'l, Inc. v. Enf't Video, LLC*,
   No. 4:16-CV-00105, 2016 WL 6600605 (E.D. Tex. Nov. 8, 2016) ...........................................1

*Staton Techiya, LLC v. Samsung Elecs. Co.*,
   No. 2:21-CV-00413-JRG-RSP, 2023 WL 2169025 (E.D. Tex. Feb. 21, 2023) ........................1

*Uniloc 2017 LLC v. Samsung Electronics America, Inc.*, Case No. 2-18-cv-00508, Dkt.
   59 (E.D. Tex. Jan. 5, 2020) .....................................................................................................1

*Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, Case No. 2-17-cv-00651, Dkt. 70
   (E.D. Tex. Oct. 11, 2018) ........................................................................................................1

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Email Exchange Between IV and American Regarding P.R. 4-3 Disclosures (filed at Dkt. 78-2) |
| B | *Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, Case No. 2-17-cv-00651, Dkt. 70 (E.D. Tex. Oct. 11, 2018) (filed at Dkt. 78-3) |
| C | *Uniloc 2017 LLC v. Samsung Electronics America, Inc.*, Case No. 2-18-cv-00508, Dkt. 59 (E.D. Tex. Jan. 5, 2020) (filed at Dkt. 78-4) |
| D | American's P.R. 4-2 Disclosures (served July 14, 2025) (filed at Dkt. 78-5) |
| E | IV's P.R. 4-2 Disclosures (served July 14, 2025) (filed at Dkt. 78-6) |
| F | Email correspondence between counsel for the parties |

**I.     INTRODUCTION**

IV does not dispute this Court's rules "required each party to simultaneously serve a disclosure of expert testimony for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position ***or to oppose any other party's proposed claim construction or indefiniteness position***," nor that its experts' declarations were untimely. Dkt. 85 ("Resp.") at 2 (emphasis added), 3.

Instead, IV once again claims that because it does not agree with the Court's rules, it does not have to follow them. This Court should no longer tolerate IV's violations. The Court should enforce its Rules and strike IV's untimely expert declarations.

**II.     ARGUMENT**

    **A.     The Patent Rules Expressly Preclude Rebuttal Declarations**

Judges Gilstrap and Payne have already established that rebuttal declarations served after the P.R. 4-3 deadline are not allowed. *See* Dkt. 78-3 (*Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, Case No. 2-17-cv-00651, Dkt. 70 (E.D. Tex. Oct. 11, 2018); Dkt. 78-4 (*Uniloc 2017 LLC v. Samsung Electronics America, Inc.*, Case No. 2-18-cv-00508, Dkt. 59 (E.D. Tex. Jan. 5, 2020). Instead, testimony offered to "oppose any other party's proposed claim construction or indefiniteness position" must be served by the P.R. 4-3 deadline. Dkt. 78-4 at 3.

These two *Uniloc* cases are directly on point here; by IV's own admission, they "involved parties who failed to disclose expert testimony effectively preventing any cross-examination." Resp. at 4.

While IV invited American to violate the Court's Order regarding claim construction discovery, American correctly refused the offer. *See, e.g., Staton Techiya, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00413-JRG-RSP, 2023 WL 2169025, at *2 (E.D. Tex. Feb. 21, 2023) (denying leave to take deposition after the close of discovery); *Evicam Int'l, Inc. v. Enf't Video, LLC*, No.

1

4:16-CV-00105, 2016 WL 6600605, at *4 (E.D. Tex. Nov. 8, 2016) (ordering that depositions must occur prior to the close of discovery). Because IV failed to serve its experts' declarations until weeks after the close of claim construction discovery, American could not cross-examination IV's experts.

