KASOWITZ LLP

101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

(415) 421-6140

FAX: (415) 358-4408

JONATHAN K. WALDROP
DIRECT DIAL: (650) 453-5425
DIRECT FAX: (650) 362-2445
JWALDROP@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEW YORK
NEWARK
WASHINGTON DC

PUBLIC VERSION

December 10, 2025

VIA CM/ECF

The Honorable Amos L. Mazzant, III
United States District Court
U.S. District Court Texas Eastern Division
Paul Brown United States Courthouse
101 East Pecan Street
Sherman, TX 75090

Re: *Intellectual Ventures I LLC and Intellectual Ventures II LLC v. American Airlines, Inc.,* Civil Action No. 4:24-cv-00980-ALM (E.D. Tex.)

Dear Judge Mazzant:

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") submit this letter brief in support of its argument that Defendant American Airlines, Inc. ("American") must produce relevant discovery relating to its use of the accused instrumentalities prior to the filing of the Complaint and/or the Amended Complaint, including discovery responses, technical documents, and source code.

I. **FACTUAL BACKGROUND.**

On November 2, 2024, IV filed a complaint ("Complaint") alleging that American infringed at least one claim of six patents, including U.S. Patent Nos. 7,257,582 ("'582 Patent"), 7,324,469 ("'469 Patent"), 7,949,785 ("'785 Patent"), 8,027,326 ("'326 Patent"), 8,332,844 ("'844 Patent"), and 8,407,722 ("'722 Patent"). *See* Dkt. 1 at ¶¶ 1, 7. Of these patents, the '582 Patent *only includes method claims*, and for each of the '326 Patent, the '722 Patent, and the '844 Patent, IV alleged infringement of *only* a method claim. *See generally* Dkts. 1-14, 1-12, 1-10, 1-9. In its Complaint, IV pleaded past damages for American's infringement of the patents asserted in the Complaint, including for damages that may have occurred prior to the filing of the Complaint. Dkt. 1 at ¶¶ 25, 27, 29, 31, 33, 35; *see also id.* at 34.

On September 10, 2025, after its motion to amend the Complaint was granted, IV filed an amended complaint ("Amended Complaint") alleging that American infringed at least one claim of six additional patents, including U.S. Patent Nos. 7,712,080 ("'080 Patent"), 7,721,282 ("'282

1

KASOWITZ LLP

The Honorable Amos L. Mazzant, III
December 10, 2025
Page **2** of **5**

**PUBLIC VERSION**

Patent"), 7,822,841 ("'841 Patent"), 8,352,584 ("'584 Patent"), 10,103,845 ("'845 Patent"), and 11,032,000 ("'000 Patent").[1] *See* Dkt. 84 at ¶¶ 1, 7. For the '845 Patent, IV alleged infringement of <u>only</u> a method claim. *See generally* Dkt. 84-25. In its Amended Complaint, IV pleaded past damages for infringement of all Asserted Patents. Dkt. 84 at ¶¶ 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47; *see also id*. at 60.

On September 26, 2025, IV served discovery requests, including its Amended First Set of Interrogatories (Nos. 1-23) ("Interrogatories"), relating to the accused instrumentalities for all Asserted Patents. Ex. A. American provided its response to this discovery on October 27, 2025. Ex. B. In its response, American objected to IV's Interrogatories, stating that "American will limit its responses to activities or events that occurred after the filing of this Action" because IV allegedly "failed to plead compliance with 35 U.S.C. § 287." *Id*. at 3.

The parties met and conferred in unsuccessful attempts to resolve IV's dispute, during which American confirmed that it is refusing to produce information relating to any pre-suit activities involving the accused instrumentalities and that American had limited the scope of its Patent Local Rule 3-4 production for the patents identified in the Complaint to post-filing activity. The parties subsequently contacted the Court to resolve IV's dispute.

