# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | § § § § | |
| *Plaintiffs,* | § | Civil Action No. 4:24-cv-980 |
| v. | § § | Judge Mazzant |
| AMERICAN AIRLINES, INC., | § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC Letter Brief seeking to compel Defendant American Airlines, Inc. to produce information relating to its use of the accused instrumentalities prior to the filing of the Complaint and Amended Complaint (Dkt. #103). Having considered the parties letter briefs, the relevant pleadings, and the applicable law, the Court finds that the relief requested by Plaintiffs should be **GRANTED**.

## BACKGROUND

This is a patent infringement case. On November 2, 2024, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs") filed its Complaint alleging that Defendant American Airlines, Inc. ("Defendant") infringed at least one claim of six patents, including U.S. Patent Nos. 7,257,582 ("the '582 Patent"), 7,324,469 ("the '469 Patent"), 7,949,785 ("the '785 Patent"), 8,027,326 ("the '326 Patent"), 8,332,844 ("the '844 Patent"), and 8,407,722 ("the '722 Patent") (Dkt. #1 at ¶ 1). In its Complaint, Plaintiffs pleaded past damages for Defendant's infringement of each of the asserted patents including for damages that may have occurred prior to the filing of the Complaint (Dkt. #1 at ¶¶ 25, 27, 29, 31, 33, 35). On September

10, 2025, after the Court granted its motion for leave, Plaintiffs filed an Amended Complaint alleging that Defendant infringed at least one claim of six additional patents, including U.S. Patent. Nos. 7,712,080 ("the '080 Patent"), 7,721,282 ("the '282 Patent"), 7,822,841 ("the '841 Patent"), 8,352,584 ("the '584 Patent"), 10,103,845 ("the '845 Patent"), and 11,032,000 ("the '000 Patent) (Dkt. #84 at ¶ 1).[1] In its Amended Complaint, Plaintiffs pleaded past damages for Defendant's infringement of all Asserted Patents (Dkt. #84 at ¶¶ 37, 39, 41, 43, 45, 47).

On September 26, 2025, Plaintiffs served discovery requests including its Amended First Set of Interrogatories ("Interrogatories") relating to the accused instrumentalities for the Asserted Patents (Dkt. #103 at p. 2). On October 27, 2025, Defendant provided its responses to the discovery but objected to Plaintiffs' Interrogatories, stating that it "will limit its responses to activities or events that occurred after the filing of this Action because [Plaintiffs] allegedly failed to plead compliance with 35 U.S.C. § 287" (Dkt. #103 at p. 2).

On December 2, 2025, the Court held a hearing on various discovery disputes between the parties, including Defendant's refusal to produce the pre-suit discovery requested by Plaintiffs (*See* Minute Entry, Dec. 2, 2025). Unable to resolve this issue at the hearing, the Court ordered the parties to submit letter briefs by December 10, 2025 (*See* Minute Entry, Dec. 2, 2025). On December 10, 2025, Plaintiffs filed its Letter Brief in support of its argument that Defendant should be compelled to produce relevant discovery relating to its use of the accused instrumentalities prior to the filing of the Complaint and Amended Complaint, including discovery responses, technical documents, and source code (Dkt. #103 at p. 1). Later that same day, Defendant filed its opposing

---

[1]  The twelve (12) patents identified in Plaintiffs' Complaint (Dkt. #1) and Amended Complaint (Dkt. #84) are collectively referred to herein as the "Asserted Patents."

Letter Brief in support of its argument that Plaintiffs' request for pre-suit discovery must be denied because it failed to plead compliance with the marking statute, 35 U.S.C. § 287(a).[2]

## ANALYSIS

The issue before the Court is whether a patent plaintiff must satisfy its burden of pleading compliance with the marking statute (35 U.S.C. § 287) before it may engage in discovery relating to its claim for past damages under 35 U.S.C. § 286.

In its Letter Brief, Plaintiffs argue that the Court should compel Defendant to produce the requested pre-suit discovery because relevant discovery cannot be withheld based solely on alleged non-compliance with 35 U.S.C. § 287 (Dkt. #103 at p. 3).[3] Specifically, Plaintiffs contend that Defendant's blanket refusal to produce the requested information solely on the grounds that Plaintiffs failed to adequately plead compliance with the marking statute lacks any arguable basis in law (*See* Dkt. #103 at pp. 3–5).[4] According to Plaintiffs, the marking requirement of § 287(a) acts to preclude and/or limit the recovery of damages and cannot, as Defendant attempts to do, be used to try and limit the scope of relevant discovery in the case (Dkt. #103 at pp. 3–4).

