# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and <br> INTELLECTUAL VENTURES II LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMERICAN AIRLINES, INC. <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) **C.A. No. 4:24-cv-00980-ALM** <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

## INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC'S CORRECTED MOTION TO AMEND THE PROTECTIVE ORDER

I.  **INTRODUCTION**

On July 30, 2025, the Court entered the Agreed Protective Order of Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures I LLC ("IV" or "Plaintiffs") and Defendant American Airlines, Inc. ("American," or "Defendant," and together with Plaintiffs, "the Parties"). *See* Dkt. 66 ("Protective Order"). Plaintiffs now seek to amend the Protective Order to include a "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation to produce license agreements with third parties, pursuant to the terms of those license agreements.[1] *See* Exhibit A.[2] American opposes such relief.

II.  **FACTUAL BACKGROUND**

Pursuant to the Court's Order to produce license agreements, IV has produced licenses that include the asserted patents. These productions included agreements that were produced on a "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" basis and were stamped as such. On May 28, 2025, counsel for IV emailed counsel for American regarding license agreements between IV and RPX Corporation (the "RPX Agreements"), that Plaintiffs planned to produce.[3] *See* Exhibit B at 7-8. Per the terms of the RPX Agreements, Plaintiffs requested that Defendant provide written acknowledgement that it understood that the documents would be produced with the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation and that Defendant would treat these agreements accordingly. *Id*. One week later, Plaintiffs followed up on their request. *Id*. at 7. Defendant's counsel asked that the parties discuss the matter during the meet and confer scheduled for June 9, 2025. *Id*. at 6-7. During the June 9 meet and confer, Defendant agreed to the "HIGHLY CONFIDENTIAL – OUTSIDE

---

[1] Plaintiffs submit this corrected motion to correct clerical errors to Exhibit A, Dkt. 112-2, and the proposed order, Dkt. 112-7.
[2] Submitted herewith is the January 13, 2026, Declaration of Jonathan K. Waldrop with exhibits thereto ("Exhibit __").
[3] Plaintiffs were required to produce the RPX Agreements, pursuant to a court order dated December 2, 2025.

ATTORNEYS' EYES ONLY" designation and to limit distribution of the documents with this designation accordingly. On September 11, 2025, Plaintiffs produced two RPX agreements with the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation. *See* Exhibit C. Defendant did not object. On June 29, 2025, the Parties jointly requested the Court enter the Parties' protective order, so that the parties would have the security of producing confidential documents related to the claims and defenses in this matter. *See* Dkt. No. 64.

On December 22, 2025, Plaintiffs' counsel, for a second time, asked Defendant to provide written confirmation of their agreement to the RPX terms to facilitate the production of additional RPX agreements. *See* Exhibit B at 6. After months with no objection to Plaintiffs' production of the RPX Agreements with the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation, on December 22, 2025, for the first time, Defendant's counsel responded that it was treating the RPX Agreements as "ATTORNEYS' EYES ONLY" per paragraph 2 of the Protective Order.[4] *See id.* at 5-6. Plaintiffs disagree with Defendant's unilateral designation of the RPX Agreements. Defendant is taking the position that any documents that were designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before the entry of the Protective Order are treated as "Highly Confidential – Attorneys Eyes Only." As soon as Plaintiffs became aware that Defendant had reneged on its agreement to treat the documents "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," Plaintiffs, pursuant to paragraphs 2 and 22 of the Protective Order, reiterated the designation of the agreements "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

In order to comply with the court-ordered deadline for production, Plaintiffs produced the RPX Agreements and other license agreements on December 23, 2025, before filing this motion.

---

[4] Defendant contends that pursuant to paragraph 2 of the Protective Order, the RPX Agreements are designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

*See* Exhibits D, E.  Prior to the production, IV again confirmed that IV intends to produce the RPX Agreements on an Outside Attorneys Eyes Only basis and that IV plans to move to amend the Protective Order.  *See* Exhibit B at 3.  In the interim, IV requested that American treat them as "Outside Attorneys Eyes Only."  In the event that American is unable to comply, IV requested that American delete the "Outside Attorneys Eyes Only" production so that IV could take this issue to the Court.  American refused on the basis that the Protective Order does not have a "Outside Attorneys Eyes Only" designation.  *See id.* at 2-3.

IV provided American with proposed amendments the Protective Order on December 30, 2025.  *See* Exhibit B at 2.  As noted above, IV added a "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation, which allows documents designated as such to be "limited to individuals listed in paragraph 5(a)," which is "outside counsel of record." Exhibit A.  Despite following up multiple times on January 2 and January 7, 2025, American refused to agree.  On January 8, 2026, American confirmed that it opposes the relief requested in this motion.  *See id.* at 1.

Accordingly, Plaintiffs respectfully request the Court modify the protective order to include the designation "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and pursuant to paragraph 11 of the proposed amended protective order, redesignate all license agreements that were produced on an "Outside Attorneys Eyes Only" basis as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

### III. <u>ARGUMENT</u>

#### A. The Court Should Amend The Protective Order To Include The Designation "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

The Fifth Circuit embraces a "flexible approach towards the modification of protective orders."  *In re U.S Motion to Modify Sealing Orders*, No. 5:03-MC-2, 2004 WL 5584146, at *3

(E.D. Tex. June 8, 2004).

### B. All Factors Support The Requested Modifications.

In deciding whether to modify a stipulated protective order, Courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (internal citations omitted).

Where, as here, the party whose confidential information is at stake was not involved in the negotiation of the protective order, the Eastern District of Texas has refused to hold the first two factors against modification. *See Nearstar, Inc. v. Waggoner*, No. 4:09-CV-00218, 2009 WL 10677780, at *2 (E.D. Tex. Dec. 11, 2009) (explaining "none of this analysis makes sense to apply to [the third party], since they did not participate in drafting the protective order currently in force" and "the fact that [movant] could have foreseen this dispute and bargained upfront for the attorneys'-eyes-only provision . . . should not be held against [the third party]"). Given that the agreements at issue involve RPX's confidential information and that RPX was not involved in the negotiation of the protective order, these factors should not be used to deny the modifications proposed to protect the confidential information of RPX and any other persons or entities not party to the action.

Regarding reliance on the protective order, the *Raytheon* Court explained, "[i]t is important that litigants can place their confidence in the integrity of protective orders so that sufficient information passes between the parties." *Raytheon*, 2008 WL 4371679, at *3. Here, IV relied not just on the integrity of the protective order, but also on the integrity of American's assurances during the June 9 meet and confer that the RPX Agreements would be designated and treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY". Moreover, like the

4

modifications granted by the *Nearstar* Court, the modifications proposed here do not change the confidential nature of the RPX agreements and other third-party agreements; the modifications solely "place additional limits on its distribution." *Nearstar*, 2009 WL 10677780, at *2. Thus, this Court should similarly find that this factor does not apply. *Id.*

Finally, this Court should modify the protective order because good cause exists. "Good cause in this context requires changed circumstances or new situations warranting modification of a protective order." *United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 278968, at *4 (E.D. Tex. Jan. 22, 2016) (internal quotations omitted). When analyzing whether there is "good cause" to bar a party's in-house counsel from access to certain information disclosed by the other side in patent cases, this Court has applied the *Motorola* five-factor test. *See Nearstar*, 2009 WL 10677780, at *3 (citing *Motorola, Inc. v. Interdigital Technology Corp.*, No. 93–488–LON, 1994 WL 16189689 (D. Del. Dec. 19, 1994)). The five factors assessed are: (1) whether the person receiving the confidential information is involved in competitive decision making or scientific research relating to the subject matter of the patent; (2) the level of risk of inadvertent disclosure of proprietary information; (3) the hardship imposed by the restriction; (4) the timing of the remedy; and (5) the scope of the remedy. *See Nearstar*, 2009 WL 10677780, at *3.

Here, without the designation of the RPX Agreements as Outside Attorneys' Eyes Only, RPX's confidential information could be reviewed (or may have already been reviewed) by in-house counsel, which as the *Nearstar* Court found "could influence their decisions in directing the company." 2009 WL 10677780, at *3. Moreover, without these modifications to the Protective Order, there is a high risk that in-house counsel "may unconsciously use the information learned during the litigation later, when advising the company on other matters." *Id.* IV requested that American provide the names of the individuals it shared the RPX Agreements with, American

5

refused to provide the names, and IV is unsure what roles these in-house counsel have with regards to making decisions and advising the company.

Lastly, the proposed modifications pose little to no hardship on American, are timely and necessary to protect the rights of RPX and other third parties,[5] and are limited in scope. As reflected in the proposed amended protective order, *see* Exhibit A, and explained in IV's December 22 emails to American, *see* Exhibit B at 4-5, the modifications solely require American to redesignate the license agreements to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and provide IV with the names of any in-house counsel or other individuals with whom it shared any agreements designated by IV as Outside Attorneys' Eyes Only.

Accordingly, this Court should find that there is good cause to modify the protective order.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion, enter the attached proposed amended protective order, and further order American to provide IV with the names of any in-house counsel or other individuals with whom it shared the RPX Agreements or any other agreements IV designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY."

Dated: January 15, 2026               RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)

---

[5] *See Petrobras Am. Inc. v. Vicinay Cadenas, S.A.*, No. 4:12-CV-00888, 2015 WL 12940017, at *2 (S.D. Tex. Dec. 18, 2015) (granting motion to amend nearly two years after entering the protective order after finding good cause for the modification).

(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan Hicks (CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Jeceaca An (NY Bar No. 5849898)
(Admitted in this District)
jan@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 15th day of January, 2026, via the Court's CM/ECF System.

                                         */s/ Jonathan K. Waldrop*
                                         Jonathan K. Waldrop

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and CV-7(i), the undersigned hereby certifies that counsel for the parties conferred regarding this motion prior to filing. On January 8, 2026, American confirmed that it opposes the relief requested in this motion.

                                             */s/ Jonathan K. Waldrop*
                                             Jonathan K. Waldrop