**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | **C.A. No. 4:24-cv-00980-ALM** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| *Defendant*. | ) | |

**PLAINTIFFS INTELLECTUAL VENTURES I LLC AND INTELLECTUAL
VENTURES II LLC'S REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
<u>CORRECTED MOTION TO AMEND THE PROTECTIVE ORDER</u>**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV" or "Plaintiffs") submit this Reply in Support of Plaintiffs' Corrected Motion to Amend the Protective Order (Dkt. 113, "Motion" or "Mot."). IV seeks entry of a narrowly tailored amendment, *see* Dkt. 113-1 ("Amended Protective Order"), to add protections for the confidential information of third parties not involved in the drafting of the operative protective order (Dkt. 66, "Protective Order").[1] The amendment does not expand discovery, impose new production obligations, or alter the substantive rights of the Parties; it merely ensures that third-party commercial agreements designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" ("HC-OAEO") are not disclosed to in-house counsel or other personnel who may be involved in competitive decision-making. Defendant American Airlines, Inc.'s ("American" or "Defendant" and together with Plaintiffs, the "Parties") Opposition (Dkt. 123, "Opp.") is unsupported by fact and law.

## A.    This Court's Holding In *Nearstar* Is Instructive.

American fails to justify departure from this Court's holding in *Nearstar, Inc. v. Waggoner*, No. 4:09-CV-00218, 2009 WL 10677780, at *2 (E.D. Tex. Dec. 11, 2009) (Mazzant, J.). Opp. at 5. In *Nearstar*, this Court granted the motion for expansion and amendment of a blanket protective order.[2] *Nearstar* controls because IV's motion seeks to increase protections for non-party confidential information, not to relax protections for party discovery, or unwind a negotiated bargain for private advantage. American, like the party opposing modification in *Nearstar*,

---

[1] IV incorporates by reference herein the facts and arguments of the Motion and the exhibits attached thereto.

[2] A blanket protective order is a protective order that leaves designation of protected documents and discovery to the discretion of the parties. *See Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008). The Protective Order and Amended Protective Order are blanket protective orders.

contends that the Motion should be denied based on the four-factor test from *Bayer AG*.[3] *Id.* at 2. American's omission of an explanatory phrase from its quote of the four-factor test underscores the importance of the distinction of this case and other cases applying the four-factor test; the *Bayer AG* test is applied by courts "in deciding whether to modify a stipulated protective order at the behest of a party that originally agreed to the order **for reasons related to the private interests of the parties to the action.**" *U.S. v. Ocwen Loan Serv'g*, No. 4:12-CV-543, 2016 WL 278968, at *3-*4 (E.D. Tex. Jan. 22, 2016) (internal citations omitted) (emphasis added). This case "is distinguishable from cases applying this test in two ways that make this test inappropriate." *Nearstar*, 2009 WL 10677780, at *2. First, the modification requested by IV is "actually for the benefit of" entities not party to this case and not involved in negotiating the Protective Order. *Id.* Second, "unlike the typical motion for modification of a protective order, which argues for reducing the level of protection for confidential documents," *see* Opp. at 5, IV requests additional outside-attorneys'-eyes-only protection. *See Nearstar*, 2009 WL 10677780, at *2; Mot. at 3-5.

    *Nearstar* is not limited to disputes involving source code, as Defendant incorrectly asserts; *Nearstar* applies to requests "to bar a party's in-house counsel from access to certain information disclosed by the other side in patent cases." 2009 WL 10677780, at *3. Moreover, whether IV "could have advocated for a protective order that protected RPX Agreements" or RPX could have intervened is irrelevant to the determination of a motion to amend the protective order. *Id.*; Opp. at 5. Accordingly, grant of the Motion relies on whether good cause exists for the modification.

### B.    Good Cause Supports Modification Of The Protective Order.

    All factors of the *Motorola* five-factor test to assess good cause, *see Nearstar*, 2009 WL 10677780, at *3; Mot. at 5, weigh in favor of modifying the Protective Order.

---

[3] The *Bayer AG* four factor test was adopted by the Eastern District of Texas in *Raytheon*, 2008 WL 4371679, at *2.

1.    *American's refusal to identify the individuals that reviewed the documents designated HC-OAEO weigh in favor of modification.*

IV's concerns regarding the decision-making power of the individuals with whom American shared the documents designated HC-OAEO—which are exacerbated by American's refusal to identify these individuals—are not baseless or irrational, as Defendant contends, *see* Opp. at 3-4, but supported by law and the established facts. The first two factors of the *Motorola* test are whether the person receiving the confidential information is involved in competitive decision-making and the level of risk of inadvertent disclosure of proprietary information. Mot. at 5. The cases on which American relies explain that "[a]ccess to discovery can be denied to 'competitive decisionmakers' who may inadvertently use the material for inappropriate purposes" and define competitive decision-making as "a counsel's activities, associations, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *PACid Grp., LLC v. Apple, Inc.*, No. 6:09-CV-143, 2010 WL 10094684, at *3 (E.D. Tex. Feb. 19, 2010) (quoting *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)). *U.S. Steel* further explains that "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure." 730 F.2d at 1468. That concern is present here: the RPX Agreements and similar third-party agreements contain confidential licensing and commercial terms that could influence business decision-making even if never intentionally misused. American's refusal to identify the recipients also prevents IV from evaluating whether any recipient qualifies as a competitive decisionmaker, which is the precise inquiry the governing caselaw requires.

Instead of discussing whether its in-house counsel is involved in competitive decision-making, American argues that the HC-OAEO amendments are not necessary because its in-house counsel are officers of the court bound by the Code of Professional Responsibility ("PRC"). Opp. at 3. The fact that American's in-house counsel are "officers of the court" bound by the PRC neither entitle them to unbridled access to confidential information, nor insulate them from concerns of misuse of confidential information. While the Federal Circuit in *U.S. Steel* references the PRC to reject a bright-line test restricting access of in-house counsel, the Court nevertheless upheld the denial of access by in-house counsel to certain confidential information, citing "the risk of *inadvertent* disclosure within the corporate setting," and further suggested "where in-house counsel are involved in competitive decisionmaking [*sic*], it may be that a party seeking access should be forced to retain outside counsel or be denied the access recognized as needed," 730 F.2d 1467-68 (emphasis in original). Moreover, the Protective Order does not restrict access of in-house counsel with decision-making power to highly confidential information of third parties. *See* Mot. at 3; Dkt. 113-2 at 2-3. The issue is not whether American's in-house counsel are trustworthy; the issue is the risk of inadvertent use of non-party commercial terms within a corporate setting. Third parties did not negotiate the Protective Order and have no meaningful ability to protect their proprietary information absent an HC-OAEO restriction.

2.    *Modification of the Protective Order to protect the confidential information of third parties would not cause American undue burden.*

Amending the Protective Order to protect the confidential information of third parties would not cause American undue burden. American alleges it "has nearly completed its document production under the Stipulated Protective Order, designating documents in reliance on its terms," and argues for the first time that it "would prefer that IV's in-house counsel . . . not have access to information about American's products" without detailing how many or which documents it

4

"would prefer" IV's in-house counsel not review. Opp. at 6. However, American does not identify any concrete burden that would result from applying an HC-OAEO restriction going forward. American's proposed RPX-only, *see* Opp. at 7, carveout is unworkable and would defeat the purpose of the requested amendment. Third-party confidential information is not limited to the RPX Agreements and requiring IV to prove that an interested party has raised a legitimate objection before IV may apply HC-OAEO would be circular—third parties often will not know their agreements have been produced or disclosed until after the harm has occurred.

      3.    *The timing and scope of weigh in favor of modification.*

The narrowly tailored amendments to the Protective Order are timely. *See* Mot. at 1-3, 6. The last two *Motorola* factors are timing and scope of the remedy. *See id.* at 5. American argues, "[i]t would be unfair to penalize American now, when discovery is nearly complete, for relying on the Stipulated Protective Order." Opp. at 6. However, Mandatory Disclosures are not due until February 18, 2026, and discovery does not close until April 15, 2026. *See* Dkt. 81. Because party production and third-party disclosures are ongoing, the requested amendment is necessary now to prevent further dissemination of non-party proprietary information. Accordingly, good cause exists under *Nearstar* and the *Motorola* factors to amend the Protective Order to provide HC-OAEO protection for third-party confidential information and to require identification of individuals who have accessed such material.

For the foregoing reasons, this Court should grant the Motion, enter the Amended Protective Order, and order American to provide IV with the names of any in-house counsel or other individuals with whom it shared the RPX Agreements or any other documents IV designated HC-OAEO. IV does not seek privileged communications or litigation strategy—only identification of the individuals to whom American disclosed documents designated HC-OAEO.

Dated: February 13, 2026                     RESPECTFULLY SUBMITTED,


                                     By:  */s/ Jonathan K. Waldrop*
                                          Jonathan K. Waldrop (CA Bar No. 297903)
                                          (Admitted in this District)
                                          jwaldrop@kasowitz.com
                                          Marcus A. Barber (CA Bar No. 307361)
                                          (Admitted in this District)
                                          mbarber@kasowitz.com
                                          John W. Downing (CA Bar No. 252850)
                                          (Admitted in this District)
                                          jdowning@kasowitz.com
                                          Heather S. Kim (CA Bar No. 277686)
                                          (Admitted in this District)
                                          hkim@kasowitz.com
                                          ThucMinh Nguyen (CA Bar No. 304382)
                                          (Admitted in this District)
                                          tnguyen@kasowitz.com
                                          Jonathan Hicks (CA Bar No. 274634)
                                          (Admitted *pro hac vice*)
                                          jhicks@kasowitz.com
                                          **KASOWITZ LLP**
                                          101 California Street, Suite 3950
                                          San Francisco, California 94111
                                          Telephone: (415) 421-6140
                                          Facsimile: (415) 358-4408

                                          Paul G. Williams (GA Bar No. 764925)
                                          (Admitted in this District)
                                          pwilliams@kasowitz.com
                                          **KASOWITZ LLP**
                                          1230 Peachtree Street N.E., Suite 2445
                                          Atlanta, Georgia 30309
                                          Telephone: (404) 260-6080
                                          Facsimile: (404) 260-6081

                                          Jeceaca An (NY Bar No. 5849898)
                                          (Admitted in this District)
                                          jan@kasowitz.com
                                          Binta A. Watkins (NY Bar No. 5482492)
                                          (Admitted pro hac vice)
                                          bwatkins@kasowitz.com
                                          Kristine B. Abrenica (NY Bar No. 5781489)
                                          (Admitted pro hac vice)
                                          kabrenica@kasowitz.com

Paula Y. Ajumobi (NY Bar No. 6056097)
(Admitted pro hac vice)
pajumobi@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
ALLEN GARDNER LAW, PLLC
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served or delivered electronically to all counsel of record on this 13th day of February, 2026, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*           
Jonathan K. Waldrop
