**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| *Plaintiffs,* | ) ) | **C.A. No. 4:24-cv-00980-ALM** |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. | ) ) | |
| *Defendant.* | ) | |

**PLAINTIFFS INTELLECTUAL VENTURES I LLC AND INTELLECTUAL
VENTURES II LLC'S MOTION FOR LEAVE TO CONDUCT REMOTE
DEPOSITIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(4)**

## I.      INTRODUCTION

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("IV" or "Plaintiffs") respectfully move this Court for an order permitting Plaintiffs to take the depositions of Defendant American Airlines, Inc.'s ("Defendant," or "American," together with IV, the "Parties") fact witnesses by remote means—specifically, by video conference—pursuant to Federal Rule of Civil Procedure 30(b)(4) (the "Motion"). *See* Exhibit A.[1] The Court should grant this motion because: (1) remote depositions will substantially reduce costs and travel burdens for both parties without materially affecting the quality or fairness of the testimony; (2) modern videoconference technology provides—and has already served in this case as—a reliable and fully functional substitute for in-person examination; and (3) American suffers no material prejudice because its counsel remains free to attend the depositions in person at the witness's location and to defend the depositions as if conducted in a traditional setting.

## II.      FACTUAL BACKGROUND

### A.      The Parties and This Action

Plaintiff Intellectual Ventures I LLC is a Delaware limited liability company having its principal place of business in Bellevue, Washington. Plaintiff Intellectual Ventures II LLC is a Delaware limited liability company having its principal place of business in Bellevue, Washington. Defendant American Airlines, Inc. is a Delaware corporation with its principal place of business in Fort Worth, Texas. IV brings this action against American alleging infringement of United States Patent Nos. 8,332,844 ("the '844 Patent"); 8,407,722 ("the '722 Patent"); 7,949,785 ("the '785 Patent"); 8,027,326 ("the '326 Patent"); 7,324,469 ("the '469 Patent"); 7,257,582 ("the '582 Patent"); 7,712,080 ("the '080 Patent"); 7,721,282 ("the '282 Patent"); 7,822,841 ("the '841

---

[1] Submitted herewith is the April 8, 2026, Declaration of Jonathan K. Waldrop with exhibits thereto ("Exhibit __").

Patent"); 8,352,584 ("the '584 Patent"); 11,032,000 ("the '000 Patent"); and 10,103,845 ( the '845 Patent") (collectively, the "Asserted Patents").

On March 9, 2026, the Parties filed a joint motion to sever and stay deadlines for the '469 Patent, which this Court granted on March 10, 2026. *See* Dkts. 134, 135. On March 16, 2026, the Parties filed a joint motion to amend the scheduling order. *See* Dkt. 137. Under the amended schedule, the fact discovery deadline is July 15, 2026. *See* Dkt. 137-1 at 3. The Parties are presently engaged in fact discovery, and IV intends to depose four fact witnesses currently or formerly employed by American.

**B.       The Parties Have Already Taken Five Fully Remote Depositions In This Case**

Pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, as of the filing of this motion, the Parties have taken the depositions of five witnesses remotely. IV took the remote depositions of Michael Goodrich on August 8, 2025; Dr. Michael Shamos on March 16, 2026; and Dr. Daniel van der Weide on March 23, 2026. American took the remote depositions of Joseph Camp on March 16, 2026; and Mahdi Eslamimehr on March 20, 2026.

**C.       The Parties Were Unable to Resolve This Issue Through Meet and Confer**

Counsel for IV is located in San Francisco and New York. To prevent the imposition of unnecessary travel costs and expenses and in accordance with the conduct of depositions taken earlier in the case, IV informed American of its intention to take the depositions of American's fact witnesses remotely. Despite good-faith efforts to resolve the dispute, the Parties have been unable to reach agreement. Instead, American has indicated that "American will not make any of its fact witnesses available for remote deposition" without further explanation. *See* Exhibit B. This motion follows.

2

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(4) expressly authorizes parties to conduct depositions by remote means.  Pursuant to Rule 30(b)(4), "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."  Fed. R. Civ. P. 30(b)(4).  "Generally, leave to take depositions by remote electronic means should be granted liberally."  *See Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008); *Greco v. NFL*, No. 3:13-CV-1005-M-BK, 2017 WL 11679599, at *1 (N.D. Tex. Mar. 30, 2017).  The party seeking the remote deposition must establish a legitimate reason for taking the deposition remotely.  *Brown v. Carr*, 236 F.R.D. 311, 312 (S.D. Tex. 2006).  The burden then shifts to the party opposing the remote deposition to establish good cause as to why they should not be conducted by remote means.  *Id.*

### IV.    REMOTE DEPOSITION OF DEFENDANT'S FACT WITNESSES BY PLAINTIFFS IS SUPPORTED BY FACT AND LAW.

An order authorizing IV to examine American's fact witnesses remotely is warranted because remote depositions will substantially reduce costs and burdens on the Parties.  Remote and hybrid depositions have already been conducted by both Parties in this case, and American has not offered any reason why IV should not be allowed to depose American's fact witnesses remotely.

Courts have broad discretion to impose terms and conditions governing discovery, including the manner in which depositions are conducted.  Fed. R. Civ. P. 26(b)(2)(C).  The cost of in-person depositions is a recognized basis for granting relief under Rule 30(b)(4).  *See* Fed. R. Civ. P. 26(b)(1) (directing courts to consider "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit").

Requiring in-person depositions across multiple out-of-state locations would impose significant costs and burdens on both parties with no corresponding benefit to the accuracy or completeness of the record. IV's request to conduct depositions remotely is the more proportionate alternative and is fully consistent with this Court's commitment to efficient and cost-effective litigation. *See* Local Rule CV-7(h) (encouraging the parties to conduct discovery cooperatively and proportionately). IV's counsel are located in San Francsico and New York. Without the requested order, IV's counsel would have to travel to Dallas, Texas to depose each of American's four fact witnesses. Each in-person deposition would require round-trip airfare, hotel accommodations, ground transportation, and other related travel expenses. IV estimates unnecessary travel expense totaling thousands of dollars.[2] Remote depositions by video conference would eliminate these costs entirely while preserving IV's full ability to examine the witnesses effectively and American's ability to appear and defend its fact witnesses in-person.

Remote deposition technology has advanced substantially and is now routinely used in federal litigation, including in patent cases in this district. *See e.g.*, *Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-CV-00238-JRG, 2026 WL 49709, at *3 (E.D. Tex. Jan. 7, 2026); *Guerrero v. Quality Carriers, Inc.*, No. 1:23-CV-12, 2023 WL 6393874, at *1 (E.D. Tex. Oct. 2, 2023); *Coppock v. Doug's Corner, Inc.*, No. 5:21-CV-43-RWS-JBB, 2023 WL 11947177, at *3 (E.D. Tex. July 28, 2023). Secure, high-definition video conferencing platforms allow deposing counsel to observe witness demeanor in real time, present exhibits electronically, and obtain a

---

[2] The war on Iran has diminished the availability of oil, causing significant rises in gasoline and fuel prices. *See* Exhibit C, "Fuel prices could keep rising for months even if Hormuz reopens, US EIA says," Reuters (Apr. 7, 2026), https://www.reuters.com/business/energy/fuel-prices-could-keep-rising-months-after-hormuz-reopens-us-eia-says-2026-04-07/; Exhibit D, "Airlines are canceling flights as they face jet fuel shortages and rising prices brought on by the Iran war," Business Insider (Apr. 7, 2026), https://www.businessinsider.com/airlines-cancel-flights-rising-jet-fuel-prices-shortage-iran-2026-4; Exhibit E, "'Work from home,' encourages the world's energy watchdog," The Verge (Mar. 20, 2026), https://www.theverge.com/science/897874/iea-fuel-gas-shortage-recommendations-work-from-home.

certified transcript and video recording indistinguishable from those produced in an in-person session. Here, the Parties have conducted both remote and hybrid depositions via Planet Depos, a certified remote deposition service. Thus, grant of this motion would not impose additional burdens on the Parties but would instead allow the Parties to follow established case procedure.

Lastly, where, as here, "the party seeking the deposition is prepared to conduct its portion without a face-to-face encounter with the witness," Texas courts have held "there is no reason not to permit [the party requesting to take the deposition remotely] to do so, with any other party free to question the witness in person, thus avoiding any prejudice while reducing expenses." *Edgar v. Deere & Co.*, No. 3:00-CV-2729-D, 2002 WL 34722223, at *2 (N.D. Tex. Apr. 9, 2002) (internal citation omitted). IV does not seek to preclude American from attending the depositions of its fact witnesses in-person; IV solely seeks permission to for IV to participate remotely as the examining party. That is, American's counsel remains entirely free to appear in person at the witnesses' locations, to confer privately with the witness during permitted breaks, to make objections, to conduct redirect examination, and to review and mark any exhibits as in any in-person proceeding. As courts have observed, any claimed prejudice from a remote deposition is substantially diminished where the defending party is not similarly constrained. *See Greco v. NFL*, No. 3:13-CV-1005-M-BK, 2017 WL 11679599, at *1 (N.D. Tex. Mar. 30, 2017) (holding that "there is no legal reason why Plaintiffs' counsel may not appear remotely, even where Defendant's counsel appears in person, if they so choose").

American cannot credibly claim—in a case where multiple remote depositions have been taken by both parties—that it is prejudiced by a procedure that preserves its right to defend its witnesses and reduces the time and expense of the depositions for its counsel, who would also be required to travel to the fact witnesses' locations.

5

## V.    CONCLUSION

For the foregoing reasons, IV respectfully requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 30(b)(4) authorizing IV to take the depositions of American's fact witnesses by remote video conference.

Dated: April 9, 2026

Respectfully submitted,

By  */s/ Jonathan K. Waldrop*
     Jonathan K. Waldrop (CA Bar No. 297903)
     (Admitted in this District)
     jwaldrop@kasowitz.com
     Marcus A. Barber (CA Bar No. 307361)
     (Admitted in this District)
     mbarber@kasowitz.com
     John W. Downing (CA Bar No. 252850)
     (Admitted in this District)
     jdowning@kasowitz.com
     Heather S. Kim (CA Bar No. 277686)
     (Admitted in this District)
     hkim@kasowitz.com
     ThucMinh Nguyen (CA Bar No. 304382)
     (Admitted in this District)
     tnguyen@kasowitz.com
     Jonathan Hicks (CA Bar No. 274634)
     (Admitted in this District)
     jhicks@kasowitz.com
     **KASOWITZ LLP**
     101 California Street, Suite 3950
     San Francisco, California 94111
     Telephone: (415) 421-6140
     Facsimile: (415) 358-4408

     Jeceaca An (NY Bar No. 5849898)
     (Admitted *Pro Hac Vice*)
     jan@kasowitz.com
     Binta Watkins (NY Bar No. 5482492)
     (Admitted *Pro Hac Vice*)
     bwatkins@kasowitz.com
     Kristine Abrenica (NY Bar No. 5781489)
     (Admitted *Pro Hac Vice*)
     kabrenica@kasowitz.com
     Paula Ajumobi (NY Bar No. 6056097)
     (Admitted *Pro Hac Vice*)
     pajumobi@kasowitz.com
     **KASOWITZ LLP**
     1633 Broadway
     New York, NY 10019
     Telephone: (212) 506-1800
     Facsimile: (212) 506-1700

7

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, TX 75701
Telephone:  903-944-7537
Facsimile:  903-944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendant regarding the relief requested in this motion on April 8, 2026.  Counsel for Defendant indicated that Defendant is opposed to the relief requested, and the parties were unable to reach an agreement.  Accordingly, Plaintiffs present this motion for resolution by the Court.

Dated: April 9, 2026                                    Respectfully submitted,

                                                         */s/ Jonathan K. Waldrop*
                                                         Jonathan K. Waldrop

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing motion was served or delivered electronically via email to all counsel of record on this 9th day of April, 2026.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop

10