# EXHIBIT B

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/850,842 | 05/21/2004 | Lei Pan | 703538.4044 | 9744 |

34313        7590        07/22/2008
ORRICK, HERRINGTON & SUTCLIFFE, LLP
IP PROSECUTION DEPARTMENT
4 PARK PLAZA
SUITE 1600
IRVINE, CA 92614-2558

| EXAMINER |
|---|
| WEI, ZHENG |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2192 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/22/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/850,842 | PAN ET AL. |
| | Examiner | Art Unit |
| | ZHENG WEI | 2192 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>18 April 2008</u>.

2a) ☒ This action is **FINAL**.        2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-6,9,10 and 15-22</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-6,9,10 and 15-22</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>21 May 2004</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____.

Application/Control Number: 10/850,842                                                    Page 2

Art Unit: 2192

## DETAILED ACTION

### *Remarks*

1.     This office action is in response to the amendment filed on 04/18/2008.

2.     Claims 7, 8, 11-14 and 23-25 have been canceled.

3.     Claims 1-3, 9, 10, and 15-22 have been amended.

4.     The objection to claim 1-10 is withdrawn in view of Applicants' amendment

5.     Claims 1-6, 9-10, and 15-22 remain pending and have been examined.

### *Response to Arguments*

6.     Applicants' arguments filed on 04/18/2008, in particular on pages 6-7, have been fully considered but they are not persuasive. For example:

- At page 7, the Applicants argue that Fukuda does not teaching performing the step of message-passing in Messengers. However, Fukuda also discloses the spawn operation in message-passing method is comparable to the "create" operation in Messengers (see for example, page 5, right column, second paragraph, "Specifically, our create is comparable to a spawn operation in PVM while a hop is similar to a send/receive operation" [emphasis added]). Moreover, Fukuda discloses the "create" operation to create new logical nodes and/or lines (see for example, Figure 1 and related text) and further transforming code by spawning a child program (see for example, page 4, right column, last paragraph, "This also causes a replica of the messenger to be

Application/Control Number: 10/850,842                                      Page 3

Art Unit: 2192

created…" [emphasis added]). Furthermore, Suzuki (with co-author Fukuda) also discloses detailed implementation of using Threads to migrate program to other nodes (code execution) (see for example, p.2, section 2.2 Principles of Operations, figure 2. Network objects defined in C++ and related text). Therefore, Pan and Suzuki's reference combines with Fukuda do disclose said limitation as the Applicants argued.

### *Claim Rejections - 35 USC § 103*

7.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

8.      Claims 1-6 and 9-10, and 15-22 are rejected under 35 U.S.C. 102(a) as being unpatentable over Pan (Pan et al., Distributed Sequential Computing Using Mobile Code: Moving Computation to Data) in view of Suzuki (Suzuki et al., "Self-Migrating Threads for multi-Agent applications", is made of record.) further in view of Fukuda (Fukuda et al., Message versus Messengers in Distributed Programming).

Claim 1:

Pan discloses a method/system of developing a distributed application, comprising steps of:

Application/Control Number: 10/850,842                                               Page 4
Art Unit: 2192

- establishing one or more distributed shared variables (see for example, p.77, right column, second paragraph, "distributed sequential computing"; also see "The data is distributed in essence…the code follows the data (an agent-based approach)"); and

- developing one or more distributed sequential computing programs to access the one or more distributed shared variables (see for example, p.77, right column, first paragraph, "distributing the sequential algorithm", "re-programming") and

- transforming the one or more distributed sequential computing programs into one or more distributed parallel programs (see for example, p.79 section "Sequential matrix multiplication implemented using MESSENGERS; also see Figure 2 Matrix decomposition, Figure 3, Logical network used for matrix multiplication and related text)

but does not explicitly disclose the distributed application is a parallel distributed application and transforming by spawning. However, Suzuki in the same analogous art of distributed computing, discloses a same parallel distributed approach using self-migrating threads that autonomously navigate over networks and resume their native -mode executions at each destination (see for example, p.1, right column, third paragraph, "These threads can behave as autonomous light-weight agents roaming over and changing their synthetic world") and also discloses coding multi-Agent Applications with Self-migrating Threads (see for example, p.3, section 2.3 Coding Multi-Agent Application with Self-Migrating

Application/Control Number: 10/850,842                                      Page 5

Art Unit: 2192

Threads"). Therefore, it would have been obvious to one having ordinary skill in

the art at the time the invention was made to combine Pan's sequential

computing algorithm with Suzuki's detail programming implementation for multi-

agent applications with self migrating threads in a parallel distributed system.

One would have been motivated to do so to improve performance sequential

computation as disclosed by Pan (see for example, p.77, ABSTRACT,

"Sequential computations can benefit from a distributed environment consisting

of a network of workstations through the use of a mobile agent system.").

Fukuda discloses transforming/migrating the program by spawning a child

program (replica of the Messenger to be created) (see for example, page 4, right

column, last paragraph, "This also causes a replica of the messenger to be

created…"; also see, page 3, left column, third paragraph, "Messenger programs"

and related text). Therefore, it would have been obvious to one having ordinary

skill in the art at the time the invention was made to combine Pan, Suzuki and

Fukuda, because they all disclose the same MESSENGER system.


Claim 2:

Suzuki further discloses wherein each of the one or more distributed sequential

computing programs includes one or more self-migrating threads, capable of

migrating among one or more processors and capable of accessing the one or

more distributed shared variables (see for example, p.3, section 2.3 Coding

Multi-Agent Application with Self-Migrating Threads").

Application/Control Number: 10/850,842                                                     Page 6

Art Unit: 2192

Claim 3:

Suzuki further discloses wherein the one or more distributed shared variables are

configured to be located among a plurality of memories (see for example, p.2,

section 2.1 Computational Network and Objects, "daemon node information").


Claim 4:

Suzuki further discloses wherein the parallel distributed application is configured

to operate across multiple processors (see for example, p.3, right column,

second paragraph "Thread Navigation" The thread propagates along links and/or

jumps directly to nodes")


Claim 5:

Suzuki further discloses wherein the parallel distributed application is configured

to operate using multiple threads (see for example, p.1, right column third

paragraph "threads")").


Claim 6:

Suzuki further discloses wherein the parallel distributed application is configured

to operate across multiple nodes (see for example, Figure 1. Computational

network, Logical Network, nodes).

Application/Control Number: 10/850,842                                          Page 7

Art Unit: 2192

Claim 9:

Pan also discloses the method comprising the step of configuring the one or

more distributed sequential programs to include one or more mobile agents (see

for example, p.77, right column, forth paragraph "Moreover, the agent doing the

computation can send out additional agents to other machines to pre-fetch data

needed for subsequent computation")).

Claim 10:

Pan further discloses wherein the one or more mobile agents are implemented

using self-migrating threads (see for example, p.78, right column, third

paragraph, "self-migrating computations")

Claims 15-17 and 20-22:

Claims 15-17 and 20-22 are system version for performing the claimed method

as in claims 1-6, 9 and 10 addressed above, wherein all claimed limitation

functions have been addressed and/or set forth above. Thus, they also would

have been obvious.

Claims 18 and 19:

Application/Control Number: 10/850,842                                      Page 8

Art Unit: 2192

<u>Pan</u> further discloses wherein the one or more mobile agents are explicit-navigation/implicit-navigation mobile agents (see for example, p.78, right column second paragraph "the programs are carried by agents as they navigate through space"; also see p.77, forth paragraph, "Moreover, the agent doing the computation can send out additional agents to other machines to pre-fetch data needed for subsequent computation")

### *Conclusion*

9.      The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Applicant's arguments with respect to claims rejection have been considered but are not persuasive, Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however, will

Application/Control Number: 10/850,842                                        Page 9

Art Unit: 2192

the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.

10.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Zheng Wei whose telephone number is (571)

270-1059 and Fax number is (571) 270-2059.  The examiner can normally be

reached on Monday-Thursday 8:00-15:00.

If attempts to reach the examiner by telephone are unsuccessful, the

examiner's supervisor, Tuan Q. Dam can be reached on (571) 272-3695.  The

fax phone number for the organization where this application or proceeding is

assigned is 571-273-8300.

Any inquiry of a general nature of relating to the status of this application

or proceeding should be directed to the TC 2100 Group receptionist whose

telephone number is 571- 272-1000.

Application/Control Number: 10/850,842                                                    Page 10
Art Unit: 2192

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Z. W./

Examiner, Art Unit 2192

/Tuan Q. Dam/

Supervisory Patent Examiner, Art Unit 2192