**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| *Plaintiffs*, | ) ) | **C.A. No. 4:24-cv-00980-ALM** |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. | ) ) | |
| *Defendant*. | ) | |

**PLAINTIFFS INTELLECTUAL VENTURES I LLC AND INTELLECTUAL
VENTURES II LLC'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
TO CONDUCT REMOTE DEPOSITIONS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 30(b)(4)**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV" or "Plaintiffs") submit this Reply in Support of Plaintiffs' Motion for Leave to Conduct Remote Depositions Pursuant to Federal Rule of Civil Procedure 30(b)(4) (Dkt. 140, "Motion" or "Mot."). IV seeks an order permitting Plaintiffs to take the depositions of Defendant American Airlines, Inc.'s ("Defendant," or "American," together with IV, the "Parties") fact witnesses by video conference.  American's opposition (Dkt. 143, "Opp.") relies on generalized concerns about technology and witness management and fails to identify concrete, case-specific harm to outweigh the efficiency, accessibility, and cost-effective benefits of remote depositions.  The relief requested by IV is expressly authorized by Rule 30(b)(4), routinely granted by courts in this district, and narrowly tailored to govern depositions of witnesses noticed by Plaintiffs.  Remote depositions will streamline discovery, reduce costs and burdens for all parties and non-parties, and preserve the case schedule.  Moreover, because both parties have examined multiple witnesses via remote video conference in this case, grant of the Motion would further promote and ensure reliability and fairness.

### A. Rule 30(b)(4) And Eastern District Caselaw Expressly Permit Remote Depositions

Rule 30(b)(4) expressly permits remote depositions and confers broad discretion to courts to authorize them.  Courts in this district regularly exercise their discretion to permit remote depositions to promote the "just, speedy, and inexpensive" resolution of actions, particularly where remote means reduce travel, expense, and logistical obstacles without impairing examination, cross-examination, or the integrity of the record.  *See* Fed. R. Civ. P. 1.  (*See also* Mot. at 4.)

Defendant does not identify any rule-based prohibition against the remote depositions Plaintiffs seek.  After enjoying the convenience, efficiency, and cost-effective benefits of remote depositions for multiple depositions in this case, Defendant attempts to prevent Plaintiffs from

following established precedent in this case by citing unspecified "concern over the logistical and technical challenges of remote depositions" and arguing that its fact witnesses "deserve [the] simple courtesy" (Mot. at 3).  American's speculative concerns and unsubstantiated attacks on IV's financial standing fail to overcome the rules' express allowance for remote means and the Court's discretion to implement reasonable procedures to address any case-specific issues.

> **B.**     **Remote Depositions Promote Efficiency, Reduce Costs, and Provide Adequate Safeguards Without Prejudice**

Remote proceedings substantially reduce travel, lodging, and lost productivity for parties, counsel, and court reporters.  For dispersed witnesses and experts, remote depositions enable timely scheduling and avoid cumulative delays and expense. These efficiencies directly advance the mandate for proportional and cost-effective discovery.  American does not identify any specific prejudice tied to any particular witness, subject matter, or exhibit. Conclusory assertions about "difficulty assessing credibility" or "exhibit handling" are routinely rejected where modern videoconference technology enables real-time, high-resolution observation and secure exhibit sharing and where the party opposing the remote deposition is free to appear in person (Mot. at 4-5).

Any remote depositions conducted by IV would follow the parties' previous procedure of providing secure, high-definition video, electronic exhibits, and certified transcript and video recording indistinguishable from those produced by in-person depositions.  As in the other depositions taken in this case, American's counsel will have the ability to confer with its witnesses during off-the-record breaks, be present in the room with the witnesses during questioning, and object on the record.

Given use of video recording and other electronics to aid with recording of the deposition, conducting depositions in person would not eliminate technical challenges.  Accordingly, just as

the parties would do during in-person depositions and consistent with previous depositions, any technical interruption during the remote deposition, will be promptly noted and questioning will be paused until resolved. Moreover, if persistent connectivity issues materially impair examination, the deposition may be adjourned and continued, without prejudice to additional time reasonably necessary to complete questioning.

The success of five fully remote depositions in this case (*see* Mot. at 2) and the proposed measures described detailed in the Motion (*id.* at 4-5) and above ensure video and exhibit integrity and provide the same opportunity for effective examination as in-person proceedings.

Grant of the Motion to allow Plaintiffs to take depositions remotely will also allow the Parties to abide by the deadlines set by the Court. Here, American has repeatedly asserted it does not have the discovery requested by IV and has directed IV to seek answers to questions central to its theory of the case and documents needed to assess and support IV's claims from third parties. Thus, remote depositions are necessary to enable IV to efficiently and cost effectively obtain information needed by IV. While examination of American's witnesses by remote video conference would not prejudice Defendant, requiring IV to appear in person to examine American's witnesses would affect IV's ability to develop and strengthen its case in an efficient, timely, and cost-friendly manner already enjoyed by the Parties in the case.

## CONCLUSION

For the foregoing reasons, IV respectfully requests that the Court grant the Motion and enter an order pursuant to Federal Rule of Civil Procedure 30(b)(4) authorizing IV to take the depositions of American's fact witnesses by remote video conference.

Dated: May 1, 2026

Respectfully submitted,

By: */s/ Jonathan K. Waldrop*

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan Hicks (CA Bar No. 274634)
(Admitted *pro hac vice*)
jhicks@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Jeceaca An (NY Bar No. 5849898)
(Admitted *pro hac vice*)
jan@kasowitz.com
Binta A. Watkins (NY Bar No. 5482492)
(Admitted *pro hac vice*)
bwatkins@kasowitz.com
Kristine Abrenica (NY Bar No. 5781489)
(Admitted *pro hac vice*)
kabrenica@kasowitz.com

4

Paula Ajumobi (NY Bar No. 6056097)
(Admitted *pro hac vice*)
pajumobi@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 1st day of May, 2026, via the Court's CM/ECF system.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop