**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) | |
| *Plaintiffs*, | ) ) | **C.A. No. 4:24-cv-00980-ALM** |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. | ) ) | |
| *Defendant*. | ) | |

**P.R. 4-5(d) SUPPLEMENTAL JOINT CLAIM CONSTRUCTION CHART**

| Claim[1] | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| **U.S. Patent No. 7,822,841** | | | |
| "operational and connectivity problems" <br><br> ('841 Patent, Claim 1) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "hardware and software problems" <br><br> ('841 Patent, Claim 1) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "wherein the first configuration differs from the second configuration" [2] <br><br> ('841 Patent, Claim 1) | Plain and ordinary meaning, not indefinite | Indefinite | |

[1] For ease of reference, the parties only list the claims where the disputed term first appears.

[2] The parties identified the disputed terms "wherein the first configuration differs from the second configuration" ('841 Patent, Claim 1; '584 Patent, Claims 1 and 10), "new data blocks" ('282 Patent, Claims 1 and 15), "sector" ('282 Patent, Claims 1, 10, and 15), "multiple nodes" ('080 Patent, Claim 6), "distributed shared memory system" ('080 Patent, Claims 17 and 18), and "a plurality of predetermined time slots in a downlink frame, wherein other time slots of the downlink frame do not include a physical control channel" (Claim 13) in the Supplemental Joint Claim Construction Statement. *See* Dkt. 124. On March 27, 2026, Defendant American Airlines, Inc.'s ("American") counsel emailed Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") counsel, stating: "[i]n order to streamline issues and alleviate burden on the Court, American is willing to drop its requests to construe the following terms" including the '841, '584, '080, and '282 Patent disputed terms identified above. IV's counsel responded by stating: "[r]egarding the '841/'584 patent term, IV understands that American is no longer asserting that the term "wherein the first configuration differs from the second configuration" is indefinite. If this is accurate, IV is willing to drop the term. As for the identified terms in the '080 and '282 patents, IV understands that American agrees that the terms should be given their plain and ordinary meaning. To the extent American agrees with IV's position as to the plain and ordinary meaning of those terms, we are fine with dropping them. In light of the upcoming deadline for IV's opening supplemental claim construction brief, please confirm by 5:00 PM Pacific today whether American agrees to drop the claim terms consistent with the above." The parties discussed, but did not reach agreement, regarding dropping any terms identified in the Supplemental Joint Claim Construction Statement (Dkt. 124). Accordingly, IV included arguments for these terms, as well as for the disputed '000 Patent term identified above, in its opening brief. *See generally* Dkt. 139. American did not include arguments for these terms in its responsive briefs. *See generally* Dkts. 141 and 144.

| Claim[1] | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| "communications within the first [HPC] and second [HPC] clusters are isolated"<br><br>('841 Patent, Claim 8) | Plain and ordinary meaning | network traffic within each cluster is maintained separate from other clusters by a gateway positioned between the private cluster network and the private company network that manages traffic destined for its corresponding cluster | |
| "high performance computing cluster"<br><br>('841 Patent, Claim 9) | Plain and ordinary meaning, not indefinite | Indefinite | |
| U.S. Patent No. 8,352,584 | | | |
| "operational or connectivity problems"<br><br>('584 Patent, Claims 5, 6) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "hardware or software problems"<br><br>('584 Patent, Claim 6) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "communications between the first [HPC] cluster and the second [HPC] cluster are isolated"<br><br>('584 Patent, Claims 1, 10) | Plain and ordinary meaning | network traffic within each cluster is maintained separate from other clusters by a gateway positioned between the private cluster network and the private company network that manages traffic destined for its corresponding cluster | |

2

| Claim[1] | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| "high performance [computing] cluster" ('584 Patent, Claims 1, 10) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "wherein the first configuration differs from the second configuration" ('584 Patent, Claims 1, 10) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "means ... to limit access ..." ('584 Patent, Claim 8) | *Function*: limit access to the first cluster to communication access from a first client associated with the first client task and limit access to the second cluster to communication access from a second client associated with the second client task. *Structure*: Firewall and authentication system/mechanism (e.g., 210), including implementations such as per-cluster firewall/authentication systems/mechanisms (e.g., 410/411/412), and associated software/hardware configured to (1) direct incoming connections to the correct cluster and (2) authenticate the user/client to ensure access | *Function*: limit access to the first cluster to communication access from a first client associated with the first client task and limit access to the second cluster to communication access from a second client associated with the second client task *Structure*: firewall and authentication mechanism 210 | |

3

| Claim[1] | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| | only to the authorized cluster, and equivalents thereof. | | |
| **U.S. Patent No. 7,721,282** | | | |
| "root image" (' 282 Patent, Claims 1, 4, 5, 15, 17, 20, and 21) | Plain and ordinary meaning | a read-only base set of data blocks, operating beneath the file system, that provide the common portion of the application environment | |
| "new data blocks" (' 282 Patent, Claims 1, 15) | Plain and ordinary meaning | data blocks that are not present in the root image | |
| "appropriate persistent mapping" (' 282 Patent, Claims 1 and 15) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "sector" (' 282 Patent, Claims 1, 10, 15) | Plain and ordinary meaning | contiguous portion of the data storage area on a disk | |
| "low-level driver" (' 282 Patent, Claim 1) | Plain and ordinary meaning | driver that operates below the file system | |
| "the modifying" (' 282 Patent, Claim 15) | Plain and ordinary meaning, not indefinite | Indefinite | |
| "at an operational level" (' 282 Patent, Claim 26) | Plain and ordinary meaning, not indefinite | Indefinite | |

| Claim[1] | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| **U.S. Patent No. 7,712,080** | | | |
| "distributed parallel computing program" (′080 Patent, Claims 1, 4, 5, 6, 9, 17, and 18) | Plain and ordinary meaning | program that computes using multiple concurrent distributed sequential computing programs configured to operate across multiple processors/nodes and multiple memories | |
| "distributed sequential computing program" (′080 Patent, Claims 1 and 9) | Plain and ordinary meaning | program using a single locus of computation over distributed data | |
| "parallel processing and/or operations" (′080 Patent, Claims 1 and 9) | Plain and ordinary meaning | handling multiple threads concurrently without terminating and resuming thread processes | |
| "multiple nodes" (′080 Patent, Claim 6) | Plain and ordinary meaning | multiple memory areas associated with separate processors | |
| "distributed shared memory system" (′080 Patent, Claims 17, 18) | Plain and ordinary meaning | system that uses a globally accessible memory space built on distributed memories | |
| **U.S. Patent No. 11,032,000** | | | |
| "time interval" / "time intervals" (′000 Patent, Claims 1, 6, 13) | Plain and ordinary meaning | "time slot" and "time slots" | |

5

| Claim[1] | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| "a processor" / "the processor" ('000 Patent, Claims 1, 2, 4) | Plain and ordinary meaning | one or more processors, at least one of which is configured to receive resource allocation information ..., send, over the physical uplink shared channel, data ..., send the uplink physical signal ..., and receive, on a physical control channel, control information ... | |
| "a receiver" / "the receiver" ('000 Patent, Claims 1, 2 and 4) | Plain and ordinary meaning | one or more receivers, at least one of which is configured to receive resource allocation information..., and receive, on a physical control channel, control information... | |
| "a transmitter" / "the transmitter" ('000 Patent, Claim 1) | Plain and ordinary meaning | one or more transmitters, at least one of which is configured to send, over the physical uplink shared channel, data ..., and send the uplink physical signal ... | |
| "in the same time interval that the uplink physical signal is sent, a plurality of UEs transmit uplink physical signals in the same time interval" ('000 Patent, Claim 1) | Plain and ordinary meaning; not indefinite | indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) | |

| Claim[1] | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| "a plurality of predetermined time slots in a downlink frame, wherein other time slots of the downlink frame do not include a physical control channel"<br><br>('000 Patent, Claim 1) | Plain and ordinary meaning; not indefinite | indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) | |

Dated: May 4, 2026

RESPECTFULLY SUBMITTED,

By: */s/ John Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4218
Telecopier: (214) 978-4044

Emily Tannenbaum
New York State Bar No. 5928130
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**McKool Smith, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

**Attorneys for Defendant**
**AMERICAN AIRLINES, INC.**

By: */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan Hicks (CA Bar No. 274634)
(Admitted *pro hac vice*)
jhicks@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Jeceaca An (NY Bar No. 5849898)
(Admitted *pro hac vice*)
jan@kasowitz.com
Binta A. Watkins (NY Bar No. 5482492)
(Admitted *pro hac vice*)
bwatkins@kasowitz.com
Kristine Abrenica (NY Bar No. 5781489)
(Admitted *pro hac vice*)
kabrenica@kasowitz.com

Paula Ajumobi (NY Bar No. 6056097)
(Admitted *pro hac vice*)
pajumobi@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served or delivered electronically to all counsel on this 4th day of May, 2026, via the Court's CM/ECF system.

*/s/ Jonathan Waldrop*
Jonathan Waldrop