**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC,**<br><br>        **Plaintiff,**<br><br>    **vs.**<br><br>**AMERICAN AIRLINES, INC.,**<br><br>        **Defendant.** | **Civil Action No. 4:24-cv-00980**<br><br><br>**JURY TRIAL** |

**AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION FOR LEAVE TO
CONDUCT REMOTE DEPOSITIONS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 30(B)(4)**

████████████

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................................................1

II.     FACTUAL BACKGROUND..............................................................................................1

III.    LEGAL STANDARDS .......................................................................................................2

IV.     IV HAS NO GOOD CAUSE TO DEMAND REMOTE DEPOSITIONS.........................................................................................................3

██████████

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aon Re, Inc. v. Zesty.ai, Inc.*,
  C.A. 1-25-cv-00201, D.I. 97 (D. Del. March 3, 2026) ...................................................6

*Apeldyn Corp. v. AU Optronics Corp.*,
  C.A. 1-08-cv-00568, D.I. 481 (D. Del. Jun. 08, 2011) ...................................................6

*Gavrieli Brands LLC v. Soto Massini (USA) Corp.*,
  C.A. 1-18-cv-00462, D.I. 127 (D. Del. Apr. 18, 2019) ...................................................6

*Nippon Shinyaku., Ltd. v. Sarepta Therapeutics, Inc.*,
  C.A. 1-21-cv-01015, D.I. 359 (D. Del. Sep. 27, 2023).....................................................6

*Optrascan, Inc. v. Morphle Labs Inc.*,
  C.A. 1:24-cv-00649, D.I. 74 (D. Del. Oct. 10, 2025) ..................................................3, 4

*Staton Techiya, LLC v. Samsung Electronics Co., Ltd.*,
  Case No. 2:21-cv-00413, Dkt. 79 (E.D. Tex. Jun. 17, 2022)...........................................3

*SVV Technology Innovations Inc. v. ASUSTeK Computer Inc.*,
  Case No. 6:22-cv-00311, Dkt. 56 (W.D. Tex. Jul. 28, 2023) ..........................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 26(b)(1)..........................................................................................................4

███████████

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | *Intellectual Ventures I LLC and Intellectual Ventures II LLC v. Southwest Airlines Co.* C.A. 1:26-cv-00425 (W.D. Tx), Plaintiffs' Complaint for Patent Infringement |
| 2 | *Intellectual Ventures I, LLC and Intellectual Ventures II, LLC v. The Home Depot, Inc., Home Depot U.S.A. Inc., and Home Depot Product Authority, LLC.*, C.A. 1:25-cv-01147, (W.D. Tx), Plaintiffs' Complaint for Patent Infringement |
| 3 | *Intellectual Ventures I, LLC and Intellectual Ventures II, LLC v. Deere & Company,* Case No. 1:26-cv-00425, (W.D. Tx) Plaintiffs' Complaint for Patent Infringement |
| 4 | *Hartford Fire Insurance Company and The Hartford Insurance Group, Inc. v. Intellectual Ventures I, LLC, Intellectual Ventures II, LLC, Callahan Cellular L.L.C., Zarbana Digital Fund LLC, OL Security LLC, and Cufer Asset Ltd., L.L.C.*, Case No. 1:26-cv-00392, (D. Del), Complaint for Declaratory Judgment |
| 5 | *The Hanover Insurance Group, Inc. and the Hanover Insurance Company v. Intellectual Ventures Management, LLC, Intellectual Ventures I, LLC, Intellectual Ventures II, LLC, Invention Investment Fund I, LP and Invention Investment Fund II, LLC,* Case No. 1:26-cv-11633, (D. Mass), Complaint |
| 6 | *The Travelers Indemnity Company v. Intellectual Ventures I LLC, Intellectual Ventures II, LLC, Callahan Cellular LLC, Zarbana Digital Fund, LLC, OL Security LLC, Cufer Asset, Ltd, LLC, Gula Consulting LLC, and Tamiras Per PTE., Ltd., LLC,* Case No.1:26-cv-00397, (D. Del), Complaint for Declaratory Judgment of Non-Infringement |
| 7 | *Munich RE America Services, Inc., Munich American Reassurance Company, Munich Life Management Corporation Ltd., and Munchener Ruckversicherungs-Gessellschaft Aktiengesellschaft in Munchen v. Intellectual Ventures I LLC, Intellectual Ventures II LLC, Callahan Cellular LLC, and OL Security LLC*, Case No. 1:26-cv-00417, (D. Del), Complaint for Declaratory Judgment of Non-Infringement |
| 8 | *Aldi, Inc. v. Intellectual Ventures I LLC, Intellectual Ventures II LLC, and OL Security LLC*, Case No. 1:26-cv-00461, (D. Del), Complaint for Declaratory Judgment |
| 9 | Email correspondence between counsel for the parties dated April 15, 2026 regarding the available deposition dates for witnesses (Sealed) |
| 10 | Email correspondence between counsel for the parties dated February 19, 2026 regarding the availability of witnesses and designated topics. (Sealed) |
| 11 | Email correspondence between counsel of the parties dated April 22, 2026 regarding availability of witnesses (Sealed) |
| 12 | *SVV Technology Innovations Inc. v. ASUSTeK Computer Inc.*,Case No. |

iii

███████████████████

| | |
|---|---|
| | 6:22-cv-00311, Dkt. 56 (W.D. Tex. Jul. 28, 2023), Order on Discovery Dispute |
| 13 | *Staton Techiya, LLC v. Samsung Electronics Co., Ltd.*, Case No. 2:21-cv-00413, Dkt. 79 (E.D. Tex. Jun. 17, 2022), Order on Motion to Compel In-Person Depositions |
| 14 | *Optrascan, Inc. v. Morphle Labs Inc.*, C.A. 1:24-cv-00649, D.I. 74 (D. Del. Oct. 10, 2025), Opinion and Order on Discovery Disputes |
| 15 | Printout from Google Flights from San Ftranscisco to Dallas. |
| 16 | Printout from Marriott Dallas with hotel costs for two night stay |
| 17 | Printout from Uber with costs for ride share from DFW Airport to McKool Smith offices |
| 18 | Deposition Excerpts from the Deposition Transcript of Daniel Shearer dated March 12, 2026 |
| 19 | ████████████████████ |
| 20 | ████████████████████ |
| 21 | ████████████████████ |
| 22 | ████████████████████ |
| 23 | ████████████████████ |
| 24 | News article "American to building new headquarters in Fort Worth", dated October 22, 2015. |
| 25 | *Aon Re, Inc. v. Zesty.ai, Inc.*, C.A. 1-25-cv-00201, D.I. 97 (D. Del. March 3, 2026) Order on Motion to Compel |
| 26 | *Nippon Shinyaku., Ltd. v. Sarepta Therapeutics, Inc.*, C.A. 1-21-cv-01015, D.I. 359 (D. Del. Sep. 27, 2023), Memorandum Opinion and Special Master Order #5 on discovery disputes |
| 27 | *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, C.A. 1-18-cv-00462, D.I. 127 (D. Del. Apr. 18, 2019), Memorandum Order on Motion in Limine |
| 28 | *Apeldyn Corp. v. AU Optronics Corp.*, C.A. 1-08-cv-00568, D.I. 481 (D. Del. Jun. 08, 2011), Order on Motion for Sanctions |

## I.    INTRODUCTION

IV chose to file this case in the Sherman Division of the Eastern District of Texas. IV also chose to retain out-of-state lead counsel rather than any of the qualified litigators in Texas. Now, IV seeks to use the Sherman Division as nothing more than an electronic mail drop for its litigation campaign. IV would like to avoid stepping foot in Texas, much less the Sherman Division. Early next year, the citizens of the Eastern District will be burdened with a trial in this case. If IV has its way, until that day, those citizens will not have benefited from bearing that burden. No tax revenue, no income for local businesses, nothing. Just used as an electronic mail drop from California and New York to Sherman. IV's cries of poverty are belied by the facts. American's witnesses prefer in person depositions. The Court should deny IV's motion and order that, absent agreement on the location, all party depositions are to take place within Sherman Division of the Eastern District of Texas.

## II.    FACTUAL BACKGROUND

IV is in the business of monetizing patents, including through licensing campaigns and by filing patent litigations. At present, IV has filed overlapping patent litigation lawsuits against American, Southwest Airlines, Home Depot, and Deere & Co. (formerly John Deere), and threatened litigation against at least The Hartford, Hanover Insurance Group, Travelers Insurance, Munich Re America Services, and Aldi, which each filed declaratory judgment actions earlier this month.[1]

IV brought American into its current campaign by filing a suit for patent infringement of six patents on November 2, 2024 in the Sherman Division of the Eastern District of Texas. Dkt. 1. IV then expanded this case to cover six additional patents (and over 60 additional claims)

---

[1] *See* Ex. 1-8.

in mid-2025. Dkt. 84 (Amended Complaint). In the last year and a half, IV has done little to move this case along. IV has taken only a single fact witness deposition (having ignored or rejected the multiple dates offered for American's other witnesses) (*see* Ex. 9, Ex. 10, Ex. 11) and waited until late March to serve third-party discovery, despite accusing technology designed, developed, and supplied exclusively by third parties.

This is IV's *modus operandi*. As other companies have noted:

> IV's typical approach includes engaging in licensing campaigns targeting a given set of companies, repeatedly contacting target companies, attempting to negotiate licenses with companies that respond, and filing – and aggressively pursuing – patent litigation against companies that decline to engage or pay IV to license IV's patents. This strategy is designed to apply sustained pressure, to use litigation as leverage, and to extract substantial portfolio-level license fees irrespective of whether the asserted patents are actually infringed, valid, or enforceable.

Ex. 4, ¶33.

Because American has not succumbed to the pressure, IV realizes it must actually litigate its case and is overwhelmed, possibly by the multiple other litigations of its own creation or what it must accomplish in the next few months of discovery. IV is looking to lighten its load by avoiding a few hours on an airplane at the burden and detriment of American.

## III.    LEGAL STANDARDS

In federal courts, the default practice for holding depositions has been to conduct them in-person. Ex. 12 (*SVV Technology Innovations Inc. v. ASUSTeK Computer Inc.*, Case No. 6:22-cv-00311, Dkt. 56 (W.D. Tex. Jul. 28, 2023) (citing Rule 30(b)(4) and noting that remote means for depositions are exceptions, and need to be stipulated)). An exception may be made only when "there is good cause showing for necessity for a remote deposition through a legitimate reason." *Id*.

2

## IV.   IV HAS NO GOOD CAUSE TO DEMAND REMOTE DEPOSITIONS

IV's "cost and burden" poverty arguments ring hollow for many reasons. Dkt. 140 (Mot.) at 3. *First*, both Judge Payne and Judge Albright have already held that expense and inconvenience of travel alone do <u>not</u> justify remote depositions. Ex. 12 (*SVV Technology*, Case No. 6:22-cv-00311, Dkt. 56); Ex. 13 (*Staton Techiya, LLC v. Samsung Electronics Co., Ltd.*, Case No. 2:21-cv-00413, Dkt. 79 (E.D. Tex. Jun. 17, 2022)). This is particularly true where American's witnesses—most of which have never been deposed before—have objected to remote depositions and expressed concern over the logistical and technical challenges of remote depositions. Ex. 12 (*SVV Technology*, Case No. 6:22-cv-00311, Dkt. 56). Indeed, as Judge Albright has appreciated, "[o]ne important reason for holding an in-person deposition is that the witness has the right to have an in-person interaction with the attorney asking them the questions." *Id.*; *see also* Ex. 14 (*Optrascan, Inc. v. Morphle Labs Inc.*, C.A. 1:24-cv-00649, D.I. 74 at 5-6 (D. Del. Oct. 10, 2025) (requiring depositions of corporate representatives located in India to "occur in person" in the United States)). American's witnesses—who will have invested considerable time and effort preparing for deposition—deserve this simple courtesy, and none of IV's cited cases—which do not relate to requests by the plaintiff to take remote depositions of corporate representatives in an allegedly multi-million dollar patent case a mere hour from the venue of the plaintiff's choosing—compel a different conclusion.

In contrast, the remote depositions taken to date were of the parties' experts and only for purposes of claim construction. American's experts are seasoned deponents with tens if not hundreds of depositions under their belts and were deposed only on their claim construction opinions. The depositions were short and likely will not be relevant for trial once the Court issues its claim construction opinion. Comparing the deposition of an experienced construction expert declarant with that of a lay corporate fact witness unfamiliar with the deposition process is

illogical and unfair. *See id.* (compelling in-person 30(b)(6) depositions).

*Second*, IV makes no showing that the cost to travel to Dallas from either San Francisco or New York is disproportionate to the value at stake in the case. Fed. R. Civ. P. 26(b)(1). Roundtrip flights from San Francisco (where most of IV's counsel works) to Dallas are around $400. Ex. 15. The Marriott near McKool Smith's Dallas office is around $200 per night. Ex. 16. The average Uber from DFW to downtown Dallas is $26. Ex. 17. With additional costs for food and ancillaries, the trip should cost around $1,200. This is nothing in view of what IV apparently believe the Asserted Patents are worth, having asserted them against at least 7 companies and demanded tens of millions or more in license fees from others. While American still has no idea how IV will fashion a viable damages model based on American's alleged, miniscule unlicensed use of the Asserted Patents in this case, it can estimate based on demands made to other companies and IV's rate card tied to target company size.[2] Ex. 4, ¶40. For example, IV demanded $4.5 million from a company with revenue of $35 billion. *Id*. Given American Airlines revenue exceeds that figure, IV apparently will demand more (despite the fact that American Airlines uses the allegedly infringing technology from licensed providers). Accordingly, the Court should presume that a few hundred dollars in travel expenses is not disproportionate to the size of this case and that "expense and inconvenience of travel…to attend the depositions" does not outweigh the seriousness of the allegations against American. Ex. 13 (*Staton*, Case No. 2:21-cv-00413, Dkt. 79).

*Third*, IV complains that it is a financial burden for its attorneys to travel to the nearest major city to its chosen forum. The facts belie IV's cries of poverty. IV had no problem sending *three* attorneys to Phoenix for the deposition of third-party inventor (Ex. 18) or serving *fourteen*

---

[2] Of course, a demand based on target company size would not be admissible under *Daubert*.

4

████████████

subpoenas, most of which seek documents and information irrelevant to the scope of IV's infringement claims. This is not surprising as IV has generated considerable revenue from licensing its patent portfolio to companies like ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████

Unfortunately, the record will not reflect the profit from IV's ventures. IV did not develop its patented technology. Rather, IV purchased its patent portfolio from various small companies. Despite repeated requests and IV's promise to the Court that it would produce the underlying agreements detailing the amounts IV paid for the patents or for the companies that owned the patents (*see* Minute Entry for Aug. 6, 2025 Telephonic Conference), IV has still not produced those agreements. IV has carefully structured and orchestrated its transactions so it could produce assignment agreements but hide the agreements that reflect the amounts paid. Production of those assignment agreements does not satisfy IV's discovery obligations in this District.

*Fourth*, American is not seeking to force travel to "multiple out-of-state locations." American has offered its fact witnesses for in-person depositions in McKool Smith's Dallas office (Ex. 11 at 7) and expects that IV will make its own witnesses available in either the Seattle or San Francisco areas. Each of Dallas, Seattle, and San Francisco have major airports and ample hotels, making travel to each location easy and affordable.

*Fifth*, any "cost or burden" of travel was foreseeable. It is no secret that American

---

[3] IV has still not produced documents from which American could discern the amounts ██████ paid for a license to the Asserted Patents.

Airlines is headquartered in Fort Worth, Texas, a fact IV relies on in its complaint. Dkt. 84 (IV's Amended Complaint), ¶2; *see also* Ex. 24 (noting that American's DFW headquarters will "provide a meeting place for all 100,000 American Airlines team members"). It is also no secret that "discovery inevitably results in costs, including flight and hotel costs associated with taking depositions." Ex. 12 (*SVV Technology*, Case No. 6:22-cv-00311, Dkt. 56). Any "cost or burden" of travel should have factored into IV's decision to file in the Sherman Division of the Eastern District of Texas and retain out-of-state counsel. If IV wanted to avoid travel to Texas, it could have retained counsel in the DFW area.

*Finally*, if the Court is inclined to grant IV any relief, it should order the deposition of all witnesses in the Sherman Division of the Eastern District of Texas, as is common practice in other districts when the parties cannot agree on a deposition means or location. Ex. 25 (*Aon Re, Inc. v. Zesty.ai, Inc.*, C.A. 1-25-cv-00201, D.I. 97 (D. Del.  March 3, 2026) (ordering Plaintiff to make witnesses "available for deposition in Wilmington, Delaware, or at another location (or by any other means) agreed to by the parties")); Ex. 26 (*Nippon Shinyaku., Ltd. v. Sarepta Therapeutics, Inc.*, C.A. 1-21-cv-01015, D.I. 359 at 3 (D. Del. Sep. 27, 2023) (granting motion to compel production of corporate designee to testify in Delaware)); Ex. 27 (*Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, C.A. 1-18-cv-00462, D.I. 127 at 2 (D. Del. Apr. 18, 2019) (ordering Defendants to make witness "available for deposition in Delaware…or some other place and time that is mutually agreeable to the parties.")); Ex. 28 (*Apeldyn Corp. v. AU Optronics Corp.*, C.A. 1-08-cv-00568, D.I. 481 at 32 (D. Del. Jun. 08, 2011) (ordering Defendant to produce corporate representatives for deposition in Delaware or another mutually agreeable location)).

V.      CONCLUSION

For the reasons set forth above, the Court should order that absent an agreed location, all

6

party depositions must take place in the Sherman Division of the Eastern District of Texas.

Dated: April 24, 2026

**MCKOOL SMITH, P.C.**

*/s/ John B. Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Emily Tannenbaum
New York State Bar No. 5928130
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via electronic mail with notification via the Court's ECF system on April 24, 2026.

*/s/ John B. Campbell*
John B. Campbell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case because it attached, cites to, quotes, and otherwise discusses materials that Plaintiff and Defendant have designated Confidential and/or Highly Confidential.

*/s/ John B. Campbell*
John B. Campbell

9