# EXHIBIT 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.** | § | |
| | § | |
| *Plaintiff*, | § | **Civil Action No. 6:22-cv-00311-ADA** |
| | § | **Civil Action No. 6:22-cv-00312-ADA** |
| **v.** | § | **Civil Action No. 6:22-cv-00313-ADA** |
| | § | |
| **ASUSTEK COMPUTER INC.** | § | **JURY DEMANDED** |
| *Defendant.* | § | |

## ORDER ON DISCOVERY DISPUTE

On July 27, 2023, a discovery dispute came before the undersigned.   The Court exercised its discretion to resolve the dispute on the papers without the need for a hearing.  The summary of the issue, requested relief, and the Court's order are as follows:

**Issue:**

SVVTI noticed a remote Rule 30(b)(6) deposition. ASUSTeK has refused to make a witness available remotely, and instead has insisted on in-person deposition in Taiwan.  ASUSTeK has divided the topics among five witnesses with various days and times of availability, necessitating attendance in Taipei by SVVTI's counsel, court reporter, and translator over multiple days.

### a.  SVV Technology Innovations Inc.'s Position

On July 12, 2023, SVVTI served a Rule 30(b)(6) deposition notice to ASUSTeK for 23 "typical" patent case topics.  The deposition notice provided for attendance by remote means.

On July 24, 2023, ASUSTeK confirmed that it insisted on in-person deposition attendance. ASUSTeK identified *five* witnesses for the requested topics (without identifying the topics for each).  The deposition would require multiple days, given the witnesses' various availabilities.

SVVTI seeks the Court's assistance in securing just, speedy, and inexpensive discovery under FRCP 1.  SVVTI believes that it can cover all topics, even with a translator, in seven hours or less of deposition time.

**SVV Technology Innovations Inc.'s Requested Relief:**

Order Defendant to provide Rule 30(b)(6) witness(es) by remote means.

**b.  ASUSTeK Computer Inc.'s Position**

Immediately after receiving Plaintiff SVVTI's Rule 30(b)(6) deposition notice on July 12, 2023, Defendant ASUSTeK started to identify the witnesses for the deposition and their respective availability.

On July 14, 2023, to give Plaintiff a very advanced notice, Defendant ASUSTeK's counsel informed Plaintiff's counsel to conduct the deposition sessions of ASUSTeK's 30(b)(6) witnesses in-person in Taipei, Taiwan where attorneys for both parties should be present.

On July 19, 2023, Plaintiff's counsel and Defendant's counsel had a teleconference where the latter provided some information regarding the times (in Taiwan's time zone) when some of the 30(b)(6) witnesses will be available for the deposition.  Defendant's counsel also explained to Plaintiff's counsel on why Plaintiff has no good cause to force Defendant's witnesses to go through the 30(b)(6) deposition remotely, especially given the time zone difference.

On July 24, 2023, Defendant's counsel emailed Plaintiff's counsel and provided detailed availability info (with a range of available dates and times) for each witness.

On Jul 26, 2023, Defendant's counsel emailed Plaintiff's counsel and provided the deposition topics assigned to each of Defendant's witness.

In federal courts, the default practice for holding depositions has been to conduct them in-person. *See* Rule 30(b)(4) (remote means for depositions are exceptions, and need to be stipulated upon by the parties or ordered by the court).

One important reason for holding an in-person deposition is that the witness has the right to have an in-person interaction with the attorney asking them the questions.

Sometimes, an exception can be made when there is a good cause showing for necessity for a remote deposition through a legitimate reason, which does not exist here (COVID-19 is no longer a hindrance, and no exception should be granted here). Plaintiff's argument is misplaced by suggesting that the in-person deposition would somehow counter "just, speedy, and inexpensive discovery." But, discovery inevitably results in costs, including flight and hotel costs associated with taking depositions. Plaintiff's blanket statement here, without any quantification, does not provide any good cause for the Court to grant a remote deposition.

Further, Plaintiff's position "that it can cover all topics, even with a translator, in seven hours or less of deposition time" is not realistic here. Plaintiff served more than 20 topics, some of which have multiple subparts. Further, the deposition will involve several ASUSTeK witnesses, and there will be substantial time needed to be spent on translating between English and Mandarin Chinese during the deposition.

Further, the audio, video and Internet connection qualities may also be an issue during a remote deposition, which may result in technical difficulties.

In sum, depositions have conventionally been conducted in person, and there is no good cause shown here to hold ASUSTeK's deposition by remote means.

**ASUSTeK Computer Inc.'s Requested Relief:**

Find that Defendant ASUSTeK's Rule 30(b)(6) witnesses should be deposed in-person in Taipei, Taiwan.

**Court's Ruling:**

Plaintiff's requested relief is **GRANTED**. **IT IS ORDERED** that Defendant shall provide Rule 30(b)(6) witness(es) by remote means.

**SIGNED** this 28th day of July, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE