# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **OPTRASCAN, INC.** | |
| **Plaintiff,** | |
| **v.** | **Court No. 1:24-cv-00649-JCG** |
| **MORPHLE LABS, INC.,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter involves discovery disputes in an action filed by OptraSCAN, Inc. ("Plaintiff" or "OptraSCAN") against Morphle Labs, Inc. ("Defendant" or "Morphle") for patent infringement under 35 U.S.C. § 271, et seq. Compl. (D.I. 1).

Before the Court is Defendant's Letter Regarding Dispute Concerning Deposition of Foreign Witnesses ("Defendant's Letter") (D.I. 70), Plaintiff OptraSCAN, Inc.'s Letter Brief Regarding Deposition Dispute ("Plaintiff's Letter") (D.I. 71), and Plaintiff OptraSCAN, Inc.'s Motion for Leave to File Sur-Reply to Defendant Morphle Inc.'s Reply Letter Brief (D.I. 73). A discovery conference was held before the Court on October 9, 2025. See Oral Order (Oct. 3, 2025) (D.I. 72).

The Parties dispute whether the language of the Scheduling Order requires the following four employees of Morphle, who are each based in India, to travel to

Court No. 1:24-cv-00649-JCG                                                    Page 2

Delaware for in-person depositions: (1) Mr. Rohit Hiwale, Chief Executive Officer; (2) Mr. Akash Abhishek, Vice President of Mechanical Design; (3) Mr. Ashish Manmode, Vice President of Software; and (4) Mr. Sunnel Daniel, Vice President of Sales and Marketing.  See Def.'s Letter; Pl.'s Letter at Ex. A at 17–18, 41; Scheduling Order (D.I. 33).

During the discovery conference, the Parties agreed that the depositions of Mr. Manmode and Mr. Daniel shall occur by video and therefore the Court addresses only whether the depositions of Mr. Hiwale and Mr. Abhishek require travel to Delaware.  Disc. Conf. at 9:04–10:14.

The Scheduling Order provides in relevant part:

> Any Party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District.  Exceptions to this general rule may be made by order of the Court or by agreement of the Parties.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

Scheduling Order at ¶ 8(e)(2).

Plaintiff argues that the requested deponents are officers of Morphle and should be compelled to travel to Delaware to be deposed.  Pl.'s Letter.  Defendant does not dispute Mr. Hiwale's status as an officer but avers that Mr. Abhishek is not an officer, and the undue burden of traveling from Morphle's headquarters in India should warrant an exception to the Scheduling Order from the Court.  Def.'s

Court No. 1:24-cv-00649-JCG                                                      Page 3

Letter.  For the reasons that follow, the Court grants in part and denies in part an exception to the Scheduling Order.

Mr. Hiwale is the CEO and founder of Morphle and possesses relevant knowledge of the design and development of the technology in dispute.  Def.'s Letter at 2; Ex. A 15:21–22, 25:22–26:14; Ex. C.  Mr. Hiwale travelled to Boston previously to testify as a corporate witness pursuant to Federal Rule of Civil Procedure 30(b)(6).  See Pl.'s Letter at Ex. A; Def.'s Letter at Ex. A.  In his Rule 30(b)(6) testimony, Mr. Hiwale identified Mr. Abhishek as an officer of Morphle.  Pl.'s Letter at Ex. A 17:1–18:10; Def.'s Letter at Ex. A 17:1–18:10.  Although Defendant asserts that Mr. Abhishek does not have the most "superior knowledge" concerning mechanical design as compared to Mr. Hiwale, the Court concludes that Mr. Abhishek's role and the knowledge he does possess makes him an important witness and a corporate officer with relevant knowledge of the technology in dispute.  See Def.'s Letter at 2 (citing Ex. A 25:22–26:14).

Defendant cites to several out-of-district cases to argue that even if Mr. Abhishek is an officer, an exception is warranted because Morphle's counterclaims are compulsory and compulsory counterclaimants may be exempt from traveling to the forum to be deposed.  Def.'s Letter at 3 (citing Chris-Craft Indus. Products, Inc. v. Kuraray Co., Ltd., 184 F.R.D. 605, 607–08 (N.D. Ill. 1999); Swimways Corporation v. Zuru, Inc. ("Swimways"), No. 2:13cv334, 2014 WL 12603190

Court No. 1:24-cv-00649-JCG                                    Page 4

(E.D. Va. June 6, 2014); <u>Marana Aerospace Solutions, Inc. v. Western Global Airlines, LLC</u>, 2016 WL 9343166 (D. Ariz. June 24, 2016)).  Defendant's cases are distinguishable from this matter.  In <u>Chris-Craft Indus. Products, Inc.</u>, the court held that the permissive counterclaimants would not be treated as counterplaintiffs for deposition purposes and be required to travel to the forum because the plaintiff intended to take the depositions to obtain information related to the allegations in their complaint.  184 F.R.D. at 607–08.  The Court observes that there was no local rule or scheduling order provision at issue that required the depositions to occur in the forum and the court was examining whether to depart from the general rule that depositions occur at a corporation's principal place of business.  184 F.R.D. at 607–08.  The court in <u>Swimways</u> held that a compulsory counterclaimant was not subject to a local rule requiring counterclaimants and officers to be deposed in the forum; however, the court did not explain its departure from the plain text of the local rule, and relied on a holding from a jurisdiction that did not have a local rule requiring counterclaimants be deposed in the forum.  <u>Swimways</u>, 2014 WL 12603190 at *1; <u>but see</u> <u>Tekle v. Al Saud</u>, No. 1:18-cv-211, 2019 WL 13252469, at *2–3 (E.D. Va. June 18, 2019) (dismissing <u>Swimways</u> as unpersuasive because "the magistrate judge cited no textual basis for his conclusion that the Local Rule does not apply to compulsory counterclaimants" and relied "on inapposite authorities[.]").  The court in <u>Marana Aerospace Solutions, Inc.</u> held that the

Court No. 1:24-cv-00649-JCG                                        Page 5

defendant's counterclaims did not weigh in favor of holding depositions in the forum, but there was no scheduling order provision or local rule at issue that first required that the depositions be held in the forum.  2016 WL 9343166, at *2–3. Therefore, after examining the cases cited by Defendant, the Court does not conclude that an exception to the Scheduling Order is warranted on the basis that Defendant's counterclaims are compulsory.

Defendant also argues that even if Mr. Abhishek qualifies as an officer, the Court should grant an exception to the Scheduling Order because travel from India to the United States would impose undue burden on Morphle.  Def.'s Letter at 2–3; Ex. C.  Defendant avers that Morphle is a small company with only 20 employees, and an upcoming product launch that has been anticipated for four years will require the involvement of the requested deponents.  Id.  Plaintiff contends that in-person depositions are necessary to observe nonverbal cues and facilitate testimony regarding mechanical technology, which may require document exchanges and the presentation of exhibits.  Pl.'s Letter at 4.

The Court grants in part and denies in part an exception to the Scheduling Order for the depositions of Mr. Hiwale and Mr. Abhishek.  Due to their extensive knowledge of the technology in dispute and their importance as fact witnesses in this matter, and due to the Scheduling Order rule for depositions to be held in person, the Court shall require their depositions to occur in person in the United

Court No. 1:24-cv-00649-JCG                                                    Page 6

States, rather than in India or by videoconference.  However, the Court will not require the depositions to occur in Delaware, and the Parties may choose a mutually convenient location anywhere in the United States.

Court No. 1:24-cv-00649-JCG                                                           Page 7

## CONCLUSION

Upon consideration of Defendant's Letter Regarding Dispute Concerning Deposition of Foreign Witnesses (D.I. 70), Plaintiff OptraSCAN, Inc.'s Letter Brief Regarding Deposition Dispute (D.I. 71), Plaintiff OptraSCAN, Inc.'s Motion for Leave to File Sur-Reply to Defendant Morphle Inc.'s Reply Letter Brief (D.I. 73), the discovery conference held before the Court on October 9, 2025 (D.I. 72), and all other papers and proceedings in this action, it is hereby

**ORDERED** that Plaintiff OptraSCAN, Inc.'s Motion for Leave to File Sur-Reply to Defendant Morphle Inc.'s Reply Letter Brief (D.I. 73) is granted and deemed filed; and it is further

**ORDERED** that Mr. Ashish Manmode and Mr. Sunnel Daniel shall appear for deposition by videoconference; and it is further

**ORDERED** that Mr. Rohit Hiwale and Mr. Akash Abhishek shall appear for in-person depositions within the United States at a time and location agreed upon by the Parties.

IT IS SO ORDERED this 10th day of October, 2025.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge*

---

*Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.