# EXHIBIT 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GAVRIELI BRANDS LLC, a California )
Limited Liability Company, )
)
                      Plaintiff, )
         v. )
) C.A. No. 18-462 (MN)
SOTO MASSINI (USA) CORP., a Delaware )
Corporation, and THOMAS PICHLER, an )
individual, )
)
                      Defendants. )

## MEMORANDUM ORDER

At Wilmington this 18th day of April 2019:

Having reviewed the briefing submitted by the parties regarding Plaintiff's various motions

*in limine* ("MIL") and having heard oral argument regarding the same during the April 16, 2019

pretrial conference,[1] IT IS HEREBY ORDERED that:

1.       Plaintiff's MIL #1 seeking to preclude Defendants from using lay witnesses to offer

expert testimony and to preclude Ms. Adriana Giraldo from offering any testimony at trial is

GRANTED IN PART and DENIED IN PART.  (*See* D.I. 119-11 at pgs. 2-5 and 9-11 of 87).  To

the extent that Defendants seek to offer expert testimony through Mr. Thomas Pichler and

Ms. Giraldo at trial, the Court finds that Defendants are precluded from doing so.  Defendants did

not disclose either of these individuals (or anyone else) as expert witnesses pursuant to Federal

Rule of Civil Procedure 26(a)(2).  Based on argument at the pretrial conference, however, it

appears that Defendants are only planning to offer testimony from these witnesses based on their

personal knowledge or perceptions.  As to Mr. Pichler, he will be permitted to testify based on his

---

[1]      The Court granted Plaintiff's MIL #3 at the pretrial conference.

percipient experiences, but he cannot offer testimony that would be considered expert opinion – *e.g.*, who an ordinary observer is, whether the accused product infringes, who an ordinary designer is, whether the patents are invalid over the prior art, whether a design qualifies for trade dress, etc.

As to Ms. Giraldo, Defendants never disclosed her pursuant to Federal Rule of Civil Procedure 26(a)(1) and, in response to Plaintiff's request to depose Ms. Giraldo, Defendants' counsel apparently represented that "[s]he manages nothing related to the business, and has only done work for the business on rare occasions as the wife of the principal, nothing more." (D.I. 119 ¶ 28). Nevertheless, Defendants offered potential dates for Ms. Giraldo's deposition, but for reasons that are not entirely clear, no deposition ultimately occurred. Moreover, at the pretrial conference, Mr. Pichler explained that Ms. Giraldo did, in fact, play a role in the business from the beginning. Based on the present (and unusual) record, the Court is not prepared at this time to preclude her from testifying at trial. That being said, Defendants failed to comply with the disclosure requirements of the Federal Rules. To cure the prejudice from Defendants' failure, Plaintiff will be given the opportunity to depose Ms. Giraldo before trial begins. Defendants shall make Ms. Giraldo available for deposition in Delaware on or before April 25, 2019 (or some other place and time that is mutually agreeable to the parties). Moreover, consistent with the representation by Defendants' counsel at the pretrial conference, any testimony offered by Ms. Giraldo will be limited to her personal knowledge of "the Massini shoes, what they do . . . what the aspect of the design are, how they feel, what the purpose of them is . . . [to] inform the jury about what these shoes are all about." That is, Ms. Giraldo's testimony will be limited to the development and features of the accused product, and Defendants are precluded from offering testimony from her regarding any shoes that Defendants contend existed in the prior art.

2

2.      Plaintiff's MIL #2 seeking to preclude Defendants from presenting prior art not found in their invalidity contentions and to preclude Defendants from presenting certain prior art that has not been sufficiently corroborated is GRANTED IN PART and DENIED IN PART. (*See* D.I. 119-11 at pgs. 12-15 of 87).  It is generally the rule in this District that a party must fairly disclose its invalidity theories and supporting evidence during discovery in order to present the same at trial.  A necessary corollary of that rule is that invalidity contentions must disclose the prior art that a party intends to use in presenting its invalidity defenses.  Defendants are therefore precluded from relying on any prior art that was not cited in their invalidity contentions, with the exception of the Camper Shoe.[2]  The Camper Shoe does not appear in Defendants' invalidity contentions but was cited in Defendants' opposition to Plaintiff's motion for a temporary restraining order ("TRO").  Although the Court is generally unpersuaded by Defendants' argument that they should be allowed to present art cited only in their TRO opposition, the Court finds that the Camper Shoe is a different matter.  Mr. Pichler brought a physical sample of the Camper Shoe

---

[2]     Defendants argue that "prior art" from their TRO opposition should be considered fairly disclosed and allowed at trial.  The Court is not persuaded.  Most of those references are undated images lacking any reliable indication that the images (or the shoes depicted) were available in the prior art.  Moreover, Defendants omitted those references from their invalidity contentions, which were served several months after the TRO was denied.  Indeed, Defendants did not even include a statement that their invalidity contentions incorporated all references relied upon in connection with the TRO.  The Court finds that it was not unreasonable for Plaintiff to assume that the references used to oppose the TRO were no longer part of Defendants' invalidity case when they failed to reappear in the invalidity contentions.  *See, e.g.*, *Vehicle IP, LLC v. Werner Enterprises, Inc.*, No. 10-503-SLR, 2013 WL 4786119, at *3 (D. Del. Sept. 9, 2013) (precluding defendants from relying on prior art system at trial where that system was previously disclosed in discovery but removed from final invalidity contentions).  Plaintiff would thus suffer prejudice if Defendants were permitted to present these TRO references as part of their invalidity case at trial, and with trial just ten days away, the prejudice to Plaintiff cannot be cured.  *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977) (providing factors to weigh in determining whether to exclude evidence), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 133 (3d Cir. 1985).

3

to his deposition and Plaintiff had the opportunity to ask questions about that shoe and Mr. Pichler's knowledge of its design and public availability.  Under these circumstances, the Court finds that the Camper Shoe was timely disclosed and Plaintiff would not be prejudiced if Defendants are permitted to rely on it as part of their invalidity defense at trial.

Plaintiff also requests that Defendants be precluded from presenting prior art that has not been sufficiently corroborated.  Defendants contend that the patents-in-suit are invalid because, *inter alia*, Plaintiff's first edition Tieks shoe was on sale and/or in public use in the United States more than a year before Plaintiff filed the applications that issued as the patents-in-suit. Defendants plan to offer testimony from Mr. Pichler to support their contention that first edition Tieks were publicly available before the critical date.  Where, as here, an accused infringer contends that a patent is invalid because the invention was on sale or in public use before the critical date, oral testimony of one witness alone is insufficient to render the patent invalid.  *See Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1369 (Fed. Cir. 1999) ("[C]orroboration is required of any witness whose testimony alone is asserted to invalidate a patent, regardless of his or her level of interest.").  Defendants apparently want to corroborate Mr. Pichler's testimony with information obtained from the Wayback Machine[3] and with testimony from Plaintiff's witnesses.

Setting aside corroboration, the Court finds that there is a separate issue of authentication under Federal Rule of Evidence 901 with respect to Defendants' proposed evidence from the Wayback Machine.  Other courts have found that screenshots obtained from the Wayback Machine must be authenticated by an employee of the Internet Archive.  *See, e.g.*, *Specht v. Google*, 758 F. Supp. 2d 570, 580 (N.D. Ill. 2010); *Audi AG v. Shokan Coachworks, Inc.*, 592 F. Supp. 2d 246,

---

[3]     The Wayback Machine is a digital library maintained by the Internet Archive, a nonprofit organization.  *See* http://web.archive.org/.

278 (N.D.N.Y. 2008). Similarly, the Third Circuit has upheld authentication of Wayback Machine screenshots where they were accompanied by testimony of someone who explained the functionality and reliability of the Wayback Machine. *See United States v. Bansal*, 663 F.3d 634, 667 (3d Cir. 2011) (screenshots properly authenticated where "government called a witness to testify about how the Wayback Machine website works and how reliable its contents are . . . and compared the screenshots with previously authenticated and admitted images from [defendant's] website"). This Court generally agrees that, to satisfy the requirements of Rule 901, screenshots from the Wayback Machine must be authenticated by an Internet Archive employee or another individual with experience in its operation and reliability.

To further complicate matters here, Defendants are not even attempting to use screenshots from the Wayback Machine. Instead, Defendants only have *filenames* of images obtained from the Wayback Machine,[4] which they are attempting to match to images obtained from Plaintiff's current website. The ultimate goal of this exercise is to argue that the present-day images of the Tieks shoes are the same images that were obtained from the Wayback Machine (and thus those images were on Tiek's website prior to the critical date). Defendants have not indicated to the Court that they will authenticate this evidence with anything other than Mr. Pichler's testimony, which is insufficient. Defendants will be given an opportunity to attempt to authenticate the information obtained from the Wayback Machine outside the presence of the jury. The Court will hold a hearing specifically to address this issue of authentication before the jury is brought in on the day of trial that Defendants propose to offer the Wayback Machine information into evidence.

---

[4]    To be clear, Defendants do not have actual images of the first edition Tieks from screenshots from the Wayback Machine.

That being said, Mr. Pichler will be permitted to testify as to his personal knowledge (if any) of first edition Tieks being on sale or in public use prior to the critical date.  Although the law is clear that his testimony alone is insufficient to invalidate the patents-in-suit, Defendants should at least be given an opportunity to attempt to corroborate that testimony at trial (*e.g.*, with Plaintiff's own witnesses as Defendants proposed).

The Honorable Maryellen Noreika
United States District Judge

6