## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENUTRES II, LLC, | |
| **Plaintiff,** | **Civil Action No. 4:24-cv-00980** |
| vs. | |
| AMERICAN AIRLINES, INC., | **JURY TRIAL** |
| **Defendant.** | |

## AMERICAN AIRLINES, INC.'S SUR-REPLY IN OPPOSITION TO MOTION FOR LEAVE TO CONDUCT REMOTE DEPOSITIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(4)

IV does not dispute that it wants the Sherman Division to act as nothing more than an electronic mail drop for its litigation campaign. Nor does IV dispute that any of the dozen attorneys (including local counsel based in East Texas) who have appeared on its behalf are perfectly capable of traveling to Dallas to take a deposition in a case IV apparently believes is worth millions. Instead, they just lack the motivation to do so.

Rule 30(b)(4) requires that depositions proceed in-person absent good cause and legitimate reasons, none of which exist in this case. The movant bears the burden of establishing a "legitimate reason" for departing from the traditional in-person format. *Brown v. Carr*, 236 F.R.D. 311, 312 (S.D. Tex. 2006). IV has not met this burden with respect to the American's fact witnesses, all of whom are located in the Dallas-Fort Worth metropolitan area.

IV's justification is that some of its own counsel are located in San Francisco and New York and would incur travel costs to attend a deposition in Dallas. But IV's litigation staffing choices do not constitute good cause to alter the format of depositions of American's employees. The inconvenience and expense that IV cites are self-imposed consequences of retaining certain counsel thousands of miles from its chosen venue for this litigation and the witnesses it seeks to depose. Courts routinely reject cost arguments where the movant's expenses arise from its own strategic decisions regarding venue selection, rather than the nature of the case. *E.g.*, Dkt. 143-13 (*SVV Technology*, Case No. 6:22-cv-00311, Dkt. 56 (noting that "discovery inevitably results in costs, including flight and hotel costs associated with taking depositions")); Dkt. 143-14 (*Staton Techiya, LLC v. Samsung Electronics Co., Ltd.*, Case No. 2:21-cv-00413, Dkt. 79 (E.D. Tex. Jun. 17, 2022) (holding that the "expense and inconvenience of travel…to attend the depositions" does not justify taking depositions by remote means)); Dkt. 143-25 (*Aon Re, Inc. v. Zesty.ai, Inc.*, C.A. 1-25-cv-00201, D.I. 97 (D. Del.  March 3, 2026) (ordering the plaintiff to make witnesses

1

"available for deposition in Wilmington, Delaware," its chosen venue)); Dkt. 143-27 (*Nippon Shinyaku., Ltd. v. Sarepta Therapeutics, Inc.*, C.A. 1-21-cv-01015, D.I. 359 at 3 (D. Del. Sep. 27, 2023) (granting motion to compel production of corporate designee to testify in Delaware or a different mutually agreeable location)); Dkt. 143-28 (*Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, C.A. 1-18-cv-00462, D.I. 127 at 2 (D. Del. Apr. 18, 2019) (ordering that witnesses be made "available for deposition in Delaware"—where the case was pending—"or some other place [] that is mutually agreeable to the parties.")); Dkt. 143-29 (*Apeldyn Corp. v. AU Optronics Corp.*, C.A. 1-08-cv-00568, D.I. 481 at 32 (D. Del. Jun. 08, 2011) (ordering the production of corporate representatives for deposition in Delaware)). IV makes no attempt to distinguish or dispute any of these cases (which were all cited in American's response) and instead falsely claims that American's position lacks support. Nothing could be further from the truth.

The fact that IV could save a few dollars by taking remote depositions is simply irrelevant. IV chose to retain certain counsel from outside of Texas to file this suit against a Texas-based company in Texas court. It did so knowing that counsel may occasionally have to travel to Texas to either appear before this Court or conduct discovery. Thus, the expense and alleged inconvenience of taking a few in-person depositions was entirely foreseeable. It boggles the mind that IV has likely spent more money fighting over this issue than the cost of putting an attorney on a plane to obtain the discovery it allegedly needs to prove its case.

The fact that the parties agreed to virtual, limited-in-scope depositions of experienced experts (limited to their claim construction positions) with tens if not hundreds of depositions under their belts is also irrelevant. IV did not request to take these claim construction expert depositions in-person. Had it done so, American would have obliged. The depositions IV now seeks (but has yet to accept) are of *party* witnesses who have never testified before and object to

2

the use of remote means.

IV asserts that American "remains entirely free to appear in person at the witnesses' locations." But this misses the point. The issue is not about American's own counsel's ability to attend; it is about ensuring that its employees are afforded the dignity and fairness of in-person examination. American's fact witnesses deserve the "simple courtesy" of being examined face-to-face by the attorneys who are questioning them and handed physical documents as needed—a courtesy that American's counsel will extend to IV's witnesses during their depositions if IV ever offers dates for those depositions (noticed in February). The default in federal litigation remains in-person depositions for a reason. IV should have the decency to honor the witnesses' preferences and take their depositions face-to-face. *See* Dkt. 143-13 (*SVV Technology*, Case No. 6:22-cv-00311, Dkt. 56) ("One important reason for holding an in-person deposition is that the witness has the right to have an in-person interaction with the attorney asking them the questions.").

Regardless, if traveling to Dallas is truly so inconvenient, American is happy to present its witnesses and take the depositions of all party witnesses in Sherman, the venue of IV's choosing.

3

Dated: May 8, 2026

**MCKOOL SMITH, P.C.**

*/s/ John B. Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Emily Tannenbaum
New York State Bar No. 5928130
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the local rules via the Court's ECF system on May 8, 2026.

<u>/s/ John B. Campbell</u>
John B. Campbell