# **<u>Exhibit 1</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II, LLC,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**AMERICAN AIRLINES, INC.,**<br><br>**Defendant.** | **Civil Action No.  4:24-cv-00980**<br><br><br>**JURY TRIAL** |

**SUPPLEMENTAL PROTECTIVE ORDER**

1.      WHEREAS, Intellectual Ventures I LLC and Intellectual Ventures II LLC ("Plaintiffs"); American Airlines, Inc. ("Defendant") (together, hereinafter referred to as "the Parties"); and ARINC Incorporated ("ARINC"), a Nonparty to this action, agree that disclosure and discovery in this action is likely to involve production of material and information subject to export-control restrictions for which special protection may be warranted.  This Protective Order shall govern the use, handling and disclosure of all such material and information in accordance with the terms hereof.

2.      The foregoing paragraph notwithstanding, this Protective Order shall not alter or otherwise affect the parties' obligations under the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, Export Administration Regulations ("EAR"), 15 C.F.R. parts 730-744, or other applicable law or regulations governing export of technical data or information.

3.      <u>Export Control.</u>

a.      The parties further understand that certain documents, information, material, and testimony may not be exported, re-exported, temporarily imported, transferred, or retransferred to any non-U.S. person, country, or entity, by any means, without the appropriate

approval of the U.S. Department of State, Directorate of Defense Trade Controls ("DDTC") for ITAR restricted materials, and the U.S. Department of Commerce, Bureau of Industry and Security ("BIS") for EAR restricted materials (hereinafter "EXPORT-CONTROL-RESTRICTED" documents). EXPORT-CONTROL-RESTRICTED documents, information, material, and testimony may only be shown to U.S. persons.

b.      In any instance where information designated as EXPORT-CONTROL-RESTRICTED is accessed, the party with such access shall not transfer, carry, or send such information to a location outside the United States, including via any electronic device or means, nor otherwise share such information with any person not explicitly authorized to receive such information as set forth above. EXPORT-CONTROL-RESTRICTED documents, information, material, and testimony may only be transferred, carried, or sent to U.S. persons located within the United States.

c.      The parties understand that the furnishing of technical assistance (including the disclosure or release of export-controlled technical data) may constitute a "defense service," which also requires government approval. Any disclosure of produced export-controlled technical data, or furnishing of technical assistance where an authorization is needed but not secured, constitutes an export violation, which should be disclosed to the U.S. Department of State. Unless a party obtains such authorization in advance, the parties must only seek technical assistance from U.S. persons.

d.      The parties will securely EXPORT-CONTROL-RESTRICTED materials and information in a password-protected online repository accessible only to U.S. Persons, minimize printing and hard copy storage of EXPORT-CONTROL-RESTRICTED materials and

2

information, and maintain any print copies in marked folders that are, when unattended, stored in locked cabinets and/or offices to which only U.S. persons have access.

e.      Any party or non-party may designate information, documents, or testimony produced in this Action as EXPORT-CONTROL-RESTRICTED if such party has the reasonable and good faith belief that such information, documents, or testimony may contain ITAR or EAR restricted materials.

f.      Any information supplied in documentary or other tangible form may be designated EXPORT-CONTROL-RESTRICTED by the Producing Party by marking or stamping on each page of such document, transcript, or exhibit, or on the face of such thing, the legend EXPORT-CONTROL-RESTRICTED.  So long as it is consistent with applicable regulations, where such marking of material is impossible or impractical, the Producing Party shall designate in writing, at the time of its production, that the material contains EXPORT-CONTROL-RESTRICTED information.  Information produced by a non-party but subsequently designated as EXPORT-CONTROL-RESTRICTED by a party to the Action shall be treated as EXPORT-CONTROL-RESTRICTED information, and the recipients shall either mark their copies as EXPORT-CONTROL-RESTRICTED or request that the Producing Party provide a replacement set so marked.

g.      Some material and information that has already been produced in this litigation may indicate on its face that its disclosure is subject to ITAR, EAR, and/or other applicable laws or regulations governing exportation. This material and information shall also be treated as EXPORT-CONTROL-RESTRICTED information.

h.      When possible, a party providing EXPORT-CONTROL-RESTRICTED information shall also apply the following Export Control Warning language:

3

i.        (EAR) WARNING: "This document contains technology whose export or disclosure to non-U.S. persons, wherever located, is subject to the Export Administration Regulations (EAR) (15 C.F.R. Sections 730-774). Violations are subject to severe criminal penalties."

ii.       (ITAR) WARNING: "This document contains technical data/information whose export or disclosure to non-U.S. persons, wherever located, is restricted by the International Traffic in Arms Regulations (ITAR) (22 C.F.R. Sections 120-130). Violations are subject to severe criminal penalties."

i.        When submitting information bearing the EXPORT-CONTROL-RESTRICTED marking or designation to the Court, any submissions shall be filed under seal. Any information bearing the EXPORT-CONTROL-RESTRICTED marking or designation shall not be disclosed or discussed on the public record in Court.

4.        Artificial Intelligence.  In no event shall either party input into, have analyzed, or otherwise utilize documents designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "EXPORT-CONTROL-RESTRICTED" in generative artificial intelligence tools.  For the avoidance of doubt, such tools include standalone programs (*e.g.*, Gemini) or artificial intelligence built into other products (*e.g.*, Microsoft CoPilot).

5.        All persons receiving any or all documents produced pursuant to this Protective Order shall be advised of their Protected Material or export-controlled nature, as applicable.  All persons to whom Protected Material or export-controlled information and/or documents are disclosed are hereby prohibited from disclosing the same to any person except as provided herein, and are further prohibited from using the same except in the preparation for any trial/contested hearing of the above-captioned action between the named parties thereto.  Notwithstanding these

4

restrictions, all persons to whom export-controlled information is disclosed are further prohibited from disclosing the same to any non-U.S. person.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraphs 1-4 for the purposes specified, and in no event shall such person make any other use of such document or transcript.

**IT IS SO ORDERED**.

Dated this _____ day of _____, 2026.