**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Civil Action No. 4:24-cv-00980 <br><br><br> JURY TRIAL |

**DEFENDANT AMERICAN AIRLINES, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO COMPEL INTELLECTUAL VENTURES
TO PRODUCE DOCUMENTS AND ANSWER AMERICAN'S INTERROGATORIES**

██████████████

## TABLE OF CONTENTS

**Page**

I.     Third-Party Materials are Relevant, Non-Privileged, and Must be Produced .................... 1

II.    ████████████████ are Relevant to Damages................................................ 3

III.   Prior Testimony is Relevant, Low-Burden, and Must be Produced ................................. 3

IV.    IV's Pre-Suit Investigation is Not Protected......................................................... 4

V.     IV Has No Basis to Refuse Supplementing Interrogatory Responses ............................... 5

██████████

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)...................................................................................3

*Burlington Northern & Santa Fe Ry. v. United States Dist. Court*,
  408 F.3d 1142 (9th Cir. 2005) ...............................................................................3, 4

*Georgia-Pacific. Corp. v. U.S. Plywood Corp.*,
  318 F. Supp.1116 (S.D. New York 1970)..................................................................3

*In re MSTG, Inc.*,
  675 F.3d 1337 (Fed. Cir. 2012).............................................................................2, 3

*LG Elecs., Inc. v. Hitachi, Ltd.*,
  No. 5:07CV90, 2009 WL 10677426 (E.D. Tex. Mar. 2, 2009)..................................2

*LG Elecs. Inc. v. Invention Inv. Fund I L.P.*,
  2026 WL 935618 (Del. Apr. 7, 2026)........................................................................5

*TQP Development, LLC v. 1-800-Flowers.com, Inc.*,
  No. 2:11-cv-248, 2013 WL 7853448 (E.D. Tex. July 19, 2013)................................4

*UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*,
  No. 6:11-cv-496, 2013 WL 6253767 (E.D. Tex. Dec. 3, 2013) .................................5

**STATUTES**

35 U.S.C. § 285.............................................................................................................4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 7(b)(1)......................................................................................................4

Fed. R. Civ. P. 26(b)(5)(A) .............................................................................................3

Fed. R. Civ. P. 32(a)(8)....................................................................................................4

Rule 11 ......................................................................................................................2, 4, 5

Rule 26(b)(1)'s.................................................................................................................1

Rule 37(a)(5)....................................................................................................................5

██████████████

**TABLE OF EXHIBITS**

| Ex. No. | Description |
|---|---|
| Ex. 1 | Rough Transcript of Joe Kosiara |
| Ex. 2 | Rough Transcript of Steve Joroff |
| Ex. 3 | Case No. 2:23-cv-525; Complaint |
| Ex. 4 | Case No. 1:25-cv-01147; Complaint |
| Ex. 5 | Case No. 7:24-cv-00277; Complaint |
| Ex. 6 | ████████████████████████████████ |
| Ex. 7 | ███████████████████████████████) |
| Ex. 8 | ████████████████████████████████ |
| Ex. 9 | ███████████████████████████ |
| Ex. 10 | ████████████████████████████████ |
| Ex. 11 | ████████████████████████████████ |
| Ex. 12 | ██████████████████████ |
| Ex. 13 | Minute Entry from the December 2, 2025 telephonic hearing |
| Ex. 14 | Email correspondence between counsel dated May 18, 2026 through May 29, 2026 |
| Ex. 15 | American Airlines' First Set of Interrogatories to Intellectual Ventures, served May 5, 2026 |
| Ex.16 | Intellectual Ventures' Responses to American's First Interrogatories, served June 4, 2026 |
| Ex. 17 | Email correspondence from C. Shomaker to Intellectual Ventures' counsel, dated June 17, 2026 |
| Ex. 18 | ██████████████████████████ |
| Ex. 19 | Email correspondence between counsel dated May 18, 2026 through June 2, 2026 |
| Ex. 20 | Email correspondence between counsel dated January 19, 2026 through May 14, 2026 regarding IV's license production |
| Ex. 21 | Rough transcript of Chris Henkens |
| Ex. 22 | Email correspondence between counsel dated May 18, 2026 through June 18, 2026 |
| Ex. 23 | Correspondence from J. Campbell to Judge Mazzant regarding IV's failure to plead compliance with 35 U.S.C. § 287 |

| Ex. 24 | Email between counsel dated March 3, 2026 through March 31, 2026 regarding IV's requests for discovery on licensed products |
| --- | --- |
| Ex. 25 | Email correspondence between counsel dated March 3, 2026 through May 14, 2026 regarding IV's requests for discovery on licensed products |
| Ex. 26 | Email correspondence dated May 14, 2026 from C. Shomaker regarding discovery |
| Ex. 27 | Correspondence dated July 28, 2025 from C. Shomaker regarding Notice of Specific Unmarked Products |
| Ex. 28 | Correspondence dated January 15, 2026 from C. Shomaker regarding Notice of Specific Unmarked Products |
| Ex. 29 | Correspondence dated June 12, 2026 from C. Shomaker regarding further Notice of Specific Unmarked Products |
| Ex. 30 | Intellectual Ventures' Responses to American's Second Set of Interrogatories, served August 18, 2025 |
| Ex. 31 | Minute Entry from the June 22, 2026 telephonic hearing |
| Ex. 32 | IV's Infringement Contention Chart regarding U.S. Patent No. 8,332,844 |
| Ex. 33 | IV's Infringement Contention Chart regarding U.S. Patent No. 8,407,722 |
| Ex. 34 | IV's Infringement Contention Chart regarding U.S. Patent No. 7,949,785 |
| Ex. 35 | IV's Infringement Contention Chart regarding U.S. Patent No. 8,027,326 |
| Ex. 36 | IV's Infringement Contention Chart regarding U.S. Patent No.7,324,469 |
| Ex. 37 | IV's Infringement Contention Chart regarding U.S. Patent No. 7,257,582 (Part 1) |
| Ex. 38 | IV's Infringement Contention Chart regarding U.S. Patent No. 7,257,582 (Part 2) |
| Ex. 39 | IV's Infringement Contention Chart regarding U.S. Patent No. 7,712,080 |
| Ex. 40 | IV's Infringement Contention Chart regarding U.S. Patent No. 7,721,282 |
| Ex. 41 | IV's Infringement Contention Chart regarding U.S. Patent No. 7,822,841 |
| Ex. 42 | IV's Infringement Contention Chart regarding U.S. Patent No. 8,352,584 |
| Ex. 43 | IV's Infringement Contention Chart regarding U.S. Patent No. 10,103,845 |
| Ex. 44 | IV's Infringement Contention Chart regarding U.S. Patent No. 11,032,000 |

IV's Opposition (Dkt. 164) is procedural gamesmanship dressed up as legal argument. IV mischaracterizes the meet-and-confer record, applies the wrong relevance standard, and ignores its own admissions. IV conflates Rule 26's proportionality limitation with the relevance inquiry. The correct standard is whether the information is likely to influence or affect the outcome of a claim or defense, or whether reasonable and competent counsel would consider it necessary to prepare, evaluate, or try a claim or defense. E.D. Tex. Loc. R. CV-26(d)(3), (5). American respectfully requests an in-person hearing to discuss these issues with the Court.

## I.    THIRD-PARTY MATERIALS ARE RELEVANT, NON-PRIVILEGED, AND MUST BE PRODUCED

IV's claim that American never properly met and conferred is false. The parties held telephonic meet-and-confer sessions on June 9, 2026 (Ex. 22 at 8 (June 10 email confirming "yesterday's meet and confer")) and June 16, 2026 (*id.* at 3 (June 17 email referencing "the parties' June 16 meet-and-confer")). The disputes were not resolved, and the Court then directed both sides to file their respective motions at the June 22, 2026 hearing. Ex. 31 (Minute Entry) ("authoriz[ing] both sides to file motions to compel").[1]

IV argues American's request was limited to "certain declaratory judgement plaintiffs[.]" Dkt. 164 at 2. IV's own block quote expressly refutes this argument. American requested documents exchanged with "third parties" and noted that this is "including … but is not limited to" the "DJ plaintiffs." Dkt. 164-2 at 2. That phrase is expansive not limiting.

IV's relevance objection fails because its infringement allegations are not unique to American. IV's claims rest entirely on use open-source software (e.g., Kubernetes, container orchestration) and products that use industry-wide Wi-Fi and cellular standards—the only

---

[1] While American properly met and conferred, IV's hypocrisy is shocking. IV failed to meet and confer before filing its motion for leave to amend but argued then that the failure to meet-and-confer was not a barrier to relief. Dkt. 60 at § II.B.

American-specific evidence in IV's claim charts is LinkedIn pages showing employee familiarity with the open-source software. Exs. 32–44. (IV's Infringement Contention Charts). Because infringement, validity, and damages issues overlap across defendants, documents regarding the Asserted Patents exchanged with third parties are directly relevant. *LG Elecs., Inc. v. Hitachi, Ltd.*, No. 5:07CV90, 2009 WL 10677426, at *2, 3 (E.D. Tex. Mar. 2, 2009) (compelling discovery based on "policy of liberal discovery" and lack of "authority limiting such discovery"). Moreover, American has a common interest privilege with its suppliers ███████████████ ███████ regarding the accused products; IV's third-party communications, by IV's own admission, enjoy no privilege protection. Dkt. 164 at 4.

IV argues that only the *Southwest* case overlaps with all 12 patents in this case. Dkt. 164 at 3. But IV ignores that it asserted many of the same patents against other defendants and asserted that other entities infringe many of the Asserted Patents. Complete overlap is not necessary for relevance: if documents exchanged with third parties relate to any one of the Asserted Patents, those documents are relevant. Further, an ESI order is irrelevant to the Local Rule requirement to produce any documents sent to or received from a third party related to any of the Asserted Patents.

IV concedes it has *not* asserted privilege over these materials. *Id.* at 4. That concession is dispositive. The negotiation history surrounding license agreements is discoverable and relevant to assessing the comparability and economic circumstances of those agreements in a reasonable-royalty analysis. *In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012). As for privilege logs, post-filing communications need not be logged. Dkt. 43 at 5. IV did not notify American prior to filing suit, so all of American's privilege communications post-date the case. IV, by contrast, should have worked up the case for months before filing (or IV violated Rule 11). Because IV failed to serve a privilege log by the Court's December 29, 2025 deadline, IV waived any privilege



claim. *E.g., Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (finding that the company had waived its privilege claims by failing to assert privilege in a timely manner); Fed. R. Civ. P. 26(b)(5)(A).

**II.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **ARE RELEVANT TO DAMAGES**

IV contends American has not articulated relevance and the defense has not been pled. Dkt. 164 at 4–6. IV is wrong on both counts. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366–68 (Fed. Cir. 2017); *Georgia-Pacific. Corp. v. U.S. Plywood Corp.*, 318 F. Supp.1116, 1120 (S.D. New York 1970).

▮▮▮▮▮▮—a core *Georgia-Pacific* inquiry. 318 F. Supp. at 1120 (e.g., factors 1, 11–12). The Court's December 2, 2025 order required production of all licenses (Ex. 13), ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ IV's claim that American already deposed witnesses is no excuse. Dkt. 164 at 5. A witness's testimony about a document does not eliminate the document's independent relevance. *E.g., In re MSTG, Inc.*, 675 F.3d at 1348.

**III. PRIOR TESTIMONY IS RELEVANT, LOW-BURDEN, AND MUST BE PRODUCED**

IV objects that the request for prior witness testimony is "overly broad" and "not proportional." Dkt. 164 at 6. IV is a patent acquisition and assertion entity t▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Prior testimony of its representatives bears directly on IV's operations, patent valuation, licensing practices, and the credibility of its positions here. IV apparently suggests that the value of a twelve-patent case

3

against one of the world's largest airlines is less than the cost to produce transcripts. *Id.*; *see also* Fed. R. Civ. P. 32(a)(8). While this may be true given the licensing, marking, and smallest saleable unit issues that must be accounted for in any damages analysis, absent IV conceding that the value of this case is less than the cost to produce these transcripts, the Court should reject this argument.[2]

## IV.    IV'S PRE-SUIT INVESTIGATION IS NOT PROTECTED

IV claims privilege and argues that this District precludes pre-suit discovery absent a Rule 11 motion. Dkt. 164 at 7–9. Neither position withstands scrutiny. On privilege, the Eastern District requires production of all documents "relevant to the claims or defenses of any party" (Dkt. 17 at 4), and pre-suit investigation materials are plainly relevant under that standard. IV did not serve a privilege log by the Court's deadline so its privilege claim is waived. *See supra §* I. American, by contrast, received no notice before suit was filed. American's privileged communications are post-filing so there is nothing American is required to log. *See* Ex. 33 (Dkt. No. 43) at 5. IV should have spent months working up its case before filing—its failure to log those pre-filing communications constitutes waiver. *Burlington Northern*, 408 F.3d at 1149.

IV's reliance on *TQP Development* supports American. Dkt. 164 at 7. The court denied pre-suit discovery only because "the adequacy of the pre-filing investigation . . . [was] not at issue." *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, No. 2:11-cv-248, 2013 WL 7853448, *1 (E.D. Tex. July 19, 2013). Here, the opposite is true. American has *repeatedly* notified IV—in depositions and correspondence (*e.g.,* Ex. 1 at 163:17-25; Ex. 24 at 2)—of its intent to seek fees under 35 U.S.C. § 285 in part based on IV's continued pursuit of claims directed to licensed products and technologies American does not use.

---

[2] American's witnesses have never been deposed. Thus, although IV's request for reciprocal production in an opposition brief is procedurally improper as a request for affirmative relief must be presented by motion, Fed. R. Civ. P. 7(b)(1), American has no transcripts to produce.

██████████████

██████████ *see also UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, No. 6:11-cv-496, 2013 WL 6253767, at *4 (E.D. Tex. Dec. 3, 2013) (permitting pre-suit discovery where § 285 raised).

IV's contention that American has not filed a Rule 11 motion is a red herring and IV's self-serving statements are belied by its litigation conduct of refusing to drop licensed products and drop patents when all accused products are licensed. *Id.* at 12. IV's litigation conduct underscores its bad faith. IV maintained claims against licensed products in another case and lost. In *LG Elecs. Inc. v. Invention Inv. Fund I L.P.*, IV sued its licensee's customers over products supplied by a licensee. No. 243, 2025, 2026 WL 935618, *1, 2 (Del. Apr. 7, 2026). The court held IV liable for the customers' full indemnification exposure, plus prejudgment interest and costs. *Id.* at *1–3.

The parallel here is striking. ██████████████████████

███████████████████████████████

███████████████████████████████

█████████████████ one that exposed it to full defense costs, indemnification, interest, and fees. American will seek similar relief under § 285.

## V. IV HAS NO BASIS TO REFUSE SUPPLEMENTING INTERROGATORY RESPONSES

IV says it "agreed to supplement." But that was a month ago and IV has not supplemented. The Court should order supplementation no later than the close of discovery (July 15).

\* \* \*

American requests that the Court order IV to: (1) produce all third-party materials related to any of the Asserted Patents; (2) produce  (3) produce prior testimony of IV representatives; (4) produce pre-suit investigation materials; (5) serve complete supplemental interrogatory responses no later than July 15, 2026; and (6) award American its reasonable expenses under Rule 37(a)(5). American reserves its right to seek fees under 35 U.S.C. § 285. American respectfully requests an in-person hearing to discuss these issues with the Court.

5

███████████

Dated: July 15, 2026

**McKool Smith, P.C.**

*/s/ John B. Campbell*
John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**McKool Smith, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Emily Tannenbaum
New York State Bar No. 5928130
**McKool Smith, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**McKool Smith, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1054
Telecopier: (213) 694-1234

ATTORNEYS FOR AMERICAN
AMERICAN AIRLINES, INC.

███████████

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case because it attaches, cites to, quotes, and otherwise discusses materials that Plaintiffs and Defendant have designated Confidential and/or Highly Confidential.

*/s/ John B. Campbell*
John B. Campbell

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the electronic mail with notice via the Court's ECF system on July 15, 2026.

*/s/ John B. Campbell*
John B. Campbell