# Court Exhibit A



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | | |
|---|---|---|---|
| 70848 | 7590 | 01/26/2010 | |

PANTA c/o MURABITO HAO & BARNES LLP
Two Market Street
3rd Floor
San Jose, CA 95113

| EXAMINER |
|---|
| KHATRI, ANIL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2191 | |

DATE MAILED: 01/26/2010

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/395,816 | 03/30/2006 | Pradip Kulkarni | PNTA-P006 | 2625 |

TITLE OF INVENTION: BLOCK-LEVEL I/O SUBSYSTEM FOR DISTRIBUTED APPLICATION ENVIRONMENT MANAGEMENT

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $0 | $0 | $1510 | 04/26/2010 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or <u>Fax</u>   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

70848        7590        01/26/2010

PANTA c/o MURABITO HAO & BARNES LLP
Two Market Street
3rd Floor
San Jose, CA 95113

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/395,816 | 03/30/2006 | Pradip Kulkarni | PNTA-P006 | 2625 |

TITLE OF INVENTION: BLOCK-LEVEL I/O SUBSYSTEM FOR DISTRIBUTED APPLICATION ENVIRONMENT MANAGEMENT

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $0 | $0 | $1510 | 04/26/2010 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| KHATRI, ANIL | 2191 | 717-176000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/395,816 | 03/30/2006 | Pradip Kulkarni | PNTA-P006 | 2625 |

| | | |
|---|---|---|
| 70848    7590    01/26/2010 | EXAMINER | |
| PANTA c/o MURABITO HAO & BARNES LLP | KHATRI, ANIL | |
| Two Market Street | ART UNIT | PAPER NUMBER |
| 3rd Floor | 2191 | |
| San Jose, CA 95113 | DATE MAILED: 01/26/2010 | |

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 770 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 770 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702.  Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101   or (571)-272-4200.

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.

| | Application No. | Applicant(s) | |
|---|---|---|---|
| ***Notice of Allowability*** | 11/395,816 | KULKARNI ET AL. | |
| | **Examiner** | **Art Unit** | |
| | Anil Khatri | 2191 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *10/8/2009*.

2. ☒ The allowed claim(s) is/are *1-9, 12-18 and 20-33*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some*    c) ☐ None    of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE**.

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☒ Examiner's Amendment/Comment

8. ☒ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____.

Application/Control Number: 11/395,816                                              Page 2

Art Unit: 2191

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview

with Jeffery Lehman registration no. 65,494 on 1/11/10.

The application has been amended as follows:

**In Claims**

**Cancel claim 10.**

**Cancel claim 11.**

**Cancel claim 19.**

**Claim 1**

Last line, after unit          delete - -. - -

Last line, after unit          insert  - - ; the union block device comprises a low-

level driver for interfacing between the first and second storage units and the file system

of the compute node; and the union block device, upon receiving a write request from

the compute node for a sector X, creates an appropriate persistent mapping for sector

X.

Application/Control Number: 11/395,816                                      Page 3

Art Unit: 2191

**Claim 12**

First line, after claim          delete - - 11 - -

First line, after claim          insert  - - 1 - -

**Claim 17**

Last line, after node          delete - - . - -

Last line, after node          insert  - - ; wherein the modifying comprises: upon receiving a write request from the compute node for a sector X, creating an appropriate persistent mapping for sector X; and writing sector X on the second storage unit.

### *Allowable Subject Matter*

Claims 1-9, 12-18 and 20-33 (renumbered 1-30) are allowed.

The following is an examiner's statement of reasons for allowance:

The cited prior art taken alone or in combination does not fairly suggest the claimed invention of networked computing specifically related to distributed application environment deployment in a multi-computer system. The cited prior art teaches the user program specifies interconnections between a plurality of program blocks distributed across a plurality of processing nodes and translated into a system-level program having a program fragment for each one of the processing nodes and fault tolerance and recovery in a high-performance computing system includes monitoring a currently running node in an HPC system including multiple nodes but silent on the root image comprises a computer program, wherein the blocks comprise sections of data,

Application/Control Number: 11/395,816                                                                Page 4

Art Unit: 2191

and wherein a file of the root image comprises at least one block, a union block device

for interfacing between the compute node and the first and second storage units to

distribute the application environment to the compute node, wherein the union block

device comprises a driver, wherein the union block device creates the application

environment by merging the blocks of the root image stored on the first storage unit

with the blocks of the leaf image stored on the second storage unit. Therefore, it

improves on cluster computing and improves load balancing where high traffic

computation is required to optimize the process.


        Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


        **Conclusion**

        Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Anil Khatri whose telephone number is 571-272-3725.

The examiner can normally be reached on M-F 8:30-5:00 PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Wei Zhen can be reached on 571-272-3708.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 11/395,816                                        Page 5

Art Unit: 2191

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

\*\*\*

/Anil Khatri/

Primary Examiner, Art Unit 2191

**Amendments to the Claims**

1.      (Currently amended) A system for distributing an application environment ~~to a compute node~~ comprising:

a compute node comprising a computer system;

a first storage unit for storing blocks of a root image of the compute node, wherein the first storage unit comprises a first non-volatile memory, wherein the root image comprises a computer program, wherein the blocks comprise sections of data, and wherein a file of the root image comprises at least one block;

a second storage unit for storing a leaf image, the leaf image comprising new data blocks and changes to the blocks of the root image, wherein the second storage unit comprises a second non-volatile memory; and

a union block device for interfacing between the compute node and the first and second storage units to distribute the application environment to the compute node, wherein the union block device comprises a driver, wherein the union block device creates the application environment by merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit.

2.      (Original) The system as recited in Claim 1 wherein the compute node comprises a server.

3.      (Original) The system as recited in Claim 1 wherein the compute node comprises a thin-client workstation.

4.      (Original) The system as recited in Claim 1 wherein the root image comprises an operating system.

5.      (Original) The system as recited in Claim 1 wherein the root image is concurrently accessible to a plurality of compute nodes.

.

6.      (Original) The system as recited in Claim 1 wherein the first storage unit is remotely located from the compute node.

7.      (Original) The system as recited in Claim 1 wherein the second storage unit is remotely located from the compute node.

8.      (Original) The system as recited in Claim 1 wherein the second storage unit contains a block modification log for the compute node.

9.      (Original) The system as recited in Claim 1 wherein the first storage unit in contained within a first partition on a hard disk and the second storage unit is contained within a second partition on the hard disk.

10.     (Original) The system as recited in Claim 1 wherein the union block device comprises a low-level driver for interfacing between the first and second storage units and the file system of the compute node.

11.     (Original) The system as recited in Claim 1 wherein the union block device, upon receiving a write request from the compute node for a sector X, creates an appropriate persistent mapping for sector X.

12.     (Original) The system as recited in Claim 11 wherein the union block device writes sector X on the second storage unit.

13.     (Original) The system as recited in Claim 1 wherein the system operates in a high performance computing cluster.

14.     (Original) The system as recited in Claim 1 wherein the system operates in a grid computing cluster.

15.    (Original) The system as recited in Claim 1 wherein the first storage unit is read only.

16.    (Original) The system as recited in Claim 1 further comprising an intermediate image between the root image and the leaf image, wherein the intermediate image comprises an application environment service group.

17.    (Currently amended) A method for distributing an application environment to a compute node comprising:

storing blocks of a root image of a[[the]] compute node on a first storage unit, wherein the compute node comprises a computer system, and wherein the first storage unit comprises a first non-volatile memory, wherein the root image comprises a computer program, wherein the blocks comprise sections of data, and wherein a file of the root image comprises at least one block;

storing a leaf image comprising new data blocks and changes to the blocks of the root image on a second storage unit, wherein the second storage unit comprises a second non-volatile memory;

merging the blocks of the root image stored on the first storage unit with the blocks of the leaf image stored on the second storage unit to create the application environment; and

delivering the application environment to the compute node.

18.    (Original) The method as recited in Claim 17 further comprising:

modifying the leaf image in response to the compute node's access to the application environment.

19.    (Original) The method as recited in Claim 18 wherein the modifying comprises:

upon receiving a write request from the compute node for a sector X, creating an appropriate persistent mapping for sector X; and

writing sector X on the second storage unit.

20.    (Original) The method as recited in Claim 17 further comprising: reconciling the root image and the leaf image to form a new root image.

21.    (Original) The method as recited in Claim 17 wherein the compute node comprises a server.

22.    (Original) The method as recited in Claim 17 wherein the compute node comprises a thin-client workstation.

23.    (Original) The method as recited in Claim 17 wherein the root image comprises an operating system.

24.    (Original) The method as recited in Claim 17 wherein the root image is concurrently accessible to a plurality of compute nodes.
.

25.    (Original) The method as recited in Claim 17 wherein the first storage unit is remotely located from the compute node.

26.    (Original) The method as recited in Claim 17 wherein the second storage unit is remotely located from the compute node.

27.    (Original) The method as recited in Claim 17 wherein the second storage unit contains a block modification log for the compute node.

28.    (Original) The method as recited in Claim 17 wherein the first storage unit is contained within a first partition on a hard disk and the second storage unit is contained within a second partition on the hard disk.

29.     (Original) The method as recited in Claim 17 wherein merging occurs at an operational level between the first and second storage units and file system of the compute node.

30.     (Original) The method as recited in Claim 17 wherein the method operates in a high performance computing cluster.

31.     (Original) The method as recited in Claim 17 wherein the system operates in a grid computing cluster.

32.     (Original) The method as recited in Claim 17 wherein the first storage unit is read only.

33.     (Original) The method as recited in Claim 17 further comprising:

creating an intermediate image on a third storage unit between the root image and the leaf image, wherein the intermediate image comprises an application environment service group.

PNTA-P006                              Page 8 of 18                    Examiner: Khatri, Anil
Serial No. : 11/395,816                                               Group Art Unit: 2191