# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, and INTELLECTUAL VENTURES II LLC, | § | |
| | § | |
| *Plaintiffs*, | § | Civil Action No. 4:24-cv-980 |
| v. | § | Judge Mazzant |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant American Airlines, Inc.'s Motion to Dismiss Plaintiffs, Intellectual Ventures I, LLC and Intellectual Ventures II, LLC's First Amended Complaint Under Rule 12(b)(6) and 12 (b)(1) (the "Motion") (Dkt. #88). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a patent infringement case. On November 2, 2024, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "IV") filed this action alleging that Defendant American Airlines, Inc. ("Defendant" or "American") has infringed and continues to infringe six patents: (1) U.S. Patent No. 7,257,582; (2) U.S. Patent No. 7,324,469; (3) U.S. Patent No. 7,949,785; (4) U.S. Patent No. 8,027,326; (5) U.S. Patent No. 8,332,844; and (6) U.S. Patent No. 8,407,722 (Dkt. #1 at ¶ 1). On September 10, 2025, Plaintiffs filed an Amended Complaint alleging that Defendant has infringed and continues to infringe six additional patents: (1) U.S. Patent No. 7,712,080; (2) U.S. Patent No. 7,721,282; (3) U.S. Patent No. 7,822,841; (4) U.S. Patent

No. 8,352,584; (5) U.S. Patent No. 10,103,845; and (6) U.S. Patent No. 11,032,000 (Dkt. #84 at ¶ 1).[1]

On October 1, 2025, Defendant filed this Motion to Dismiss seeking to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) for three independent reasons (Dkt. #88). On October 29, 2025, Plaintiffs filed their Response opposing each of Defendant's purported bases for dismissal (Dkt. #94). On November 6, 2025, Defendant filed its Reply in Support of its motion to dismiss (Dkt. #95). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (internal quotation marks omitted) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations

[1] The twelve (12) patented alleged in Plaintiffs' Complaint (Dkt. #1) and Amended Complaint (Dkt. #84) are collectively referred to herein as the "Asserted Patents."

set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II. Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But

where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' First Amended Complaint for three independent reasons. First, Defendant argues that Plaintiffs' infringement claims for the '841 Patent (Count VIII), the '584 Patent (Count IX), and the '282 Patent (Count XII) should be dismissed because the patents at issue are directed to an abstract idea and therefore the claims are invalid under 35 U.S.C. § 101 (Dkt. #88 at p. 7). Second, Defendant argues that Plaintiffs' First Amended Complaint fails to identify any specific American products or services alleged to infringe the Asserted Patents and therefore fails to place American on notice of what activity is being accused of infringement as

required under Federal Rule Civil Procedure 8 (Dkt. #88 at p. 7). Third, Defendant argues that Plaintiffs' First Amended Complaint fails to allege any fact that establishes that Plaintiffs, alone, have standing to assert the '080 Patent in Count VII (Dkt. #88 at p. 7). The Court will address each argument in turn.

## I. Whether Plaintiffs' Infringement Claims for the '841 Patent, the '584 Patent, and the '282 Patent Are Invalid under 35 U.S.C. § 101

After reviewing Plaintiffs' First Amended Complaint and the arguments present in the parties' briefs, the Court finds that Plaintiffs have stated plausible claims for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal is unwarranted. Defendant's motion to dismiss on these grounds should therefore be **DENIED**. *See United Servs. Auto. Ass'n v. PNC Bank N.A.*, 2:20-CV-00319-JRG, 2021 WL 5395883, at *3 (E.D. Tex. Nov. 18, 2021) ("The Court will grant a motion to dismiss for lack of patent eligibility under 35 U.S.C. § 101 only where 'there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law.'" (citing *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 765 (Fed. Cir. 2019)).

## II. Whether Plaintiffs' First Amended Complaint Fails to Identify Any Specific American Products or Services That Allegedly Infringe the Asserted Patents

After reviewing Plaintiffs' First Amended Complaint and the arguments present in the parties' briefs, the Court finds that Plaintiffs have stated plausible claims for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal is unwarranted. Defendant's motion to dismiss on these grounds should therefore be **DENIED**. *See AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024) ("[P]atentees need not prove their case at the pleading stage. To the contrary, an adequate complaint need only contain some factual allegations that, when taken as true, articulate why it is plausibly that the accused product infringes the patent claim." (citation modified)); *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (noting that for a

patent infringement claim to survive a motion to dismiss, the complaint need only include "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.").

**III. Whether Plaintiffs Have Standing to Assert the '080 Patent**

Defendant argues that the Court should dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(1) because it fails to allege any fact that establishes that Plaintiffs, alone, have standing to assert the '080 Patent in Count VII (Dkt. #88 at p. 26). Defendant contends that Plaintiffs claim they are "the exclusive licensee of the '080 Patent" but have failed to allege a single fact to support this bar claim (Dkt. #88 at p. 26). Plaintiffs argue in response that Defendant has failed to provide any supporting evidence in support of its jurisdiction challenge, so its argument is a facial attack and thus fails because when faced with a facial attack, the Court must presume Plaintiffs' jurisdiction allegations are true (Dkt. #94 at pp. 26–27). The Court agrees with Plaintiffs.

It is well-settled that the Fifth Circuit distinguishes between a "facial" attack and a "factual" attack upon a complaint under Rule 12(b)(1). *See Peterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Because Defendant's motion to dismiss relies solely on the allegations in the First Amended Complaint the motion is a facial attack and the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Williams v. Certain Underwriters At Lloyd's of London*, 398 F. App'x 44, 46 (5th Cir. 2010). In this case, Plaintiffs' First Amended Complaint alleges that "Intellectual Ventures I LLC is the exclusive licensee under the '080 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '080 Patent" (Dkt. #84 at ¶ 37). These allegations are sufficient to show that Plaintiffs have standing to assert the '080 Patent. *See Web 2.0 Techs., LLC v. Longview Reg'l Med. Ctr.*, 815 F. Supp. 3d 527, 530

(E.D. Tex. 2025) ("Under Federal Circuit precedent, only a 'patentee' under 35 U.S.C. § 100(d) and 281, or a licensee who holds all substantial rights in the patent, has a statutory right to sue for patent infringement. The Federal Circuit has characterized the scope of the statutory right to sue as a matter of 'standing.'" (citing *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002)). Accordingly, the Court finds that Defendant's motion to dismiss on this basis should be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant American Airlines, Inc.'s Motion to Dismiss Plaintiffs, Intellectual Ventures I, LLC and Intellectual Ventures II, LLC's First Amended Complaint Under Rule 12(b)(6) and 12 (b)(1) (Dkt. #88) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 28th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE