# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II, LLC, | § | |
| *Plaintiffs*, | § | Civil Action No. 4:24-cv-980 |
| v. | § | Judge Mazzant |
| AMERICAN AIRLINES, INC., | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant American Airlines, Inc.'s Motion to Compel Intellectual Ventures to Produce Documents and Answer American's Interrogatories (Dkt. #161) (the "Motion"). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is a patent infringement case. On November 2, 2024, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "IV") filed this action alleging that Defendant American Airlines, Inc. ("Defendant" or "American") has infringed and continues to infringe six patents: (1) U.S. Patent No. 7,257,582; (2) U.S. Patent No. 7,324,469; (3) U.S. Patent No. 7,949,785; (4) U.S. Patent No. 8,027,326; (5) U.S. Patent No. 8,332,844; and (6) U.S. Patent No. 8,407,722 (Dkt. #1 at ¶ 1). On September 10, 2025, Plaintiffs filed an Amended Complaint alleging that Defendant has infringed and continues to infringe six additional patents: (1) U.S. Patent No. 7,712,080; (2) U.S. Patent No. 7,721,282; (3) U.S. Patent No. 7,822,841; (4) U.S. Patent

No. 8,352,584; (5) U.S. Patent No. 10,103,845; and (6) U.S. Patent No. 11,032,000 (Dkt. #84 at ¶ 1).[1]

On July 2, 2026, Defendant filed this Motion to Compel Plaintiffs to Produce Documents and Answer American's Interrogatories (Dkt. #161). On July 9, 2026, Plaintiffs filed their Response opposing the Motion (Dkt. #164). On July 15, 2026, Defendant filed its Reply in Support of the Motion (Dkt. #168). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party' " (Dkt. #44 at p. 6). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense . . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

[1] The twelve (12) patents alleged in Plaintiffs' Complaint (Dkt. #1) and Amended Complaint (Dkt. #84) are collectively referred to herein as the "Asserted Patents."

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *See Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g), advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the

proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

Defendant moves the Court to compel Plaintiffs to produce four broad categories of materials: (1) documents exchanged with third parties regarding the Asserted Patents and/or Plaintiffs' case against Defendant; (2) documents related to Plaintiffs' "subscription" model, including documents sufficient to identify which subscribers are licensed to the Asserted Patents and any payments made or distributions made by Plaintiffs (or its affiliates) pursuant to the subscription agreements; (3) prior testimony of Plaintiffs' representatives; and (4) discovery concerning Plaintiffs' pre-suit investigation of the Asserted Patents and/or its case against Defendant (Dkt. #161 at p. 8). Defendant also moves the court to compel Plaintiffs to answer Defendant's interrogatories, specifically nos. 1, 2, 4, 6, 9, 10, 14, 16, 20, 21, and 22 (Dkt. #161 at p. 8). The Court addresses each of Defendant's requests in turn.

### I. Documents Exchanged with Third Parties Regarding the Asserted Patents and/or Plaintiffs' Case Against American

Defendant seeks an order compelling Plaintiffs to produce "all materials exchanged with any third party related to the Asserted Patents or Plaintiffs' infringement allegations against Defendant, including but not limited to documents concerning the infringement, validity, or value of the Asserted Patents" (Dkt. #161 at p. 12). Defendant contends that the information sought is

both relevant and not privileged and, therefore, discoverable (Dkt. #161 at pp. 12–13). Plaintiffs argue in response that the Court should deny Defendant's request for two reasons: (1) Defendant never raised it before it filed its motion nor complied with the meet-and-confer requirement; and (2) the request is overly broad and burdensome because infringement and damages analyses against third parties are not relevant to any claim or defense in this case against Defendant (Dkt. #164 at p. 6). Initially, the Court finds the telephonic meet-and-confer sessions held on June 9, 2026 and June 16, 2026 identified by Defendant satisfy the meet-and-confer requirement (Dkt. #168 at p. 6).

The Court agrees with Defendant that the requested materials are discoverable. The Federal Rules of Civil Procedure require parties to produce "discovery regarding non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The Local Rules of the Eastern District of Texas further require parties to produce, amongst other things, all "information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense." LOCAL RULE CV-26(d). District courts in this circuit, including within this district, have found that materials exchanged with third parties relating to asserted patents or infringement allegations are relevant and thus discoverable. *See, e.g.*, *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. CIVA2:07-CV-262(TJW), 2010 WL 774878, at *2 (E.D. Tex. Mar. 2, 2010) (ordering production of documents related to settlement negotiations and a license obtained via a settlement relating to the accused product in the case); *see also Two-Way Media LLC v. AT&T Inc.*, No. SA-09-CA-476-OG, 2011 WL 13113724, at *3 (W.D. Tex. Mar. 7, 2011) (ordering production of documents relating to negotiations with third parties concerning the patents-in-suit). Indeed, this Court has held this type of information is particularly important where, as here, the plaintiff's business is to litigate and license as opposed to compete with the defendant in the marketplace. *See Clear with*

*Computers, LLC v. Bergdorf Goodman, Inc.*, 753 F. Supp. 2d 662, 663-64 (E.D. Tex. 2010) (ordering production of a settlement agreement and settlement-related communications with third parties, because this information has "increased relevance" since "the settlement agreements will likely be the only licenses of the patents-in-suit . . . [because plaintiff's] business is to litigate and license patents; it does not compete with [d]efendants in the marketplace.").

However, Courts have distinguished between cases where settlement and licensing negotiations do not result in adoption of the license and cases where negotiations ultimately result in licenses. *Compare Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011) (refusing to compel discovery of "ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit" due to a lack of reliability and concern of a "chilling effect"), *with Tyco Healthcare Group LP,* 2010 WL 774878, at *2 (allowing discovery of underlying settlement negotiations of license agreements where negotiations ultimately resulted in a license). Plaintiffs correctly note that evidence of settlement and licensing negotiations of unadopted licenses is undiscoverable (Dkt. #164 at p. 7–8). *See, e.g.*, *Sol IP, LLC v. AT&T Mobility LLC*, 2-18-CV-00526, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020) (holding "unconsummated settlement and licensing negotiations with the patents-in-suit" not discoverable).

Accordingly, the Court finds that Defendant's requested documents are discoverable, barring documents evidencing negotiations of unconsummated settlements agreement. Thus, the Court orders Plaintiffs to produce all relevant and non-privileged discovery of all materials exchanged with any third parties related to the Asserted Patents or Plaintiffs' infringement allegations, except to the extent that such discovery relates to ongoing or unconsummated

settlement and licensing negotiations with the Asserted Patents, within fourteen (14) days of the entry of this Order.

## II. Documents Related to Plaintiffs' "Subscription" Model

Defendant seeks an order compelling Plaintiffs to produce "all documents related to licenses granted via IV's 'subscription' model" (Dkt. #161 at p. 15–16). Defendant contends that the scope of Plaintiffs' licenses and the details behind Plaintiffs' transactions with their licensees are discoverable (Dkt. #161 at p. 14). Defendant further contends Plaintiffs' deficient production to date burdens their damages case (Dkt. #161 at p. 15). Plaintiffs argue in response that (1) Defendant's request is not relevant to any claim or defense; and (2) Plaintiffs have already provided Defendant with discovery beyond what proportionality requires (Dkt. #164 at p. 10).

The Court agrees that the requested documents are discoverable, barring any documents including information regarding unasserted patents. Generally, all licenses and other agreements relating to the Asserted Patents are relevant and thus discoverable. *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019). "An established royalty is usually the best measure of a 'reasonable' royalty . . . because it removes the need to guess at the terms to which parties would hypothetically agree." *Monsanto Co. v. McFarling,* 488 F.3d 973, 978–79 (Fed. Cir. 2007) (citation omitted). "Royalties received by the patentee" and "[t]he nature and scope of the license" are relevant to calculations of royalty-revenue damages under the *Georgia-Pacific* analysis. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. May 28, 1970).

Defendant's request is appropriate because Plaintiffs' subscription model, which grants licenses to the Asserted Patents, provides circumstances of royalty payments that are central to the reasonable-royalty analysis. *See Georgia-Pacific*, 318 F. Supp. at 1120. However, the Motion

identifies a "Target Category List," which lists the types of patents third parties want Plaintiffs to acquire (Dkt. #161 at p. 15). Discovery requests relating to unasserted patents are non-discoverable because they hold no relevance to the present infringement claims. *See Caritas Techs., Inc. v. Comcast Corp.,* No. 2:05-CV-339, 2006 WL 8430982, at *10 (E.D. Tex. Feb. 10, 2006) (denying a motion to compel certain information because "documents regarding those patents not asserted against [defendant] in this case are not relevant"). As such, to the extent that these lists include any other patents or types that are not asserted against Defendant in this action, such information is not discoverable.

Accordingly, the Court concludes that Defendant's requested documents are discoverable, barring any documents including information regarding unasserted patents. *See id.* The Court orders Plaintiffs to produce all relevant and non-privileged discovery of all documents related to licenses granted via Plaintiffs' subscription model, except to the extent that such discovery relates only to unasserted patents, within fourteen (14) days of the entry of this Order.

**III. Prior Testimony of IV's Representatives**

Defendant seeks an order compelling Plaintiffs to produce "prior deposition and trial testimony of its corporate representatives" (Dkt. #161 at p. 16). Defendant contends the requested prior testimony is "relevant to [Plaintiffs'] licensing practices and the scope, validity, and value of the Asserted Patents" and that production of prior testimony imposes little burden on the Plaintiffs (Dkt. #161 at p. 16). Plaintiffs argue in response that Defendant's request is overly broad and not proportional to the needs of the case (Dkt. #164 at p. 10).

The Court agrees that Defendant's requested discovery is discoverable. In moving to compel the disclosure of materials "[t]he moving party bears the burden of showing that the materials are 'relevant to any party's claim or defense and proportional to the needs of the

case.'" *Weatherford Tech. Holdings, LLC v. Tesco Corp.,* No. 2:17-CV-00456-JRG, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018). (citing FED. R. CIV. P. 26(b)). Here, Defendant contends their request is relevant to Plaintiffs' licensing practices and the scope, validity, and value of the Asserted Patents (Dkt. #161 at p. 16). Evidence of parties' licensing practices as well as evidence reflecting the patent's value is relevant for the purposes of discovery. *See Mirror Worlds Techs., LLC v. Apple Inc.*, 2016 WL 4265758, at *1–2 (E.D. Tex. 2016) (compelling defendant to produce license agreements because they could be relevant to the reasonable royalty analysis despite addressing different technologies); *see also Charles E. Hill & Assocs., Inc.*, 854 F. Supp. 2d at 430 (E.D. Tex. 2012) (compelling production of documents where they "accurately reflect the patents' value.").

Defendant has met its burden to establish the relevance of Plaintiffs' prior testimony. Accordingly, the burden shifts to Plaintiffs to demonstrate why Defendant's discovery request is "overly broad and not proportional to the needs of the case" (Dkt. #164 at p. 10). *Weatherford Tech. Holdings, LLC,* 2018 WL 4620634, at *1 ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to demonstrate why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive and thus should not be permitted."). In resisting discovery, the opposing party "must . . . articulate specifically how each discovery request is not relevant or is overly broad, burdensome, or oppressive." *Retractable Techs., Inc. v. Abbott Lab'ys, Inc.,* No. 5:05CV157, 2009 WL 10677751, at *8 (E.D. Tex. July 24, 2009) (citing *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 263 (W.D. Tex. 2006); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Merely articulating boilerplate objections to requested information without more is insufficient to satisfy a responding party's burden. *See Clapper v. Am. Realty Invs., Inc.*, No.

3:14-CV-2970-D, 2017 WL 11679071, at *2 (N.D. Tex. Oct. 26, 2017) (explaining that to carry its burden, a party resisting discovery "must show specifically how each request is overly broad, unduly burdensome, or oppressive," which requires the resisting party to "*submit[] affidavits or offer[] evidence revealing the nature of the burden*." (emphasis added)); *see also Tsanacas v. Amazon.com, Inc.*, No. 4:17-CV-00306, 2018 WL 324447, at *2–3 (E.D. Tex. Jan. 8, 2018) (finding a party's objection that a discovery request was "overly broad, unduly burdensome, and harassing," to be "the epitome of" a boilerplate objection that . . . failed to "state with specificity the grounds for objecting to the request." (quoting FED. R. CIV. P. 34(b)(2)(B))).

Plaintiffs have not met their burden by failing to "show specifically" how Defendant's request is overly broad or not proportional to the needs of the case. *See McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485. Further, Plaintiffs fail to "state with specificity the grounds" for their contention. *Tsanacas*, 2018 WL 324447, at *3. Rather, Plaintiffs merely allege the request is "overly broad and not proportional," failing to substantiate their claim (Dkt. #164 at p. 10).

Accordingly, the Court orders Plaintiffs to produce all relevant and non-privileged discovery of all prior testimony of IV's representatives relevant to Plaintiffs' licensing practices and the scope, validity, and value of the Asserted Patents, within fourteen (14) days of entry of this Order.

## IV. Discovery Related to IV's Pre-Suit Investigation

Defendant seeks an order compelling Plaintiffs to produce "all discovery regarding [Plaintiffs'] pre-suit investigation of the Asserted Patents and this case" (Dkt. #161 at p. 16). The parties raise two issues: (1) whether Plaintiffs' failure to provide a privilege log waived privilege; and (2) whether this District precludes pre-suit investigations absent a Rule 11 motion (Dkt. #164 at p. 11-12).

The Court initially turns to the first issue: whether Plaintiffs' failure to provide a privilege log waived privilege. The Fifth Circuit has found that failure to provide a privilege log may, but does not automatically, result in waiver of privilege. *See Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) ("Continual failure to adhere to Rule 26's prescription [relating to privilege logs] *may* result in waiver of privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith." (emphasis added)); *see also United States ex rel. Eichner v. Ocwen Loan Servicing, LLC*, No. 4:19-CV-524, 2024 WL 843900, at *7 (E.D. Tex. Feb. 28, 2024) (finding that "[u]nder certain circumstances, failing to timely invoke privilege and/or failing to provide *can* constitute waiver of the privilege." (emphasis added) (internal quotations omitted)). As such, failure to provide a privilege log *may*, but does not automatically, waive a privilege claim. To determine whether the circumstances justify a finding of waiver, the proper inquiry is whether the failure resulted from "unjustified delay, inexcusable conduct, or bad faith." *Equal Emp. Opportunity Comm'n*, 876 F.3d at 697.

Here, Plaintiffs' failure to serve a privilege log does not result in a de jure waiver of privilege (Dkt. #161 at p. 17). Rather, such failure *may* waive a privilege claim. *See id*. Moreover, the record is devoid of any evidence showing that Plaintiffs' failure to serve a privilege log resulted from "unjustified delay, inexcusable conduct, or bad faith." *Id*. The Court finds Plaintiffs' failure to serve a privilege log did not waive their privilege claim.

The Court now turns the parties second issue: whether this district precludes pre-suit investigations absent a Rule 11 motion. Both Plaintiffs and Defendant refer to *TQP Development, LLC v. 1-800-Flowers.com, Inc.* to support their assertions. No. 2:11-CV-248-JRG-RSP, 2013 WL 7853448 (E.D. Tex. July 22, 2013). In *TQP Development*, the Court found that where the adequacy

of pre-filing investigations is not at issue, and no other basis supports the discovery, pre-suit materials are not discoverable. *See id.*

Here, Plaintiffs correctly note that Defendant has not filed a Rule 11 motion, nor has it made a claim under § 285 (Dkt. #164 at p. 13). The Court found this fact dispositive in *TQP Development* and does so here. 2013 WL 7853448, at *1. Defendant's assertion that it placed Plaintiffs "on notice of its intent to seek sanctions and fees" is irrelevant (Dkt. #161 at p. 19). The relevant ground for this Court is whether an *actual* Rule 11 motion was filed, or whether an *actual* claim was made under § 285 (emphasis added). *See id.* Critically, neither are present here.

Accordingly, the Court concludes that Defendant's requested documents are not discoverable.

## V. American's Interrogatories Nos. 1, 2, 4, 6, 9, 10, 14, 16, 20, 21, and 22

Finally, Defendant seeks an order under Federal Rule of Civil Procedure 37(a)(3)(B)(iii) compelling Plaintiffs to "provide complete, substantive answers to American's Interrogatory Nos. 1, 2, 4, 6, 9, 10, 14, 16, 20, 21, and 22" (Dkt. #161 at p. 21–22). Neither party disputes the fact that Plaintiffs have already responded to Defendant's interrogatories and agreed to supplement their responses (*See* Dkt. #161 at p. 20; *see also* Dkt. # 164 at p. 14). However, Defendant contends Plaintiffs' response to Defendant's interrogatories are "textbook examples of the evasive, non-substantive responses that Rule 37 forbids" (Dkt. #161 at p. 20). Plaintiffs argue in response that Defendant's request "should be denied as moot" (Dkt. #164 at p. 14) as they have already agreed to supplement their responses (*See* Dkt. #164-8 at p. 2).

Under Federal Rule of Civil Procedure 34(b)(2)(B), production of responses "must [] be completed no later than the time for inspection specified in the request *or another reasonable time specified in the response*." Plaintiffs' promise to supplement their responses by an unspecified date

does not moot Defendant's request. Mere promises or agreements to supplement are not, in and of themselves, a sufficient basis to moot a request. *See Carizal v. Texas – Heath and Human Serv. Comm.,* No. EP-23-CV-00343-DCG, 2025 WL 2648256, at *7 (W.D. Tex. Sept. 8, 2025).

Accordingly, the Court concludes that Defendant's request to compel Plaintiffs to answer Defendant's interrogatories is appropriate. Thus, to the extent Plaintiffs have not yet supplemented their answers to Defendant's interrogatories,[2] the Court orders Plaintiffs to provide complete, substantive answers to Defendant's Interrogatory Nos. 1, 2, 4, 6, 9, 10, 14, 16, 20, 21, and 22 within fourteen (14) days of the entry of this Order.

## CONCLUSION

It is therefore **ORDERED** that Defendant American Airlines, Inc.'s Motion to Compel Intellectual Ventures to Produce Documents and Answer American's Interrogatories (Dkt. #161) is hereby **GRANTED in part** and **DENIED in part**. Accordingly, the Court hereby **ORDERS** that Plaintiffs must produce all relevant and non-privileged discovery of (1) all materials exchanged with any third parties related to the Asserted Patents or Plaintiffs' infringement allegations against Defendant, except to the extent that such discovery relates to ongoing or unconsummated settlement and licensing negotiations with the Asserted Patents; (2) all documents related to licenses granted via Plaintiffs' subscription model, except to the extent that such discovery relates to unasserted patents; and (3) all prior testimony relevant to Plaintiffs' licensing practices and the scope, validity, and value of the Asserted Patents within fourteen (14) days of the entry of this Order .

[2] It is unclear to the Court whether Plaintiffs have already supplemented their responses to Defendant's interrogatories as of the date of this Order.

Defendant's request that Plaintiffs produce all discovery regarding [Plaintiffs'] pre-suit investigation of the Asserted Patents and this case is **DENIED.**

It is further **ORDERED** that, to the extent Plaintiffs have not yet supplemented their answers to Defendant's interrogatories, Plaintiffs serve complete responses (without objections) to Interrogatory Nos. 1, 2, 4, 6, 9, 10, 14, 16, 20, 21, and 22 within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 15th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE