# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II, LLC, | § | |
| *Plaintiffs*, | § | Civil Action No. 4:24-cv-980 |
| v. | § | Judge Mazzant |
| AMERICAN AIRLINES, INC., | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Corrected Plaintiffs' Motion to Compel Discovery and for Other Relief (Dkt. #167) (the "Motion"). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part.**

## BACKGROUND

This is a patent infringement case. On November 2, 2024, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "IV") filed this action alleging that Defendant American Airlines, Inc. ("Defendant" or "American") has infringed and continues to infringe six patents: (1) U.S. Patent No. 7,257,582; (2) U.S. Patent No. 7,324,469; (3) U.S. Patent No. 7,949,785; (4) U.S. Patent No. 8,027,326; (5) U.S. Patent No. 8,332,844; and (6) U.S. Patent No. 8,407,722 (Dkt. #1 at ¶ 1). On September 10, 2025, Plaintiffs filed an Amended Complaint alleging that Defendant has infringed and continues to infringe six additional patents: (1) U.S. Patent No. 7,712,080; (2) U.S. Patent No. 7,721,282; (3) U.S. Patent No. 7,822,841; (4) U.S. Patent

No. 8,352,584; (5) U.S. Patent No. 10,103,845; and (6) U.S. Patent No. 11,032,000 (Dkt. #84 at ¶ 1).[1]

On July 14, 2026, Plaintiffs filed this Corrected Plaintiffs' Motion to Compel Discovery and Other Relief (Dkt. #167). On July 28, 2026, Defendant filed its Response opposing the Motion (Dkt. #180). On August 7, 2026, Plaintiffs filed their Reply in Support of the Motion (Dkt. #188). On August 10, 2026, Defendant filed its Sur-Reply in Opposition to the Motion (Dkt. #190). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party' " (Dkt. #44 at p. 6). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense . . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556

[1] The twelve (12) patented alleged in Plaintiffs' Complaint (Dkt. #1) and Amended Complaint (Dkt. #84) are collectively referred to herein as the "Asserted Patents."

F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *See Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g), advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

Plaintiffs seek the Court to compel three categories of discovery: (1) additional discovery related to Backend Patents[2] (excluding Microsoft AKS/Azure or Microsoft licensed public cloud functionality); (2) additional discovery related to Wi-Fi/LTE Patents;[3] and (3) Rule 30(b)(6) deposition testimony (excluding Microsoft AKS/Azure or Microsoft licensed public cloud functionality). Plaintiffs further ask the Court to overrule Defendant's objections to scope based on documents and elicited testimony falling outside of products specifically identified in Plaintiffs' infringement contentions. The Court will address each category in turn.

### I. Documents Related to Backend Patents

The parties raise two issues regarding the information related to the Backend Patents. First, whether Defendant has access to or the legal right to obtain the testing and migration information

[2] U.S. Patent No. 7,257,582; U.S. Patent No. 7,949,785; U.S. Patent No. 8,332,844; U.S. Patent No. 8,407,722; U.S. Patent No. 7,712,080; U.S. Patent No. 7,721,282; U.S. Patent No. 7,822,841; and U.S. Patent No. 8,352,584 are collectively referred to as the "Backend Patents."

[3] U.S. Patent No. 7,324,469; U.S. Patent No. 8,027,326; and U.S. Patent No. 11,032,000 are collectively referred to as the "Wi-Fi/LTE Patents."

it has not produced. Second, whether information related to Defendant's public cloud or licensed documents is relevant for the purpose of determining damages. The Court will discuss both issues below.

### A. Information within Defendant's Possession, Custody, or Control

First, Plaintiffs seek the Court to compel discovery related to Defendant's usage of third-party software and historical migration and configuration information (Dkt. #167 at p.4). Defendant responds that it has already produced responsive documents in its possession regarding the accused backend system (Dkt. #180 at pp. 3, 9). To the extent Plaintiffs seek the source code, design documents, or technical specifications of these products, Defendant argues that such information is out of the possession, custody or control of the Defendant, as it resides with third parties (Dkt. #180 at pp. 3, 9).

Federal Rule of Civil Procedure 34 requires a party to produce documents that are within its "possession, custody, or control." FED. R. CIV. P. 34. "Control has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand." *Cellular Communications Equipment LLC v. AT&T Inc.*, No. 2:15-cv-00576-JRG-RSP, 2017 WL 2306074, at *1 (E.D. Tex. May 25, 2017). "[T]he party seeking discovery must show that the requested documents are in the other party's possession, custody, or control." *Aspen Specialty Ins. Co. v. Yin Investments USA, LP*, No. 6:20-cv-00153, 2021 WL 4170622, at *4 (E.D. Tex. Aug. 4, 2021). To establish control over documents in the possession of a non-party, the movant typically must show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession." *MWK Recruiting Inc. v. Jowers*, No. 1:18-CV-0444, 2020 WL 1987921, at *2 (W.D. Tex. Apr. 27, 2020).

Here, Plaintiffs rely on *Torrey v. Infectious Diseases Soc'y of Am.* to contend that Defendant has the legal right to obtain documents from third parties (Dkt. #188 at p. 3). 334 F.R.D. 79, 85 (E.D. Tex. 2019). As Defendant points out, the discovery sought in *Torrey* included work emails sent by medical doctors which the doctors had authorization to access and control (Dkt. #190 at p. 4). *Torrey*, 334 F.R.D. at 86. Unlike in *Torrey*, Defendant contends it does not have authorization to access and control third party documents, including proprietary technical documentation, from its independent suppliers (Dkt. #190 at p. 5). The Court disagrees with Plaintiffs that the third-party documents Plaintiffs seek (source code, design documents, or technical specifications) are comparable to the discovery sought in *Torrey*. Therefore, the Court finds that Plaintiffs have not shown that Defendant has the legal right to obtain such documents from third parties. However, to the extent the information Plaintiffs seek resides within the possession, custody or control of Defendant, Defendant must produce said documents or written discovery.

The Court will compel production of documents and written discovery related to Defendant's usage of third-party software and historical migration and configuration information to the extent that Defendant is in possession, custody, or control of such information. Of course, Defendant is not obligated to produce documents which are outside of its possession, custody, or control.

**B. Public Cloud Financial Information**

Plaintiffs seek discovery about third-party software, including information regarding Defendant's costs and expenditures for third-party cloud services (Dkt. #167 at p. 6). Plaintiffs note that "[t]o the extent [Plaintiffs are] seeking information regarding [Defendant]'s public cloud, this information is solely for the purpose of determining [Defendant]'s damages" (Dkt. #167 at n.4). Defendant argues that Plaintiffs expressly excluded licensed public cloud technology

throughout this case (Dkt. #180 at pp. 17-18). Further, Defendant argues that Plaintiffs have not articulated any coherent damages theory that requires Defendant's public cloud expenditures (Dkt. #180 at pp. 17-18).

"Courts have routinely granted motions to compel discovery requests extending to unaccused products where the plaintiff has asserted a derivative or convoyed sales theory of damages, and where the plaintiff has *sufficiently articulated* how the documents at issue *are relevant* to that theory." *Invensas Corp. v. Renesas Elec. Corp.*, No. 11-448-GMS-CJB, 2013 WL 12146531, at *3 (D. Del. 2013) (citing cases, emphasis added); *See Brit. Telecommunications PLC v. IAC/Interactivecorp*, No. CV 18-366-WCB, 2020 WL 1043974, at *6 (D. Del. Mar. 4, 2020) (denying motion to compel discovery into information about revenues and expenses relating to features that are not accused in the case where Plaintiff failed to explain why that information is pertinent to its damages case). With respect to Plaintiffs' request for discovery regarding Defendant's costs and expenditures for licensed third-party cloud services, Plaintiff has not sufficiently articulated why that information is relevant to its damages case. *Invensas Corp.,* 2013 WL 12146531 at *3. Thus, the Court will deny Plaintiffs' request to compel information regarding Defendant's costs and expenditures for licensed third-party cloud services.

**II. Documents Related to Wi-Fi/LTE Patents**

Plaintiffs seek the Court to compel Defendant discovery sufficient to identify all components of Defendant's LTE and Wi-Fi systems, along with Defendant's Sceptre inventory management system and Aircraft Illustrated Parts Catalog, including but not limited to installation history, serial-number tracking, maintenance records and retrofit installation and historical aircraft configuration information (Dkt. #176 at 9; Dkt. #178-1). Defendant responded by producing the relevant portions of the Aircraft Illustrated Parts Catalog and stipulating "the 'Date First Operated

as 4G' as show in Exhibit 6 of the Stillo deposition will apply to every aircraft identified in the identified fleet" (Dkt. #180 at p. 24).

Plaintiffs further argue that Defendant failed to comply with its discovery obligations by "refusing to produce discovery regarding LTE and Wi-Fi technology identified in IV's infringement contentions, as well as reasonably similar technology." (Dkt. 167 at pp. 9-10). Rather than dispute that reasonably similar technology is discoverable, Defendant responds that Defendant "has more than met its discovery obligations in providing discovery on Wi-Fi and LTE products that were never accused of infringement," citing discovery related to Boeing AID, Avonica minQAR, Teledyne WQAR, and Honeywell TWLU. (Dkt. #180 at p. 25).

Because there is no dispute regarding whether reasonably similar technology is discoverable, the Court finds that Defendant is obligated to produce discovery regarding LTE and Wi-Fi technology identified in Plaintiffs' infringement contentions, as well as reasonably similar technology. The Court will compel Defendant to supplement its responses to Plaintiffs' interrogatories as well as produce any additional documents in its possession, custody, or control, regarding LTE and Wi-Fi technology to the extent such information has not already been produced.

## III. Rule 30(b)(6) Deposition Testimony

Plaintiffs seek the Court to compel additional Rule 30(b)(6) testimony on Topic Nos. 2, 4, 5, 12, 15, 21, 26, 30, 33, 34, 35, and 38 on the Backend Patents and Wi-Fi/LTE Patents and reasonably similar technology (Dkt. #178-1). Plaintiffs argue that they were prevented from getting complete and meaningful testimony because Defendant failed to accurately prepare its witnesses for Rule 30(b)(6) depositions (Dkt. #167 at p. 11). The Court will consider Plaintiffs' arguments as to each Rule 30(b)(6) witness below.

First, Plaintiffs contend deponent Casey Gordon "repeatedly disclaimed knowledge regarding Kubernetes cluster counts, monitoring details, and implementation specifics" (Dkt. #167 at p. 11). Defendant responds that Plaintiffs asked questions outside the noticed topics, seeking testimony about licensed products. As Defendant notes, Plaintiffs withdrew their discovery requests regarding licensed public clouds (Dkt. #178). Therefore, the Court finds that Plaintiffs' request for additional testimony to deponent Casey Gordon should be denied as moot.

Second, Plaintiffs contend deponents Anthony Stillo and Brian Riffe were not prepared to discuss topics relating to Defendant's implementations and configurations of the Wi-Fi and LTE Patents. Plaintiffs contend Mr. Stillo did not know "whether the AID contained Wi-Fi hardware, whether Wi-Fi functionality was present but disabled, whether Wi-Fi functionality was tested, or whether Wi-Fi functionality was historically available" (Dkt. #167 at p. 12). However, in support of their position, Plaintiffs cite only two pages of Mr. Stillo's deposition that hardly show a failure in preparation for such a wide range of topics (Dkt. #167 at p.12). Additionally, Defendants point out testimony from Mr. Stillo answering questions pertaining to the Wi-Fi capabilities of the AID in the deposition (Dkt. #180 at pp. 28-29). Thus, the Court finds that Mr. Stillo was adequately prepared. The Court will deny Plaintiffs' request to seek additional testimony from Mr. Stillo.

As to Mr. Riffe, Plaintiffs contend Mr. Riffe was "the designated Wi-Fi witness" yet "stated that Mr. Stillo was the proper deponent for AIDS and Wi-Fi" (Dkt. #167 at p. 13). Defendant argues that Mr. Riffe was the designated "**in-flight** Wi-Fi products" witness and that Plaintiffs "fail[ed] to even identify a single response by Mr. Riffe that reflects a supposed lack of knowledge" (Dkt. #180 at p. 29) (emphasis in original). The Court agrees that Plaintiffs have not shown that Mr. Riffe

was inadequately prepared. The Court will deny Plaintiffs' motion to compel additional Rule 30(b)(6) testimony from Mr. Riffe.

**IV. Timeliness of Plaintiffs' Motion**

Defendant argues that the Court should deny Plaintiffs' request for additional Rule 30(b)(6) testimony and supplementary responses to Plaintiffs' interrogatories as untimely because Plaintiffs waited three months after Mr. Gordon's deposition and over a year after Defendant responded to Plaintiffs' interrogatories to file this motion (Dkt. #180 at p. 22). However, because Plaintiffs' request was filed before the discovery deadline, the Court finds that the motion is not untimely. In addition, the Court will grant an extension to the discovery deadline of sixty (60) days after the entry of this Order so that discovery may be complete by the new deadline.

**V. Objections to Scope**

The final issue before the Court involves Defendant's objections to scope based on documents and elicited testimony falling outside of products specifically identified in Plaintiffs' infringement contentions. Plaintiffs argue that Defendant's unilaterally decided to "limit the scope of discovery on the basis that they are not specifically identified in [Plaintiffs'] infringement contentions" (Dkt. #167 at pp. 1, 9-10). Plaintiffs contend that such a limitation is improper because the scope may include products and services "reasonably similar" to those accused in the preliminary infringement contentions (Dkt. #167 at p. 9-10). In response, Defendant argues that Plaintiffs' infringement contentions are a guidepost that define the scope of discovery in patent cases (Dkt. #180 at p. 25). Defendant further contends that it has already met its discovery obligations by providing discovery on "reasonably similar" products beyond those in Plaintiffs' infringement contentions (Dkt. #180 at p. 25).

The Court agrees that Plaintiffs' discovery requests must sufficiently relate to Plaintiffs' infringement contentions. Infringement contentions serve the critical function of defining the scope of discovery and narrowing the issues in patent litigation. *See Semcon IP Inc. v. ZTE Corp.*, No. 2:16-CV-00437, 2018 WL 4501808, at *2 (E.D. Tex. Feb. 28, 2018) (citing *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 526 (E.D. Tex. 2005)). To this end, Patent Local Rule 3-1 ("P.R. 3-1") requires a patentee claiming infringement to identify each accused instrumentality—in a manner that is "as specific as possible"—at the outset of the case. *See* P.R. 3-1(b). Under Rule 3.1(b), "[e]ach product, device, and apparatus must be identified by name or model number, if known." *Id.* In essence, this rule requires a patentee to lay out its theories of infringement at the outset of the case, using all publicly available information, and with enough specificity to "give an alleged infringer notice of the patentee's claims." *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008). As the Federal Circuit has noted, the ultimate purpose of this requirement is to require parties to "crystallize their theories of the case early in the litigation so as to prevent the shifting sands' approach" to patent litigation. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (discussing P.R. 3-1) (cleaned up). However, courts in this district agree that "discovery may be properly extended to products reasonably similar to those accused in infringement contentions." *DDR Holdings, LLC*, 2012 WL 3925172, at *2 (finding that "infringement contentions are not intended to impose rigid boundaries that confine the scope of discovery to only those products that are specially identified therein").

As discussed above, Defendant does not dispute the applicability of the "reasonably similar technology" doctrine but instead argues that "this doctrine does not help IV because American *did* provide discovery on products beyond those in IV's infringement contentions" (Dkt. #180 at p. 25)

(emphasis in original). Therefore, the Court will overrule Defendant's objections to scope based on discovery falling outside of the products specifically identified in Plaintiffs' infringement contentions as the scope of discovery extends to products reasonably similar to those accused in infringement contentions.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Discovery and for Other Relief (Dkt. #167) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that American shall produce all yet un-produced documents and written discovery related to Defendant's usage of third-party software and historical migration and configuration information and documents regarding LTE and Wi-Fi technology identified in Plaintiffs' infringement contentions, as well as reasonably similar technology.

It is further **ORDERED** that Defendant's objections to scope based on documents and elicited testimony falling outside of products specifically identified in Plaintiffs' infringement contentions are **OVERRULED**.

It is further **ORDERED** that the discovery deadline will be extended sixty (60) days from the entry of this Order.

It is further **ORDERED** that Plaintiffs' Motion to Compel is, in all other respects, **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE