**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) | |
| *Plaintiffs*, | ) | **C.A. No. 4:24-cv-00980-ALM** |
| v. | ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. | ) | |
| *Defendant*. | ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS**

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 3

A. The Court Should Strike American's Counterclaims Because They Are Untimely .......... 3

B. American's Counterclaims Should Be Stricken Because It Failed To Seek Leave of Court. .......... 4

C. American's Counterclaims Should Be Stricken Because There Is Not Good Cause To Amend The Scheduling Order And Permit Its Untimely Filing. .......... 5

V. CONCLUSION .......... 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Fahim v. Marriott Hotel Servs., Inc.*
551 F.3d 344 (5th Cir. 2008) ....................3

*Horsley v. Bell Textron, Inc.*,
No. 19-cv-00772-O, 2021 U.S. Dist. LEXIS 259715 (N.D. Tex. July 20, 2021)....................7

*KB Home v. Antares Homes, Ltd.*,
No. 3:04-cv-1031-L, 2005 U.S. Dist. LEXIS 16665 (N.D. Tex. 2005)....................6

*Koshar v. Tigi Linea Corp.*,
No. 4:21-cv-280-SDJ-KPJ, 2022 U.S. Dist. LEXIS 13318 (E.D. Tex. Jan. 25, 2022) ....................4, 5

*United States ex rel. Mathews v. HealthSouth Corp.*,
332 F.3d 293 (5th Cir. 2003) ....................3, 5

*Midwest Med. Sols., LLC v. Exactech U.S., Inc.*,
95 F.4th 604 (8th Cir.2024) ....................7

*Moseti v. Collin Coll.*,
No. 4:25-cv-00358-MJT-CLS, 2025 U.S. Dist. LEXIS 217762 (E.D. Tex. Nov. 5, 2025) ....................3, 5

*Olivarez v. T-Mobile USA, Inc.*,
997 F.3d 595 (5th Cir. 2021) ....................6

*Reliance Ins. Co. v. Louisiana Land & Exploration Co.*,
110 F.3d 253 (5th Cir. 1997) ....................6

*S&W Enters., LLC v. Southtrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003) ....................3, 4, 6

*Slip Track Sys., Inc. v. Metal-Lite, Inc.*,
304 F.3d 1256 (Fed. Cir. 2002)....................3

*Southwestern Bell Telephone Co. v. City of El Paso*,
346 F.3d 541 (5th Cir. 2003) ....................4

*Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*,
912 F.3d 805 (5th Cir. 2019) ....................6

*Squyres v. Heico Cos.*,
782 F.3d 224 (5th Cir. 2015) ....................6

**Other Authorities**

Fed. R. Civ. P. 13 .......................................................................................................5

Fed. R. Civ. P. 15(a) .......................................................................................................4, 5

Fed. R. Civ. P. 16 .......................................................................................................3

Fed. R. Civ. P. 16(b) .......................................................................................................3, 6

Fed. R. Civ. P. 16(b)(4).......................................................................................................6

## I. INTRODUCTION

Plaintiffs/Counterclaim-Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC ("IV") move to enforce the Court's Scheduling Order and strike the untimely counterclaims asserted by Defendant American Airlines, Inc. ("American") (Dkt. 195.) The Court's Amended Scheduling Order set the deadline for the parties' final amended pleadings as January 22, 2026, and stated "[a] motion for leave to amend is required"; the deadline for responses to amended pleadings was set for March 2, 2026. (Dkt. 150.)

IV informed American that it intended to narrow the case by dropping four of the asserted patents on August 26, 2026. The next day – for the first time – American filed an Answer and Counterclaims – including counterclaims for declaratory judgments of non-infringement and invalidity regarding the four patents that IV stated it intended to drop. The following day, the Court issued its Order denying American's pending Motion to Dismiss the Amended Complaint. (Dkt. 196.) Although the denial of American's Motion to Dismiss would have permitted American to file an Answer, it did not grant American leave to assert Counterclaims after the deadline for amending pleadings had passed. This is true even if American's Answer and Counterclaims had been keyed off of the Order, which they were not; they predated the Order by a day and appear to have been intended to prevent IV from narrowing the case and dismissing four patents without prejudice. American did not seek leave of Court to modify the Scheduling Order so that it could amend its pleadings and assert the counterclaims, it did not (and cannot) establish good cause, and it did not explain why it could not have acted before the governing deadlines. Further aggravating the prejudice to IV of these counterclaims is that they were first asserted well after the July 15, 2026, end of fact discovery. (Dkt. 150 at 3.) Allowing American's counterclaims now would prejudice IV by requiring it to defend new affirmative claims without the fact discovery

contemplated by the Court's schedule.[1] The Court should enforce its Scheduling Order and strike the untimely counterclaims while leaving Defendant's answer otherwise intact.

## II. FACTUAL BACKGROUND

IV filed its First Amended Complaint on September 10, 2025 (Dkt. 84). American filed its Motion to Dismiss the Amended Complaint on October 1, 2025 (Dkt. 88). Under the operative Amended Scheduling Order, the deadline for filing amended pleadings was February 9, 2026, with responses to amended pleadings due on March 2, 2026. (Dkt. 150 at 2.) The Amended Scheduling Order also set July 15, 2026, as the deadline for completing all fact discovery. *Id*. at 3.

On August 26, 2026, IV informed American that it intended to narrow the case by dropping four of the asserted patents. (Ex. 1.)[2] The next day, American filed an Answer and Counterclaims, asserting for the first time twenty-four counterclaims, including declaratory judgment counterclaims of non-infringement and invalidity for each of the four patents that IV had just informed American it planned to drop (Dkt. 195). Despite the deadline for filing amended pleadings having elapsed six-and-a-half months prior, American did not seek leave of Court to assert its counterclaims nor did it meet-and-confer with IV regarding its intention to do so. The following day, the Court issued its Order denying American's pending Motion to Dismiss the Amended Complaint, further showing (1) American's Answer and Counterclaims were not triggered by the deadline after a ruling on a pending motion to dismiss, and (2) American could

---

[1] Although the Court just extended fact discovery by 60-days in its recent Order on IV's Motion to Compel (Dkt. 208 at 10), IV may not have the ability to question previously-deposed witnesses on the substance of the untimely Counterclaims, even if such witnesses are the people with greatest knowledge on the topics.

[2] References herein to "Ex. __" are to exhibits to the Declaration of Jonathan K. Waldrop, dated October 1, 2026, filed concurrently herewith.

have either filed its counterclaims before the scheduling order deadline or it could have sought leave to file its untimely counterclaims. (Dkt. 196.)

## III. LEGAL STANDARD

Rule 16 controls efforts to amend pleadings after the scheduling-order deadline has expired. *Fahim v. Marriott Hotel Servs., Inc.* 551 F.3d 344, 348 (5th Cir. 2008). In a patent case, compliance with Rule 16 is a procedural issue governed by the law of the regional circuit, thus Fifth Circuit law applies to this motion. *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002). A party must first demonstrate good cause to modify the scheduling order before the more liberal standard governing leave to amend applies. *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard a party must show that the applicable deadline could not reasonably have been met despite its diligence; courts consider four factors: (1) the explanation for failing to act by the deadline or timely move for leave to amend; (2) the importance of the proposed amendment; (3) the potential prejudice from allowing the amendment; and (4) the availability of a continuance to cure that prejudice. *Id.*

"'[F]ailing to request leave from the court when leave is required' renders 'amended pleadings filed without leave of court' as 'having no legal effect.'" *Moseti v. Collin Coll.*, No. 4:25-cv-00358-MJT-CLS, 2025 U.S. Dist. LEXIS 217762, at *4 (E.D. Tex. Nov. 5, 2025) (*quoting United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).)

## IV. ARGUMENT

### A. The Court Should Strike American's Counterclaims Because They Are Untimely.

The Amended Scheduling Order established a February 9, 2026, final deadline for filing amended pleadings and stated a motion for leave was required for doing so. (Dkt. 150 at 2.) In *S&W Enterprises*, the Fifth Circuit held that "Rule 16(b) governs amendment of pleadings after a

scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." 315 F.3d at 536. The Fifth Circuit applied this rule to late-asserted counterclaims in *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546-547 (5th Cir. 2003). A defendant's failure to timely assert counterclaims is not excused by the fact that the Court had not yet ruled on Defendant's then-pending Motion to Dismiss; that party still must seek leave of court and show good cause to modify the existing scheduling order deadline. *Koshar v. Tigi Linea Corp*., No. 4:21-cv-280-SDJ-KPJ, 2022 U.S. Dist. LEXIS 13318, at *4 (E.D. Tex. Jan. 25, 2022). Although American would have been permitted to file an answer after its Motion to Dismiss was denied, that did not give it leave to assert counterclaims without leave of court. Moreover, American cannot even make the argument that it should have been allowed to assert such counterclaims in due course after denial of a 12(b)(6) motion because it filed its Answer and Counterclaims before the Court denied its Motion to Dismiss – not after. Indeed, American's filing was apparently tactical on its part as demonstrated by the fact it decided to belatedly file its Answer and Counterclaims without knowing whether the Court would grant or deny its Motion. Its willingness to do so illustrates that it could have chosen to assert its counterclaims at any time; including before the February 9, 2026, deadline. The fact that IV has attempted to get American to agree to a joint stipulation to narrow the case and American has not only not agreed to such a dismissal, but has not even responded to IV's communications in that regard, further demonstrates American's lack of good cause. (Exs. 2 & 3.)

### B. American's Counterclaims Should Be Stricken Because It Failed To Seek Leave of Court.

The Scheduling Order established February 9, 2026, as the deadline for amending pleadings. (Dkt. 150 at 2.) The Order specifically stated, "A motion for leave to amend is required."

*Id*. Despite that fact, American filed its Counterclaims on August 27, 2026, without seeking leave of Court to file its Counterclaims even though it was more than six months after the deadline for amending pleadings had passed and the Scheduling Order specifically stated that a motion for leave to amend was required. *Id*. Further, American did not seek consent from IV; it did not even inform IV that it intended to file an Answer or Counterclaims. American cannot reasonably argue that it was permitted to file its Counterclaims in response to a denial of its Motion to Dismiss (which is legally inaccurate) because it filed its Counterclaims before the Court denied its motion.

This Court has held that "'failing to request leave from the court when leave is required' renders 'amended pleadings filed without leave of court' as 'having no legal effect.'" *Moseti*, 2025 U.S. Dist. LEXIS 217762, at *4 (*quoting U.S. ex rel. Mathews*, 332 F.3d at 296.) The *Moseti* Court elaborated that courts typically strike improper documents filed without leave of court, although they can still be given legal effect if the proposed amended filing would have been granted if leave had been sought. *Id*. As discussed below, that is not the case here. In *Mosetti* the court allowed the improper filing because no party objected to the filing and no party's rights would be affected as the filing was not inherently untimely. *Id*. By contrast, in *Mathews*, the Fifth Circuit held that the improper pleading should not be treated as having legal effect because the other party would be prejudiced if the court did not follow the formal requirements of Rule 15(a). *Mathews*, 332 F.3d at 296-297. As discussed below, in the instant case American does not have good cause for its untimely filing and IV will be prejudiced if the Court permits American's improperly asserted Counterclaims that were filed without leave of Court.

### C. American's Counterclaims Should Be Stricken Because There Is Not Good Cause To Amend The Scheduling Order And Permit Its Untimely Filing.

While Rule 15(a) generally sets forth a liberal standard for amending pleadings, and Federal Rule of Civil Procedure 13 outlines the requirements for compulsory and permissive

counterclaims, these standards are superseded once the district court enters a scheduling order. Rule 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. *S&W Enters*., 315 F.3d at 535. "A scheduling order 'may be modified only for good cause.' Fed. R. Civ. P. 16(b)(4). . . . There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards to Educ., Inc. v. Houston Indep. Sch. Dist*., 912 F.3d 805, 819 (5th Cir. 2019) (*quoting Squyres v. Heico Co*s., 782 F.3d 224, 237 (5th Cir. 2015).) The Court can properly strike or reject the untimely pleadings. "District judges have the power to control their dockets by refusing to give non-diligent litigants another chance to develop their case." *KB Home v. Antares Homes, Ltd*., No. 3:04-cv-1031-L, 2005 U.S. Dist. LEXIS 16665, at *7 (N.D. Tex. 2005) (*citing Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 258 (5th Cir. 1997).)

American has not attempted to show good cause because it failed to seek leave of court before filing its Counterclaims. Even if it had sought leave, it would have been unable to show good cause. Regarding the first factor, American cannot explain its lack of diligence for waiting more than six-and-a-half months before filing its Counterclaims. "The good cause standard requires a showing by the movant that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Olivarez v. T-Mobile USA, Inc*., 997 F.3d 595, 602 (5th Cir. 2021) (*quoting S&W Enters*., 315 F.3d at 535.) "The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause. Where there has been no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings, then we may conclude that the moving

party has failed to show good cause." *Midwest Med. Sols., LLC v. Exactech U.S., Inc*., 95 F.4th 604, 607 (8th Cir.2024); *see also Horsley v. Bell Textron, Inc*., No. 19-cv-00772-O, 2021 U.S. Dist. LEXIS 259715, *9 (N.D. Tex. July 20, 2021) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order. Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause.'") In *Midwest Meds*, the Court held that the defendant could have pleaded its counterclaims in the alternative. *Id*. By filing its Answer and Counterclaims before the Court had ruled on the pending Motion to Dismiss, American abandoned any potential argument that it was waiting for the Court's ruling before responding to the Amended Complaint. Instead, American demonstrated that it could have filed the Counterclaims before the Scheduling Order deadline, but instead decided that delay for tactical reasons was more important to it. This is especially evident because the Counterclaims it filed are unnecessary from the perspective of American's defenses, but instead apparently were filed solely to prevent IV from dismissing its claims regarding four patents without prejudice. This leads directly into the second factor regarding the importance of the proposed pleading. By their nature as counterclaims seeking declaratory relief, they do not impact any potential finding of liability against American nor do they seek damages against IV. The issues of infringement and validity are already before the Court. Instead, the Counterclaims appear to be asserted purely for tactical reasons.

Regarding the third and fourth factors, IV will be prejudiced if American's Counterclaims are not stricken. At the time the Counterclaims were filed, the fact discovery deadline had already passed by more than a month. (Dkt. 150 at 3.) It was only after the Court granted-in-part IV's motion to compel additional discovery on September 23, 2026, that this deadline was extended. (Dkt. 208 at 10.) Despite the extension of fact discovery, IV does not have the ability to question

previously-deposed witnesses on the substance of the untimely Counterclaims, even though such witnesses are the people with greatest knowledge on the topics at issue.

There is no excuse for American's failure to assert its declaratory Counterclaims of non-infringement and invalidity before the Scheduling Order deadline, therefore it cannot show good cause for an amendment to those deadlines to allow it to assert Counterclaims; especially as it never even sought leave to do so.

## V. CONCLUSION

For the reasons set forth above, IV respectfully requests that the Court grant this Motion to Strike Defendant's Counterclaims.

Dated: October 1, 2026

RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 3750
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Jeceaca An (NY Bar No. 5849898)
(Admitted *pro hac vice*)
jan@kasowitz.com
Binta Watkins (NY Bar No. 5482492)
(Admitted *pro hac vice*)
bwatkins@kasowitz.com
Kristine Abrenica (NY Bar No. 5781489)
(Admitted *pro hac vice*)
kabrenica@kasowitz.com
Paula Ajumobi (NY Bar No. 6056097)
(Admitted *pro hac vice*)
pajumobi@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on October 1, 2026, via electronic mail.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendant on October 1, 2026, concerning the relief requests in this motion, and Defendant represented that it is opposed to the relief requested in this motion.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop