**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 4:24-cv-00980-ALM |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS**

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ..... 2

III. LEGAL STANDARD ..... 5

IV. ARGUMENT ..... 7

A. American Properly Asserted its Counterclaims in Its Timely-Filed Responsive Pleading to the First Amended Complaint ..... 7

1. American Timely Filed its Answer and Counterclaims (Dkt. 195) ..... 7

B. In the Alternative, Good Cause Exists Under Rule 16(b)(4), and the Court Should Grant Leave to the Extent Leave Was Required. ..... 10

1. Explanation for the timing. ..... 10

2. Importance of the counterclaims. ..... 11

3. IV will suffer no prejudice. ..... 13

4. No continuance is necessary. ..... 14

C. Striking the Counterclaims Would Reward IV's Late-Stage Attempt to Dismiss Four Patents Without Prejudice. ..... 14

V. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*CMPC USA, Inc. v. Gwsi, Inc.*,
No. 24-2087, 2024 WL 7128146 (E.D. Penn. Nov. 1, 2024) ....................6, 8

*Hartnett v. Hardenbergh*,
No. 3:23-cv-17-HEH, 2023 WL 6210762 (E.D. Va. Aug. 17, 2023)....................6, 8

*Koshar v. Tigi Linea Corp.*,
No. 4:21-cv-280-SDJ-KPJ, 2022 WL 256491 (E.D. Tex. Jan. 25, 2022) ....................9, 10

*Moseti v. Collin Coll.*,
No. 4:25-cv-00358, 2025 WL 3091827 (E.D. Tex. Nov. 5, 2025)....................9, 10

*S. Coast K9, LLC v. Heiser*,
No. 6:25-cv-298-JA-LHP, 2026 WL 2098206 (M.D. Fla. July 21, 2026) ....................1, 6, 8

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*,
315 F.3d 533 (5th Cir. 2003) .................... passim

*Super Sack Mfg. Corp. v. Chase Packaging Corp*.,
57 F.3d 1054 (Fed. Cir. 1995)....................12

*United States ex rel. Mathews v. HealthSouth Corp.*,
332 F.3d 293 (5th Cir. 2003) ....................9

*VirnetX Inc. v. Apple Inc.*,
931 F.3d 1363 (Fed. Cir. 2019)....................12

*Vivid Techs., Inc. v. American Science & Eng'g, Inc.*,
200 F.3d 795 (Fed. Cir. 1999)....................1, 7

*Yarn v. Hamburger Law Firm, LLC*,
No. 1:12-03096, 2014 WL 2964986 (D. Md. June 30, 2014)....................6, 8

## STATUTES

35 U.S.C. § 101 .................... passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 12 ....................5, 8, 9, 11

Fed. R. Civ. P. 12(a) ....................5

Fed. R. Civ. P. 12(a)(4)....................8, 9, 11

Fed. R. Civ. P. 12(a)(4)(A) ....................5, 6, 8

Fed. R. Civ. P. 12(b)(1)....................2

Fed. R. Civ. P. 12(b)(6)....................2

Fed. R. Civ. P. 13(a) ....................1, 7

Fed. R. Civ. P. 13(a)(1)....................1, 6

Fed. R. Civ. P. 13(a)(1)(A) ....................7

Fed. R. Civ. P. 16....................1

Fed. R. Civ. P. 16(b) ....................6, 9

Fed. R. Civ. P. 16(b)(4)....................6, 10, 15

Fed. R. Civ. P. 41(a)(1)(A) ....................12

Fed. R. Civ. P. 41(a)(1)(B) ....................12

Fed. R. Civ. P. 41(a)(2)....................12

## TABLE OF EXHIBITS

| **Exhibits Attached to IV's Motion (Dkt 212)** | |
|---|---|
| Ex. No. | Description |
| 1 | Email from John Downing to Casey Shomaker, dated August 26, 2026 |
| 2 | Email from Heather Kim to Counsel for Defendant, dated September 17, 2026 |
| 3 | Email from Heather Kim to Counsel for Defendant, dated September 21, 2026 |

| **Exhibits Attached to American's Response** | |
|---|---|
| A | Email from H. Kim to Counsel for Defendant, dated September 17, 2026 |
| B | Email from C. Shomaker to Counsel for Plaintiff, dated September 28, 2026 |

# I. INTRODUCTION

On August 27, 2026, American filed an Answer and Counterclaims to IV's First Amended Complaint in which American denied the allegations of IV's Complaint, plead affirmative defenses of non-infringement and invalidity as to all 12 asserted patents, and asserted non-infringement and invalidity declaratory judgment counterclaims as to all 12 patents. Dkt. 195.

By its Motion, IV seeks to strike ***only*** American's Counterclaims, contending that the Counterclaims are an "amended pleading" and that the Court's Amended Scheduling Order set a February 9, 2026 deadline to file "final amended pleadings" without filing a motion for leave to amend. Dkt. 150 at 2. Notably, IV's motion does ***not*** seek to strike American's Answer, which IV states is left "otherwise intact." Dkt. 212 at 2. Stated differently, IV concedes that American's Answer is not an "amended pleading" that is subject to the Court's filing deadline, but IV contends that American's Counterclaims, brought with its Answer, is somehow different, being an "amended pleading" that is subject to the Court's filing deadline and therefore solely subject to the requirements of Rule 16.

IV's contentions fail. American's non-infringement and invalidity Counterclaims arise from the same transaction as asserted by IV (*i.e.*, the same patents) and therefore these are compulsory counterclaims pursuant to Rule 13(a)(1), which American is required to plead together with its Answer, or risk waiver. *See Vivid Techs., Inc. v. American Science & Eng'g, Inc.,* 200 F.3d 795, 801 (Fed. Cir. 1999) ("Fed. R. Civ. P. 13(a) requires that a party plead a counterclaim that 'arises out of the transaction or occurrence that is the subject matter of the other party's claim,' lest the subject of the counterclaim be deemed waived or abandoned.")

Courts that have addressed the issue of when a party must file a counterclaim have held that "[a] counterclaim must initially be brought with a responsive pleading and does not require a separate motion." *E.g. S. Coast K9, LLC v. Heiser*, No. 6:25-cv-298-JA-LHP, 2026 WL 2098206,

*2 (M.D. Fla. July 21, 2026) (citing *Mobley v. Safeco Ins. Co. of Ill.*, No. 6:12-cv-70-Orl, 2012 WL 12916444, at *1 (M.D. Fla. Apr. 12, 2012) (striking a party's counterclaim filed simultaneously with that party's motion to dismiss because "counterclaims must be included with a pleading."))

Thus, American timely filed its Answer and properly filed its compulsory counterclaims with its Answer. There is no basis for striking American's timely-filed Counterclaims. The Court should therefore deny IV's Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

IV filed its initial Complaint in this action on November 2, 2024, asserting six patents, including U.S. Patents 8,407,722 (the '722 patent), 7,949,785 (the '785 patent), and 7,257,282 (the '282 patent). Dkt. 1. American responded with a partial motion to dismiss, which the Court denied on August 19, 2025. Dkt. 15; Dkt. 74 (order denying MTD).

After obtaining leave, IV filed its First Amended Complaint on September 10, 2025, adding six more patents, including U.S. Patent No. 7,712,080 (the '080 patent), for a total of twelve asserted patents. Dkt. 84.

On October 1, 2025, American timely moved to dismiss the First Amended Complaint in its entirety under Rules 12(b)(6) and 12(b)(1), arguing, among other things, that several asserted patents claim ineligible subject matter under 35 U.S.C. § 101 and that IV lacked standing to assert the '080 patent. Dkt. 88.

While that motion was pending, the Court entered its operative scheduling orders. The September 8, 2025 Order set February 9, 2026 as the deadline for "Parties' final amended pleadings. (A motion for leave to amend is required.)," and separately set March 2, 2026 as the deadline for "Response to amended pleadings." Dkt. 81 at 2. The May 12, 2026 Amended Scheduling Order left those dates unchanged, extended several discovery deadlines, set dispositive

motions for December 16, 2026, and set trial for March 1, 2027. Dkt. 150 at 2-5. Neither order set any deadline for American to file an answer or counterclaims to IV's First Amended Complaint.

Validity and infringement of the '722, '080, '582, and '785 patents have been at the center of this case throughout. American timely served its P.R. 3-3 Invalidity Contentions regarding all patents, including the '722, '582, and '785 patents, on June 20, 2025, and Supplemental P.R. 3-3 Invalidity Contentions regarding all patents, including the '722, '080, '582, and '785 patents, on December 15, 2025. American also served its opening expert reports on invalidity of all patents, including the '722, '080, '582, and '785 patents, on September 2, 2026.

On August 26, 2026—roughly six weeks before the close of the extended fact-discovery period and with expert reports nearly completed (as they were due to be served one week later on September 2)—IV's counsel sent an email to American's counsel, regarding four of the asserted patents. Dkt. 212-[2], Ex. 1.

- As to the '722 patent, IV's counsel requested that American "agree to sever and stay that patent in view of the Magistrate Judge's recent recommendation in the Southwest case that the asserted claims be dismissed under 35 U.S.C. § 101." *Id.* IV's counsel further informed American that "IV intends to object to that recommendation, but given the current posture, does not intend to proceed on the '722 Patent in this case at this time." *Id.*

- As to the '080 and the '582 patents, IV's counsel stated that: "IV does not intend to proceed on the '080 and '582 Patents relating to Spark and Hadoop. IV is making this decision to streamline the case and focus the parties' and Court's resources on the patents and issues that will proceed through expert discovery and trial. Given the current schedule and the fact that the case will not be extended to allow the motion to compel to be decided, IV will not

have an opportunity before expert reports to obtain the additional discovery it has sought concerning American's on-premises implementations of these technologies." *Id.*

- As to the '785 patent, IV's counsel stated that "IV does not intend to proceed on the '785 Patent to streamline the case. IV reserves all rights." *Id.*

IV's counsel concluded the email by stating that "[w]e plan to notify the Court that, as a result of this narrowing, it need not resolve the portions of IV's pending motion to compel that relate solely to these patents and technologies." IV did not notify the Court that it need not resolve portions of its motion to compel. IV further asked "whether American agrees to sever and stay the '722 Patent." *Id.*

On August 27, 2026, American filed its Answer and Counterclaims to the First Amended Complaint. Dkt. 195. In that pleading, American: (1) denied all allegations of infringement, including infringement of the '722, '080, '582, and '785 patents; (2) asserted affirmative defenses of non-infringement (first defense) and invalidity (second defense) of all patents, including the '722, '080, '582, and '785 patents; (3) asserted declaratory judgment counterclaims of non-infringement of all patents, including the '722, '080, '582, and '785 patents (Second, Seventh, Sixth, and Third Counterclaims, respectively); and (4) asserted declaratory judgment counterclaims of invalidity of all patents, including the '722, '080, '582, and '785 patents (Fourteenth, Nineteenth, Eighteenth, and Fifteenth Counterclaims, respectively).

On August 28, 2026, the Court denied American's motion to dismiss. Dkt. 196.

In its Motion, IV represents that: "The fact that IV has attempted to get American to agree to a joint stipulation to narrow the case and American has not only not agreed to such a dismissal, but has not even responded to IV's communications in that regard, further demonstrates American's lack of good cause. (Exs. 2 & 3.)" Dkt. 212 at 4. IV's statement is incorrect.

On September 17, 2026, IV's counsel sent American's counsel a draft Joint Stipulation to Dismiss IV's claims against American for infringement of the '722, '080, '582, and '785 patents and to dismiss American's counterclaims with respect to the '722, '080, '582, and '785 patents. Ex.A. Pursuant to IV's draft, all claims with respect to these four patents would be dismissed ***without prejudice*** and the parties would "bear their own attorneys' fees, costs, and expenses with respect to those claims." *Id.*

American could not agree to IV's proposed stipulation. Contrary to IV's representation to the Court, American's counsel did respond to IV's draft stipulation. On September 28, 2026, American's counsel sent IV's counsel a revised version of the proposed Joint Stipulation and Order. Ex.B. American changed IV's version of the stipulation to make clear that the dismissal of claims involving the '722, '080, '582, and '785 patents would be ***with prejudice*** and to make clear that, with respect to fees and costs, "American Airlines reserves the right to seek attorneys' fees, sanctions, costs, and/or expenses with respect to these claims or any other aspect of the case." *Id.*

IV never responded to American's revised version of the proposed stipulation. As of the date of this Opposition, IV has not withdrawn any patent from its Amended Complaint—the '722, '080, '582, and '785 patents thus remain in the case.

IV filed the present Motion to Strike American's Counterclaims on October 1, 2026. Dkt. 212. IV filed its Answer to American's Counterclaims that same day. Dkt. 213.

## III. LEGAL STANDARD

The timing of an ***original responsive pleading*** is governed by Rule 12(a). When a defendant serves a Rule 12 motion to dismiss (as American did here), "the time for serving a responsive pleading" is altered, and "if the court denies the motion …, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

A responsive pleading must state all "compulsory counterclaims," *i.e.*, it "must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," Fed. R. Civ. P. 13(a)(1).

"A counterclaim must initially be brought with a responsive pleading and does not require a separate motion." *S. Coast K9*, 2026 WL 2098206, *2 (citing *Mobley*, 2012 WL 12916444, at *1 (M.D. Fla. Apr. 12, 2012) (striking a party's counterclaim filed simultaneously with that party's motion to dismiss because "counterclaims must be included with a pleading.")); *Yarn v. Hamburger Law Firm, LLC*, No. 1:12-03096, 2014 WL 2964986, *4 n. 7 (D. Md. June 30, 2014) (finding that answer and counterclaim filed on the 14th day following the denial of a motion to dismiss complied with Rule 12(a)(4)(A) and therefore the counterclaim was timely); *Hartnett v. Hardenbergh*, No. 3:23-cv-17-HEH, 2023 WL 6210762, *1 (E.D. Va. Aug. 17, 2023) ("Rule 12(a)(4)(A) permits Defendants to file both their Second Amended Answer as well as their included Counterclaims as a responsive pleading."); *CMPC USA, Inc. v. Gwsi, Inc.*, No. 24-2087, 2024 WL 7128146, *1 (E.D. Penn. Nov. 1, 2024) (ordering defendants to "Answer the Amended Complaint (ECF 40) and assert any compulsory counterclaims within fourteen (14) days of this Order, ***as provided for by Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure***.") (emphasis added).

By contrast, ***amendments*** to a pre-existing pleading after a scheduling-order deadline has passed are governed by Rule 16(b)(4) and the four-factor good-cause test. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535–36 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). Where the good cause test applies, courts consider "(1) the explanation for the failure to [timely move for leave to

amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

## IV. ARGUMENT

### A. American Properly Asserted its Counterclaims in Its Timely-Filed Responsive Pleading to the First Amended Complaint

#### 1. American Timely Filed its Answer and Counterclaims (Dkt. 195)

IV contends that American's Counterclaims (but not its Answer) constitute an amended pleading that, pursuant to the Court's scheduling order (which set a February 9, 2026 deadline for filing "final amended pleadings" (Dkt. 150 at 2)), is untimely, and therefore improper, as American filed it without having either sought or received the leave of court to file. Dkt. 212 at 3-5. IV concedes that American's Answer is proper, but contends that American's Counterclaims, which American filed with its Answer, are improper. *Id.*

American's Counterclaims, which seek declarations that each of the 12 patents asserted by IV against American are not infringed by American and are invalid (Dkt. 195 at 22-36), arise out of the patent infringement claims asserted by IV in its First Amended Complaint (Dkt. 84) and therefore are compulsory counterclaims. *Vivid Techs.*, 200 F.3d at 801 (determining that a counterclaim for patent infringement in an action for declaration of non-infringement of the same patent is a compulsory counterclaim and stating: "[a]ny counterclaim involving the same patent as is involved in the original action usually is considered to arise from the same transaction as the main claim.") (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1410 at 73).

Accordingly, pursuant to Rule 13(a)(1)(A), American had no choice—either include these "compulsory counterclaims" in its Answer or lose them. *Vivid Techs.*, 200 F.3d at 801 ("Fed. R. Civ. P. 13(a) requires that a party plead a counterclaim that 'arises out of the transaction or

occurrence that is the subject matter of the other party's claim,' lest the subject of the counterclaim be deemed waived or abandoned.")

As American timely filed its Answer (as IV agrees), American's compulsory counterclaims, filed with its Answer, is also timely filed. *S. Coast K9*, 2026 WL 2098206, *5 ("A counterclaim must initially be brought with a responsive pleading and does not require a separate motion."); *Yarn,* 2014 WL 2964986, *4 n. 7; *Hartnett*, 2023 WL 6210762, *1-2; *CMPC USA,* 2024 WL 7128146, *1.

IV further asserts that American cannot rely on the Court's later denial of American's Motion to Dismiss as granting American leave to file its Counterclaims. IV contends that, "[a]lthough the denial of American's Motion to Dismiss would have permitted American to file an Answer, it did not grant American leave to assert Counterclaims after the deadline for amending pleadings had passed." Dkt. 212 at 1; 4. IV provides no support whatsoever (statute, rule, or caselaw) for this proposition. Regardless, the Court's denial of American's Motion to Dismiss is irrelevant. At most, the Court's denial established the deadline by which American was required to file its Answer and Counterclaims—*i.e.*, pursuant to Rule 12(a)(4)(A), 14 days after the denial, which was September 11, 2026. American filed its Answer and Counterclaims on August 27, 2026, well before this deadline.

IV makes much of the fact that American filed its Answer and Counterclaims one day before the Court denied its motion to dismiss, arguing that this shows American "could have chosen to assert its counterclaims at any time." Dkt. 212 at 4, 7. That argument proves nothing. Rule 12(a)(4) defers the deadline for a responsive pleading while a Rule 12 motion is pending; it does not prohibit a defendant from answering before the court rules. A responsive pleading served

before the Rule 12(a)(4) deadline is, by definition, timely. And filing one day early did not transform the counterclaims filed with a timely original answer into an "amended pleading."

Nor does the Court's general admonition that a party "is not excused from the requirements of an order by virtue of the fact that dispositive motions are pending" (Dkt. 17 at 5) assist IV. That provision ensures that parties meet the deadlines the Court has actually set. As shown above, the Court set no deadline for American's answer to the First Amended Complaint; that deadline was supplied by Rule 12(a)(4), which American satisfied.

The cases relied on by IV are inapplicable. Every authority on which IV relies concerns a party that sought to *amend* a pleading it had already filed. *S&W* involved a plaintiff's motion for leave to amend its complaint months after the amendment deadline to add a new tort theory involving a contract not before named in the pleadings. 315 F.3d at 535. The Rule 16(b) standard that *S&W* adopted applies, in the Fifth Circuit's words, to "amendment of pleadings," which is not an issue here. *Id.* at 536. *Mathews* and *Moseti*, as IV describes them, likewise address "amended pleadings filed without leave of court." (Dkt. 212 at 3, 5 (quoting *Moseti v. Collin Coll.*, No. 4:25-cv-00358, 2025 WL 3091827, at *2 (E.D. Tex. Nov. 5, 2025), and *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003)).) None of those authorities holds that a defendant's first answer to a complaint and compulsory counterclaims—filed one day before the court denies a timely Rule 12 motion—is an "amended pleading."

IV contends that the decision in *Koshar v. Tigi Linea Corp.*, No. 4:21-cv-280-SDJ-KPJ, 2022 WL 256491 (E.D. Tex. Jan. 25, 2022) means that "[a] defendant's failure to timely assert counterclaims is not excused by the fact that the Court had not yet ruled on Defendant's then-pending Motion to Dismiss; that party still must seek leave of court and show good cause to modify the existing scheduling order deadline." Dkt. 212 at 4. IV's description of *Koshar* is wrong.

The issue in *Koshar* had nothing to do with the timing of filing of compulsory counterclaims when a motion to dismiss is pending or whether a defendant's failure to timely assert counterclaims is not excused when the Court had not yet ruled on a pending Motion to Dismiss. Instead, in *Koshar*, the Defendant moved to extend the dispositive motion deadline to give the Court time to decide its pending motion to dismiss and to allow Defendant to depose the Plaintiff before the dispositive motion deadline passes. *Koshar*, 2022 WL 256491 at *1. In considering whether good cause exists to grant the motion, the court found that Defendant's failure to timely submit a motion for summary judgment was not justified by its failure to depose the Plaintiff or by the fact that the court has not yet ruled on Defendant's motion to dismiss, but also found that the importance of the modification weighs in favor of finding good cause. *Id.* at *2.

IV's remaining cases—*Midwest Medical Solutions* (8th Cir.), *Horsley*, and *KB Home*—each involved a party seeking leave to amend after a deadline and are inapposite for the same reasons.

### B. In the Alternative, Good Cause Exists Under Rule 16(b)(4), and the Court Should Grant Leave to the Extent Leave Was Required.

Even if the Court were to treat American's counterclaims as an amendment requiring leave, the Court should not strike them. As IV acknowledges, a filing made without required leave may still be given effect where leave would have been granted had it been sought. Dkt. 212 at 5 (discussing *Moseti*, 2025 WL 3091827, at *2). American respectfully requests, in the alternative, that the Court construe this Opposition as a motion for leave and deem the Answer filed *nunc pro tunc*. Each of the four *S&W* factors favors that result.

#### 1. Explanation for the timing.

The timing of American's Counterclaims is straightforward and is grounded in the Federal Rules rather than inadvertence. American filed a timely Rule 12 motion directed at the entire First

Amended Complaint on October 1, 2025, more than four months before the amended-pleadings deadline. Dkt. 88. That motion sought dismissal of IV's claims on grounds—including § 101 ineligibility and lack of standing—that, if granted, would have eliminated the need to plead counterclaims on the affected patents at all. Under Rule 12(a)(4), American's responsive pleading was not due until 14 days after the Court ruled on the motion to dismiss. American's counterclaims are thus not the product of the lack of diligence that defeated amendment in *S&W*, where the movant offered only counsel's belated realization of a known legal development as its excuse. 315 F.3d at 536 ("inadvertence[] is tantamount to no explanation at all").

Moreover, the specific need for the declaratory-judgment counterclaims crystallized only on August 26, 2026, when IV announced—nearly two years into the case, after the close of the original fact-discovery period, and with expert reports underway and nearly completed—that it intended to no longer proceed with its infringement claims on four patents "at this time," while simultaneously "reserv[ing] all rights." Dkt. 212-2. That announcement was the "changed circumstance" that IV insists is absent. Dkt. 212 at 6-7. Until then, American had every reason to expect that the infringement and validity of those patents would be adjudicated on the merits in this action. Once IV signaled an intent to withdraw those patents while preserving its ability to reassert them later, American remains under threat of being sued by IV for infringement of these four patents. American thus acted appropriately by filing its Answer, Affirmative Defenses, and Counterclaims the next day.

**2. Importance of the counterclaims.**

IV asserts that the counterclaims are unimportant because they "do not impact any potential finding of liability against American nor do they seek damages against IV." Dkt. 212 at 7. That misapprehends their function. Declaratory judgment counterclaims of non-infringement and invalidity ensure that a patentee who has hauled a defendant through nearly two years of litigation,

claim construction, and fact discovery cannot unilaterally exit as to selected patents while reserving the right to sue again on the same patents and the same accused systems. "A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1373 (Fed. Cir. 2019) (quoting *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96, 113 S. Ct. 1967, 124 L. Ed. 2d 1 (1993)).

IV's own description of the counterclaims as an obstacle to dismissing "four patents without prejudice" (Dkt. 212 at 1, 7) confirms their importance. If IV genuinely wishes to narrow the case, it may dismiss those patents with prejudice or provide American a covenant not to sue. *Super Sack Mfg. Corp. v. Chase Packaging Corp*., 57 F.3d 1054, 1058 (Fed. Cir. 1995) (a patentee, like IV, who is defending against an action for a declaratory judgment of invalidity, can divest the trial court of jurisdiction over the case by filing "a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts.") (citing *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636-38 (Fed. Cir. 1991)).

What IV may not do is use a motion to strike to secure a without-prejudice exit that it could not otherwise obtain once American filed its Answer. Pursuant to Rule 41(a)(1)(A), IV could have filed notice of dismissal ***prior to American filing its Answer*** that, pursuant to Rule 41(a)(1)(B), would have been, by default, "without prejudice." Rather than file such a notice, IV chose instead to send American an email on August 26, 2026 stating its intent to no longer proceed on the 4 patents while reserving all rights. Dkt 212-2. Once American filed its Answer on August 27, 2026, IV could no longer unilaterally dismiss its claims on the four patents without prejudice, pursuant to Rule 41(a)(2).

IV's further contention that the counterclaims were filed "solely to prevent IV from dismissing its claims" (Dkt. 212 at 7) is unsupported and, in any event, beside the point. Protecting

against serial litigation over the same patents is a legitimate—indeed, an essential—purpose of a declaratory-judgment counterclaim. And IV's complaint that American has not agreed to IV's proposed stipulation (*id.* at 4) is no basis to strike a pleading; American is not obligated to consent to a without-prejudice dismissal at this stage of the case.

**3. IV will suffer no prejudice.**

IV's claim of prejudice is limited to a single sentence: that it "does not have the ability to question previously-deposed witnesses on the substance of the untimely Counterclaims." Dkt. 212 at 7–8. IV does not identify a single witness, a single topic, or a single fact it would have explored differently. That is because there is nothing new to explore. The counterclaims seek declarations of non-infringement and invalidity of patents that IV itself put at issue. Infringement of each asserted patent has been the subject of this case for years. Validity has been at issue since American served its Invalidity Contentions and challenged the eligibility of several asserted patents under § 101. Dkt. 15; Dkt. 88. IV's own discovery requests acknowledged American's forthcoming "counterclaims" of non-infringement, anticipation, and obviousness. Dkt. 180-29 at 39-42. Indeed, IV already filed its Answer to American's Counterclaims in which it denied American's non-infringement and invalidity declaratory judgment claims. Dkt. 213.

Regardless, American's Answer includes affirmative defenses of non-infringement and invalidity. Dkt. 195 at 20. IV concedes that American's Answer is proper and therefore, even if the counterclaims are dismissed, the issues of non-infringement and invalidity remain in the case through American's affirmative defenses. The Counterclaims therefore do not expand the scope of the case at all; they maintain the status quo.

Further, the evidence relevant to non-infringement and invalidity is overwhelmingly documentary and expert in nature—the patents, their prosecution histories, prior art, and the technical documentation of the accused systems—not testimony of fact witnesses whom IV has

already deposed. IV has made no showing that it sought, and was refused, any discovery directed to the counterclaims during the discovery period or identified a single American witness who may have information relevant to American's claims.

#### 4. No continuance is necessary.

Because the counterclaims raise no new issues, no continuance is needed. American already served its invalidity reports and will provide its responses to IV's infringement reports next week. IV will have the opportunity to depose American's experts until November 18, 2026 and cross-examine the same experts at trial. Further, the issues raised by American's declaratory judgment Counterclaims are joined as IV filed its Answer to American's Counterclaims, denying American's non-infringement and invalidity declaratory judgment claims. Dkt. 213.

Thus, the counterclaims will be resolved on the same record, by the same experts, and in the same trial as IV's infringement claims and American's defenses. To the extent the Court perceives any conceivable prejudice, it can be addressed by discovery already scheduled to take place within the existing schedule—not by striking the counterclaims. This factor, too, favors American.

### C. Striking the Counterclaims Would Reward IV's Late-Stage Attempt to Dismiss Four Patents Without Prejudice.

IV frames its Motion as an effort to "enforce the Court's Scheduling Order." Dkt. 212 at 1. In substance, however, the Motion seeks to clear the way for IV to unilaterally drop four patents—after American has borne the burden of defending against them through claim construction and fact discovery—while preserving IV's option to reassert them.

The equities run decidedly against IV. American has defended against all twelve asserted patents for nearly two years; it responded to IV's announced intent to abandon four of them within a single day; and its counterclaims merely ensure that, if those patents are to leave the case, they

leave on terms that provide American with finality. The Scheduling Order is a tool for orderly case management, not a mechanism to deprive a defendant of the ability to obtain a final resolution of claims the plaintiff chose to bring.

## V. CONCLUSION

For the foregoing reasons, American respectfully requests that the Court deny Plaintiffs' Motion to Strike Defendant's Counterclaims (Dkt. 212). In the alternative, to the extent the Court concludes that leave was required, American respectfully requests that the Court find good cause under Rule 16(b)(4), grant American leave to assert its counterclaims, and deem Dkt. 195 filed as of August 27, 2026.

Dated: October 16, 2026.

**MCKOOL SMITH, P.C.**

/s/ *Casey L. Shomaker*
Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4218
Telecopier: (214) 978-4044

John B. Campbell
Texas State Bar No. 24036314
jcampbell@bkbclaw.com
**BUDWIN KAMPRATH BURGESS CAMPBELL, PLLC**
3600 Wellspring Drive
Austin, Texas 78738
Telephone: (512)655-3820

Emily Tannenbaum
New York State Bar No. 5928130
etannenbaum@mckoolsmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@McKoolSmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200

**ATTORNEYS FOR DEFENDANT AMERICAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system on October 16, 2026.

*/s/Casey L. Shomaker*
Casey L. Shomaker