**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) | |
| *Plaintiffs*, | ) | **C.A. No. 4:24-cv-00980-ALM** |
| v. | ) | **JURY TRIAL DEMANDED** |
| AMERICAN AIRLINES, INC. | ) | |
| *Defendant*. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................. 2

A. American's Counterclaims Are Untimely And Should Be Stricken. ................................ 2

B. American Failed To Show Good Cause Justifying Its Failure To Seek Leave Of Court Or Demonstrating Why Its Belated Request Should Be Granted. .................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CMPC USA, Inc. v. Gwsi, Inc.*,
No. 24-2087, 2024 U.S. Dist. LEXIS 198749 (E.D. Pa. Nov. 1, 2024) ....................3

*Exxon Corp. v. Maryland Casualty Co.*,
599 F.2d (5th Cir. 1979) ....................5

*Hartnett v. Hardenbergh*,
No. 3:23-cv-17-HEH, 2023 U.S. Dist. LEXIS 173594 (E.D. Va. Aug. 17, 2023) ....................3

*Horsley v. Bell Textron, Inc.*,
No. 4:19-cv-00772-O, 2021 U.S. Dist. LEXIS 259715 (N.D. Tex. July 20, 2021) ....................5

*KB Home v. Antares Homes, Ltd.*,
No. 3:04-cv-1031-L, 2005 U.S. Dist. LEXIS 16665 (N.D. Tex. 2005)....................4

*Kipp Flores Architects, L.L.C. v. AMH Creekside Dev., L.L.C.*,
No. 23-50750, 2026 U.S. App. LEXIS 25391 (5th Cir. Aug. 21, 2026) ....................5

*Midwest Med. Sols., LLC v. Exactech U.S., Inc.*,
95 F.4th 604 (8th Cir. 2024) ....................5

*Reliance Ins. Co. v. Louisiana Land & Exploration Co.*,
110 F.3d 253 (5th Cir. 1997) ....................4

*S. Coast K9, LLC. V. Heiser*,
No. 6:25-cv-298-JA-LHP, 2026 WL 2098206 (M.D. Fla. July 21, 2026) ....................3

*S&W Enters., LLC v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003) ....................2

*Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*,
912 F.3d 805 (5th Cir. 2019) ....................4

*Staton Techiya, LLC v. Samsung Elecs. Co.*,
757 F. Supp. 3d 697 (E.D. Tex. 2024)....................5

*VirnetX Inc. v. Apple Inc.*,
925 F. Supp. 2d 816 (E.D. Tex. 2013)....................5

*Vivid Techs., Inc. v. American Science & Eng'g, Inc.*,
200 F.3d 795 (Fed. Cir. 1999)....................2

*Yarn v. Hamburger Law Firm, LLC*,
No. 1:12-03096, 2014 U.S. Dist. LEXIS 88574 (D. Md. June 30, 2014)....................................3

**Other Authorities**

Fed. R. Civ. P. 7........................................................................................................................2

Fed. R. Civ. P. 12(a)(4)................................................................................................................2

Fed. R. Civ. P. 13(a)(1)(A) ..........................................................................................................2

Fed. R. Civ. P. 15(a) ....................................................................................................................2

Fed. R. Civ. P. 16........................................................................................................................4

Fed. R. Civ. P. 16(b) ....................................................................................................................2

Fed. R. Civ. P. 16(b)(4)................................................................................................................4

Fed. R. Civ. P. 41 ........................................................................................................................5

Fed. R. Civ. P. 41(A)(1)(A) ..........................................................................................................4

Fed. R. Civ. P. 41(a)(1)(B) ..........................................................................................................4

## I. INTRODUCTION

In its Opposition to Plaintiffs' Motion to Strike Defendant's Counterclaims (Dkt. 216; "Opposition"), American Airlines, Inc. ("American") argues that its Counterclaims are compulsory counterclaims that needed to be filed with its Answer or risk waiver, but that is the crux of the issue. By waiting for more than six months after the deadline to amend pleadings American did exactly that; it waived its right to assert its Counterclaims for non-infringement and invalidity. American's Answer and untimely Counterclaims (Dkt. 195) were filed before this Court denied its Motion to Dismiss (Dkt. 196), so they were not tied to any order issued by this Court directing American to file counterclaims.

In its Opposition, American focuses on the fact that IV mistakenly stated in one sentence of its initial Motion that American had not responded to IV's proposal to narrow the case by dismissing four patents-in-suit. (Dkt. 212 at 4; Dkt. 216 at 4.) However, the point IV was making remains true. American waited over a month from IV's initial proposal to narrow the case and almost two weeks from when IV sent a proposed stipulation of dismissal before responding – shortly before IV filed the instant Motion. (Dkts. 212-2, 212-3, 216-3.) Further, American's response was a refusal to stipulate to dismissal without prejudice of the claims regarding these four patents, while simultaneously stating its corresponding counterclaims should be dismissed without prejudice, all while preserving American's right to seek attorneys' fees for patents dismissed from the case. (Dkt. 216 at 3.) American's delays and unreasonable position regarding narrowing the case actually highlight the tactical nature of American's decision to belatedly file its Answer and Counterclaims without knowing whether the Court would grant or deny its Motion to Dismiss – admittedly because IV had informed it that it sought to narrow the case. (Dkt. 216 at 11.)

American chose not to seek leave of Court to modify the Scheduling Order because it knew it could not establish any good cause to do so. And it has not explained why it failed to assert its

Counterclaims before the governing deadlines. The Court should enforce its Scheduling Order and strike the untimely Counterclaims.

## II. ARGUMENT

### A. American's Counterclaims Are Untimely And Should Be Stricken.

American's arguments hinge on Rule 12(a)(4), which provides that "[u]nless the court sets a different time," a responsive pleading must be served within 14 days after notice of a court's denial of a motion to dismiss. IV does not dispute that American had the right to serve an Answer after the Court denied its Motion to Dismiss – if American had not already filed such an Answer before that denial. However, counterclaims do not constitute a pleading under FRCP Rule 7; as such, American's Counterclaims were untimely because they were not filed before the February 9, 2026 final deadline for filing amended pleadings. (Dkt. 150 at 2.) Further, this rule is contingent on whether "the court sets a different time," which it did in this case – more than six months before American filed its Counterclaims. (FRCP Rule 12(a)(4).)

The Fifth Circuit mandates that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Not only did American fail to demonstrate good cause before filing its untimely Counterclaims, it failed to even seek leave of Court before doing so.

American cites to *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed. Cir. 1999) for the proposition that a party must "plead a counterclaim that 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim,' lest the subject of the counterclaim be deemed waived or abandoned." (Dkt. 216 at 1; *see also id.* at 7; *Vivid Techs.*, 200 F.3d at 801 (*quoting* FRCP Rule 13(a)(1)(A).) American misses the point – the issue

is not that it needed to assert its compulsory counterclaims or lose them (Dkt. 216 at 1, 7), but rather that American already waived those counterclaims by not asserting them by the Court-ordered deadline. American attempts to misdirect the Court by arguing the noncontroversial proposition that a party must file counterclaims with a pleading, but that is not at issue. (Dkt. 216 at 8 (*citing S. Coast K9, LLC. V. Heiser*, No. 6:25-cv-298-JA-LHP, 2026 WL 2098206, at *5 (M.D. Fla. July 21, 2026).) American demonstrated by filing its Answer and Counterclaims before the Court ruled on the Motion to Dismiss that it could have done so before the deadline for amending pleadings – and indeed, it should have done so if it wanted to preserve the right to do so.

American's case citations are inapposite. In *Yarn v. Hamburger Law Firm, LLC*, No. 1:12-03096, 2014 U.S. Dist. LEXIS 88574, at *11 (D. Md. June 30, 2014) the Maryland court held that an Answer and Counterclaim were timely with respect to a statute of limitations; the case did not address the timeliness of counterclaims where they were filed after a scheduling order deadline for amending pleadings. In *Hartnett v. Hardenbergh*, No. 3:23-cv-17-HEH, 2023 U.S. Dist. LEXIS 173594, at *2-3 (E.D. Va. Aug. 17, 2023), the defendants filed a motion for leave to amend to add counterclaims (unlike here), but there is no discussion of whether there was a scheduling order setting a deadline to amend pleadings. Furthermore, plaintiff opposed the motion for leave on grounds of futility and failure to state a claim – not timeliness. *Id*. at *3. Likewise, in *CMPC USA, Inc. v. Gwsi, Inc*., No. 24-2087, 2024 U.S. Dist. LEXIS 198749 (E.D. Pa. Nov. 1, 2024), there is no indication that the defendants failed to meet a scheduling order deadline; instead, the Pennsylvania court simply issued a routine order directing the defendants to file an answer "and assert any compulsory counterclaims within fourteen (14) days of [the] Order" denying a pending motion to dismiss. *Id*. at *18. Moreover, unlike the Fifth Circuit cases cited by IV, American relies upon cases from other jurisdictions – cases that are not applicable to these circumstances.

### B. American Failed To Show Good Cause Justifying Its Failure To Seek Leave Of Court Or Demonstrating Why Its Belated Request Should Be Granted.

American asks the Court to construe its Opposition as a *nunc pro tunc* motion for leave to amend if the Court determines such leave was necessary. (Dkt. 216 at 10.) American does not contest that Rule 16's "good cause" standard applies, but it fails to show that good cause exists. "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards to Educ., Inc. v. Houston Indep. Sch. Dist*., 912 F.3d 805, 819 (5th Cir. 2019).

With respect to its lack of diligence, American admits that it only filed its Answer and Counterclaims when it did – before the Court ruled on its pending Motion to Dismiss – because IV announced that "it intended to no longer proceed with its infringement claims on four patents." (Dkt. 216 at 11.) American states that "[u]ntil then, [it] had every reason to expect that the infringement and invalidity of those patents would be adjudicated on the merits in this action." *Id*. American does not explain how that justifies its failure to assert those Counterclaims before the deadline to amend pleadings expired. "District judges have the power to control their dockets by refusing to give non-diligent litigants another chance to develop their case." *KB Home v. Antares Homes, Ltd*., No. 3:04-cv-1031-L, 2005 U.S. Dist. LEXIS 16665, at *7 (N.D. Tex. 2005) (*citing Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 258 (5th Cir. 1997).)

In supporting the supposed importance of the counterclaims, American argues that IV cannot "use a motion to strike to secure a without-prejudice exit that it could not otherwise obtain once American filed its Answer. Pursuant to Rule 41(A)(1)(A), IV could have filed notice of dismissal ***prior to American filing its Answer*** that, pursuant to Rule 41(a)(1)(B), would have been,

by default, 'without prejudice.'" (Dkt. 216 at 12) (emphasis in original.) American's argument is legally incorrect. Rule 41 does not permit a plaintiff to dismiss only some claims while leaving others intact – that is why IV approached American about narrowing the case before American filed its untimely Counterclaims. Rule 41 only permits a plaintiff to dismiss an entire action without prejudice before the filing of an answer. *Kipp Flores Architects, L.L.C. v. AMH Creekside Dev., L.L.C.*, No. 23-50750, 2026 U.S. App. LEXIS 25391, at *10-11 (5th Cir. Aug. 21, 2026) (*citing Exxon Corp. v. Maryland Casualty Co*., 599 F.2d, 659, 662 (5th Cir. 1979)) ("On appeal, this court held that the notice of dismissal was invalid because it dismissed only one claim, not the entire action.")

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order. Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause." *Horsley v. Bell Textron, Inc*., No. 4:19-cv-00772-O, 2021 U.S. Dist. LEXIS 259715, at *9 (N.D. Tex. July 20, 2021). American could have filed its Counterclaims in the alternative before the deadline passed, but it chose not to do so. *Midwest Med. Sols., LLC v. Exactech U.S., Inc*., 95 F.4th 604, 607 (8th Cir. 2024). The fact that it chose to file its Answer and Counterclaims before the Court ruled on the pending Motion to Dismiss only highlights this fact. American failed to show that it was diligent.

American's final argument that striking the counterclaims would unfairly reward IV for its efforts to narrow the case is also unpersuasive. This Court has repeatedly stated that it "encourages and requires the parties to narrow their case for trial." *VirnetX Inc. v. Apple Inc*., 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013); *Staton Techiya, LLC v. Samsung Elecs. Co*., 757 F. Supp. 3d 697, 703 (E.D. Tex. 2024) (same).

IV respectfully requests that the Court strike American's Counterclaims in their entirety.

Dated: October 23, 2026

RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 3750
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Jeceaca An (NY Bar No. 5849898)
(Admitted *pro hac vice*)
jan@kasowitz.com
Binta Watkins (NY Bar No. 5482492)
(Admitted *pro hac vice*)
bwatkins@kasowitz.com
Kristine Abrenica (NY Bar No. 5781489)
(Admitted *pro hac vice*)
kabrenica@kasowitz.com

Paula Ajumobi (NY Bar No. 6056097)
(Admitted *pro hac vice*)
pajumobi@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

Allen F. Gardner (TX Bar No. 24043679)
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC and**
**INTELLECTUAL VENTURES II LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on October 23, 2026, via electronic mail.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop