**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II, LLC,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**AMERICAN AIRLINES, INC.,**<br><br>**Defendant.** | **Civil Action No. 4:24-cv-00980**<br><br>**JURY TRIAL** |

**DEFENDANT AMERICAN AIRLINES, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS**

## TABLE OF CONTENTS

I. IV'S MOTION TO STRIKE SHOULD BE DENIED ........ 1
  A. American Timely Filed Its Counterclaims ........ 1
  B. American's Counterclaims Are Not an Amended Pleading ........ 2
  C. IV's Delay Was in Bad Faith ........ 3
II. CONCLUSION ........ 4

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*S. Coast K9, LLC v. Heiser*,
No. 6:25-cv-298-JA-LHP, 2026 WL 2098206 (M.D. Fla. July 21, 2026) ............................1, 2

*Tex. Gen. Land Office v. Pearl Res. Operating Co. LLC (In re Pearl Res. LLC)*,
643 B.R. 436 (Bankr. S.D. Tex. 2022) ..........................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 7 ..........................................................................................................3

Fed.R . Civ. P. 12(a)(4) ..................................................................................................2

Fed. R. Civ. P. 41 ..........................................................................................................4

## I. IV'S MOTION TO STRIKE SHOULD BE DENIED

Plaintiffs, Intellectual Venture I LLC and Intellectual Ventures II LLC ("IV") Reply confirms that its Motion to Strike rests on a single, mistaken premise: that compulsory counterclaims filed with a timely original Answer are somehow an "amended pleading." They are not. IV concedes that American's Answer stands (Dkt. 212 at 2), concedes the rule that counterclaims must be brought with a responsive pleading (Dkt. 217 at 3), and even concedes that counterclaims are not pleadings at all (*id.* at 2). Each concession independently defeats the Motion.

### A. American Timely Filed Its Counterclaims

IV's Reply argues that, by filing its Answer and Counterclaims (together, in a single document, Dkt. 195) one day before the Court denied American's Motion to Dismiss (Dkt. 196), American "demonstrated" that it could have filed its Answer and Counterclaims "before the deadline for amending pleadings." Dkt. 217 at 3. That argument is beside the point. The question is not when American *could* have answered, but whether the pleading American *did* file was timely. It was.

American filed its Counterclaims ***together with*** its Answer. Because the Answer was timely, so were the Counterclaims.

IV does not dispute the rule that "[a] counterclaim must initially be brought with a responsive pleading and does not require a separate motion." *E.g.*, *S. Coast K9, LLC v. Heiser*, No. 6:25-cv-298-JA-LHP, 2026 WL 2098206, at *2 (M.D. Fla. July 21, 2026) (citing *Mobley v. Safeco Ins. Co. of Ill.*, No. 6:12-cv-70-Orl, 2012 WL 12916444, at *1 (M.D. Fla. Apr. 12, 2012) (striking a party's counterclaim filed simultaneously with that party's motion to dismiss because "counterclaims must be included with a pleading")); Dkt. 216 at 1–2. Rather than grapple with that rule, IV dismisses it as a "noncontroversial proposition" that "is not at issue." Dkt. 217 at 3. IV

has it backwards. That "noncontroversial proposition" ***is*** the issue, and it is dispositive: American brought its Counterclaims exactly where the rule requires—with its responsive pleading.

IV likewise accepts that American had the right to file an Answer after the Court denied its Motion to Dismiss, and it does not challenge the Answer American filed before that denial: "IV does not dispute that American had the right to serve an Answer after the Court denied its Motion to Dismiss – ***if American had not already filed such an Answer before that denial***." Dkt. 217 at 2 (emphasis added). IV does not move to strike American's Answer; it moves only to strike the Counterclaims filed in the same document. Dkt. 212 at 2. IV offers no principled reason why one part of a single, timely responsive pleading can stand while the other must fall.

IV's fallback—that Rule 12(a)(4) yields because the Court "set[] a different time" (Dkt. 217 at 2)—fails on the record. Neither scheduling order set any deadline for American to answer or assert counterclaims to the First Amended Complaint; they set deadlines only for "amended pleadings" and responses to them. Dkt. 81 at 2; Dkt. 150 at 2; *see* Dkt. 216 at 2–3. American's Answer and Counterclaims were therefore timely under Rule 12(a)(4), and because "[a] counterclaim must initially be brought with a responsive pleading" (*S. Coast K9*, 2026 WL 2098206, at *2), the Counterclaims were timely too. IV's Motion to Strike should be denied.

**B. American's Counterclaims Are Not an Amended Pleading**

IV wrongly contends that American's Counterclaims are an amended pleading that must be filed on or before the Court's deadline for filing amended pleadings. Dkt. 212 at 3–5; Dkt. 217 at 2. A counterclaim is ***not*** an amended pleading. *Tex. Gen. Land Office v. Pearl Res. Operating Co. LLC (In re Pearl Res. LLC)*, 643 B.R. 436, 458 (Bankr. S.D. Tex. 2022) ("[W]hen a party seeks to file a counterclaim in reply along with an answer or another pleading other than the complaint, there is no amendment."). Every case IV cites involved a party seeking to amend a

pleading it had already filed; none involved a defendant's first answer and compulsory counterclaims. Dkt. 216 at 9–10.

Indeed, IV concedes that "counterclaims do not constitute a pleading under FRCP Rule 7." Dkt. 217 at 2. If counterclaims are not pleadings, they cannot be *amended* pleadings, and the Scheduling Order's deadline for "final amended pleadings" (Dkt. 150 at 2) cannot apply to them. IV's own concession thus eliminates the only deadline on which its Motion depends.

### C. IV's Delay Was in Bad Faith

IV ignores its own lack of diligence. IV waited until one week before the deadline for opening expert reports—nearly two years into the case—to inform American that it no longer intended to proceed on four patents, while expressly "reserv[ing] all rights" to raise them again later. Dkt. 212-2; Dkt. 216 at 3–4. Rather than explain that delay, IV contends that it should be lauded for dropping those patents—after forcing American to prepare invalidity expert reports on patents IV should not have asserted from the outset and should have dropped long ago. Dkt. 217 at 5. But the Court's encouragement to narrow a case for trial is not a license to narrow it on terms that preserve the patentee's ability to sue again on the same patents.

Moreover, IV's claims of prejudice that it could not defend American's Counterclaims if they were to remain in the case (Dkt. 212 at 1-2, 7-8) fail. In its Answer, which IV does not move to strike, American stated affirmative defenses of non-infringement and invalidity of all patents asserted by IV. These affirmative defenses mirror American's Counterclaims. Consistent with its affirmative defenses of invalidity, on which American bears the burden of proof, American's expert set forth the bases for his opinions that the '722, '080, '582, and '785 patents are invalid in his report served on September 2, 2026. In response, on October 21, 2026, IV's expert provided his rebuttal report providing the bases for his rebuttal opinions regarding the validity of these

patents. If IV had the ability to defend itself in response to American's affirmative defenses, then it also has the ability to defend itself against American's Counterclaims.

IV's account of the parties' stipulation discussions fares no better. IV now admits that its Motion "mistakenly stated" that American had not responded to IV's proposed stipulation. Dkt. 217 at 1; Dkt. 216 at 4–5; Dkt. 216-3. In fact, it is IV that never responded to American's revised stipulation. Dkt. 216 at 5. IV's Motion is thus an effort to obtain, through a motion to strike, the without-prejudice exit on four patents that Rule 41 no longer permits it to take unilaterally. Dkt. 216 at 12.

## II. CONCLUSION

For the foregoing reasons, and those stated in American's Opposition (Dkt. 216), American respectfully requests that the Court deny Plaintiffs' Motion to Strike Defendant's Counterclaims (Dkt. 212). In the alternative, to the extent the Court concludes that leave was required, American respectfully requests that the Court find good cause under Rule 16(b)(4), grant American leave to assert its Counterclaims, and deem Dkt. 195 filed as of August 27, 2026.

Dated: November 2, 2026.

**McKool Smith, P.C.**

/s/ *Casey L. Shomaker*

Casey L. Shomaker
Texas State Bar No. 24110359
cshomaker@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4218
Telecopier: (214) 978-4044

John B. Campbell
Texas State Bar No. 24036314
jcampbell@bkbclaw.com
**Budwin Kamprath Burgess Campbell, PLLC**
3008 Ross Ave, Suite 100, #17760175
Dallas, TX 75204
Telephone: (737) 214-6402

Emily Tannenbaum
New York State Bar No. 5928130
etannenbaum@mckoolsmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Alan P. Block
California State Bar No. 143783
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200

**ATTORNEYS FOR DEFENDANT AMERICAN AIRLINES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system on November 2, 2026.

*/s/ Casey L. Shomaker*
Casey L. Shomaker