### B. American's P.R. 4-2 Disclosures are Sufficient, Yet Irrelevant

Unable to find a single case that supports its misreading of P.R. 4-3, IV seeks to justify its violation by arguing that American's P.R. 4-2 disclosures lacked sufficient detail. However, IV confesses it crafted its plan to serve only rebuttal declarations *before* American even made its P.R. 4-2 disclosure. Resp. at 2 ("From the beginning, IV confirmed that it would not rely on extrinsic expert testimony, except in rebuttal."). Indeed, IV states it disclosed its intentions in its own P.R. 4-2 disclosures, prepared *before* American served its own. *Id*. at 2 (citing IV's P.R. 4-2 Disclosures). The record thus confirms that IV's decision to serve only rebuttal expert declarations after the P.R. 4-3 deadline had nothing to do with American's P.R. 4-2 disclosures. *Id.*

Moreover, if IV actually had a concern with American's P.R. 4-2 disclosures, the proper course of action would have been to raise it and attempt to resolve the issue. IV had the opportunity to seek additional information about American's claim construction positions—including those American's expert would take—but declined to do so. IV never sought to meet and confer on American's proposed constructions nor complained about American's P.R. 4-2 disclosures until American moved to strike. If the parties could not resolve the issue, then IV should have moved for leave and asked the Court for permission to follow a different process. The proper course of action is not to decide on a different process and simply do it without asking the Court for permission. Litigants are not permitted to follow the rules they like and unilaterally change the rules they do not like.

Regardless, there is nothing wrong with American's P.R. 4-2 disclosures. P.R. 4-2 does not, as IV erroneously claims, require disclosure of an expert's "analytical underpinnings." Resp. at 1; P.R. 4-2. Instead, P.R. 4-2 requires only "a description of the substance of [an expert] witness' proposed testimony." This is precisely what American provided, and what courts in this District have deemed sufficient. *E.g.,* Dkt. 78-4 at 2 (confirming Samsung's disclosure of "Expert testimony from Dr. Medvidovic that one skilled in the art would understand "deblocking code" to mean "a PIN (Personal Identity Number) used to unlock/unblock the device" based on a review of the intrinsic and extrinsic evidence" satisfied P.R. 4-2).

Finally, American's P.R. 4-2 disclosures provide at least the same disclosure as IV's own. The parties therefore "ha[d] access to the same level of detail at the same time" and could have "prepare[d] and serve[d] declaration[s] that meaningfully addresses the issues in dispute." *See* Resp. at 1. IV simply chose not to.

### C. IV's Violation Continues to Prejudice American

IV's "approach" to P.R. 4-3 did not come close to "promot[ing]…a balanced claim construction record." Resp. at 5. Instead, it gave IV and its experts the upper hand. Unlike Dr. Goodrich, IV's experts could consider Dr. Goodrich's declaration and deposition testimony when preparing their declarations. IV could (and did) depose Dr. Goodrich during claim construction discovery without him having the benefit of considering IV's expert declarations. IV could prepare for that deposition without having any positions of its own on the record. IV does not even try to explain how this asymmetry promotes "fairness and efficiency in expert proceedings" or dispute its prejudice to American. Resp. at 2.

Nor does IV dispute that American's inability to conduct cross-examination is prejudicial. American properly declined IV's invitation to violate this Court's order and take those deposition after claim construction discovery had closed. To be clear, American did not decline to take IV's

3

experts declarations; it declined IV's attempt to have it violate this Court's discovery order. Ex. F. As American anticipated, IV misrepresented the parties' exchange to the Court and chose to submit only a subset of the parties' correspondence on this issue in violation of AT-3. *Compare* Dkt. 85-7 *with* Ex. F.

### D. IV's Request to Strike Violates the Local Rules

The Court should decline to even consider IV's improper request to strike the Goodrich Declaration, which violates at least L.R. 7(a), 7(h), and 7(i). IV has never sought to meet and confer on this request, which it raised for the first time in its response. While American has come to expect this type of conduct from IV (who has already filed several motions in violation of L.R. 7(h) and 7(i) (*see* Dkt. 50, 52, 56)), the Court need not and should not entertain IV's inappropriate request.

### III.    CONCLUSION

For the forgoing reasons, American Airlines respectfully requests this Court strike the untimely declarations of Drs. de Lara and Camp (Dkt. 77-13, 77-14).

Dated: September 18, 2025

**MCKOOL SMITH, P.C.**

*/s/ John B. Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Emily Tannenbaum
New York State Bar No. 5928130
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on September 18, 2025.

*/s/ John B. Campbell*
John B. Campbell

6