II.  **AMERICAN SHOULD BE COMPELLED TO PRODUCE RELEVANT INFORMATION RELATING TO PRE-SUIT ACTIVITY.**

American should be compelled to produce information relating to how the accused instrumentalities function prior to the filing of the Complaint and Amended Complaint for multiple reasons, including the following reasons: (i) that information is relevant; (ii) there is no requirement to mark under 35 U.S.C. § 287 for the Asserted Patents with only method claims asserted; and (iii) discovery is needed to determine whether IV must satisfy the notice requirement of 35 U.S.C. § 287 for the Asserted Patents with one or more non-method claims asserted.

A.  **Pre-Suit Information Relating to the Accused Instrumentalities Functionality is Relevant.**

IV has pleaded and is seeking past damages for American's infringement of the Asserted Patents. *See, e.g.*, Dkt. 1 at ¶¶ 25, 27, 29, 31, 33, 35; Dkt. 84 at ¶¶ ¶¶ 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47. Thus, information relating to whether the accused instrumentalities infringe prior to the filing of the Complaint and the Amended Complaint and to the extent of that infringement is undeniably relevant to the amount of damages because "it has [a] tendency to make a fact more or less probably than it would be without the evidence" and it "is of consequence in determining the

---

[1] The patents identified in the Amended Complaint are collectively referred to herein as the "Asserted Patents."

2

KASOWITZ LLP

The Honorable Amos L. Mazzant, III
December 10, 2025
Page **3** of **5**

**PUBLIC VERSION**

action." *See* F.R.E. 401. This information may also be relevant for other purposes, for example rebutting any alleged non-infringing alternatives asserted by American and willfulness. For this reason alone, IV contends that American cannot withhold information relating to how the accused instrumentalities functioned prior to the filing of the Complaint and the Amended Complaint.

  **B.** **Marking Under 35 U.S.C. § 287 Does Not Apply to Method and Process Claims.**

For the Asserted Patents with only method claims asserted, there is no duty to comply (or plead compliance) with § 287. Indeed, "[t]he law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012) (quoting *Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1332 (Fed. Cir. 2010)). This is because "recovery of damages is not limited . . . where there are no products to mark." *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002), abrogated on other grounds by *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). Further, § 287 does not apply "where the patentee only asserted the method claims of a patent which included both method and apparatus claims." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316–17 (Fed. Cir. 2009). In other words, a plaintiff is "not required to plead 'compliance' with the statute by pleading its inapplicability." *Realtime Data LLC v. EchoStar Corporation*, 2018 WL 11364376, at *3–4 (E.D. Tex. 2018) (quoting *In re Mobile Telecommunications Techs.*, *LLC*, No. 16-MD-902722-LPS-CJB, 2017 WL 1053099, at *6 (D. Del. Mar. 20, 2017)).

Here, the '582 Patent includes <u>only</u> method claims. There is thus no requirement to plead satisfaction of the marking requirement. Similarly, IV asserts only method claims for the '722 Patent, '844 Patent, and '845 Patent. Thus, there is also no requirement that IV plead compliance with § 287 for these patents. *See supra*, *Realtime Data*, 2018 WL 11364376, at *3-4. Because IV need not plead nor prove compliance with § 287 for these patents, and because pre-suit information relating to the accused instrumentalities for these patents is relevant, American should be compelled to produce this information.

  **C.** **Relevant Discovery Cannot be Withheld Based Solely on Alleged Non-Compliance with 35 U.S.C. § 287.**

IV is not aware of any case law that supports withholding relevant discovery on the basis that a defendant has either (i) alleged a marking defense; or (ii) alleged that a plaintiff has not adequately pled satisfaction of the notice requirement of § 287.[2] The marking requirement of § 287 acts to

---

[2] To the extent American identifies case law holding that relevant discovery may be withheld solely on the basis of a failure to adequately plead satisfaction of the marking requirement under 35 U.S.C. § 287, the facts of the matter are distinguishable as described in this letter. For example,

3

KASOWITZ LLP

The Honorable Amos L. Mazzant, III
December 10, 2025
Page **4** of **5**

**PUBLIC VERSION**

preclude recovery of damages—it does not limit the scope of relevant discovery. *See Motorola, Inc. v. U.S.*, 729 F.2d 765, 768 (Fed. Cir. 1984) ("35 U.S.C. 287 advises a patent owner to mark his patented article with a notice of his patent rights. Failure to do so <u>limits his recovery of damages</u> to the period after the infringer receives notice of the infringement.") (emphasis added).

Further, discovery is needed in order to determine any time period where compliance with § 287 is required. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) (finding that an alleged failure to comply with the notice requirements of § 287 precludes recovery of damages "for any time *prior to compliance*.") (emphasis added). For the Asserted Patents where a non-method claim is asserted, to recover past damages, IV need only satisfy compliance with time period(s) where such compliance with § 287 is required. It is IV's position that discovery is required in order to determine what time periods compliance may be required because IV does not make products that practice the Asserted Patents. *See supra*, *Texas Digital Sys.*, 308 F.3d at 1220. Further, whether IV must satisfy the marking notice requirement of § 287 depends on when any applicable licenses were entered into and when any potential licensees first began making allegedly unmarked products. The fact that there may be a licensee who makes an allegedly unmarked product does not necessarily mean that IV must comply with the marking notice requirement of § 287 to recover damages for the entire damages period under 35 U.S. Code § 286.

In support of its position, American identified several decisions that it alleges supports its position for withholding relevant discovery, including *Dunlap v. Schofield,* 152 U.S. 244 (1894), *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017), and *Maxwell v. J. Baker, Inc.,* 86 F.3d 1098 (Fed. Cir. 1996). As described below, none of these opinions support withholding relevant factual discovery based on an alleged failure to plead compliance with § 287, let alone based on a disputed Marking defense presented by a defendant.

In *Dunlap*, the court addressed a predecessor statute to § 287 for a dispute involving a design patent. The court noted that the patentee "manufactured and sold goods with [a] patented design upon them." *Dunlap*, 152 U.S. at 248. In denying past damages, the court noted that the "duty of alleging and the burden of proving either of these facts is upon the plaintiff." *Id*. at 248. *Dunlap* is distinguishable because it addresses a predecessor statute, it involved a plaintiff who manufactured unmarked goods, and it involved a design patent. *Arctic Cat* is distinguishable because it did not preclude fact discovery on pre-suit issues, such as the functionality of an accused instrumentality. The court noted that the patentee held the burden of "pleading and proving he complied with § 287(a)'s marking requirement," and that a failure to mark resulted in "limit[ing] his damages to those incurred after actual notice." *Arctic Cat*, 876 F.3d at 1366. It did not preclude discovery on relevant topics, and indeed the district court case went to trial before whether the patentee satisfied any burden of proof was decided. *Id*. at 1357. Finally, *Maxwell* is distinguishable because it held

---

IV does not make products that practice the Asserted Patents that may otherwise need to be marked pursuant to § 287 to recover past damages for non-method claims.

KASOWITZ LLP

The Honorable Amos L. Mazzant, III
December 10, 2025
Page **5** of **5**

PUBLIC VERSION

that the patentee "had the burden of pleading and proving at trial that she complied with the statutory requirements," not that the accused infringer could withhold relevant discovery based on its allegations that the plaintiff had not met its burden. *Maxwell*, 86 F.3d at 1111.

### III.   CONCLUSION.

For the reasons above, IV requests that American be compelled to produce information, including supplementing its discovery responses and producing technical documents and source code for the accused instrumentalities. To the extent the Court agrees with American's position for one or more of the Asserted Patents, IV respectfully requests leave to amend the Amended Complaint to plead compliance with 35 U.S.C. § 287.

Sincerely,

Jonathan K. Waldrop

Enclosures