In response, Defendant argues that Plaintiffs' request for pre-suit discovery must be denied as a matter of law because Plaintiffs failed to plead compliance with the marking statute (35 U.S.C.

---

[2]  Defendant's opposing Letter Brief does not have a docket cite because counsel for Defendant opted to submit the letter brief to the Court via email rather than the Electronic Document Filing System—a method the Court expressly authorized during the December 2, 2025 hearing.

[3]  Plaintiffs contend that the requested information—including, information relating to whether the accused instrumentalities infringed prior to the filing of the Complaint and Amended Complaint and to the extent of that infringement—is "undeniably relevant to the amount of [past] damages" it may seek for Defendant's infringement of the Asserted Patents (Dkt. #103 at p. 2). Moreover, Plaintiffs contend that the requested information may also be relevant for "other purposes, for example rebutting any alleged non-infringement alternatives asserted by Defendant and willfulness" (Dkt. #103 at p. 3).

[4]  In support of this argument, Plaintiffs assert that it was unable to find any case law that supports withholding relevant discovery on the basis that a defendant has either (i) alleged a marking defense or (ii) alleged that a patent plaintiff failed to adequately plead compliance with 35 U.S.C. § 287 (Dkt. #103 at p. 3).

§ 287). Put another way, because Plaintiffs failed to plead compliance with the marking statute, pre-suit damages are not at issue in this case, and thus Plaintiffs are not entitled to discovery on its pre-suit damages claim. In support of this argument, Defendant relies on numerous federal district court decisions, which it contends establishes black-letter law that pre-suit damages are not available if a patent plaintiff does not plead compliance with the marking statute.[5] In sum, Plaintiffs request for pre-suit discovery ignores the fact that it cannot seek pre-suit damages as a matter of law in this case, and thus its request must be denied.

The Court finds that Defendant should be compelled to produce the pre-suit information requested by Plaintiffs for several reasons. First, the Federal Rules of Civil Procedure do not support Defendant's objection—seeking to limit its responses to "activities and events that occurred after the filing of this Action"—to Plaintiffs' discovery requests. Inquiry into Defendant's use of the accused instrumentalities prior to the filing of the Complaint and Amended Complaint is highly relevant and directly relates to Plaintiffs' claim for past damages. What's more, Defendant does not argue (or even imply) that Plaintiffs' discovery requests fall into a category that requires the Court to restrict a party's ability to conduct discovery.[6] Thus, any restriction on Plaintiffs'

---

[5]   As discussed in more detail below, the Court finds that the cases Defendant cites in its Letter Brief are inapposite to the issue that is before the Court. The central dispute between the parties is whether relevant discovery can be withheld based solely on a patent plaintiffs alleged non-compliance with 35 U.S.C. § 287. Each of the cases that Defendant cites, however, deal with dispositive or post-trial motions for a patent plaintiff's failure to plead compliance with 35 U.S.C. § 287, not discovery issues.

[6]   In general, the Federal Rules of Civil Procedure allow the parties to freely conduct discovery so long as the discovery requests fall within some broad parameters. *See* Fed. R. Civ. P. 26(b)(1); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979) (explaining that courts must give these rules "a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."). Indeed, the Rules only require the Court to restrict a party's ability to conduct discovery in a limited set of circumstances. First, the Court must restrict discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* at 26(b)(2)(C)(i). Second, the Court must prohibit a party from seeking certain information if the party "has had ample opportunity to obtain the information by discovery in the action." *Id.* at 26(b)(2)(C)(ii). And third, the Court must limit a discovery request if it "is outside the scope permitted by Rule 26(b)(1)." *Id.* at 26(b)(2)(C)(iii).

ability to obtain discovery stemming from a failure to plead compliance with the marking statute must come from the case law itself.

Second, none of the cases that Defendant relies on support any limitations on the discovery process. For example, all ten of the cases that Defendant cites in its Letter Brief deal only with dispositive motions or post-trial motions, not discovery issues. *See e.g., VirtaMove, Corp. v. Hewlett Packard Enter. Co.*, No. 2:24-CV-00064-JRG, 2024 WL 4519761, at *1 (E.D. Tex. Oct. 17, 2024) (addressing defendant's partial motion to dismiss plaintiff's claims for past damages on the grounds that it failed to plausibly plead compliance with 35 U.S.C. § 287); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (considering whether the lower court erred by denying defendant's motion for judgment as a matter of law on the issue of patent marking under 35 U.S.C. § 287(a)); *Stoneridge Control Devices, Inc. v. ZF N. Am., Inc.*, 645 F. Supp. 3d 699, 708–09 (E.D. Mich. 2022) (dismissing plaintiff's claims for pre-suit damages after finding that it failed to plead compliance with the statutory marking requirement). Moreover, the Court's independent research turned up no cases that applied § 287(a)'s pleading requirement to discovery issues.

The lack of support for Defendant's position makes sense, given the peculiarity of its request. Defendant asks the Court to limit Plaintiffs' right to discovery in this case based on its allegation that Plaintiffs failed to adequately plead one of its claims (pre-suit damages) in the Complaint. However, Defendant has neither sought nor obtained a dispositive ruling related to this alleged pleading deficiency; in fact, this is the first time Defendant has ever raised this issue with the Court. Indeed, the mere existence of the alleged pleading deficiency, without more, has no determinative impact on the scope of discovery. Until Defendant has properly asked the Court to decide the merits of its pleading deficiency claim, and the Court enters a decision regarding the

relief request therein, all of Plaintiffs claims continue to remain alive and well. As a result, the pre-suit information sought "may be relevant to the claim or defense of any party." *See Muhammed v. Shelton*, No. 4:23-CV-428, 2024 WL 3498346, at \*1 (E.D. Tex. July 22, 2024); FED. R. CIV. P. 26(b)(1). Specifically, this information may be relevant to Plaintiffs claims against Defendant—including, but not limited to, its claim for past damages—and Defendant's informal assertion of a pleading deficiency in the Complaint does not negate Plaintiffs' right to obtain discovery of relevant information. To hold otherwise, would allow a party to assert a variety of procedural challenges and affirmative defenses that may or may not be legitimate simply as a means to limit discovery, which would run afoul to the purpose of Federal Rule of Civil Procedure 26(b)(1). *See Muhammed*, 2024 WL 3498346, at \*1 ("a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party.") (citation modified).[7] Thus, a patent plaintiff's failure to plead compliance with the marking statue has no applicability in the context of discovery. Accordingly, the parties will need to hash out whether Plaintiffs had a duty to mark a product under § 287 and their compliance with that duty in a dispositive motion or at trial based on the information obtained through the discovery process.

---

[7]    The Court finds the Colorado District Court's decision in *Zvelo, Inc. v. SonicWALL, Inc.*, No. 06-CV-00445-PAB-KLM, 2013 WL 2338352 (D. Colo. May 29, 2013) to be instructive. In *Zvelo*, defendant refused to produce all of plaintiff's requested discovery, arguing that one of the affirmative defenses alleged in its answer, the doctrine of intervening patent right, limits the scope of relevant discovery. *Id.* at \*1–2. In response, plaintiff argues that the court should overrule the objection and compel defendant to produce the requested information because "the mere existence of an affirmative defense should have no determinative impact on the scope of discovery." *Id.* at \*3 (citation modified). The court agreed with plaintiff and ordered defendant to produce the requested information. *Id* at \*3–5. The court explained that because it has "not yet entered nor has it been asked to decide the merits of defendant's affirmative defenses" both "[p]laintiff's claims and [d]efendant's affirmative defenses and counterclaims are alive and well." *Id.* at \*3 (citation modified). As a result, Defendant must produce the requested information because the requested information "may be relevant to [p]laintiff's claims against [d]efendant, and [d]efendant's assertion of an affirmative defense does not negate [p]laintiff's right to take discovery of relevant information. *Id.* Indeed, to hold otherwise, "would allow any party to assert a variety of affirmative defenses that may or may not be legitimate simply as a means to limit discovery," which would be contrary to the purpose of FED. R. CIV. P. 26(b)(1).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC Letter Brief requesting that the Court compel Defendant American Airlines, Inc. to produce relevant discovery relating to its use of the accused instrumentalities prior to the filing of the Complaint and Amended Complaint (Dkt. #103) is hereby **GRANTED**. Accordingly, the Court **ORDERS** that Defendant produce all relevant discovery relating to its use of the accused instrumentalities prior to the filing of the Complaint and Amended Complaint, including discovery responses, technical documents, and source code, within seven (7) days of entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 9th day of January, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE